1  Philip H. Stillman, Esq. SBN# 152861
   STILLMAN & ASSOCIATES
2  3015 North Bay Road, Suite B
   Miami Beach, Florida 33140
3  Tel. and Fax:  (888) 235-4279
   pstillman@stillmanassociates.com
4
   Attorneys for defendant R.F. WEICHERT V, INC.
5

6              UNITED STATES DISTRICT COURT FOR THE

7                 NORTHERN DISTRICT OF CALIFORNIA

8
                                      Case No. 5:20-cv-00354-VKD
9  PETER STROJNIK,
                                      )
10                  Plaintiff,        )  MEMORANDUM OF POINTS AND
         vs.                          )  AUTHORITIES IN SUPPORT OF
11                                    )  DEFENDANT'S MOTION TO DISMISS
                                      )  COMPLAINT PURSUANT TO FED. R.
12 R.F. WEICHERT V, INC. dba JABBERWOCK )  CIV. P. 12(B)(1) AND (6)
   INN ,                              )
13                                    )  NO ORAL ARGUMENT UNLESS
                    Defendant.        )  REQUESTED BY THE COURT.
14                                    )

15                                    Date:  April 7, 2020
                                      Time: 10 a.m.
16                                    Courtroom: 2, 5th Fl.

17                                    Hon. Virginia K. DeMarchi

18

19

20

21

22

23

24

25

26

27

28

Memo. In Support of Motion to Dismiss Complaint

**TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

LEGAL STANDARD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    I.     PLAINTIFF LACKS STANDING ON HIS ADA CLAIM . . . . . . . . . . . . . . 5

          A.     Plaintiff Has Not Alleged An Injury In Fact. . . . . . . . . . . . . . . . . . . 6

                 1.    Plaintiff Does Not Identify How Any Barriers Relate To Plaintiff's Disability. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

                 2.    Plaintiff Has Not Shown That He Has A Disability That Relates To The Alleged Barriers. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

          B.     Plaintiff Has Not Properly Alleged An Intent To Return. . . . . . . . . . 10

                 1.    Proximity Of The Hotel To Plaintiff's Residence. . . . . . . . . . . 11

                 2.    Plaintiff's Past Patronage Of The Hotel. . . . . . . . . . . . . . . . . . 11

                 3.    Definitiveness of Plaintiff's Plans to Return . . . . . . . . . . . . . . 12

                 4.    Plaintiff's Frequency of Travel Near Defendant's Hotel . . . . . . 12

                 5.    Additional Factors Weigh Against An "Intent To Return." . . . . 13

          C.     Plaintiff Has Not Alleged Facts Showing He Is Deterred From Returning to Defendant's Hotel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

          D.     Plaintiff Lacks Standing To Claim Injunctive Relief. . . . . . . . . . . . . 15

          E.     Plaintiff's ADA Cause Of Action Also Fails To State A Claim. . . . . . 15

    II.    THE UNRUH ACT CLAIMS MUST ALSO BE DISMISSED . . . . . . . . . 16

    III.   PLAINTIFF'S NEGLIGENCE CAUSE OF ACTION FAILS TO STATE A CLAIM. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

          A.     There Is No Viable Negligence Claim. . . . . . . . . . . . . . . . . . . . . . . 18

          B.     Negligence Cannot Be Based On The ADA. . . . . . . . . . . . . . . . . . . 19

          C.     Plaintiff's Request For Punitive Damages Should Be Stricken. . . . . . 20

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# TABLE OF AUTHORITIES

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) . . . . . . . . . . . . . . . 17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) 18

*Brooke v. H.P. Hospitality, LLC*, 2017 U.S. Dist. LEXIS 214372, at *8 . . . . . . . . . . . . . 12

*Brooke v. H&K P'ship*, 2016 U.S. Dist. LEXIS 148572, at 5 (E.D. Cal. Oct. 26, 2016) . . 15

*Brooke v. Newport Hotel Holding LLC*, 2016 U.S. Dist. LEXIS 187101, at *9 (C.D. Cal. Apr. 29, 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979) . . . . . . . . . . . . . . . . 5

*California Service Station etc. Assn. v. American Home Assurance Co.* 62 Cal.App.4th 1166, 1178 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Chanda v Engelhard/ICC* 234 F3d 1219 (11th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Chapman v. Pier 1 Imports, Inc.,* 631 F.3d 939, 946 (9th Cir. 2011). . . . . 5, 6, 10, 11, 13, 15

*City of Inglewood v. Teixeira*, 2015 U.S. Dist. LEXIS 114539, at *5 (C.D. Cal. Aug. 20, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Cuadra v. George Brown Sports Club-Palm, Inc.*, 2019 U.S. Dist. LEXIS 70256, (E.D. Cal. Apr. 24, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . 6

*DuckHole Inc. v. NBC Universal Media LLLC*, 2013 U.S. Dist. LEXIS 157305, at *7 (C.D. Cal. Sep. 6, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Estate of Saylor*, 54 F.Supp.3d 409 (D. Md. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004). . . . . . . . . . . . 15

*Guerra v. W. L.A. Coll.*, 2018 U.S. Dist. LEXIS 141029, at *19-20 (C.D. Cal. Aug. 20, 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20

*Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005). . . . . . . . . . . . . . 10

*Johnson v. Overlook At Blue Ravine, Ltd. Liab. Co.*, 2012 U.S. Dist. LEXIS 102056 (E.D. Cal. July 20, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12, 13

*Krusi v. Bear, Stearns & Co.,* 144 Cal.App.3d 664, 679 (1983) . . . . . . . . . . . . . . . . . . . . 20

*Lee v. Bank of Am.*, 218 Cal. App. 3d 914, 920 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Lema v. Comfort Inn, Merced*, 2012 U.S. Dist. LEXIS 42170 . . . . . . . . . . . . . . . . . . . . . 13

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Molski v. Kahn Winery*, 405 F.Supp.2d 1160, 1168 (C.D. Cal. 2005) . . . . . . . . . . . . . . . 10

*Monaghan v. El Dorado Cnty. Water Agency*, 2012 U.S. Dist. LEXIS 14900 (E.D.Cal. Feb. 6, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Moore v. Dollar Tree Stores Inc.*, 85 F. Supp. 3d 1176, 1182 (E.D. Cal. 2015). . . . . . . . . 16

*Nunneley v. Edgar Hotel* (1950) 36 Cal.2d 493, 497 [225 P.2d 497] . . . . . . . . . . . . . . . . 20

*Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002). . . . . . . . . . . 14

*Reycraft v. Lee*, 177 Cal. App. 4th 1211, 1224 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Rice v. Ctr. Point, Inc.*, 154 Cal. App. 4th 949, 958-59 (2007). . . . . . . . . . . . . . . . . . . . . 18

*Rossbach v City of Miami* 371 F3d 1354 (11th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Scarborough v. Brown Group, Inc.*, 935 F. Supp. 954, 964 (W.D. Tenn. 1995) . . . . . . . . 19

*Sierra Club v. Morton*, 405 U.S. 727, 740, 92 S. Ct. 1361, 31 L. Ed. 2d 636 (1972). . . . . . 6

*Spokeo, Inc. v. Robins*, _U.S._, p 8, 136 S.Ct. 1540, 1548, 194 L.Ed.2d 635 (2016). . . . . . 5

*Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) . . . . . . . . . . . 5

*Strojnik v. Bakersfield Convention Hotel I, LLC*, 2020 U.S. Dist. LEXIS 16339 (January 31, 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Strojnik v. Four Sisters Inns, Inc.,* 2019 U.S. Dist. LEXIS 212094 (C.D.Cal. December 9, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Strojnik v. Hotel Circle GL Holdings, LLC*, 2019 U.S. Dist. LEXIS 20259 (E.D.Cal. November 21, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Strojnik v. Orangewood LLC*, 2019 U.S. Dist. LEXIS 213103 (C.D.Cal. Aug. 8, 2019) . 20

*Strojnik v. Orangewood, LLC,* 2020 U.S. Dist. LEXIS 11743(C.D.Cal. January 22, 2020) 2

*Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S. Dist. LEXIS 213070 (C.D.Cal. August 14, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 11, 14

*Surrey v. TrueBeginnings, LLC,* 168 Cal. App. 4th 414, 419 (2008) . . . . . . . . . . . . . . . . 17

*United States ex rel. Knapp v. Calibre Sys.,* 2011 U.S. Dist. LEXIS 119589 at *14 (C.D.Cal. Oct. 17, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Urhausen v. Longs Drug Stores Cal., Inc.*, 155 Cal. App. 4th 254, 265-66 (2007) . . . 17, 19

*Vogel v. Salazar*, 2014 WL 5427531, at *2 (C.D. Cal. Oct. 24, 2014) . . . . . . . . . . . . . . . 14

*Westbrook v. DTG Operations, Inc.*, 2007 U.S. Dist. LEXIS 14653, at *18-19 (D. Nev. Feb. 28, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*White v. NCL America, Inc.*, 2006 WL 1042548 (S.D. Fla. 2006) . . . . . . . . . . . . . . . . . . 19

*Zimmerman v. GJS Grp.*, 2018 U.S. Dist. LEXIS 148816, at *15-16 (D. Nev. Aug. 30, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

1

**INTRODUCTION**

2    Defendant R.F. WEICHERT V, INC. (the "Hotel"), moves to dismiss Plaintiff Peter

3  Strojnik's Complaint in its entirety. Strojnik is a serial, high volume Americans with

4  Disabilities Act plaintiff, who has filed numerous lawsuits against hotels all over

5  California.  He is a lawyer of significant notoriety in Arizona who was disbarred in Arizona

6  as a result of his serial ADA lawsuits.[1]  In particular, the Arizona State Bar stated that

7  Strojnik was placed on Interim Suspension on July 11, 2018 because:

8        Strojnik filed more than 1,700 complaints in a State Court and more than 160
9        complaints in a District Court alleging violations of the Americans with
         Disabilities Act (ADA) and the Arizonans with Disabilities Act (AzDA). In
10       most cases, he would demand $5,000 in attorney's fees, regardless if the
         business remedied the violation. The cases filed were all very similar, alleging
11       vague and non-specific violations. He collected approximately $1.2 million in
         settlements, which mainly consisted of attorney's fees.

12       Strojnik initially claimed he conducted thorough investigations prior to filing
13       lawsuits, but later conceded that he did not know the individuals who did the
         work, oftentimes contracting them from Craigslist. The time he spent on each
14       case was minimal—preparation and review of complaints would take less than
         thirty minutes—which led to errors. He swore to have reviewed 10,000
15       "reports" with pictures of properties submitted by the investigators, however
         never visited many of the properties.

16       The State Bar alleged that Strojnik engaged in conduct that has caused, or is
17       likely to cause, immediate and substantial harm to clients, the public, or the
         administration of justice. A District Court said his tactics were extortionate.
18       The Bar moved for the interim suspension and argued that he would continue
         filing lawsuits irrespective of rulings by other courts.

19  *Id.*  He was ultimately disbarred in May 2019.  Not deterred, as one Court recently held in

20  dismissing a Strojnik ADA case with prejudice:

21       A search of pacer.gov, sorted by date, reveals that three months after Plaintiff's
22       law license was suspended, he began filing ADA access cases as a pro se
         litigant instead of filing them on behalf of clients. [citation omitted] Indeed, in
23       less than four months, Plaintiff has filed twenty-six ADA actions as a pro se
         litigant. Rather than being a befuddled pro se litigant . . . Plaintiff is an
24       experienced litigator who appears to have altered his business model to work
         around the loss of his license.

25  *Strojnik v. Singpoli Grp., LLC*, 2019 U.S. Dist. LEXIS 24494, at *3-4 (C.D. Cal. Feb. 14,

26

27   _____
          [1]

28   https://www.azbar.org/newsevents/newsreleases/2018/07/interimsuspension-peterstrojnik/

2019).[2]  In fact, a Westlaw printout of the 109 cases that counsel has been able to locate is attached to the Declaration of Philip H. Stillman, <u>Exhibit 1</u>. Strojnik's boilerplate complaints all suffer from the same defects, pointed out repeatedly by the federal courts in California.[3]  His complaint should be dismissed with prejudice.

However, Strojnik's notoriety is catching up with him.  Several courts have now dismissed his complaints on the same grounds that Defendant is asserting here.  On January 22, 2020, in *Strojnik v. Orangewood, LLC*,  2020 U.S. Dist. LEXIS 11743(C.D.Cal. January 22, 2020), after three tries to plead jurisdiction, the Court dismissed the Second Amended Complaint with prejudice for lack of standing for not alleging how any barriers that he may have experienced at the defendant hotel related to his alleged disabilities, dismissed the Unruh Act claims for lack of standing, dismissed the negligence claim as there was no violation of the ADA, and struck the claim for punitive damages. On August 14, 2019, in *Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S. Dist. LEXIS 213070 (C.D.Cal. August 14, 2019), the Court dismissed Strojnik's claims against the Pasadena Hilton for lack of standing with prejudice.  On August 29, 2019, his claims were also dismissed with prejudice for lack of standing in *Strojnik v. Kapalua Land Co.*, 2019 U.S. Dist. LEXIS 165525 (D. Haw. Aug. 26, 2019), on December 9, 2019 for lack of standing in *Strojnik v. Landry's Inc.*, 2019 U.S. Dist. LEXIS 223873 (S.D. Tex. Dec. 9, 2019) and also in *Strojnik v. Four Sisters Inns, Inc.*, 2019 U.S. Dist. LEXIS 212094 (C.D.Cal. December 9, 2019). Other courts have dismissed the virtually identical complaint for lack of standing in *Strojnik v. 1315 Orange LLC*, 2019 U.S. Dist. LEXIS 185481 (S.D. Cal. Oct. 25, 2019) ("series of grainy, murky photographs titled "Personal Barrier Encounters," with brief

---

[2]  A search of PACER shows that Strojnik has filed over 100 ADA cases in California since his suspension and ultimate disbarment.

[3]  The fact that the identical complaint has been dismissed repeatedly – sometimes with prejudice and sometimes with leave to amend – shows that Strojnik's conduct is vexatious and this Court should issue an OSC re Sanctions for yet again filing a similarly defective complaint. *See Korotkova v. U.S.*, 990 F. Supp. 2d 324 (E.D.N.Y 2014).

captions . . . does not identify any barriers that would affect Strojnik, deny him equal access, or deter him from staying at the hotel," *sua sponte* dismissing complaint), in *Strojnik v. Hotel Circle GL Holdings, LLC*, 2019 U.S. Dist. LEXIS 20259 (E.D.Cal. November 21, 2019) (dismissal for lack of standing), in *Strojnik v. Bakersfield Convention Hotel I, LLC*, 2020 U.S. Dist. LEXIS 16339 (E.D.Cal. January 31, 2020) and in *Strojnik v. IA Lodging Napa First LLC,* 2020 U.S. Dist. LEXIS 32075 (N.D. Cal. Feb. 25, 2020). The rationales of these rulings are equally applicable here and this Court should join its fellow judges and dismiss this case.  This case should be dismissed with prejudice, because, as shown by *Orangewood* decision, no amount of bad faith pleading can establish standing, as the hotel is fully compliant and Stojnik has already shown that he could not properly plead jurisdiction despite three tries to do so in *Orangewood*.

Plaintiff lacks standing to sue under the Americans with Disabilities Act (ADA) as the complaint is devoid of anything but the most cursory legal conclusions that fail to establish (1) the scope of Plaintiff's alleged disability, (2) how any of the alleged "barriers" that Plaintiff supposedly found at the Hotel are barriers to *him*, and (3) that Plaintiff has any *bona fide* intent to return to the Hotel.  Plaintiff's Unruh Act claims fare no better, since any alleged barriers that Plaintiff supposedly identified during his stay at the Hotel have to be barriers *to him as a result of his disability.*  The allegations in the Complaint show that while Strojnik might indeed be suffering from various physical ailments, none of those physical ailments are relevant to the alleged ADA architectural barriers that Plaintiff claims to have discovered at the Hotel.  Plaintiff's negligence claim – based on the alleged violation of the ADA, fails to state a claim, since any violation of the ADA does not establish a duty to Plaintiff and damages under the ADA are limited to injunctive relief. Allowing a negligence claim based on an ADA violation also allows a plaintiff to use the ADA to obtain monetary damages to which he is not entitled.

## FACTUAL ALLEGATIONS

Plaintiff, appearing pro se, is a resident of Maricopa County, Arizona. Compl. ¶ 3. Plaintiff alleges that he has severe right-sided neural foraminal stenosis with symptoms of

femoral neuropathy, prostate cancer, and renal cancer, and a degenerative right knee. *Id.* Plaintiff's physical impairments substantially limit his major life activities. *Id.* ¶ 4. Plaintiff contends that he walks with difficulty and pain. *Id.* Plaintiff also claims that as a result of his physical impairments, he requires compliant "mobility accessible" features at places of public accommodation. *Id.* However, he does not allege what those mobility accessible features are, and as discussed below, video footage from June 5, 2019 taken at the Bakersfield Marriott (which Strojnik also sued) and footage from Phoenix ABC affiliate Channel 15 shows Plaintiff "ambulating" without limit or restriction.

Defendant owns, operates, or leases a lodging facility located at located at 598 Laine St., Monterey, CA 93940. *Id.* ¶ 5. Plaintiff claims to have "visited" the "Monterrey area" on September 26-27, 2019. Complaint,¶ 15. Strojnik claims to have encountered "barriers to accessibility documented in Addendum A." Compl., ¶ 16. "Addendum A" contains a statement that "Hotels.com" – a third party reservation site, "denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit to access independently whether the hotel or guestroom meets his accessibility needs." Addendum A also contains photographs that Plaintiff apparently contends show "barriers to accessibility." Under each photograph is a cryptic description, such as "identifiction, [sic]" "inaccessible" and "improperly configured handrails throughout." Complaint, Addendum A. Plaintiff alleges that he intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG. Compl., ¶ 12.

However, *eight* courts have now specifically ruled that Strojnik's "addendum A" complaints are pure legal conclusions that fail to establish Article III standing. Thus, Strojnik cannot allege Article III standing and this Court should issue an OSC re Sanctions against Strojnik for repetitively filing what he knows are clearly defective complaints.

Plaintiff asserts claims under the ADA, the Unruh Civil Rights Act, Cal. Civ. Code § 51–53 ("Unruh Act"), the California Disabled Persons Act, Cal. Civ. Code §§ 54–54.3 ("DPA"), and a negligence claim. Defendant moves to dismiss all claims.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## LEGAL STANDARD

Jurisdictional attacks can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035,1039  (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In a factual attack, the challenger provides evidence that an alleged fact in the complaint is false, thereby resulting in a lack of subject matter jurisdiction.  *Safe Air for Everyone*, 373 F.3d at 1039.  Under a factual attack, the allegations in the complaint are not presumed to be true, *White*, 227 F.3d at 1242, and "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988). Defendant here is making a factual challenge to the Complaint.

## ARGUMENT

### I.

### PLAINTIFF LACKS STANDING ON HIS ADA CLAIM

A disabled person claiming access discrimination in violation of the ADA must establish Article III standing in order to maintain their lawsuit. *Chapman v. Pier 1 Imports, Inc.,* 631 F.3d 939, 946 (9th Cir. 2011).  Article III standing requires that a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that it is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, _U.S._, p 8, 136 S.Ct. 1540, 1548, 194 L.Ed.2d 635 (2016), citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

To show standing under the ADA, a plaintiff must demonstrate that he has suffered an "injury-in-fact coupled with an intent to return to a noncompliant facility," or alternatively "deterrence from returning to the premises." *Chapman*, 631 F.3d at 946. Plaintiff has the burden of establishing the existence of these three elements, and must clearly allege facts demonstrating each element.  *Id*.  Since injunctive relief is the only

1  remedy to individuals under Title III of the ADA, Plaintiff must also show he faces a "'real
2  and immediate threat of repeated injury'" to establish an injury-in-fact for purposes of
3  standing. *Chapman*, 631 F.3d at 946.

4     Because its jurisdiction is limited, "[a] federal court is presumed to lack jurisdiction
5  in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v.*
6  *Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)(citing *Cal. ex rel. Younger v.*
7  *Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)).

8  A.    Plaintiff Has Not Alleged An Injury In Fact.[4]

9     An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete
10  and particularized, and (b) 'actual or imminent' not 'conjectural' or 'hypothetical.'" *Lujan*
11  *v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  This includes a "requirement that a
12  party seeking review must allege facts showing that he is himself adversely affected."
13  *Sierra Club v. Morton*, 405 U.S. 727, 740, 92 S. Ct. 1361, 31 L. Ed. 2d 636 (1972). The
14  "injury in fact" element is met when a disabled plaintiff has *personally* encountered a
15  barrier violating the ADA, based on his specific disability. *Chapman*, 631 F.3d at 947
16  (citing *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008)). *See also, Zimmerman*
17  *v. GJS Grp.*, 2018 U.S. Dist. LEXIS 148816, at *15-16 (D. Nev. Aug. 30, 2018) (Plaintiff
18  failed to satisfy the injury in fact requirement because Plaintiff does not relate the alleged
19  ADA barriers to his particular disability, and cannot establish a concrete and particularized
20  injury or a real and immediate threat of future injury).

21     1.    **Plaintiff Does Not Identify How Any Barriers Relate To *Plaintiff's***
22              **Disability.**

23  ――――――――――

24     [4]  Plaintiff states in his Addendum A that third party booking site Hotels.com did not
25  provide sufficient information required by the ADA.  As numerous courts have held,
    Strojnik cannot state a claim based on his review of Hotels.com.  *See Strojnik v. Kapalua*
26  *Land Co.,*2019 U.S. Dist. LEXIS 165525 (D. Haw. Aug. 26, 2019); *Strojnik v. Orangewood*
    *LLC*, 2020 U.S. Dist. LEXIS 11743, at *18-19 (C.D. Cal. Jan. 22, 2020); *Strojnik v.*
27  *Landry's Inc.*, 2019 U.S. Dist. LEXIS 223873 (S.D. Tex. Dec. 9, 2019) and also in *Strojnik*
28  *v. Four Sisters Inns, Inc.*, 2019 U.S. Dist. LEXIS 212094 (C.D.Cal. December 9, 2019).

Plaintiff fails to allege how any purported violation listed in Addendum A "relates to" his own disability. *Chapman*, 631 F.3d at 947. The Ninth Circuit has held that a plaintiff "does not have standing to challenge those barriers that would burden or restrict access for a person" with a disability different than the plaintiff's disability. *See Doran*, 524 F.3d at 1044 n.7 (holding that plaintiff, a wheelchair user, "cannot challenge all of the ADA violations in the 7-Eleven store. . . . Doran may challenge only those barriers that might reasonably affect a wheelchair user's full enjoyment of the store."); *see also Chapman*, 571 F.3d at 858 n.2 ("The Ninth Circuit does not . . . grant a plaintiff standing to challenge un-encountered barriers not related to his or her disability. For example, a non-blind, non sight-impaired person who needs a wheelchair for mobility cannot challenge barriers that would only restrict access for a person who is blind or sight-impaired."). Plaintiff cannot merely identify barriers not associated with his particular disability to satisfy Article III standing. *See Chapman*, 631 F.3d at 947. A barrier in a public accommodation must "interfere with the plaintiff's full and equal enjoyment of the facility." *Id.* A barrier, however, will "only amount to such interference if it affects *the plaintiff's* full and equal enjoyment of the facility on account of his particular disability." *Id.* (emphasis added). A "bare procedural violation," divorced from any concrete harm, cannot satisfy the demands of Article III standing. *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1550 (2016).

Here, Plaintiff only includes photographs of alleged barriers at the Hotel, *see* Addendum A, that are not even correct. Addendum A is captioned "Personal Barrier Ecounters [sic]." Each photograph is accompanied a generic descriptive caption. These cursory captions for the photographs in Addendum A are purely legal conclusions which the Court should disregard. In *Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 2:19-CV-02067-AB (PJWx) (C.D.Cal. August 14, 2019), the Court held that

> Plaintiff's Complaint also attaches printouts of photos from the hotel's website depicting what he states are ADA violations. See Compl. Addendum A. But the Complaint does not spell out what each of the alleged ADA violations are, it simply attaches photos with captions in which Plaintiff states the photos depict violations—but *such assertions are legal conclusions not factual allegations, so the Court disregards them*.

*Id.* (emphasis added). Not only are these improper legal conclusions, but listing procedural

violations without connecting them to any particular harm is insufficient to plead standing.[5]

*Spokeo*, 136 S. Ct. at 1550.  None of Plaintiff's allegations describe the architectural

barriers at the Hotel and how those relate to his disability. This is insufficient under

*Chapman*, 631 F.3d at 954.  *See also*, *Strojnik v. Orangewood, LLC*, 2020 U.S. Dist. LEXIS

11743 (C.D.Cal. January 22, 2020)(granting motion to dismiss for lack of standing for

inadequate allegations relating Stojnik's alleged disability with ADA violations); *Strojnik*

*v. 1315 Orange LLC*, 2019 U.S. Dist. LEXIS 185481 (S.D. Cal. Oct. 25, 2019)("series of

grainy, murky photographs titled "Personal Barrier Encounters," with brief captions . . .

does not identify any barriers that would affect Strojnik, deny him equal access, or deter

him from staying at the hotel," dismissing complaint); *Strojnik v. Hotel Circle GL*

*Holdings, LLC*, Case No. 1:19-cv-01194-DAD-EPG (E.D.Cal. November 21,

2019)(allegations in the Complaint that "Plaintiff encountered barriers to accessibility [at

the Hotel] documented in Addendum A" and those barriers "related to Plaintiff's disability

and interfere with Plaintiff's full and complete enjoyment of the Hotel"; and (6) "The

ADAAG and Unruh violations in this Complaint relate to barriers to Plaintiffs [sic]

mobility." . . . . are insufficient to support a claim that plaintiff suffered an injury-in-fact.").

As Plaintiff has now been told at least *ten* times by various courts, Plaintiff must do more

than merely identify barriers that he encountered—he must plead how each barrier affected

him because of his disability. *Chapman*, 631 F.3d at 954.  Strojnik's conclusory captions

below pictures on "Addendum A" do not even plead how any particular photograph is

either a violation of ADAAG (and which version of ADAAG) or how any of those

photographs depict ADAAG violations based on Strojnik's alleged disabilities (if any).

---

[5]  "Plaintiff here has alleged an ADAAG violation in no more than a conclusory
fashion." *Cuadra v. George Brown Sports Club-Palm, Inc.*, 2019 U.S. Dist. LEXIS 70256,
at *10-12 (E.D. Cal. Apr. 24, 2019). In *Cuadra*, for example, "Plaintiff . . . alleges. . . the
installment of the seat including the selection and installation of the anchoring device did
not comply with the ADA Requirements and Guidelines. Although plaintiff references the
ADAAG requirements in his complaint, he does not specifically allege what provision of
the ADAAG the handicapped shower seat purportedly violated." *Id.*

*Strojnik v. Orangewood, LLC*, *supra*. The complaint is devoid of any such allegations and therefore, Plaintiff has not pled an injury in fact.

### 2. **Plaintiff Has Not Shown That He Has A Disability That Relates To The Alleged Barriers.**

Although the complaint is totally lacking any allegations that explain how the purported procedural violations in Addendum A affected Plaintiff because of his disability, it is not even clear what that disability is. In fact, although Strojnik is cagey on this point with his laundry list of medical problems in Comp., ¶ 3, no where in his complaint does he claim to use a wheelchair and thus cannot complain of any of the alleged barriers that would apply to disabled people in wheelchairs, such "inaccessible entry" and "improper hardware." *O'Campo v. Bed Bath & Beyond of Cal., LLC*, 610 F. App'x 706, 708 (9th Cir. 2015) ("The district court properly concluded that the barriers O'Campo alleged would not interfere with the full and equal access of a mobility-impaired person who requires the use of a cane, rather than a wheelchair," affirming dismissal of complaint). *See, e.g.*, *Rutherford v. Cesar's Mexican Rest., LLC*, No. 19-cv-1416-LAB (JLB), 2019 WL 4193392, at *1 (S.D. Cal. Sept. 3, 2019) (finding that a plaintiff failed to establish Article III standing where he alleged that "at times" used a wheelchair but did not allege if he used a wheelchair at the defendant's facility despite pointing out barriers to accessibility that related to wheelchair users). Nor does he allege any kind of facts that would tend to show that he requires a wheelchair. In fact, in a video clip from a March 7, 2018 news report that aired on the ABC Phoenix affiliate, Channel 15, Strojnik is clearly shown strolling without any type of assistance whatsoever. https://www.abc15.com/news/local-news/investigations/state-bar-moves-to-suspend-serial-suing-attorney-exposed-by-abc15.[6] Strojnik claims to suffer from "neural foraminal

---

[6] Federal Rule of Evidence 201 empowers a court to take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). *DuckHole Inc. v. NBC Universal Media LLLC*, 2013 U.S. Dist. LEXIS 157305, at *7 (C.D. Cal. Sep. 6, 2013)(taking judicial

stenosis," which refers to the narrowing of the small openings between each vertebra in the spine.[7] Yet, in another video clip from ABC 15 aired June 25, 2018, Strojnik is shown walking and in court with a large litigation briefcase slung over his shoulder – hardly consistent with his claim that his "foraminal stenosis" prevents him from "major life activities. *See* https://www.abc15.com/news/local-news/investigations/az-attorney-general-attempts-second-intervention-to-shut-down-serial-suing-attorney.

In a video clip, Strojnik is seen checking into another hotel in Bakersfield on June 5, 2019, and can clearly be seen pulling a large suitcase to the front desk and carrying a large "over the shoulder" luggage – directly contradicting his claimed disabilities. A copy of this video can be viewed at https://youtu.be/pnZ2I4yQ3ss.[8] Stillman Decl., ¶ 2. Thus, there is no alleged disability that Strojnik can even tie *to* any alleged barrier.

_____

notice of DVD's in support of Rule 12(b)(6) motion). This Court can thus take judicial notice of the videos of Strojnik aired by the news station and published online. *See City of Inglewood v. Teixeira*, 2015 U.S. Dist. LEXIS 114539, at *5 (C.D. Cal. Aug. 20, 2015)(judicial notice of YouTube videos on Rule 12(b)(6) motion). Judicial notice is appropriate as the videos are from a source whose authenticity cannot be questioned and published on the news channel's own website.

[7] Merely having an "impairment" does not make one disabled for ADA purposes. 29 C.F.R. § 1630.2(j) (defining substantial limitation as either a total inability to perform major life activity or a significant restriction on the same). For example, in *Chanda v Engelhard/ICC* 234 F3d 1219 (11th Cir. 2000), although an engineer who had tendinitis had physical impairment, where engineer acknowledged that he could dress and feed himself, do household chores, drive, write, and use computer, he was not disabled. *See also*, *Rossbach v City of Miami* 371 F3d 1354 (11th Cir. 2004) (officers claimed that his impairment prevented him from standing, sitting, walking or sleeping for extended periods of time, all testimony was couched in vague terms and was unaccompanied by any evidence that such afflictions were any worse than those suffered by many adults).

[8] The video is judicially noticeable pursuant to Fed.R.Evid. 201. *See City of Inglewood v. Teixeira*, 2015 U.S. Dist. LEXIS 114539, at *5 (C.D. Cal. Aug. 20, 2015)(judicial notice of YouTube videos on Rule 12(b)(6) motion).

1    B.    Plaintiff Has Not Properly Alleged An Intent To Return.

2        An injury in fact must be coupled with an intent to return.  *Chapman*, 631 F.3d at

3    946.  In determining whether a plaintiff's likelihood of visiting or returning to a facility is

4    sufficient to confer standing, courts have examined factors such as "(1) the proximity of the

5    place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of

6    defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the

7    plaintiff's frequency of travel near defendant." *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d

8    1107, 1113 (C.D. Cal. 2005) (citation and quotation marks omitted); *Johnson v. Overlook*

9    *At Blue Ravine, Ltd. Liab. Co.*, 2012 U.S. Dist. LEXIS 102056 (E.D. Cal. July 20, 2012).

10       Speculative, "some day" intentions of visiting a facility will not support standing.

11   *Lujan*, 504 U.S. at 564.  A general intent to return to a public accommodation is

12   "insufficient to confer standing in an action for injunctive relief." *Molski v. Kahn Winery*,

13   405 F.Supp.2d 1160, 1168 (C.D. Cal. 2005)(citing *Lujan*, 504 U.S. at 564). A plaintiff

14   "lacks standing if he is indifferent to returning [] or if his alleged intent to return is not

15   genuine, or if the barriers he seeks to enjoin do not pose a real and immediate threat to him

16   due to his particular disability." *Chapman*, 631 F.3d at 953.

17       When analyzing plaintiff's intent to return to establish an "injury in fact," the

18   Supreme Court has held that the plaintiff's "profession of an intent to return . . . [was]

19   simply not enough" for standing. *Lujan*, 504 U.S. at 564. The plaintiff's intent to return was

20   only backed by a statement that she "intended to go back" but did not offer any definitive

21   time other than some time "in the future." *Id*. The Court ruled that "such 'some day'

22   intentions—without any description of concrete plans, or indeed even any specification of

23   when the some day will be" do not establish an intent to return as necessary for standing.

24   *Id*.

25       In this Complaint, Strojnik merely relies on the same verbatim allegation that

26   "Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's

27   noncompliant Hotel becomes fully compliant with ADAAG," Complaint, ¶ 12, already

28   found insufficient as "some day intentions" in *Pasadena Robles, Orangewood* and *1315*

*Orange LLC*

### 1.    **Proximity Of The Hotel To Plaintiff's Residence.**

Here, Plaintiff lives approximately 696 miles from Defendant's hotel.[9]  If a plaintiff lives more than 100 miles from the public accommodation, "the distance subverts a professed intent to return." *Id*. (citing *Molski*, 405 F.Supp.2d at 1164).  However, given that Defendant's business is a hotel, which is meant to lodge individuals who are far from their residence, this factor comes out as neutral in the balancing test.

### 2.    **Plaintiff's Past Patronage Of The Hotel.**

This factor looks to the plaintiff's history of visits to the subject business.  Plaintiff does not allege that he has visited Defendant's hotel in the past nor does Plaintiff allege that he has visited the Sacramento area in general except for the single trip mentioned in the Complaint. Plaintiff's lack of any past patronage is even further undermined by how far away Defendant's hotel is from his residence. In any case, Plaintiff has provided no evidence of a sincere intent to visit the area at all, let alone Defendant's hotel in particular.

A lack of patronage before the visit giving rise to the lawsuit is a factor that strongly favors the defendant business. *Brooke v. H.P. Hospitality, LLC*, 2017 U.S. Dist. LEXIS 214372, at *8; *see also Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *8-9.  Here, it does not appear that Plaintiff has ever visited Defendant's hotel before the facts giving rise to this lawsuit, let alone the entire Monterey area. This factor strongly favors Defendant.

### 3.    **Definitiveness of Plaintiff's Plans to Return**

If a plaintiff does not have concrete and genuine plans to return to the subject business, then this factor weighs in the defendant's favor. *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *9-*11. In *Blue Ravine*, for example, plaintiff Scott Johnson testified

_____

[9]  Although the Complaint does not state the distance between Plaintiff's residence and Defendant's hotel, it lists Plaintiff's address in the caption. Google Maps yields a distance of about 696 miles between Plaintiff's residence and the hotel. The Court can take judicial notice of this fact pursuant to Fed. R. Evid. 201(b). *Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S. Dist. LEXIS 213070 (C.D.Cal. August 14, 2019) at n. 2.

1    that he did not intend to go back to the defendant business until "the action is resolved and

2    the property alterations are complete." *Id.* at *9. The Eastern District Court found this

3    intention insufficient, and that it provided "no definite intent to return," strongly favoring

4    the defendant. *Id.* at *9-10. In the instant Complaint, Plaintiff has alleged an even lesser

5    intent to go to Defendant's hotel: "Plaintiff intends to visit Defendant's Hotel at a specific

6    time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG."

7    Compl. ¶ 12.  Plaintiff has provided only a "'some day'" intention, "'without any

8    description of concrete plans, or indeed even any specification of when the someday will

9    be....'" *Lujan*, 504 U.S. at 564. Particularly when considered in light of the far distance

10   between Plaintiff's residence and the subject business, any sincerity in his supposed plans

11   to return is out the window.

12         Moreover, Strojnik must allege why he intends to return to *Defendant's hotel*, and

13   not the area in general.  *Strojnik v. Orangewood LLC*, 2020 U.S. Dist. LEXIS 11743, at

14   *26-27 (C.D. Cal. Jan. 22, 2020)(Plaintiff's allegations are insufficient to show that

15   Plaintiff is deterred from staying at the Hotel where complaint contained "no allegations as

16   to why Plaintiff prefers this particular Hilton property, as opposed to others in the

17   "Disneyland area'" and plaintiff stayed at other hotels in the past.) Similarly, not only does

18   Plaintiff not allege any reasons for intending to return to Defendant's hotel, but he stayed at

19   at least one other unidentified hotel in Monterey, and sued at least one other hotel in

20   Monterey, also claiming that he intended to return to *that* hotel.  *See Strojnik v. SWVP*

21   *Monterey, LLC*, 5:20-cv-00136-VKD.  This factor weighs heavily in Defendant's favor.

22         4.    **Plaintiff's Frequency of Travel Near Defendant's Hotel**

23         When considering this factor, a court looks to the plaintiff's assertion of

24   frequent travel near the defendant's business, such that the plaintiff would inherently be

25   more likely to frequent the business. *See Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at

26   *11; *see also Lema v. Comfort Inn, Merced*, 2012 U.S. Dist. LEXIS 42170 (E.D.Cal. March

27   27, 2012) at *5. If a plaintiff does not allege any facts supporting his or her frequency of

28   travel near the defendant business, then this factor should weigh in the defendant's favor. In

*Blue Ravine*, plaintiff Scott Johnson provided no allegations or evidence that he had "specific ties" to the defendant's property, or any other particular reason to frequent the area. *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11. The court therefore found this factor to "strongly favor[]" the defendant. *Id.*

Similarly here, Plaintiff does not allege the frequency of his visits near Defendant's hotel.  Plaintiff does not allege that he has visited the Monterey area in the past, that he has concrete plans to do so in the future, or that the Hotel is in the geographic zone that Plaintiff typically travels as part of his regular activities. Therefore, this factor weighs strongly in Defendant's favor, particularly combined with the distance between the subject business and Plaintiff's residence.

In sum, only one of the four factors possibly weighs in Plaintiff's favor, and only slightly at that. The same balance of the factors was present in *Blue Ravine*, where the court found that the plaintiff was not able to establish a genuine and definite intent to return to the defendant's business. Plaintiff has entirely failed to demonstrate a definite intent to return to Defendant's hotel. He therefore fails to establish standing through injury-in-fact and intent to return.

### 5.    Additional Factors Weigh Against An "Intent To Return."

In addition, the purpose of the "intent to return" road to standing is to show that the plaintiff will likely be harmed because barriers "continue to exist at a place of public accommodation to which he intends to return." *Chapman*, 631 F.3d at 953. Here, Plaintiff's intent to return is expressly contingent on the hotel coming into compliance with the ADA, thus Plaintiff will not return unless the hotel comes into compliance so he will necessarily not encounter accessibility barriers at that time. Plaintiff's own intent allegation therefore forecloses standing based on the intent to return option. *Strojnik v. Pasadena Robles Acquisition, LLC*, No. 2019 U.S. Dist. LEXIS 213070 (C.D.Cal. August 14, 2019) at *5-6. Given that the Hotel is not in the state where Plaintiff resides, and Plaintiff makes no allegations that he frequents the Monterey area or has concrete plants to do so in the future, Plaintiff's hypothetical allegations are insufficient to plead standing to sue for injunctive

1    relief under the ADA because of architectural barriers at the Hotel.

2    C.    Plaintiff Has Not Alleged Facts Showing He Is Deterred From Returning to
           Defendant's Hotel.

3
4          An individual can prove "injury-in-fact" by showing that he is deterred from

5    patronizing a public accommodation due to a defendant's failure to comply with the

6    ADA. *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002). But a

7    plaintiff's claimed deterrence cannot be merely "conjectural or hypothetical."

     *Vogel v. Salazar*, 2014 WL 5427531, at *2 (C.D. Cal. Oct. 24, 2014). A plaintiff must
8
     allege facts to show that he "would return to the establishment if the establishment
9
     were compliant with the ADA." *Id.*
10
11         To adequately plead deterrence, a plaintiff must provide more than the empty

12   allegation that he or she "was deterred;" rather, some sort of corroborating facts are

13   necessary to demonstrate to the court that the "threat of future injury [is] sufficiently

14   'imminent' to permit a plaintiff to sue for injunctive relief." *Blue Ravine*, 2012 U.S. Dist.

     LEXIS 102056, at *11-12 (quoting *Chapman*, 631 F.3d at 949).
15
16         In *Vogel*, the plaintiff merely stated that due to "physical and intangible" barriers, he

17   was "deterred" and "continue[d] to be deterred from visiting" the defendant's public

18   accommodation. *Id.* at *2. The court stated that the plaintiff "failed to assert or point to any

19   colorable facts to prove that his assertion of deterrence is not merely hypothetical" because

20   the plaintiff did not provide any evidence that he would return to the public accommodation

     if it were ADA compliant. *Id.* Thus, the court found that the plaintiff's claims did not show
21
     that he was deterred from returning. *Id.*
22
23         Here, like in *Vogel*, Plaintiff has failed to point to any facts showing that his intent to

24   return to Defendant's hotel is not merely hypothetical. Plaintiff only stated that he is

25   "deterred from visiting the Hotel" and intends to visit once it is ADA compliant. Compl. ¶¶

26   11-12. Plaintiff has alleged no *facts* to support his bare legal conclusion that he would

27   return to the hotel if it were brought into compliance and therefore has not pled deterrence.

     Accordingly, Plaintiff lacks standing under the ADA.
28

D.    Plaintiff Lacks Standing To Claim Injunctive Relief.

"To establish standing to pursue injunctive relief under the ADA, a plaintiff must also "demonstrate a 'real and immediate threat of repeated injury' in the future." *Brooke v. H&K P'ship*, 2016 U.S. Dist. LEXIS 148572, at 5 (E.D. Cal. Oct. 26, 2016) citing *Chapman*, 631 F.3d at 946.  Here, Strojnik has filed at least 109 lawsuits from Arizona against businesses and hotels in California, in each one claiming that he intends to return to each of the businesses.  As one court stated in referring to ADA cases filed by Strojnik's son (also named Peter Strojnik), "This sort of litigation-by-the-truckload is transparently designed to extract settlements, not advance worthy ADA goals, and the Court is wary of encouraging such an approach.  *Brooke v. Newport Hotel Holding LLC*, 2016 U.S. Dist. LEXIS 187101, at *9 (C.D. Cal. Apr. 29, 2016).  The allegation that Strojnik intends to actually return to each of the hotels that he has sued in this district and others is simply implausible and Strojnik should be required to plead specifically why he will be staying at each of the many hotels that he has sued, if only the alleged barriers were removed.  Barring such specificity, Plaintiff cannot demonstrate a "real and immediate threat of repeated injury" in the future and is not entitled to injunctive relief.

E.    Plaintiff's ADA Cause Of Action Also Fails To State A Claim.

An individual alleging discrimination under Title III must show (1) he is disabled as that term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability. *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004).  As set forth above, Plaintiff's claims of disability are suspect and call into question the adequacy of the first and second elements of the claim.  However, Plaintiff's complaint is devoid of any allegations that would satisfy the fourth element.

The ADA Accessibility Guidelines ("ADAAG") are codified at 28 C.F.R. Pt. 36,

Appendix A. 28 C.F.R. § 36.402(a) and provide that "any alteration to a place of public accommodation . . . after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities." *Moore v. Dollar Tree Stores Inc.*, 85 F. Supp. 3d 1176, 1182 (E.D. Cal. 2015).  Under the ADA, alterations to commercial facilities completed between January 26, 1992 and September 15, 2010 are subject to the 1991 ADAAG Standards. 28 C.F.R. §§ 36.401, 36.406.

In his laundry list of alleged violations in his ubiquitous "Addendum A," Plaintiff does not specify *which* ADAAG, *i.e.*, 1991 or 2010 he is relying upon, nor does he cite any particular section of ADAAG.  Thus, even if Plaintiff could show standing, the claim is still defective. *See Cuadra v. George Brown Sports Club-Palm, Inc.*, 2019 U.S. Dist. LEXIS 70256, at *10-12 (E.D. Cal. Apr. 24, 2019).

## II.

## THE UNRUH ACT CLAIMS MUST ALSO BE DISMISSED

The standing required to pursue monetary relief under the Unruh Act is different from standing to seek injunctive relief under federal or state law. *Reycraft v. Lee*, 177 Cal. App. 4th 1211 (2009).  Unlike the ADA, standing under the Unruh Act is established where a disabled plaintiff can show he or he *actually presented* himself or herself to a business or public place with the *intent of purchasing its products* or utilizing its services in the manner in which those products and/or services are typically offered to the public and was actually denied equal access on a particular occasion.  *Reycraft*, 177 Cal. App. 4th at 1224.   Thus, as with his ADA claim, he fails to explain how any architectural barriers actually denied him equal access to the hotel or that, other than to sue the Hotel, he had any intention of actually staying at the hotel.

For example, a plaintiff cannot recover damages unless the violation *actually* denied him or her equal access to some public facility. *Urhausen v. Longs Drug Stores Cal., Inc.*, 155 Cal. App. 4th 254, 265-66 (2007). In *Urhausen*, the court rejected the plaintiff's attempt to equate a "denial of equal access" with the presence of a violation of federal or

state regulations.  As the court held, under that theory,

> any disabled person could sue for statutory damages whenever he or she encountered noncompliant facilities, regardless of whether that lack of compliance actually impaired the plaintiff's access to those facilities. Plaintiff's argument would thereby eliminate any distinction between a cause of action for equitable relief under section 55 and a cause of action for damages under section 54.3 . . .

*Id.*

In Strojnik's Second and Third Causes of Action, Strojnik cannot allege that he was actually denied access to the hotel. He also fails to explain how any alleged "barriers" impaired his ability to access the hotel or its services – especially when it is apparent that, while he may experience pain, he is not in a wheelchair and does not use a wheelchair. "[T]he cases interpreting the Act have consistently held that an individual plaintiff has standing to bring claims thereunder only if he or she has been the victim of the defendant's discriminatory act." *Surrey v. TrueBeginnings, LLC*, 168 Cal. App. 4th 414, 419 (2008). Thus, if he is able to "ambulate" as he calls it, it is irrelevant whether there are allegedly improper handrails, etc.

### III.

### PLAINTIFF'S NEGLIGENCE CAUSE OF ACTION FAILS TO STATE A CLAIM

Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Strojnik's Negligence cause of action should be dismissed with prejudice on both grounds.  The essential elements of a negligence claim are that: (1) the defendant was negligent; (2) the plaintiff was harmed; and (3) the defendant's negligence was a substantial factor in causing plaintiff's harm. California Civil Jury Instructions ("CACI") 400.  "[A] complaint...must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).   Plaintiff has no viable legal theory of negligence.  Although Plaintiff does not identify his negligence cause of action as "negligence per se," the allegations of negligence are based solely on the alleged violations

of the ADA and/or Unruh Act, violation of neither of which statutes supports a negligence claim.

The negligence per se presumption operates only to establish a lack of due care. "The presumption of negligence created by Evidence Code § 669 concerns the standard of care, rather than the duty of care." *Rice v. Ctr. Point, Inc.*, 154 Cal. App. 4th 949, 958-59 (2007). "[A]n underlying claim of ordinary negligence must be viable before the presumption of negligence of Evidence Code section 669 can be employed. … '[I]t is the tort of negligence, and not the violation of the statute itself, which entitles a plaintiff to recover civil damages. …'" *Id.* citing *California Service Station etc. Assn. v. American Home Assurance Co.* 62 Cal.App.4th 1166, 1178 (1998).

A.    There Is No Viable Negligence Claim.

Strojnik does not allege any violation of a duty of care that was a substantial factor in causing Plaintiff's harm. Strojnik only alleges that "Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation." Complaint, ¶ 34, and that "Defendant breached this duty." Complaint, ¶ 35. However, the violation of a statute is only evidence of the standard of care, not the *duty* of care. Strojnik must first allege that there was a duty of care that was breached to state a viable negligence claim.

Second, Strojnik repeatedly alleges that the Defendant's conduct in failing to remove (nonexistent) "ADA accessibility barriers" was "knowing and intentional." Compl., ¶¶ 36-39. Intentional conduct cannot support a claim of negligence. *United States ex rel. Knapp v. Calibre Sys.,* 2011 U.S. Dist. LEXIS 119589 at *14 (C.D.Cal. Oct. 17, 2011); *Monaghan v. El Dorado Cnty. Water Agency*, 2012 U.S. Dist. LEXIS 14900 at *26 (E.D.Cal. Feb. 6, 2012).

Third, even assuming that Plaintiff could otherwise state a negligence claim, Strojnik cannot demonstrate that he has personally suffered any harm from the alleged failure to remove any hypothetical barriers *because he never identified how any barrier injured him*.

B.    Negligence Cannot Be Based On The ADA.

1    The ADA does not establish the applicable standard of care.  "Whether a particular

2    statute, administrative regulation or local ordinance is utilized to define the standard of care

3    in a negligence action is clearly a question of law to be determined exclusively by the

4    court." *Westbrook v. DTG Operations, Inc.*, 2007 U.S. Dist. LEXIS 14653, at *18-19 (D.

5    Nev. Feb. 28, 2007).  Under either the ADA or the Unruh Act, there are no accessibility

6    guidelines that if not met are per se unreasonable or that constitutes a per se barrier under

7    the ADA Guidelines.  *Guerra v. W. L.A. Coll.*, 2018 U.S. Dist. LEXIS 141029, at *19-20

8    (C.D. Cal. Aug. 20, 2018).  The ADA does not fall under the class of statutes that serve as a

9    predicate for negligence per se. *Westbrook*, 2007 U.S. Dist. LEXIS 14653, at *18-19

10   (applying Nevada law); *Scarborough v. Brown Group, Inc.*, 935 F. Supp. 954, 964 (W.D.

11   Tenn. 1995)(finding that Title VII is not the type of law encompassed under negligence per

12   se because such claims may be supported only by statutes and regulations relating to public

13   safety, such as health regulations and rules of the road).

14   As the Court held in *Estate of Saylor*, 54 F.Supp.3d 409 (D. Md. 2014), negligence

15   cannot be based on a breach of the ADA because, for a breach of a statute to be evidence of

16   negligence, the statute typically must pertain to public safety or health, whereas the ADA is

17   an anti-discrimination statute. Similarly in *White v. NCL America, Inc.*, 2006 WL 1042548

18   (S.D. Fla. 2006), the Court held that "[b]ecause the ADA was not designed to protect those

19   with disabilities from personal injuries, Plaintiff is unable to state a claim for negligence

20   per se." Transforming ordinary ADA claims into negligence claims would be inappropriate

21   expansion of ADA law. As the court held in *Urhausen*, 155 Cal. App. 4th at 267, rejecting

22   the application of negligence per se:

23       Although there was no dispute, at least on the motions for judgment on the
         pleadings, that the disabled accessible parking space did not satisfy applicable
24       slope regulations, "[n]ot every infraction of a statute will result in civil
         liability." (*Nunneley v. Edgar Hotel* (1950) 36 Cal.2d 493, 497 [225 P.2d 497].

25   In light of Plaintiff's failure to establish that Defendant has denied him access to

26   Defendant's facilities or that he even has a viable "architectural accessibility" claim

27   pursuant to the ADA, the Fourth Cause of Action should be dismissed *with* prejudice.

28

1    *Guerra v. W. L.A. Coll.*, 2018 U.S. Dist. LEXIS 141029, at *34-35 (C.D. Cal. Aug. 20,

2    2018).

3    C.    Plaintiff's Request For Punitive Damages Should Be Stricken.

4           In connection with his Fourth Cause of Action, Strojnik seeks punitive damages.

5    Punitive damages are not available for negligence.  Complaint, ¶ 40.  For any cause of

6    action, "punitive damages are allowed only upon a showing of "oppression, fraud, or

7    malice." Civ. Code, § 3294.  Negligence, even if gross or reckless, cannot justify punitive

8    damages. *Krusi v. Bear, Stearns & Co.,*144 Cal.App.3d 664, 679 (1983); *Lee v. Bank of*

9    *Am.*, 218 Cal. App. 3d 914, 920 (1990); *Strojnik v. Orangewood LLC*, 2019 U.S. Dist.

10   LEXIS 213103 (C.D.Cal. Aug. 8, 2019) at *10 (striking request for punitive damages in

11   Strojnik's negligence claim).

12                                          **IV.**

13         **THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL**

14                                    **JURISDICTION**

15          In *Strojnik v. Urban Commons Cordova, LLC*, 2019 U.S. Dist. LEXIS 132975

16   (C.D.Cal. August 20, 2019),  the Court declined to exercise supplemental jurisdiction over

17   Strojnik's state law claims holding that declining to exercise supplemental jurisdiction over

18   plaintiff's state law claims in these circumstances supports the values of judicial economy,

19   convenience, fairness, and comity:

20          As a high-frequency litigant, the Court finds it would be improper to allow
             Plaintiff to use federal court as an end-around to California's pleading
21           requirements. Therefore, as a matter of comity, and in deference to California's
             substantial interest in discouraging unverified disability discrimination claims,
22           the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim.

23   *Id.* citing *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017).  For the

24   same reasons set forth in *Urban Commons Cordova* and *Shutza*, this Court should at a

25   minimum decline to exercise supplemental jurisdiction.

26                                     **CONCLUSION**

27          For the foregoing reasons, Defendant requests that this Court grant its Motion to

28   Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) with prejudice and

1    without leave to amend.

2                                    Respectfully Submitted,

3                                    STILLMAN & ASSOCIATES

4

5    Dated: March 2, 2020            By:_____
                                        Philip H. Stillman, Esq.
6                                    Attorneys for defendant R.F. WEICHERT V, INC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2        I, the undersigned, certify under penalty of perjury that on March 3, 2020 or as soon

3  as possible thereafter, copies of the foregoing Motion to Dismiss, Memorandum of Points

4  and Authorities, Declaration of Philip H. Stillman, and Proposed Order was served

5  electronically by the Court's ECF notice to all persons/entities requesting special notice or

6  otherwise entitled to the same and via email to Plaintiff's email address listed with this

7  Court.

8                            By: /s/ *Philip H. Stillman*

9                            Attorneys for R.F. WEICHERT V, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28