Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax:  (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for defendant R.F. WEICHERT V, INC.

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PETER STROJNIK, | Case No. 5:20-cv-00354-VKD |
| Plaintiff, | |
| vs. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND (6)** |
| R.F. WEICHERT V, INC. dba JABBERWOCK INN , | |
| Defendant. | Date:  May 19, 2020 |
| | Time: 10 a.m. |
| | Courtroom: 2, 5th Fl. |
| | Hon. Virginia K. DeMarchi |

1

**TABLE OF CONTENTS**

2  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

3  FACTUAL ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

4  LEGAL STANDARD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

5  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

6      I.    PLAINTIFF LACKS STANDING ON HIS ADA CLAIM . . . . . . . . . . . . . 7

7            A.    Plaintiff Has Not Alleged An Injury In Fact. . . . . . . . . . . . . . . . . . 8

8                  1.    Plaintiff Does Not Identify How Any Barriers Relate To
9                        Plaintiff's Disability. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

10                 2.    Plaintiff Has Not Shown That He Has A Disability That Relates
                         To The Alleged Barriers.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

11           B.    Plaintiff Has Not Properly Alleged An Intent To Return. . . . . . . . . . 15

12                 1.    Proximity Of The Hotel To Plaintiff's Residence. . . . . . . . . . . 16

13                 2.    Plaintiff's Past Patronage Of The Hotel. . . . . . . . . . . . . . . . . 16

14                 3.    Definitiveness of Plaintiff's Plans to Return . . . . . . . . . . . . . . 16

15                 4.    Plaintiff's Frequency of Travel Near Defendant's Hotel . . . . . . 17

16                 5.    Additional Factors Weigh Against An "Intent To Return." . . . . 18

17           C.    Plaintiff Has Not Alleged Facts Showing He Is Deterred From
18                 Returning to Defendant's Hotel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

19           D.    Plaintiff Lacks Standing To Claim Injunctive Relief. . . . . . . . . . . . . 20

20           E.    Plaintiff's ADA Cause Of Action Also Fails To State A Claim. . . . . . 20

     II.   THE UNRUH ACT CLAIMS MUST ALSO BE DISMISSED . . . . . . . . . . 21
21
     III.  PLAINTIFF'S NEGLIGENCE CAUSE OF ACTION FAILS TO STATE A
22         CLAIM. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

23  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2   *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) . . . . . . . . . . . . . . . 23

3   *Brooke v. H.P. Hospitality, LLC*, 2017 U.S. Dist. LEXIS 214372, at *8 . . . . . . . . . . . . . 16

4   *Brooke v. H&K P'ship*, 2016 U.S. Dist. LEXIS 148572, at 5 (E.D. Cal. Oct. 26, 2016) . . 20

5   *Brooke v. Newport Hotel Holding LLC*, 2016 U.S. Dist. LEXIS 187101, at *9 (C.D. Cal. Apr. 29, 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

6

7   *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979) . . . . . . . . . . . . . . . . 7

8   *Chanda v Engelhard/ICC* 234 F3d 1219 (11th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . 14

*Chapman v. Pier 1 Imports, Inc.,* 631 F.3d 939, 946 (9th Cir. 2011). . . . . . . . 7, 8, 15, 18, 20

9

10  *City of Inglewood v. Teixeira*, 2015 U.S. Dist. LEXIS 114539, at *5 (C.D. Cal. Aug. 20, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

11  *Cuadra v. George Brown Sports Club-Palm, Inc.*, 2019 U.S. Dist. LEXIS 70256, (E.D. Cal. Apr. 24, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

12

13  *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . 8

14  *DuckHole Inc. v. NBC Universal Media LLLC*, 2013 U.S. Dist. LEXIS 157305, at *7 (C.D. Cal. Sep. 6, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

15  *Estate of Saylor*, 54 F.Supp.3d 409 (D. Md. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

16  *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004). . . . . . . . . . . . 20

17  *Guerra v. W. L.A. Coll.*, 2018 U.S. Dist. LEXIS 141029, at *19-20 (C.D. Cal. Aug. 20, 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, 25

18

19  *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005). . . . . . . . . . . . . . 15

*Johnson v. Overlook At Blue Ravine, Ltd. Liab. Co.*, 2012 U.S. Dist. LEXIS 102056 (E.D. Cal. July 20, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15-17

20

21  *Lema v. Comfort Inn, Merced*, 2012 U.S. Dist. LEXIS 42170 . . . . . . . . . . . . . . . . . . . . . 17

22  *Loving v. Princess Cruise Lines, Ltd.*, 2009 U.S. Dist. LEXIS 130477(C.D. Cal. Mar. 5, 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

23

24  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

25  *Molski v. Kahn Winery*, 405 F.Supp.2d 1160, 1168 (C.D. Cal. 2005) . . . . . . . . . . . . . . . 15

26  *Moore v. Dollar Tree Stores Inc.*, 85 F. Supp. 3d 1176, 1182 (E.D. Cal. 2015). . . . . . . . . 21

27  *Moore v. Greyhound Bus Lines, Inc.*, 2018 U.S. Dist. LEXIS 114661, at 4 (S.D. Cal. July 10, 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

28

1  *Nunneley v. Edgar Hotel* (1950) 36 Cal.2d 493, 497 [225 P.2d 497] . . . . . . . . . . . . . . . . 24

2  *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002) . . . . . . . . . . 19

3  *Reycraft v. Lee*, 177 Cal. App. 4th 1211 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

4  *Rossbach v City of Miami* 371 F3d 1354 (11th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . 14

5  *Scarborough v. Brown Group, Inc.*, 935 F. Supp. 954, 964 (W.D. Tenn. 1995) . . . . . . . . 23

6  *Sierra Club v. Morton*, 405 U.S. 727, 740, 92 S. Ct. 1361, 31 L. Ed. 2d 636 (1972). . . . . . 8

7  *Spokeo, Inc. v. Robins*, _U.S._, p 8, 136 S.Ct. 1540, 1548, 194 L.Ed.2d 635 (2016). . . . . . 7

8  *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) . . . . . . . . . . . 7

9  *Strojnik v. 1315 Orange LLC*, 2019 U.S. Dist. LEXIS 185481 (S.D. Cal. Oct. 25, 2019) . 3

10 *Strojnik v. Bakersfield Convention Hotel I, LLC*, 2020 U.S. Dist. LEXIS 16339 (January 31,
11 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

12 *Strojnik v. Four Sisters Inns, Inc.*, 2019 U.S. Dist. LEXIS 212094 (C.D.Cal. December 9,
   2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

13 *Strojnik v. Hotel Circle GL Holdings, LLC*, 2019 U.S. Dist. LEXIS 20259 (E.D.Cal.
14 November 21, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

15 *Strojnik v. IA Lodging Napa First LLC,* 2020 U.S. Dist. LEXIS 32075 (N.D. Cal. Feb. 25,
   2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

16 *Strojnik v. Landry's Inc.*, 2019 U.S. Dist. LEXIS 223873 (S.D. Tex. Dec. 9, 2019) . . . . . . 3

17 *Strojnik v. New Crescent Invs. LLC*, 2020 U.S. Dist. LEXIS 36248, at *2-3 (D. Ariz. Mar.
18 2, 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

19 *Strojnik v. Orangewood, LLC,*  2020 U.S. Dist. LEXIS 11743(C.D.Cal. January 22, 2020)
   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

20 *Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S. Dist. LEXIS 213070 (C.D.Cal.
21 August 14, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

22 *Strojnik v. San Diego Farah Partners, L.P.*, 2020 U.S. Dist. LEXIS 36536, at *2 (S.D. Cal.
   Mar. 2, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

23 *Strojnik v. The Victus Group,* 2020 U.S. Dist. LEXIS 54117 (E.D. Cal. Mar. 27, 2020). . . 3

24 *Strojnik v. Wickstrom Hosp., LLC*, 2020 U.S. Dist. LEXIS 52889 (E.D. Cal. Mar. 25, 2020)
25 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

26 *Surrey v. TrueBeginnings, LLC,* 168 Cal. App. 4th 414, 419 (2008) . . . . . . . . . . . . . . . . . 22

27 *Tat Tohumculuk, A.S. v. HJ Heinz Company,* 2013 U.S. Dist. LEXIS 162592 (E.D.Cal.
   November 13, 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

28 *Urhausen v. Longs Drug Stores Cal., Inc.*, 155 Cal. App. 4th 254, 265-66 (2007) . . . 21, 24

*Vogel v. Salazar*, 2014 WL 5427531, at *2 (C.D. Cal. Oct. 24, 2014) . . . . . . . . . . . . . . . . 19

*Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1099 (C.D. Cal. 2015) . . . . . . . . . . . . . . . 22

*Westbrook v. DTG Operations, Inc.*, 2007 U.S. Dist. LEXIS 14653, at *18-19 (D. Nev. Feb. 28, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*White v. NCL America, Inc.*, 2006 WL 1042548 (S.D. Fla. 2006) . . . . . . . . . . . . . . . . . . . 24

*Zimmerman v. GJS Grp.*, 2018 U.S. Dist. LEXIS 148816, at *15-16 (D. Nev. Aug. 30, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

1

**INTRODUCTION**

2  Defendant R.F. WEICHERT V, INC. (the "Hotel"), moves to dismiss Plaintiff Peter

3  Strojnik's Complaint in its entirety. Strojnik is a serial, high volume Americans with

4  Disabilities Act plaintiff, who has filed numerous lawsuits against hotels all over

5  California.  He is a lawyer of significant notoriety in Arizona who was disbarred in Arizona

6  as a result of his serial ADA lawsuits.[1]  In particular, the Arizona State Bar stated that

7  Strojnik was placed on Interim Suspension on July 11, 2018 because:

8
9
10
11

> Strojnik filed more than 1,700 complaints in a State Court and more than 160 complaints in a District Court alleging violations of the Americans with Disabilities Act (ADA) and the Arizonans with Disabilities Act (AzDA). In most cases, he would demand $5,000 in attorney's fees, regardless if the business remedied the violation. The cases filed were all very similar, alleging vague and non-specific violations. He collected approximately $1.2 million in settlements, which mainly consisted of attorney's fees.

12
13
14
15

> Strojnik initially claimed he conducted thorough investigations prior to filing lawsuits, but later conceded that he did not know the individuals who did the work, oftentimes contracting them from Craigslist. The time he spent on each case was minimal—preparation and review of complaints would take less than thirty minutes—which led to errors. He swore to have reviewed 10,000 "reports" with pictures of properties submitted by the investigators, however never visited many of the properties.

16
17
18

> The State Bar alleged that Strojnik engaged in conduct that has caused, or is likely to cause, immediate and substantial harm to clients, the public, or the administration of justice. A District Court said his tactics were extortionate. The Bar moved for the interim suspension and argued that he would continue filing lawsuits irrespective of rulings by other courts.

19  *Id.*  He was ultimately disbarred in May 2019.  Not deterred, as one Court recently held in

20  dismissing a Strojnik ADA case with prejudice:

21
22
23
24

> A search of pacer.gov, sorted by date, reveals that three months after Plaintiff's law license was suspended, he began filing ADA access cases as a pro se litigant instead of filing them on behalf of clients. [citation omitted] Indeed, in less than four months, Plaintiff has filed twenty-six ADA actions as a pro se litigant. Rather than being a befuddled pro se litigant . . . Plaintiff is an experienced litigator who appears to have altered his business model to work around the loss of his license.

25  *Strojnik v. Singpoli Grp., LLC*, 2019 U.S. Dist. LEXIS 24494, at *3-4 (C.D. Cal. Feb. 14,

26

27

  _____

  [1]

28  https://www.azbar.org/newsevents/newsreleases/2018/07/interimsuspension-peterstrojnik/

2019).[2]  In fact, a Westlaw printout of the 109 cases that counsel has been able to locate is attached to the Declaration of Philip H. Stillman, Exhibit 1. Strojnik's boilerplate complaints all suffer from the same defects, pointed out repeatedly by the federal courts in California.  His complaint should be dismissed with prejudice.[3]

However, Strojnik's notoriety is catching up with him.  Several courts have now dismissed his complaints on the same grounds that Defendant is asserting here.  On January 22, 2020, in *Strojnik v. Orangewood, LLC*,  2020 U.S. Dist. LEXIS 11743(C.D.Cal. January 22, 2020), after three tries to plead jurisdiction, the Court dismissed the Second Amended Complaint with prejudice for lack of standing for not alleging how any barriers that he may have experienced at the defendant hotel related to his alleged disabilities, dismissed the Unruh Act claims for lack of standing, dismissed the negligence claim as there was no violation of the ADA, and struck the claim for punitive damages.  Virtually the identical complaint was dismissed with prejudice for lack of standing in the following cases: *Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S. Dist. LEXIS 213070 (C.D.Cal. August 14, 2019), *Strojnik v. Kapalua Land Co.*, 2019 U.S. Dist. LEXIS 165525 (D. Haw. Aug. 26, 2019), *Strojnik v. Landry's Inc.*, 2019 U.S. Dist. LEXIS 223873 (S.D. Tex. Dec. 9, 2019), and *Strojnik v. Four Sisters Inns, Inc.*, 2019 U.S. Dist. LEXIS 212094 (C.D.Cal. December 9, 2019).

Other courts have dismissed the virtually identical complaint for lack of standing in *Strojnik v. 1315 Orange LLC*, 2019 U.S. Dist. LEXIS 185481 (S.D. Cal. Oct. 25, 2019) ("series of grainy, murky photographs titled "Personal Barrier Encounters," with brief captions . . . does not identify any barriers that would affect Strojnik, deny him equal

_____

[2]  A search of PACER shows that Strojnik has filed over 100 ADA cases in California since his suspension and ultimate disbarment.

[3]  "In light of the fact that Plaintiff is now bringing a pro se accessibility lawsuit, the Court cannot conclude that the fact of Plaintiff's disbarment for bringing meritless accessibility lawsuits is irrelevant." *Strojnik v. New Crescent Invs. LLC*, 2020 U.S. Dist. LEXIS 36248, at *2-3 (D. Ariz. Mar. 2, 2020).

access, or deter him from staying at the hotel," *sua sponte* dismissing complaint), in *Strojnik v. Hotel Circle GL Holdings, LLC*, 2019 U.S. Dist. LEXIS 20259 (E.D.Cal. November 21, 2019), *Strojnik v. Bakersfield Convention Hotel I, LLC*, 2020 U.S. Dist. LEXIS 16339 (E.D.Cal. January 31, 2020), *Strojnik v. IA Lodging Napa First LLC,* 2020 U.S. Dist. LEXIS 32075 (N.D. Cal. Feb. 25, 2020), *Strojnik v. San Diego Farah Partners, L.P.*, 2020 U.S. Dist. LEXIS 36536, at *2 (S.D. Cal. Mar. 2, 2020) ("Strojnik, a litigant who has filed roughly 20 ADA suits in this district over the past year, is well aware that a 'list of alleged [statutory] violations cannot substitute for the factual allegations required . . . to satisfy Article III's requirement of an injury-in-fact.'"), *Strojnik v. Wickstrom Hosp., LLC*, 2020 U.S. Dist. LEXIS 52889 (E.D. Cal. Mar. 25, 2020) and *Strojnik v. The Victus Group,* 2020 U.S. Dist. LEXIS 54117 (E.D. Cal. Mar. 27, 2020)(denying unopposed entry of default judgment and dismissing case).  The rationales of these rulings are equally applicable here and this Court should join its fellow judges and dismiss this case.  This case should be dismissed with prejudice, because, as shown by *Orangewood* decision, no amount of bad faith pleading can establish standing, as the hotel is fully compliant and Strojnik has already shown that he could not properly plead jurisdiction despite three tries to do so in *Orangewood*.

Plaintiff lacks standing to sue under the Americans with Disabilities Act (ADA) as the complaint is devoid of anything but the most cursory legal conclusions that fail to establish (1) the scope of Plaintiff's alleged disability, (2) how any of the alleged "barriers" that Plaintiff supposedly found at the Hotel are barriers to *him*, and (3) that Plaintiff has any *bona fide* intent to return to the Hotel.  Plaintiff's Unruh Act claims fare no better, since any alleged barriers that Plaintiff supposedly identified during his stay at the Hotel have to be barriers *to him as a result of his disability.*  The allegations in the Complaint show that while Strojnik might indeed be suffering from various physical ailments, none of those physical ailments are relevant to the alleged ADA architectural barriers that Plaintiff claims to have discovered at the Hotel.  Plaintiff's negligence claim – based on the alleged violation of the ADA, fails to state a claim, since any violation of the ADA does not

establish a duty to Plaintiff and damages under the ADA are limited to injunctive relief. Allowing a negligence claim based on an ADA violation also allows a plaintiff to use the ADA to obtain monetary damages to which he is not entitled.

### FACTUAL ALLEGATIONS

Plaintiff, appearing pro se, is a resident of Maricopa County, Arizona. First Amended Complaint ("FAC"), ¶ 3. Plaintiff alleges that he has severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer, and renal cancer, and a degenerative right knee. *Id.* Plaintiff's physical impairments substantially limit his major life activities. *Id.* ¶ 5. Plaintiff contends that he walks with difficulty and pain. *Id.* Plaintiff also claims that as a result of his physical impairments, he requires compliant "mobility accessible" features at places of public accommodation. *Id.* However, he does not allege what those "mobility accessible features" are, and as discussed below, video footage from June 5, 2019 taken at the Bakersfield Marriott (which Strojnik also sued) and footage from Phoenix ABC affiliate Channel 15 shows Plaintiff "ambulating" without limit or restriction.

Defendant owns, operates, or leases a lodging facility located at located at 598 Laine St., Monterey, CA 93940. *Id.* ¶ 5. Plaintiff claims that while staying at another hotel, he visited Defendant's hotel at some unspecified time.[4] FAC, ¶ 18. However, then Strojnik alleges that the "barriers to accessibility" that Strojnik claims to have encountered and identified in FAC, ¶ 19, were documented with "website screenshots." FAC, ¶ 19. At FAC, ¶19, Strojnik merely moved his "Addendum A" from the initial complaint into the FAC, now showing a date of September 21, 2019 – presumably when he went to the Defendant's website. FAC, ¶ 19, contains a statement that "Hotels.com" – a third party

---

[4] This Court should note the pleading chicanery. In Strojnik's initial complaint, he claimed to have visited the Defendant's hotel between September 26-27. Complaint, ¶ 15. In the FAC, he has omitted that allegation and his list of vacation travel, FAC, ¶ 13(c), does not show *any* travel in California in September 2019. Thus, the only reasonable inference is that he did not physically visit the hotel and instead accessed the Defendant's website from outside of California.

reservation site, "denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit to access independently whether the hotel or guestroom meets his accessibility needs." FAC, ¶ 19.

In addition, Strojnik alleges that Defendant's own website fails to identify and describe the accessibility features of the hotel – without identifying any of the supposed features that it does not contain. However, the Defendant's hotel has an "Accessibility" page that is found at https://jabberwockinn.com/accessibility-statement/, which plainly states several things:

• "Jabberwock Inn was built in 1911 and as such is not constructed with the much more recently implemented ADA laws and guidelines. Therefore, it would be difficult for those with mobility issues to stay at our inn. We are making steady efforts in this direction and suggest that people with disabilities phone the inn to discuss special needs and how we might accommodate them, if at all possible."

• "JabberwockInn.com strives to ensure that its services are accessible to people with disabilities. JabberwockInn.com has invested a significant amount of resources to help ensure that its website is made easier to use and more accessible for people with disabilities, with the strong belief that every person has the right to live with dignity, equality, comfort and independence."

• "If you wish to report an accessibility issue, have any questions or need assistance, please contact JabberwockInn.com Customer Support as follows: Email: innkeeper@JabberwockInn.com"

Thus, the Defendant's website has all of the information that a disabled person would need to know and specifically directs a potential guest who has specific questions about accessibility to email Customer Support at any time or call during business hours.

FAC, ¶19 also contains apparent website screenshots that Plaintiff apparently contends show "barriers to accessibility." Under each photograph is a cryptic description, such as "inacessible route," "No handrails on ramp" and "improperly configured handrails

throughout." FAC, ¶ 19.  Plaintiff alleges that he intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG.  Compl., ¶ 14.

However, *twelve* courts have now specifically ruled that Strojnik's complaints are pure legal conclusions that fail to establish Article III standing. Thus, Strojnik cannot allege Article III standing and this Court should issue an OSC re Sanctions against Strojnik for repetitively filing what he knows are clearly defective complaints.

Plaintiff asserts claims under the ADA, the Unruh Civil Rights Act, Cal. Civ. Code § 51–53 ("Unruh Act"), the California Disabled Persons Act, Cal. Civ. Code §§ 54–54.3 ("DPA"), and a negligence claim. Defendant moves to dismiss all claims.

## LEGAL STANDARD

Jurisdictional attacks can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035,1039  (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In a factual attack, the challenger provides evidence that an alleged fact in the complaint is false, thereby resulting in a lack of subject matter jurisdiction.  *Safe Air for Everyone*, 373 F.3d at 1039.  Under a factual attack, the allegations in the complaint are not presumed to be true, *White*, 227 F.3d at 1242, and "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988). Defendant here is making a factual challenge to the Complaint.

## ARGUMENT

### I.

### PLAINTIFF LACKS STANDING ON HIS ADA CLAIM

A disabled person claiming access discrimination in violation of the ADA must establish Article III standing in order to maintain their lawsuit. *Chapman v. Pier 1 Imports, Inc.,* 631 F.3d 939, 946 (9th Cir. 2011).  Article III standing requires that a plaintiff must

have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that it is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, _U.S._, p 8, 136 S.Ct. 1540, 1548, 194 L.Ed.2d 635 (2016), citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

To show standing under the ADA, a plaintiff must demonstrate that he has suffered an "injury-in-fact coupled with an intent to return to a noncompliant facility," or alternatively "deterrence from returning to the premises." *Chapman*, 631 F.3d at 946. Plaintiff has the burden of establishing the existence of these three elements, and must clearly allege facts demonstrating each element. *Id*. Since injunctive relief is the only remedy to individuals under Title III of the ADA, Plaintiff must also show he faces a "'real and immediate threat of repeated injury'" to establish an injury-in-fact for purposes of standing. *Chapman*, 631 F.3d at 946.

Because its jurisdiction is limited, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)(citing *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)).

A.    Plaintiff Has Not Alleged An Injury In Fact.

An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent' not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). This includes a "requirement that a party seeking review must allege facts showing that he is himself adversely affected." *Sierra Club v. Morton*, 405 U.S. 727, 740, 92 S. Ct. 1361, 31 L. Ed. 2d 636 (1972). The "injury in fact" element is met when a disabled plaintiff has *personally* encountered a barrier violating the ADA, based on his specific disability. *Chapman*, 631 F.3d at 947 (citing *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008)). *See also, Zimmerman v. GJS Grp.*, 2018 U.S. Dist. LEXIS 148816, at *15-16 (D. Nev. Aug. 30, 2018) (Plaintiff failed to satisfy the injury in fact requirement because Plaintiff does not relate the alleged

ADA barriers to his particular disability, and cannot establish a concrete and particularized injury or a real and immediate threat of future injury).

    1.    **Plaintiff Does Not Identify How Any Barriers Relate To *Plaintiff's* Disability.**

        a.   *Purportedly Encountered Barriers.*

Although Plaintiff alleges that he visited Defendant's hotel, he also alleges that he was not in California at the time noted in FAC, ¶19. He further alleges that he looked at two websites to obtain the pictures listed in ¶19. The two contradictory allegations can be harmonized by accepting that Strojnik did not visit the hotel, but relied on the websites to claim that he encountered barriers at the hotel. However, Strojnik uses the identical statements at the top of ¶ 19 that has already been held to be inadequate in a final judgment:

> Allegations that "the barriers at [a public accommodation] 'denied [plaintiff] full and equal enjoyment' is precisely the 'formulaic recitation' of the elements of a claim that the Supreme Court has deemed insufficient under Rule 8. . . . [A plaintiff] must do more than offer 'labels and conclusions' that parrot the language of the ADA." *Chapman*, 631 F.3d at 955 n.9 (citing *Iqbal*, 556 U.S. at 678). Plaintiff has failed to do so.

*Strojnik v. Orangewood LLC*, 2020 U.S. Dist. LEXIS 11743, at *10-11 (C.D. Cal. Jan. 22, 2020)(dismissing Second Amended Complaint with prejudice).

As in all of the cases where Strojnik's complaints have been dismissed with or without prejudice, Plaintiff fails to allege how any purported violation listed in FAC, ¶ 19 "relates to" his own disability. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011)(*en banc*). The Ninth Circuit has held that a plaintiff "does not have standing to challenge those barriers that would burden or restrict access for a person" with a disability different than the plaintiff's disability. *See Doran*, 524 F.3d at 1044 n.7 (holding that plaintiff, a wheelchair user, "cannot challenge all of the ADA violations in the 7-Eleven store. . . . Doran may challenge only those barriers that might reasonably affect a wheelchair user's full enjoyment of the store."); *see also Chapman*, 571 F.3d at 858 n.2 ("The Ninth Circuit does not . . . grant a plaintiff standing to challenge un-encountered barriers not related to his or her disability. For example, a non-blind, non sight-impaired

person who needs a wheelchair for mobility cannot challenge barriers that would only restrict access for a person who is blind or sight-impaired.")  Plaintiff cannot merely identify barriers not associated with his particular disability to satisfy Article III standing. *See Chapman*, 631 F.3d at 947.  A barrier in a public accommodation must "interfere with the plaintiff's full and equal enjoyment of the facility." *Id.*  A barrier, however, will "only amount to such interference if it affects *the plaintiff's* full and equal enjoyment of the facility on account of his particular disability." *Id.* (emphasis added). A "bare procedural violation," divorced from any concrete harm, cannot satisfy the demands of Article III standing. *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1550 (2016).

Here, Plaintiff only includes photographs of alleged barriers at the Hotel, that are not even correct. Each photograph is accompanied a generic descriptive caption. These cursory captions for the photographs are purely legal conclusions which the Court should disregard. In *Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 2:19-CV-02067-AB (PJWx) (C.D.Cal. August 14, 2019), the Court held that

> Plaintiff's Complaint also attaches printouts of photos from the hotel's website depicting what he states are ADA violations. See Compl. Addendum A. But the Complaint does not spell out what each of the alleged ADA violations are, it simply attaches photos with captions in which Plaintiff states the photos depict violations—but *such assertions are legal conclusions not factual allegations, so the Court disregards them*.

*Id.* (emphasis added). Not only are these improper legal conclusions, but listing procedural violations without connecting them to any particular harm is insufficient to plead standing.[5] *Spokeo*, 136 S. Ct. at 1550.  None of Plaintiff's allegations describe the architectural barriers at the Hotel and how those relate to his disability. This is insufficient under

---

[5]  "Plaintiff here has alleged an ADAAG violation in no more than a conclusory fashion." *Cuadra v. George Brown Sports Club-Palm, Inc.*, 2019 U.S. Dist. LEXIS 70256, at *10-12 (E.D. Cal. Apr. 24, 2019). In *Cuadra*, for example, "Plaintiff . . . alleges. . . the installment of the seat including the selection and installation of the anchoring device did not comply with the ADA Requirements and Guidelines. Although plaintiff references the ADAAG requirements in his complaint, he does not specifically allege what provision of the ADAAG the handicapped shower seat purportedly violated." *Id.*

*Chapman*, 631 F.3d at 954. *See also*, *Strojnik v. Orangewood, LLC*, 2020 U.S. Dist. LEXIS 11743 (C.D.Cal. January 22, 2020)(granting motion to dismiss for lack of standing for inadequate allegations relating Stojnik's alleged disability with ADA violations); *Strojnik v. 1315 Orange LLC*, 2019 U.S. Dist. LEXIS 185481 (S.D. Cal. Oct. 25, 2019)("series of grainy, murky photographs titled "Personal Barrier Encounters," with brief captions . . . does not identify any barriers that would affect Strojnik, deny him equal access, or deter him from staying at the hotel," dismissing complaint); *Strojnik v. Hotel Circle GL Holdings, LLC*, Case No. 1:19-cv-01194-DAD-EPG (E.D.Cal. November 21, 2019)(allegations in the Complaint that "Plaintiff encountered barriers to accessibility [at the Hotel] documented in Addendum A" and those barriers "related to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel"; and (6) "The ADAAG and Unruh violations in this Complaint relate to barriers to Plaintiffs [sic] mobility." . . . . are insufficient to support a claim that plaintiff suffered an injury-in-fact."). As Plaintiff has now been told at least *ten* times by various courts, Plaintiff must do more than merely identify barriers that he encountered—he must plead how each barrier affected him because of his disability. *Chapman*, 631 F.3d at 954.

Strojnik's conclusory captions beside pictures in FAC, ¶19 (formerly "Addendum A") do not even plead how any particular photograph is either a violation of ADAAG (and which version of ADAAG) or how any of those photographs depict ADAAG violations based on Strojnik's alleged disabilities (if any). *Strojnik v. Orangewood, LLC*, *supra*. The complaint is devoid of any such allegations and therefore, Plaintiff has not pled an injury in fact.

  b.    *Alleged Barriers Caused by Lack of Information on Websites*.

Plaintiff states in FAC, ¶ 19 that third party booking site Hotels.com did not provide sufficient information required by the ADA.  As numerous courts have held, Strojnik cannot state a claim based on his review of Hotels.com.  *See Strojnik v. Kapalua Land Co.,*2019 U.S. Dist. LEXIS 165525 (D. Haw. Aug. 26, 2019); *Strojnik v. Orangewood LLC*, 2020 U.S. Dist. LEXIS 11743, at \*18-19 (C.D. Cal. Jan. 22, 2020); *Strojnik v. Landry's*

*Inc.*, 2019 U.S. Dist. LEXIS 223873 (S.D. Tex. Dec. 9, 2019) and also in *Strojnik v. Four Sisters Inns, Inc.*, 2019 U.S. Dist. LEXIS 212094 (C.D.Cal. December 9, 2019).

The same applies for Defendant's own website. *Strojnik v. Orangewood LLC*, 2020 U.S. Dist. LEXIS 11743 (C.D. Cal. Jan. 22, 2020). As analyzed in *Orangewood*, the access barriers encountered on a website must still relate to the plaintiff's disabilities. *Id.* at *16. Here, as in *Orangewood*, Plaintiff alleges that the websites "failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs" as required by 28 C.F.R. § 36.302(e)(ii). FAC, ¶ 19. These allegations are insufficient for a number of reasons.

First, the information Plaintiff alleges he needs in order to "assess independently" whether the Hotel meets his accessibility needs appear to relate to wheelchair users based on the photographs in the FAC and are therefore not tied to his disability. Second, Plaintiff does not allege what information was missing from the websites. Plaintiff alleges that the booking websites "contain no accessibility information" but it does not allege what those features are. *Orangewood, supra*. He also includes a few screen shots from the websites, but he does not allege that those screenshots contain the entirety of information on the websites related to accessibility information, and clearly, Defendant's website, quoted above is very clear.

"It is not enough for Plaintiff to claim in conclusory fashion that the Third-Party Websites do not have 'enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs.'" He must allege what information is missing from the website. *Orangewood, supra*. Beyond repetition of the statutory text, Plaintiff has not alleged any specific information that was missing on the website that would prevent him from being able to stay at the Hotel. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1550, 194 L. Ed. 2d 635 (2016) (Listing procedural violations without connecting them to any particular harm is insufficient to plead standing).

Third, as further held in the *Orangewood* final judgment,

even had Plaintiff identified information that was missing from the websites that related to his disability, a website need not list its compliance or non-compliance with every ADAAG provision to satisfy 28 C.F.R. § 36.302(e)(ii). The 2010 DOJ ADAAG Guidance on this provision "recognizes that a reservations system is not intended to be an accessibility survey," and "[b]ecause of the wide variations in the level of accessibility that travelers will encounter . . . it may be sufficient to specify that the hotel is accessible" and to provide basic facts about each accessible room. 28 C.F.R. § Pt. 36, App. A. Further, the DOJ acknowledges that "individuals with disabilities may wish to contact the hotel or reservations service for more detailed information." Id. This provides further support that websites need not include all potentially relevant accessibility information; if a website was required to have all relevant information, individuals would not need to call the hotel to get further information. Other district court cases have reached the same conclusion. *See Strojnik v. 1315 Orange LLC*, No. 19CV1991-LAB (JLB), 2019 U.S. Dist. LEXIS 185481, 2019 WL 5535766, at *4 (S.D. Cal. Oct. 25, 2019) (Plaintiff "does not cite any authority suggesting a hotel has an obligation to describe to the public the physical layout of its rooms in exhaustive detail without being asked"); *Kapalua Land*, 2019 U.S. Dist. LEXIS 165525, 2019 WL 4685412, at *7 (recommending dismissal of ADA claim with prejudice and noting that "Plaintiff fails to cite to any legal authority providing that failure to detail all accessible and inaccessible elements of a public accommodation results in an ADA violation."); *Barnes v. Marriott Hotel Servs.*, No. 15-CV-01409-HRL, 2017 U.S. Dist. LEXIS 22588, 2017 WL 635474, at *10 (N.D. Cal. Feb. 16, 2017) [*22] (granting summary judgement where the website "provides descriptions of accessible features . . . that include the level of detail proposed by the ADA Guidance document"); Therefore, even if Plaintiff had sufficiently alleged the Third-Party Websites did not affirmatively state whether the Hotel was in compliance with specific ADAAG provisions (e.g. accessible parking, appropriate doors on accessible routes, etc.), Plaintiff still would not have stated a claim for violation of the ADA.

*Strojnik v. Orangewood LLC*, 2020 U.S. Dist. LEXIS 11743, at *18-22 (C.D. Cal. Jan. 22, 2020)

## 2. **Plaintiff Has Not Shown That He Has A Disability That Relates To The Alleged Barriers.**

Although the complaint is totally lacking any allegations that explain how the purported procedural violations in Addendum A affected Plaintiff because of his disability, it is not even clear what that disability is. In fact, although Strojnik is cagey on this point with his laundry list of medical problems in Comp., ¶ 3, no where in his complaint does he claim to use a wheelchair and thus cannot complain of any of the alleged barriers that would apply to disabled people in wheelchairs, such "inaccessible entry" and "improper hardware." *O'Campo v. Bed Bath & Beyond of Cal., LLC*, 610 F. App'x 706, 708 (9th Cir. 2015) ("The district court properly concluded that the barriers O'Campo alleged would not

1    interfere with the full and equal access of a mobility-impaired person who requires the use

2    of a cane, rather than a wheelchair," affirming dismissal of complaint). *See, e.g.,*

3    *Rutherford v. Cesar's Mexican Rest., LLC*, No. 19-cv-1416-LAB (JLB), 2019 WL

4    4193392, at *1 (S.D. Cal. Sept. 3, 2019) (finding that a plaintiff failed to establish Article

5    III standing where he alleged that "at times" used a wheelchair but did not allege if he used

6    a wheelchair at the defendant's facility despite pointing out barriers to accessibility that

7    related to wheelchair users). Nor does he allege any kind of facts that would tend to show

8    that he requires a wheelchair.  In fact, in a video clip from a March 7, 2018 news report that

9    aired on the ABC Phoenix affiliate, Channel 15, Strojnik is clearly shown strolling without

10   any type of assistance whatsoever.

11   https://www.abc15.com/news/local-news/investigations/state-bar-moves-to-suspend-serial-

12   suing-attorney-exposed-by-abc15.[6]  Strojnik claims to suffer from "neural foraminal

13   stenosis," which refers to the narrowing of the small openings between each vertebra in the

14   spine.[7]  Yet, in another video clip from ABC 15 aired June 25, 2018, Strojnik is shown

15

16          [6] Federal Rule of Evidence 201 empowers a court to take judicial notice of facts that
17   are "capable of accurate and ready determination by resort to sources whose accuracy
     cannot reasonably be questioned." Fed. R. Evid. 201(b).  *DuckHole Inc. v. NBC Universal*
18   *Media LLLC*, 2013 U.S. Dist. LEXIS 157305, at *7 (C.D. Cal. Sep. 6, 2013)(taking judicial
     notice of DVD's in support of Rule 12(b)(6) motion).  This Court can thus take judicial
19   notice of the videos of Strojnik aired by the news station and published online.  *See City of*
     *Inglewood v. Teixeira*, 2015 U.S. Dist. LEXIS 114539, at *5 (C.D. Cal. Aug. 20,
20   2015)(judicial notice of YouTube videos on Rule 12(b)(6) motion). Judicial notice is
21   appropriate as the videos are from a source whose authenticity cannot be questioned and
     published on the news channel's own website.
22
23
24          [7]  Merely having an "impairment" does not make one disabled for ADA purposes.  29
25   C.F.R. § 1630.2(j) (defining substantial limitation as either a total inability to perform
     major life activity or a significant restriction on the same).  For example, in *Chanda v*
26   *Engelhard/ICC* 234 F3d 1219 (11th Cir. 2000), although an engineer who had tendinitis had
     physical impairment, where engineer acknowledged that he could dress and feed himself,
27   do household chores, drive, write, and use computer, he was not disabled. *See also,*
28   *Rossbach v City of Miami* 371 F3d 1354 (11th Cir. 2004) (officers claimed that his

1  walking and in court with a large litigation briefcase slung over his shoulder – hardly

2  consistent with his claim that his "foraminal stenosis" prevents him from "major life

3  activities. *See*

4  https://www.abc15.com/news/local-news/investigations/az-attorney-general-attempts-secon

5  d-intervention-to-shut-down-serial-suing-attorney.

6      In a video clip, Strojnik is seen checking into another hotel in Bakersfield on June 5,

7  2019, and can clearly be seen pulling a large suitcase to the front desk and carrying a large

8  "over the shoulder" luggage – directly contradicting his claimed disabilities.  A copy of this

9  video can be viewed at https://youtu.be/pnZ2I4yQ3ss.[8]  Stillman Decl., ¶ 2. Thus, there is

10 no alleged disability that Strojnik can even tie *to* any alleged barrier.

11 B.    Plaintiff Has Not Properly Alleged An Intent To Return.

12      An injury in fact must be coupled with an intent to return.  *Chapman*, 631 F.3d at

13 946.  In determining whether a plaintiff's likelihood of visiting or returning to a facility is

14 sufficient to confer standing, courts have examined factors such as "(1) the proximity of the

15 place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of

16 defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the

17 plaintiff's frequency of travel near defendant." *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d

18 1107, 1113 (C.D. Cal. 2005) (citation and quotation marks omitted); *Johnson v. Overlook*

19 *At Blue Ravine, Ltd. Liab. Co.*, 2012 U.S. Dist. LEXIS 102056 (E.D. Cal. July 20, 2012).

20      Speculative, "some day" intentions of visiting a facility will not support standing.

21 *Lujan*, 504 U.S. at 564.  A general intent to return to a public accommodation is

22 "insufficient to confer standing in an action for injunctive relief." *Molski v. Kahn Winery*,

23 _____

24 impairment prevented him from standing, sitting, walking or sleeping for extended periods

25 of time, all testimony was couched in vague terms and was unaccompanied by any evidence

   that such afflictions were any worse than those suffered by many adults).

26

27      [8]  The video is judicially noticeable pursuant to Fed.R.Evid. 201. *See City of*

   *Inglewood v. Teixeira*, 2015 U.S. Dist. LEXIS 114539, at *5 (C.D. Cal. Aug. 20,

28 2015)(judicial notice of YouTube videos on Rule 12(b)(6) motion).

405 F.Supp.2d 1160, 1168 (C.D. Cal. 2005)(citing *Lujan*, 504 U.S. at 564). A plaintiff "lacks standing if he is indifferent to returning [] or if his alleged intent to return is not genuine, or if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability." *Chapman*, 631 F.3d at 953.

When analyzing plaintiff's intent to return to establish an "injury in fact," the Supreme Court has held that the plaintiff's "profession of an intent to return . . . [was] simply not enough" for standing. *Lujan*, 504 U.S. at 564. The plaintiff's intent to return was only backed by a statement that she "intended to go back" but did not offer any definitive time other than some time "in the future." *Id*. The Court ruled that "such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be" do not establish an intent to return as necessary for standing. *Id*.

In this Complaint, Strojnik merely relies on the same verbatim allegation that "Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG," FACt, ¶ 14, already found insufficient as "some day intentions" in *Pasadena Robles, Orangewood* and *1315 Orange LLC*

1.    **Proximity Of The Hotel To Plaintiff's Residence.**

Here, Plaintiff lives approximately 696 miles from Defendant's hotel.[9]  If a plaintiff lives more than 100 miles from the public accommodation, "the distance subverts a professed intent to return." *Id*. (citing *Molski*, 405 F.Supp.2d at 1164).  However, given that Defendant's business is a hotel, which is meant to lodge individuals who are far from their residence, this factor comes out as neutral in the balancing test.

_____

[9]  Although the Complaint does not state the distance between Plaintiff's residence and Defendant's hotel, it lists Plaintiff's address in the caption. Google Maps yields a distance of about 696 miles between Plaintiff's residence and the hotel. The Court can take judicial notice of this fact pursuant to Fed. R. Evid. 201(b). *Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S. Dist. LEXIS 213070 (C.D.Cal. August 14, 2019) at n. 2.

2.     **Plaintiff's Past Patronage Of The Hotel.**

This factor looks to the plaintiff's history of visits to the subject business. Plaintiff does not allege that he has visited Defendant's hotel in the past nor does Plaintiff allege that he has visited Monterey in general except for the single trip mentioned in the Complaint. Plaintiff's lack of any past patronage is even further undermined by how far away Defendant's hotel is from his residence. In any case, Plaintiff has provided no evidence of a sincere intent to visit the area at all, let alone Defendant's hotel in particular.

A lack of patronage before the visit giving rise to the lawsuit is a factor that strongly favors the defendant business. *Brooke v. H.P. Hospitality, LLC*, 2017 U.S. Dist. LEXIS 214372, at *8; *see also Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *8-9. Here, it does not appear that Plaintiff has ever visited Defendant's hotel before the facts giving rise to this lawsuit, let alone the entire Monterey area. This factor strongly favors Defendant.

3.     **Definitiveness of Plaintiff's Plans to Return**

If a plaintiff does not have concrete and genuine plans to return to the subject business, then this factor weighs in the defendant's favor. *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *9-*11. In *Blue Ravine*, for example, plaintiff Scott Johnson testified that he did not intend to go back to the defendant business until "the action is resolved and the property alterations are complete." *Id.* at *9. The Eastern District Court found this intention insufficient, and that it provided "no definite intent to return," strongly favoring the defendant. *Id*. at *9-10. In the instant Complaint, Plaintiff has alleged an even lesser intent to go to Defendant's hotel: "Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG." FAC, ¶ 14. Plaintiff has provided only a "'some day'" intention, "'without any description of concrete plans, or indeed even any specification of when the someday will be....'" *Lujan*, 504 U.S. at 564. Particularly when considered in light of the far distance between Plaintiff's residence and the subject business, any sincerity in his supposed plans to return is out the window.

Moreover, Strojnik must allege why he intends to return to *Defendant's hotel*, and

not the area in general. *Strojnik v. Orangewood LLC*, 2020 U.S. Dist. LEXIS 11743, at *26-27 (C.D. Cal. Jan. 22, 2020)(Plaintiff's allegations are insufficient to show that Plaintiff is deterred from staying at the Hotel where complaint contained "no allegations as to why Plaintiff prefers this particular Hilton property, as opposed to others in the "Disneyland area'" and plaintiff stayed at other hotels in the past.) Similarly, not only does Plaintiff not allege any reasons for intending to return to Defendant's hotel, but he stayed at at least one other unidentified hotel in Monterey, and sued at least one other hotel in Monterey, also claiming that he intended to return to *that* hotel. *See Strojnik v. SWVP Monterey, LLC*, 5:20-cv-00136-VKD. This factor weighs heavily in Defendant's favor.

4.    **Plaintiff's Frequency of Travel Near Defendant's Hotel**

When considering this factor, a court looks to the plaintiff's assertion of frequent travel near the defendant's business, such that the plaintiff would inherently be more likely to frequent the business. *See Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11; *see also Lema v. Comfort Inn, Merced*, 2012 U.S. Dist. LEXIS 42170 (E.D.Cal. March 27, 2012) at *5. If a plaintiff does not allege any facts supporting his or her frequency of travel near the defendant business, then this factor should weigh in the defendant's favor. In *Blue Ravine*, plaintiff Scott Johnson provided no allegations or evidence that he had "specific ties" to the defendant's property, or any other particular reason to frequent the area. *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11. The court therefore found this factor to "strongly favor[]" the defendant. *Id.*

Similarly here, Plaintiff does not allege the frequency of his visits near Defendant's hotel. Plaintiff does not allege that he has visited the Monterey area in the past, that he has concrete plans to do so in the future, or that the Hotel is in the geographic zone that Plaintiff typically travels as part of his regular activities. Therefore, this factor weighs strongly in Defendant's favor, particularly combined with the distance between the subject business and Plaintiff's residence.

In sum, only one of the four factors possibly weighs in Plaintiff's favor, and only slightly at that. The same balance of the factors was present in *Blue Ravine*, where the court

1  found that the plaintiff was not able to establish a genuine and definite intent to return to

2  the defendant's business. Plaintiff has entirely failed to demonstrate a definite intent to

3  return to Defendant's hotel. He therefore fails to establish standing through injury-in-fact

4  and intent to return.

5         5.    **Additional Factors Weigh Against An "Intent To Return."**

6         In addition, the purpose of the "intent to return" road to standing is to show that the

7  plaintiff will likely be harmed because barriers "continue to exist at a place of public

8  accommodation to which he intends to return." *Chapman*, 631 F.3d at 953. Here, Plaintiff's

9  intent to return is expressly contingent on the hotel coming into compliance with the ADA,

10 thus Plaintiff will not return unless the hotel comes into compliance so he will necessarily

11 not encounter accessibility barriers at that time. Plaintiff's own intent allegation therefore

12 forecloses standing based on the intent to return option. *Strojnik v. Pasadena Robles*

13 *Acquisition, LLC*, No. 2019 U.S. Dist. LEXIS 213070 (C.D.Cal. August 14, 2019) at *5-6.

14 Given that the Hotel is not in the state where Plaintiff resides, and Plaintiff makes no

15 allegations that he frequents the Monterey area or has concrete plants to do so in the future,

16 Plaintiff's hypothetical allegations are insufficient to plead standing to sue for injunctive

17 relief under the ADA because of architectural barriers at the Hotel.

18 C.   Plaintiff Has Not Alleged Facts Showing He Is Deterred From Returning to
19       Defendant's Hotel.

20        An individual can prove "injury-in-fact" by showing that he is deterred from

21 patronizing a public accommodation due to a defendant's failure to comply with the

22 ADA. *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002).  But a

23 plaintiff's claimed deterrence cannot be merely "conjectural or hypothetical."

24 *Vogel v. Salazar*, 2014 WL 5427531, at *2 (C.D. Cal. Oct. 24, 2014). A plaintiff must

25 allege facts to show that he "would return to the establishment if the establishment

26 were compliant with the ADA." *Id.*

27        To adequately plead deterrence, a plaintiff must provide more than the empty

28 allegation that he or she "was deterred;" rather, some sort of corroborating facts are

necessary to demonstrate to the court that the "threat of future injury [is] sufficiently 'imminent' to permit a plaintiff to sue for injunctive relief." *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11-12 (quoting *Chapman*, 631 F.3d at 949).

In *Vogel*, the plaintiff merely stated that due to "physical and intangible" barriers, he was "deterred" and "continue[d] to be deterred from visiting" the defendant's public accommodation. *Id.* at *2. The court stated that the plaintiff "failed to assert or point to any colorable facts to prove that his assertion of deterrence is not merely hypothetical" because the plaintiff did not provide any evidence that he would return to the public accommodation if it were ADA compliant. *Id.* Thus, the court found that the plaintiff's claims did not show that he was deterred from returning. *Id.*

Here, like in *Vogel*, Plaintiff has failed to point to any facts showing that his intent to return to Defendant's hotel is not merely hypothetical. Plaintiff only stated that he is "deterred from visiting the Hotel" and intends to visit once it is ADA compliant. FAC, ¶¶ 13(h), 14. Plaintiff has alleged no *facts* to support his bare legal conclusion that he would return to the hotel if it were brought into compliance and therefore has not pled deterrence. Accordingly, Plaintiff lacks standing under the ADA.

D.    Plaintiff Lacks Standing To Claim Injunctive Relief.

"To establish standing to pursue injunctive relief under the ADA, a plaintiff must also "demonstrate a 'real and immediate threat of repeated injury' in the future." *Brooke v. H&K P'ship*, 2016 U.S. Dist. LEXIS 148572, at 5 (E.D. Cal. Oct. 26, 2016) citing *Chapman*, 631 F.3d at 946.  Here, Strojnik has filed at least 150 lawsuits from Arizona against businesses and hotels in California, in each one claiming that he intends to return to each of the businesses.  As one court stated in referring to ADA cases filed by Strojnik's son (also named Peter Strojnik), "This sort of litigation-by-the-truckload is transparently designed to extract settlements, not advance worthy ADA goals, and the Court is wary of encouraging such an approach. *Brooke v. Newport Hotel Holding LLC*, 2016 U.S. Dist. LEXIS 187101, at *9 (C.D. Cal. Apr. 29, 2016).  The allegation that Strojnik intends to actually return to each of the hotels that he has sued in this district and others is simply

1  implausible and Strojnik should be required to plead specifically why he will be staying at

2  each of the many hotels that he has sued, if only the alleged barriers were removed.

3  Barring such specificity, Plaintiff cannot demonstrate a "real and immediate threat of

4  repeated injury" in the future and is not entitled to injunctive relief.

5  E.    Plaintiff's ADA Cause Of Action Also Fails To State A Claim.

6        An individual alleging discrimination under Title III must show (1) he is disabled as

7  that term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or

8  operates a place of public accommodation; (3) the defendant employed a discriminatory

9  policy or practice; and (4) the defendant discriminated against the plaintiff based upon the

10 plaintiff's disability by (a) failing to make a requested reasonable modification that was (b)

11 necessary to accommodate the plaintiff's disability. *Fortyune v. Am. Multi-Cinema, Inc.*,

12 364 F.3d 1075, 1082 (9th Cir. 2004).  As set forth above, Plaintiff's claims of disability are

13 suspect and call into question the adequacy of the first and second elements of the claim.

14 However, Plaintiff's complaint is devoid of any allegations that would satisfy the fourth

15 element.

16       The ADA Accessibility Guidelines ("ADAAG") are codified at 28 C.F.R. Pt. 36,

17 Appendix A. 28 C.F.R. § 36.402(a) and provide that "any alteration to a place of public

18 accommodation . . . after January 26, 1992, shall be made so as to ensure that, to the

19 maximum extent feasible, the altered portions of the facility are readily accessible to and

20 usable by individuals with disabilities." *Moore v. Dollar Tree Stores Inc.*, 85 F. Supp. 3d

21 1176, 1182 (E.D. Cal. 2015).  Under the ADA, alterations to commercial facilities

22 completed between January 26, 1992 and September 15, 2010 are subject to the 1991

23 ADAAG Standards. 28 C.F.R. §§ 36.401, 36.406.

24       In his laundry list of alleged violations in his FAC, Plaintiff does not specify *which*

25 ADAAG, *i.e.*, 1991 or 2010 he is relying upon, nor does he cite any particular section of

26 ADAAG.  Thus, even if Plaintiff could show standing, the claim is still defective. *See*

27 *Cuadra v. George Brown Sports Club-Palm, Inc.*, 2019 U.S. Dist. LEXIS 70256, at *10-12

28 (E.D. Cal. Apr. 24, 2019).

## II.

## THE UNRUH ACT CLAIMS MUST ALSO BE DISMISSED

The standing required to pursue monetary relief under the Unruh Act is different from standing to seek injunctive relief under federal or state law. *Reycraft v. Lee*, 177 Cal. App. 4th 1211 (2009). Unlike the ADA, standing under the Unruh Act is established where a disabled plaintiff can show he or he *actually presented* himself or herself to a business or public place with the *intent of purchasing its products* or utilizing its services in the manner in which those products and/or services are typically offered to the public and was actually denied equal access on a particular occasion. *Reycraft*, 177 Cal. App. 4th at 1224. For example, a plaintiff cannot recover damages unless the violation *actually* denied him or her equal access to some public facility. *Urhausen v. Longs Drug Stores Cal., Inc.*, 155 Cal. App. 4th 254, 265-66 (2007). In *Urhausen*, the court rejected the plaintiff's attempt to equate a "denial of equal access" with the presence of a violation of federal or state regulations. As the court held, under that theory,

> any disabled person could sue for statutory damages whenever he or he encountered noncompliant facilities, regardless of whether that lack of compliance actually impaired the plaintiff's access to those facilities. Plaintiff's argument would thereby eliminate any distinction between a cause of action for equitable relief under section 55 and a cause of action for damages under section 54.3 . . .

*Id.*

In Strojnik's Second and Third Causes of Action, Strojnik cannot allege that he was actually denied access to the hotel. He also fails to explain how any alleged "barriers" impaired his ability to access the hotel or its services – especially when it is apparent that, while he may experience pain, he is not in a wheelchair and does not use a wheelchair. "[T]he cases interpreting the Act have consistently held that an individual plaintiff has standing to bring claims thereunder only if he or she has been the victim of the defendant's discriminatory act." *Surrey v. TrueBeginnings, LLC*, 168 Cal. App. 4th 414, 419 (2008). Thus, if he is able to "ambulate" as he calls it, it is irrelevant whether there are allegedly improper handrails, etc.

Additionally, Strojnik clearly visited the hotel online, since his vacation calendar

does not show any visits to California on September 21 2020, the date that he alleges to have experienced the alleged barriers.  Strojnik is a citizen of Arizona and there is no extraterritorial application of the Unruh Act. As the court held in *Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1099 (C.D. Cal. 2015):

> It has "limited geographic scope" and does not apply to alleged discrimination suffered by parties outside California. *Tat Tohumculuk, A.S. v. HJ Heinz Company* (2013) WL 6070483 at 7, [2013 U.S. Dist. LEXIS 162592 (E.D.Cal. November 13, 2013)] ["Plaintiff has not presented any case law, nor is the court aware of any, applying section 51 to alleged discrimination suffered by parties outside California. The Unruh Act, therefore, does not apply."]; *see also Archibald v. Cinerama Hawaiian Hotels, Inc.* (1977) 73 Cal.App.3d 152, 159.

*See also, Moore v. Greyhound Bus Lines, Inc.*, 2018 U.S. Dist. LEXIS 114661, at 4 (S.D. Cal. July 10, 2018)("jurisdiction of the [Unruh] Act is expressly limited to violations taking place in California, therefore, the 'Act does not apply to this action because the alleged discrimination occurred outside of California (in Denver, Colorado) and it is therefore outside of the extraterritorial reach of the statute.'"); *Tat Tohumculuk, A.S. v. HJ Heinz Company*, WL 6070483 at 7, 2013 U.S. Dist. LEXIS 162592 (E.D.Cal. November 13, 2013); *Keum v. Virgin Am. Inc.*, 781 F.Supp.2d 944, 955 (N.D. Cal. 2011) ("The Unruh Act only applies to discrimination that takes place within California's jurisdiction"); Since Strojnik only viewed the allegedly non-compliant website from Arizona, Strojnik lacks standing pursuant to the Unruh Act, which is incapable of correcting by amendment.

### III.

### PLAINTIFF'S NEGLIGENCE CAUSE OF ACTION FAILS TO STATE A CLAIM

Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  Plaintiff has no viable legal theory of negligence.  Although Plaintiff does not identify his negligence cause of action as "negligence per se," the allegations of negligence are based solely on the alleged violations of the ADA and/or Unruh Act, violation of neither of which statutes supports a negligence claim.

1        The Court in *Strojnik v. Bakersfield Convention Hotel I, LLC*, 2020 U.S. Dist. LEXIS

2    16339 (E.D. Cal. Jan. 30, 2020) clearly rejected Plaintiff's purported negligence claim:

3    "Plaintiff appears to suggest mistakenly that every violation of a federal statute necessarily

4    creates a duplicative claim for negligence under California's common law. This is

5    incorrect." *Id.* at *18

6        The ADA does not establish the applicable standard of care.  "Whether a particular

7    statute, administrative regulation or local ordinance is utilized to define the standard of care

8    in a negligence action is clearly a question of law to be determined exclusively by the

9    court." *Westbrook v. DTG Operations, Inc.*, 2007 U.S. Dist. LEXIS 14653, at *18-19 (D.

10   Nev. Feb. 28, 2007).  Under either the ADA or the Unruh Act, there are no accessibility

11   guidelines that if not met are per se unreasonable or that constitutes a per se barrier under

12   the ADA Guidelines.  *Guerra v. W. L.A. Coll.*, 2018 U.S. Dist. LEXIS 141029, at *19-20

13   (C.D. Cal. Aug. 20, 2018).  The ADA does not fall under the class of statutes that serve as a

14   predicate for negligence per se. *Westbrook*, 2007 U.S. Dist. LEXIS 14653, at *18-19

15   (applying Nevada law); *Scarborough v. Brown Group, Inc.*, 935 F. Supp. 954, 964 (W.D.

16   Tenn. 1995)(finding that Title VII is not the type of law encompassed under negligence per

17   se because such claims may be supported only by statutes and regulations relating to public

18   safety, such as health regulations and rules of the road).

19       As the Court held in *Estate of Saylor*, 54 F.Supp.3d 409 (D. Md. 2014), negligence

20   cannot be based on a breach of the ADA because, for a breach of a statute to be evidence of

21   negligence, the statute typically must pertain to public safety or health, whereas the ADA is

22   an anti-discrimination statute. Similarly in *White v. NCL America, Inc.*, 2006 WL 1042548

23   (S.D. Fla. 2006), the Court held that "[b]ecause the ADA was not designed to protect those

24   with disabilities from personal injuries, Plaintiff is unable to state a claim for negligence

25   per se." Transforming ordinary ADA claims into negligence claims would be inappropriate

26   expansion of ADA law. As the court held in *Urhausen*, 155 Cal. App. 4th at 267, rejecting

27   the application of negligence per se:

28       Although there was no dispute, at least on the motions for judgment on the

pleadings, that the disabled accessible parking space did not satisfy applicable slope regulations, "[n]ot every infraction of a statute will result in civil liability." (*Nunneley v. Edgar Hotel* (1950) 36 Cal.2d 493, 497 [225 P.2d 497].

"Plaintiff, however, alleges no independent duty to maintain a negligence claim before invoking the negligence per se doctrine by way of the ADA. For this reason, Plaintiff has failed to allege sufficiently his negligence claim.*" Strojnik v. Bakersfield Convention Hotel I, LLC*, 2020 U.S. Dist. LEXIS 16339, at *19 (E.D. Cal. Jan. 30, 2020) *See, e.g., Strojnik v. Landry's Inc.*, 2019 U.S. Dist. LEXIS 223873, at *15 (S.D. Tex. Dec. 9, 2019) (holding that Strojnik has failed to allege his negligence claim because the "allegations do not support the existence of a duty outside that imposed by the ADA").

In light of Plaintiff's failure to establish that Defendant has denied him access to Defendant's facilities or that he even has a viable "architectural accessibility" claim pursuant to the ADA, the Fourth Cause of Action should be dismissed *with* prejudice.[10] *Guerra v. W. L.A. Coll.*, 2018 U.S. Dist. LEXIS 141029, at *34-35 (C.D. Cal. Aug. 20, 2018).

## IV.
## THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION

In *Strojnik v. Urban Commons Cordova, LLC*, 2019 U.S. Dist. LEXIS 132975 (C.D.Cal. August 20, 2019),  the Court declined to exercise supplemental jurisdiction over Strojnik's state law claims holding that declining to exercise supplemental jurisdiction over plaintiff's state law claims in these circumstances supports the values of judicial economy, convenience, fairness, and comity:

> As a high-frequency litigant, the Court finds it would be improper to allow Plaintiff to use federal court as an end-around to California's pleading

---

[10]  Separately, Strojnik's request for punitive damages should be stricken. In connection with his Fourth Cause of Action, Strojnik seeks punitive damages.  Punitive damages are not available for negligence.  FAC, ¶ 41.  Negligence, even if gross or reckless, cannot justify punitive damages. *Krusi v. Bear, Stearns & Co.*,144 Cal.App.3d 664, 679 (1983); *Strojnik v. Orangewood LLC*, 2019 U.S. Dist. LEXIS 213103 (C.D.Cal. Aug. 8, 2019) at *10 (striking request for punitive damages in Strojnik's negligence claim).

1    requirements. Therefore, as a matter of comity, and in deference to California's
     substantial interest in discouraging unverified disability discrimination claims,
2    the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim.

3    *Id.* citing *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017). *See also*,

4    *Strojnik v. President Hotel Investment, LLC,* Case No. 8:20-cv-00258-DOC-ADS (C.D.Cal.

5    April 2, 2020)(*sua sponte* declining to exercise supplemental jurisdiction over Strojnik's

6    identical state claims); *Strojnik v. Shandilya, Inc.*, Case No. 8:20-cv-00254-DOC-ADS

7    (C.D.Cal. April 2, 2020) (same).  For the same reasons set forth in *Urban Commons*

8    *Cordova, President Hotel Investment, Shandilya* and *Shutza*, this Court should at a

9    minimum decline to exercise supplemental jurisdiction.

10                              **CONCLUSION**

11        For the foregoing reasons, Defendant requests that this Court grant its Motion to

12   Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) with prejudice and

13   without leave to amend.

14                         Respectfully Submitted,

15                         STILLMAN & ASSOCIATES

16

17   Dated: April 14, 2020          By:_____
                                         Philip H. Stillman, Esq.
18                                    Attorneys for defendant R.F. WEICHERT V, INC

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2      I, the undersigned, certify under penalty of perjury that on April 14, 2020 or as soon

3  as possible thereafter, copies of the foregoing Motion to Dismiss, Memorandum of Points

4  and Authorities, Declaration of Philip H. Stillman, and Proposed Order was served

5  electronically by the Court's ECF notice to all persons/entities requesting special notice or

6  otherwise entitled to the same and via email to Plaintiff's email address listed with this

7  Court.

8                           By: /s/ *Philip H. Stillman*
                           Attorneys for R.F. WEICHERT V, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28