1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**

PETER STROJNIK,

                Plaintiff,

      vs.

R.F. WEICHERT V, INC. dba JABBERWOCK INN ,

              Defendant.

Case No. 5:20-cv-00354-VKD

**[PROPOSED] ORDER ON DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND (6)**

Date:  May 19, 2020
Time: 10 a.m.
Courtroom: 2, 5th Fl.

Hon. Virginia K. DeMarchi

Order on Motion to Dismiss Complaint

Defendant has moved to dismiss the First Amended Complaint on the grounds that Peter Strojnik ("Plaintiff") lacks sufficient Article III standing to bring the claims asserted in the complaint and fails to allege sufficient facts to support standing under the Unruh Act and Disabled Persons Act claims.  Additionally, Defendant contends that Plaintiff's Negligence claim fails to state a claim upon which relief can be granted, and pleads punitive damages for a negligence cause of action, which Defendant requests to be stricken.  For the reasons more fully stated in Defendant's Memorandum of Points and Authorities in support of the Motion to Dismiss, Plaintiff lacks standing to bring his claims.

A disabled person claiming access discrimination in violation of the ADA must establish Article III standing in order to maintain their lawsuit. *Chapman v. Pier 1 Imports, Inc.,* 631 F.3d 939, 946 (9th Cir. 2011).  Article III standing requires that a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that it is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, _U.S._, p 8, 136 S.Ct. 1540, 1548, 194 L.Ed.2d 635 (2016), citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).  Plaintiff has the burden of establishing the existence of these three elements, and must clearly allege facts demonstrating each element.  *Id*.  Because its jurisdiction is limited, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)(citing *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)).

1.    Plaintiff has not adequately pled an "injury in fact" coupled with a bona fide intention to return to the Defendant's hotel.  Moreover, he has not pled anything but "some day" intentions to return to the hotel when it complies with ADAAG.  That is insufficient as a matter of law to establish standing.

2.    Plaintiff has not demonstrated that any alleged injury is "imminent." In order for an ADA plaintiff to allege an injury that is imminent, he must express more than a "vague desire to return" to the accommodation's location. *Summers v. Earth Island Inst.*, 555 U.S. 488, 496, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009).  Absent a "firm intention to

visit" the location, the plaintiff has not alleged facts "to satisfy the requirement of imminent injury[.]" *Id.*   Plaintiff has sued numerous hotels within the same general time period as this case, and has not presented any concrete facts on which this Court can plausibly conclude that Plaintiff actually intends to visit each and every hotel that he has filed a lawsuit against. *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093, 1100 (9th Cir. 2017); *Brooke v. RK Inv. Props.,* No. 17-cv-06034-WHO, 2018 U.S. Dist. LEXIS 9120, at 3 (N.D. Cal. Jan. 19, 2018).

3.     There must be a causal connection between Plaintiff's alleged disability and the access barriers that preclude him from "full and equal enjoyment of the facility on account of his particular disability." *Chapman*, 631 F.3d at 947.  A plaintiff must identify "how any of the alleged violations threatens to deprive him of full and equal access due to his disability if he were to return," or "how any of them deter him from visiting the [defendant's facility] due to his disability." *Advocates for Individuals with Disabilities LLC v. WSA Props. LLC*, 210 F. Supp. 3d 1213, 1221-22 (D. Ariz. 2016). Merely listing ADA violations at the defendant's property "cannot substitute for the factual allegations required in the complaint to satisfy Article III's requirement of an injury-in-fact." *Chapman*, 631 F.3d at 955.  Plaintiff also fails to satisfy the "injury in fact" requirement because Plaintiff does not relate the alleged ADA barriers to his particular disability. Therefore, Plaintiff cannot establish a "concrete and particularized injury" or "a real and immediate threat of future injury." *Zimmerman v. GJS Grp.*, 2018 U.S. Dist. LEXIS 148816, at *15-16 (D. Nev. Aug. 30, 2018).  Plaintiff's First Cause of Action is therefore dismissed with prejudice.

4.     Plaintiff also brings a claim pursuant to the California Unruh Act, Cal. Civil Code §51 *et seq.*  As with his ADA claim, Plaintiff fails to satisfactorily allege that he has standing to sue under the California Unruh Act. Accordingly, Plaintiff also lacks standing for his claims under the Second and Third Causes of Action.

5.     Finally, Plaintiff asserts a negligence cause of action, presumably based on the violation of the ADA.  Under either the ADA or the Unruh Act, there are no accessibility guidelines that if not met are per se unreasonable or that constitutes a per se barrier under

the ADA Guidelines. *Guerra v. W. L.A. Coll.*, 2018 U.S. Dist. LEXIS 141029, at *19-20 (C.D. Cal. Aug. 20, 2018). Moreover, the ADA does not fall under the class of statutes that serve as a predicate for negligence per se. *Westbrook v. DTG Operations, Inc.*, 2007 U.S. Dist. LEXIS 14653, at *18-19 (D. Nev. Feb. 28, 2007)(applying Nevada law); *Scarborough v. Brown Group, Inc.*, 935 F. Supp. 954, 964 (W.D. Tenn. 1995)(finding that Title VII is not the type of law encompassed under negligence per se because such claims may be supported only by statutes and regulations relating to public safety, such as health regulations and rules of the road.). As the court held in *Urhausen v. Longs Drug Stores Cal., Inc.*, 155 Cal. App. 4th 254, 267 (2007), rejecting the application of negligence per se:

> Although there was no dispute, at least on the motions for judgment on the pleadings, that the disabled accessible parking space did not satisfy applicable slope regulations, "[n]ot every infraction of a statute will result in civil liability." (*Nunneley v. Edgar Hotel* (1950) 36 Cal.2d 493, 497 [225 P.2d 497].

Additionally, Plaintiff repeatedly alleges intentional conduct throughout his Fourth Cause of Action. Intentional conduct cannot support a claim of negligence. *United States ex rel. Knapp v. Calibre Sys.*, 2011 U.S. Dist. LEXIS 119589, at *14 (C.D. Cal. Oct. 17, 2011); *Monaghan v. El Dorado Cnty. Water Agency*, 2012 U.S. Dist. LEXIS 14900, at *26 (E.D. Cal. Feb. 6, 2012). Accordingly, the Fourth Cause of Action for Negligence is dismissed with prejudice.

6.     Although plaintiffs are typically granted leave to amend, leave to amend may be denied when amendment is futile. The Court is persuaded that amendment is futile in this case. As held by the *Orangewood* court in dismissing Strojnik's *Second* Amended Complaint, "Plaintiff has had ample opportunity to plead facts sufficient to support standing and has failed to do so. The Court concludes Plaintiff cannot amend his complaint consistent with Rule 11 and therefore further opportunities for amendment would be futile."*Strojnik v. Orangewood, LLC*,  2020 U.S. Dist. LEXIS 11743(C.D.Cal. January 22, 2020) at *21. Given the fact that Plaintiff has tried – and repeatedly failed – to plead facts supporting standing in other cases on virtually the same complaints, the Court will dismiss the Complaint WITH PREJUDICE.

1    Accordingly, the Motion to Dismiss is granted with prejudice and without leave to
2    amend.
3        **IT IS SO ORDERED.**
4
5
6                                                    Hon. Virgina K. DiMarchi
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28