FILED
APR 20 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Peter Strojnik (Sr.),
7847 N. Central Ave.
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>Plaintiff,<br><br>vs.<br><br>R.F. WEICHERT V, INC. dba JABBERWOCK INN<br><br>Defendant. | Case No: 5:20-cv-00354-VKD<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

## SUMMARY

Plaintiff's Complaint [1], facially challenged by Defendant's Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), is cautiously drafted to comply with jurisdictional pleading requirements of *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975), *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011), *Wilson v. Kayo Oil Co.*, 563 F.3d 979 (9th Cir. 2009), *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093, 1099 (9th Cir. 2017) and Fed. R. Civ. P. 9(b). Claims for relief are similarly drafted in compliance with *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

The Complaint is flawless. Defendant's Motion must be denied.

# ARGUMENT

## A. LEGAL STANDARDS

### I. Distinction Between Facial and Factual Challenges to Jurisdiction

In *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101, 118 S. Ct. 1003 (1998), the Supreme Court emphasized that a federal court must first establish as "an antecedent" matter that it has jurisdiction.

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where a defendant makes a facial attack on jurisdiction, factual allegations of the complaint are taken as true. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion dismiss, [courts] presume that general allegations embrace those specific facts that are necessary to support the claim.") (internal citation and quotations omitted). The plaintiff is then entitled to have those facts construed in the light most favorable to him or her. *Fed'n of African Am. Contractors*, 96 F.3d at 1207.

In contrast, a factual attack on subject matter jurisdiction occurs when, as here, a defendant challenges the actual lack of jurisdiction with affidavits or other evidence. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "When the defendant raises a factual attack, the plaintiff must support … jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Leite*, 749 F.3d at 1121 (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)). The district court may resolve those factual disputes itself, unless "the existence of jurisdiction turns on disputed factual issues[.]" *Id.* at 1121-22 (citations omitted). "To the extent that the jurisdictional facts are disputed . . ., the parties should be allowed to conduct discovery for the limited purpose of establishing jurisdictional facts before the claims can be dismissed." *Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 713 (9th Cir. 1992)

Where a defendant brings a factual challenge, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for

summary judgment." *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute jurisdictional allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Colwell v. Dep't of Health & Human Servs.,* 558 F.3d 1112, 1121 (9th Cir. 2009) (quoting *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir. 1989)).

Here, Defendant does not produce any extrinsic evidence relating to jurisdiction; therefore, the challenge is facial.

**II. Elements of Proof under Rule 12(b)(1) and 12(b)(6) are Different.**

The standing inquiry requires a plaintiff to show (1) he suffered an "injury in fact; (2) there is a causal connection between that injury and the defendant's conduct; and (3) a favorable decision would likely redress the injury. *Civil Rights Educ. & Enforce. Ctr. v. Hosp. Properties Trust* ("CREEC"), 867 F.3d 1093, 1098 (9th Cir. 2017) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)). When a plaintiff seeks injunctive relief, he must also "allege 'continuing, present adverse effects' stemming from the defendant's actions." *Id.* (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983)). Federal courts must "take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits are the primary method of obtaining compliance with the act." *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034, 1039-40 (9th Cir. 2008) ((quoting *Trafficante v. Metro Life Ins. Co.,* 409 U.S. 205, 209 (1972)).

On the other hand, to statement of an ADA claim requires plaintiff to show that (1) he is an individual with a disability; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability. 42 U.S.C. §§ 12182(a)-(b); *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 730 (9th Cir. 2007); *Arizona ex rel. Goddard v. Harkins Amusement Enter. Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).

**III.    Pleading Standards under Rule 12(b)(1) and 12(b)(6) are Different.**

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*Ashcroft*) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544,127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)

(*Twombly*) apply to 12(b)(6) motions. *Twombly* and *Iqbal* addressed the pleading required to survive a motion to dismiss for failure to state a claim, and, distilled to their essence, impose two requirements. First, the reviewing court, though crediting factual assertions made in the pleadings, is not required to credit legal conclusions. *Ashcroft,* 129 S.Ct. at 1949-50 (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). Second, the complaint cannot survive a motion to dismiss unless it alleges facts that plausibly (not merely conceivably) entitle plaintiff to relief. *Id.* at 1950-51.

However, *Twombly* and *Iqbal* are ill-suited to application in the constitutional standing context because in determining whether plaintiff states a claim under 12(b)(6), the court necessarily assesses the merits of plaintiff's case. But the threshold question of whether plaintiff has standing (and the court has jurisdiction) is distinct from the merits of his claim. Rather, "[t]he jurisdictional question of standing precedes, and does not require, analysis of the merits." *Equity Lifestyle Props., Inc. v. Cnty. of San Luis Obispo,* 548 F.3d 1184, 1189 n. 10 (9th Cir. 2008); *see also Seldin,* 422 U.S. at 500, 95 S.Ct. 2197 (Standing "in no way depends on the merits of the contention that particular conduct is illegal.") (*Seldin*); *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Catholic League for Religious and Civil Rights v. City & Cnty. of San Francisco,* 624 F.3d 1043, 1049 (9th Cir. 2010) (en banc) ("Nor can standing analysis, which prevents a claim from being adjudicated for lack of jurisdiction, be used to disguise merits analysis, which determines whether a claim is one for which relief can be granted if factually true.").

The proper 12(b)(1) analysis is subject to a different standard. *Maya v. Centex Corp.,* 658 F.3d 1060, 1067 (9th Cir. 2011) (quoting *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).) "For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Seldin,* 422 U.S. at 501, 95 S.Ct. 2197. "**At the pleading stage… we `presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'**" *Defenders of Wildlife,* 504 U.S. at 561, 112 S.Ct. 2130 (emphasis supplied) (quoting *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 889, 110 S.Ct. 3177, 111 L.Ed.2d

695 (1990)); *see also Lucas v. S.C. Coastal Council,* 505 U.S. 1003, 1014 n. 3, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992) (cautioning that while at the summary judgment stage, the court "require[s] specific facts to be adduced by sworn testimony," a "challenge to a generalized allegation of injury in fact made at the pleading state ... would have been unsuccessful"). *See also Wilson v. Kayo Oil Co.,* 563 F.3d 979, 980 (9th Cir. 2009) (*Wilson*) (per curiam) (noting that the minimal allegations that a plaintiff intends to return is sufficient to defeat a motion to dismiss).

### IV.  Fed. R. Civ. P. 9(b) is Consistent with *Seldin, Mayo* and *Wilson.*

Fed. R. Civ. P. 9(b) is consistent with *Seldin, Mayo* and *Wilson*. It provides that "intent (*to return*) … and other conditions of a person's mind (*being deterred*) may be alleged generally". Fed. R. Civ. P. 9(b).

Federal Rules of Civil Procedure were drawn under the authority of the act of June 19, 1934, U.S.C., Title 28, §723b [see 2072] (Rules in actions at law; Supreme Court authorized to make), and §723c [see 2072] (Union of equity and action at law rules; power of Supreme Court) and also other grants of rule-making power to the Court. See Clark and Moore, *A New Federal Civil Procedure—I. The Background*, 44 Yale L.J. 387, 391 (1935). *Notes of Advisory Committee on Rules—1937 at ¶3.*

### V. The *CREEC* Pleading Standard is Also Consistent with *Seldin, Mayo, Wilson* and Fed. R. Civ. P. 9(b)

The Court in *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust,* 867 F.3d 1093, 1099 (9th Cir. 2017) addressed the very jurisdictional issue facing the court here: The Court in *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust,* 867 F.3d 1093, 1099 (9th Cir. 2017) addressed the very jurisdictional issue facing the court here. The Court confirmed that ADA plaintiffs may demonstrate a likelihood of future harm in one of two ways. They may either show (1) injury in fact coupled with an intent to return to the offending facility; or (2) deterrence from visiting or returning to the facility because of the ADA violation(s). *Id.* at 1098-99.

> A plaintiff experiences continuing adverse effects where a defendant's failure to comply with the ADA deters her from making use of the

defendant's facility. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 953 (9th Cir. 2011) (en banc). We have dubbed this the "deterrent effect doctrine." *Id.* at 949-50. "[W]hen a plaintiff who is disabled within the meaning of the ADA has actual knowledge of illegal barriers at a public accommodation to which he or she desires access, that plaintiff need not engage in the 'futile gesture' of attempting to gain access in order to show actual injury. . . ." *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002) (quoting 42 U.S.C. § 12188(a)(1)). "So long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues." *Id.* at 1137.

\*\*\*

**The Named Plaintiffs have alleged in the First Amended Complaint that they intend to visit the relevant hotels, but have been deterred from doing so by the hotels' non-compliance with the ADA. They further allege that they will visit the hotels when the non-compliance is cured.** Thus, the ADA violations have prevented them from staying at the hotels. Without such averments, they would lack standing. However, "construing the factual allegations in the complaint in favor of the plaintiffs, " as we must at this preliminary stage, *Mont. Shooting Sports Ass'n v. Holder*, 727 F.3d 975, 979 (9th Cir. 2013), we conclude that the Named Plaintiffs have sufficiently alleged injury in fact. *Chapman*, 631 F.3d at 953. **Their harm is "concrete and particularized, " and their intent to visit the hotels once they provide equivalent shuttle service for the disabled renders their harm "actual or imminent, not conjectural or hypothetical."** (*Emphasis supplied*)

*CREEC* 867 F.3d at 1100-01.

### B. APPLICATION OF LEGAL STANDARDS TO THE COMPLAINT

With respect to the statement of claim, Plaintiff alleges that:

- He is an individual with a disability, ¶¶3, 4, 5 AND 6 at Table; and
- Defendant is a private entity that owns, leases, or operates a place of public accommodation, ¶7 and
- That he was denied public accommodations by the defendant because of his disability, ¶¶ 12, 13, and table in ¶ 19 evidencing violations of 28 C.F.R. 36.302(e)(1)(ii) and producing 6 photographs of personally encountered barriers.

With respect to jurisdictional allegations, Plaintiff alleges that:

- Defendant violated 28 C.F.R. 36.302(e)(1)(ii) by failing to provide accessibility information on the booking website hotels.com, *see* ¶ 17 and table in ¶19; and
- That he personally encountered barriers to accessibility at Defendant's hotel, *see* table at ¶ 19 containing 6 distinct color photographs factually evidencing the barriers; and
- That the existence of the barriers relates to his disability, ¶12; and
- That he is deterred from visiting the Hotel based on his knowledge that the Hotel is not ADA compliant, ¶13; and
- That he intends to visit Defendant's Hotel at a specific time when it becomes fully ADA compliant. ¶¶13(h) and 14.

These allegations are based on the holdings in *Maya. Seldin, Defenders of Wildlife, Lujan, Lucas, Wilson, CREEC, and* Fed. R. Civ. P. 9(b). No more is required at the pleadings stage.

Defendant references *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004) for the proposition that the discrimination must be based on (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability. *Fortyune* however, was based on 42 U.S.C. ¶12182(b)(2)(A)(ii) relating to modification in policies, practices and procedures. This case, however, is based on 42 U.S.C. ¶12182(b)(2)(A)(iv) relating to removal of barriers. *Fortyune* has no application here.

**C. UNRUH IS WELL PLED**

The Unruh Civil Rights Act permits an ADA plaintiff to recover money damages if he prevails on his ADA claim. Cal. Civ. Code § 51(f). As pleaded, Plaintiff's Unruh Civil Rights claim is wholly derivative of his ADA claim. His standing under the Unruh Civil Rights Act is, therefore, one in the same with his ADA standing and statement of the claim.

#### D. NEGLIGENCE IS WELL PLED.

Under California law, negligence is presumed[1] if the plaintiff establishes the following elements: "(1) the defendant violated a statute of a public entity; (2) the violation was the proximate cause of the plaintiff's injury; (3) the injury resulted from an occurrence the nature of which the statute was designed to prevent; and (4) the plaintiff suffering the injury was among the class of persons for whose protection the statute was adopted." *Saylor v. Zeenat, Inc.*, No. Civ.S02-863WBS/DAD, at *2 (E.D. Cal. Aug. 13, 2002) (citing *Galvez v. Fields*, 88 Cal.App.4th 1410, 1420 (2001)).

Here, Plaintiff has sufficiently alleged that Defendant violated the ADA; the violation proximately caused Plaintiff to be deterred from visiting the Property; the injury is one the ADA was designed to prevent; and Plaintiff, as a disabled person, is among the class of persons for whose protection the ADA was adopted. *See Saylor v. Zeenat, Inc.*, No. Civ.S02-863-WBS/DAD, 2002 WL 33928621, at *2 (E.D. Cal. Aug. 13, 2002).

The complaint sufficiently states Plaintiff's claims under Title III of the ADA, the Unruh Civil Rights Act, the CDPA, and negligence per se, and there appears to be merit to the substantive allegations.

### CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Defendant's motion to dismiss must be denied. To the extent, however, that Plaintiff has misread the jurisdictional pleading requirements of *Seldin, CREEC, Mayo,* and Fed. R. Civ. P. 9(b), Plaintiff respectfully request leave to amend.

DATED this 17th day of April 2020.

**PETER STROJNIK**

_____
Plaintiff

MAILED to the District Court this 17th day of April, 2020.

---

[1] The Court construes Plaintiff's claim as a claim for negligence per se based on violations of the ADA, as the Ninth Circuit has directed that district courts liberally construe pro se pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). [Court's footnote]

Courtesy copy emailed to:
Philip H. Stillman, Esq.
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
pstillman@stillmanassociates.com