Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax:  (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for defendant R.F. WEICHERT V, INC.

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PETER STROJNIK, <br><br> Plaintiff, <br><br> vs. <br><br> R.F. WEICHERT V, INC. dba JABBERWOCK INN, <br><br> Defendant. | Case No. 5:20-cv-00354-VKD <br><br> **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. (B)(1) AND (B)(6)** <br><br> Date:  May 19, 2020 <br> Time: 10 a.m. <br> Courtroom: 2, 5th Fl. <br><br> Hon. Virginia K. DeMarchi |

This Court need not labor too long on this Motion to Dismiss or on whether to dismiss with leave to amend.  On April 15, 2020, the Ninth Circuit affirmed the dismissal of the virtually identical complaint by Central District (Birrote, J.) without leave to amend, agreeing that (1) Strojnik failed to allege an intent to return, (2) Strojnik failed to allege deterrence, rejecting Strojnik's reliance on *CREEC*, and (3) affirmed Judge Birrote's ruling that the complaint should be dismissed with prejudice as amendment was futile.  *Strojnik v. Pasadena Robles Acquisition*, No. 19-56037, 2020 U.S. App. LEXIS 11896, at *1 (9th Cir. Apr. 15, 2020).  On April 19, 2020, Strojnik was declared a "vexatious litigant" in the Central District (Selna, J.).  *Strojnik v. SCG American Construction*, *Inc.*, Case No. 19-1560 JVS (JDE) (C.D.Cal. April 19, 2020). There is no reason to give Strojnik any more leeway than Judge Birrote or the Ninth Circuit.

As one court observed, Strojnik is not a typical *pro se* plaintiff but is instead a disbarred lawyer who has filed over 150 ADA cases in his own name in California and over 1,700 of them before being disbarred for filing fraudulent ADA complaints. *Strojnik v. San Diego Farah Partners, L.P.*, 2020 U.S. Dist. LEXIS 36536, at *2 (S.D. Cal. Mar. 2, 2020) ("Strojnik . . . is well aware that a 'list of alleged [statutory] violations cannot substitute for the factual allegations required . . . to satisfy Article III's requirement of an injury-in-fact.'").  *See also, SCG American Construction*, p. 17 ("Although Strojnik is a pro se litigant in this case, he is also a former attorney with vast knowledge and experience in the realm of ADA cases").  Rather than file a complaint that any court has upheld as being sufficient, Strojnik relies almost entirely on a misreading of Strojnik's favorite case, *CREEC*, an interpretation of which all thirteen courts *and the Ninth Circuit* have rejected.

Since the Motion to Dismiss was filed on April 14, yet another district court has dismissed Strojnik's virtually identical complaint in *Strojnik v. SCG American Construction*, *Inc.*, Case No. 19-1560 JVS (JDE) (C.D.Cal. April 19, 2020), albeit without prejudice (Judge Selna was apparently unaware that the Ninth Circuit affirmed Judge Birrote's dismissal of Strojnik's initial complaint without leave to amend, stating that amendment was futile).  In the same Order, Judge Selna declared Strojnik to be a vexatious

1  litigant and imposed a "pre-filing order" on Strojnik for any claims that he wanted to file in

2  the Central District.  In addition, on April 15, 2020, the Ninth Circuit affirmed the District

3  Court's dismissal of Strojnik's initial complaint without leave to amend in *Strojnik v.*

4  *Pasadena Robles Acquisition*, No. 19-56037, 2020 U.S. App. LEXIS 11896, at *1 (9th Cir.

5  Apr. 15, 2020).  On April 14, 2020, the Ninth Circuit also affirmed the District Court's

6  dismissal with prejudice and without leave to amend in *Strojnik v. Kapalua Land Co.*, 2019

7  U.S. Dist. LEXIS 165525 (D. Haw. Aug. 26, 2019), *aff'd.*, *Strojnik v. Kapalua Land Co.*,

8  Case No. 19-17110 (9th Cir. April 14, 2020), which was based on a similar complaint to

9  Strojnik's First Amended Complaint in this case.  This Court now has guidance from the

10  Ninth Circuit, finding not only that Strojnik failed to allege either an intent to return or

11  deterrence, but also that the District Court was correct in dismissing the case *without leave*

12  *to amend* as futile.

13      This Court should adopt the rulings of the thirteen other courts *and* the Ninth Circuit

14  against *Strojnik* in holding that the virtually identical Complaint filed in this case failed to

15  properly plead standing.  In fact, despite thirteen rulings against him on the virtually

16  identical complaint, Strojnik continues to file complaints containing the same inadequate

17  allegations over and over in different courts, hoping for a different result.  That not only

18  should not be condoned but is the antithesis of good faith conduct in the federal courts.  As

19  one Court held in dismissing the virtually identical complaint as in this case:

20         Finally, a cursory review of other cases Strojnik has filed in this district reveals

21  that he has filed essentially identical complaints against other entities that merely replace the defendant's name and other minor details. . . . Much like the

22  complaint in this case, those complaints do not allege specific dates or details regarding the defendants' alleged ADA violations. Strojnik's form complaint

23  and generic opposition brief raise the question of whether his pleadings are made in good faith . . . The number of other, essentially identical, complaints

24  he has filed in this district raise a concern that Strojnik files bare-bones complaints that do not meet pleading standards in order to pressure ADA

25  defendants into settlements before the court can reach the merits of his claims.

26  *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 32075, at *13-14 (N.D. Cal.

27  Feb. 25, 2020).  The Ninth Circuit has now affirmed the dismissal of two of Strojnik's

28  virtually identical complaints without leave to amend as futile, in addition to Judge Selna's

1  ruling that Strojnik was a vexatious litigant.  At this time, and now with the guidance of the

2  Ninth Circuit regarding these specific Strojnik complaints, Strojnik's complaint should be

3  dismissed *without* leave to amend.

**ARGUMENT**
**I.**
4
5  <u>**THIRTEEN COURTS HAVE NOW HELD THAT THE COMPLAINT FAILS TO**
**PLEAD AN INJURY IN FACT**</u>

6        In his Opposition, Strojnik fails to identify any facts that allege an injury in fact.

7  Now thirteen courts have found his cookie cutter complaints did not plead an injury in fact.

8  The "injury in fact" element is met when a disabled plaintiff has *personally* encountered a

9  barrier violating the ADA, based on his specific disability. *Chapman v. Pier 1 Imports, Inc.,*

10  631 F.3d 939, 947 (9th Cir. 2011)(en banc)(citing *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034,

11  1044 (9th Cir. 2008)).  The *Orangewood* court held that Strojnik's pictures like in FAC, ¶

12  19, "'simply identifies alleged ADA . . . violations without connecting the alleged

13  violations to [Plaintiff's] disability, or indicating whether or not he encountered any one of

14  them in such a way as to impair his full and equal enjoyment of the [Hotel]." "Plaintiff has

15  not alleged sufficient facts to support standing." *Strojnik v. Orangewood, LLC*, Case

16  8:19-cv-00946-DSF-GJS (C.D.Cal. October 21, 2019) (dismissing First Amended

17  Complaint).  Similarly, in *Four Sisters*, the Court rejected Strojnik's "Addendum A."

18        Plaintiff alleges broadly that "[t]he ADA violations described in Addendum A
relate to Plaintiff's disability and interfere with Plaintiff's full and complete
19        enjoyment of the Hotel." (Compl. ¶ 24.) However, Plaintiff does not state facts
showing how the purported violations affect him or interfere with his mobility
20        needs, and the captions in the Addendum are bare legal conclusions cast in the
form of factual allegations. *See Pasadena Robles*, No.
21        2:19-cv-02067-AB-PJW, (Doc. No. 23 at 4 n.1) (finding photos captioned as
ADA violations to be legal conclusions, not factual allegations, and
22        disregarding them accordingly). Thus, "the addendum does not identify any
barriers that would affect Strojnik, deny him equal access, or deter him from
23        staying at the hotel."

24  *Strojnik v. Four Sisters Inns, Inc.*, 2019 U.S. Dist. LEXIS 212094, at *7-8 (C.D. Cal. Dec.

25  9, 2019).  The FAC, in which Strojnik has moved his Addendum A to FAC, ¶ 19,  suffers

26  from the same defects as did the Complaints in *Orangewood*, *Four Sisters*, *Pasadena*

27  *Robles Acquisitions*, and *SCG American Construction,* among others, and it is late in the

28

day for Strojnik to claim that the virtually identical descriptions and captions in this case are sufficient or that those final judgments are not binding on him. Thus, it is insufficient to list a series of purported medical problems and then list a series of cryptically captioned pictures that are unrelated to Strojnik's purported disability, which is all Strojnik does in this case and in the other *thirteen* cases that have dismissed his standard complaints. Against that overwhelming authority, Strojnik does not argue any *facts* that support the viability of his FAC.  This Court should follow the other thirteen judges and the ruling of the Ninth Circuit and dismiss this case.

## II.
## STROJNIK FAILS TO ESTABLISH AN INTENT TO RETURN

In this case, Strojnik alleges that "Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG . . ."  FAC, ¶ 14.  In *Pasadena Robles Acquisitions*, the Court held that the identical allegation was insufficient.

> Plaintiff merely states, 'Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG.' Compl. ¶ 12. Like in *Lujan*, this is a general intent to return without more and is simply Plaintiff saying that he will 'some day' return to Defendant's hotel. Such statements are not enough to confer standing."

*Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S. Dist. LEXIS 213070, at *6-7 (C.D. Cal. Aug. 14, 2019).  This exact ruling was just affirmed by the Ninth Circuit: "The district court properly dismissed Strojnik's ADA claim for lack of standing because Strojnik failed to demonstrate an intent to return to defendant's hotel or that he was deterred from visiting defendant's hotel."  *Strojnik v. Pasadena Robles Acquisition*, No. 19-56037, 2020 U.S. App. LEXIS 11896, at *1 (9th Cir. Apr. 15, 2020).

The *Four Sisters* court reached the same conclusion on the same allegation as in this case:

> Plaintiff alleges he "intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG." (Compl. ¶ 12.) Plaintiff does not indicate when he planned to visit the Hotel for the trip at issue, let alone when he might plan to return, other than some "specific time" in the future. "Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the

1   some day will be—do not support a finding" of an intent to return. *Lujan*, 504
2   U.S. at 564 (discussing when an intent to return can demonstrate actual or
    imminent injury sufficient for standing).

3   *Strojnik v. Four Sisters Inns, Inc.*, 2019 U.S. Dist. LEXIS 212094, at *10 (C.D. Cal. Dec. 9,
4   2019).  Since these cases are final judgments that adjudicate the foregoing issues against
5   Strojnik, those rulings are conclusive here.

6        In his Opposition, Strojnik claims that the four part test set forth in *Harris v. Del*
7   *Taco, Inc.*, 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005) has not been explicitly adopted by
8   the Ninth Circuit, and apparently, therefore, should be ignored.[1]  However, the test has been
9   implicitly adopted by the Ninth Circuit in *CREEC*, when it cited with approval an Eleventh
10  Circuit case that considered 'prior visits, proximity of residence to store, plans for future
11  visits' and status as a tester." *Strojnik v. Orangewood LLC*, 2020 U.S. Dist. LEXIS 11743,
12  at *27 (C.D. Cal. Jan. 22, 2020) citing *CREEC* at 1100. In the Eleventh Circuit case cited
13  by *CREEC*, "Plaintiff had visited the store on two prior occasions, he traveled to the area
14  where the store was located on a regular basis because his attorney's office was less than
15  two miles from the store, and he passed the store on the way to and from his attorney's
16  office." *Id.* citing *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1336 (11th Cir.
17  2013).

18       Thus, the test endorsed by *CREEC* is virtually the same as the four part *Harris* test
19  almost universally applied by the district courts in California.  *See Strojnik v. Four Sisters*
20  *Inns, Inc.*, 2019 U.S. Dist. LEXIS 212094, at *9 (C.D. Cal. Dec. 9, 2019), citing *Antonio v.*

---

22  [1]  Strojnik cites *Rocca v. Jalidat, Inc.*, 2017 U.S. Dist. LEXIS 149513, at *9 (C.D.
23  Cal. Sep. 13, 2017) as one court that did not apply the four factor test regarding intent to
    return.  Opposition, p. 7.  However, in *Rocca*, the court granted summary judgment, but did
24  not use the four part test to show a threat of repeated injury, not an intent to return.
25  Moreover, the *Rocca* court and Strojnik miscite *Wilson v. Kayo Oil Co.*, 563 F.3d 979, 980
    (9th Cir. 2009) (per curiam) as stating that "this Circuit's ADA standing precedent has
26  abandoned such a stringent standing test." *Wilson* says no such thing and merely states that
27  the plaintiff minimally pled standing without further analysis.

28

*Yi*, 2015 U.S. Dist. LEXIS 192224, at *5 (C.D. Cal. Mar. 4, 2015) (collecting many cases applying *Harris*'s four part test); *Johnson v. Overlook At Blue Ravine, Ltd. Liab. Co.*, 2012 U.S. Dist. LEXIS 102056 (E.D. Cal. July 20, 2012) (same).

But even disregarding the widely applied four factor test to analyze an ADA plaintiff's intent to return, Strojnik does not identify any facts in his FAC that are anything other than "some day" intentions to return rejected repeatedly in the cases dismissing Strojnik's complaints.  In this case, as in every other complaint that Strojnik files, he alleged only that "he 'intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG.' (FAC ¶ 14.) Plaintiff does not indicate when he planned to visit the Hotel for the trip at issue, let alone when he might plan to return, other than some 'specific time' in the future." *Strojnik v. Four Sisters Inns, Inc.*, 2019 U.S. Dist. LEXIS 212094, at *10 (C.D. Cal. Dec. 9, 2019). "Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding" of an intent to return. *Lujan*, 504 U.S. at 564 (discussing when an intent to return can demonstrate actual or imminent injury sufficient for standing)." *Id.*

Collateral estoppel prevents Strojnik from escaping the adverse determination on the merits. Collateral estoppel applies when "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits. *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019).  In *Pasadena Robles* and *Four Sisters* and *Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S. Dist. LEXIS 213070, at *4 (C.D. Cal. Aug. 14, 2019), the courts (and now the Ninth Circuit) held that the exact allegation on which Strojnik relies in this case to establish an intent to return was a mere "some day" allegation that was insufficient to establish standing.  As both decisions are final decisions on the merits that have decided this identical issue based on the identical allegation, Strojnik is now bound by collateral estoppel regarding the issue of whether he has adequately pled an intent to return.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.
### STROJNIK FAILS TO ALLEGE DETERRENCE ACCORDING TO TWELVE OTHER COURTS AND THE NINTH CIRCUIT BASED ON THE IDENTICAL ALLEGATIONS

As in the other cases, Strojnik only stated that he is "deterred from visiting the Hotel" and intends to visit once it is ADA compliant. FAC, ¶¶ 13,14. Those verbatim allegations have been rejected as insufficient in all of the *Strojnik* cases.[2] *See e.g.*, *Strojnik v. Orangewood*, *Strojnik v. Four Sisters, LLC*, *Strojnik v. Pasadena Robles Acquisitions, LLC*.

> However, Because Plaintiff has failed to allege that the Hotel's purported non-compliance with the ADA is related to his disability, he has failed to allege why that non-compliance deters him from staying at the hotel. See *Chapman*, 631 F.3d at 955 (Plaintiff must identify how each of the alleged barriers "deter him from visiting the Store due to his disability."); see also *Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-CV-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094, 2019 WL 6700939, at *5 (C.D. Cal. Dec. 9, 2019) ("Plaintiff does not allege how any feature at the Hotel is non-compliant with the ADA or how it relates to his disability so as to deter him from staying at the Hotel").

*Strojnik v. Orangewood LLC*, 2020 U.S. Dist. LEXIS 11743, at *24 (C.D. Cal. Jan. 22, 2020); *Strojnik v. The Victus Group*, 2020 U.S. Dist. LEXIS 54117 (E.D. Cal. Mar. 27, 2020). Strojnik is collaterally estopped from contesting this point, since three courts have held in final judgments that Strojnik's allegations – identical to the allegations in this case – are insufficient – in addition to the numerous other *non*-final decisions.

As he does here, in *Strojnik v. Orangewood, LLC*, Plaintiff argued that the Ninth Circuit in *CREEC* lowered the standard for what plaintiffs must allege to show deterrence

---

[2] In only one decision, *Strojnik v. 574 Escuela, LLC*, 3:18-cv-06777-JD, (N.D.Cal. March 31, 2020), did the court *not* dismiss Strojnik's complaint. However, the motion to dismiss in that case was taken under advisement in ***April 2019***, and not decided until almost a ***year*** later. As noted in *Strojnik v. The Victus Group*, 2020 U.S. Dist. LEXIS 54117 (E.D. Cal. Mar. 27, 2020), a substantial body of case law pertaining specifically to Strojnik's cases has developed since August 2019, culminating most recently with the Ninth Circuit's affirmance of the District Court's dismissal of Strojnik's initial complaint without leave to amend in both *Pasadena Robles* and *Kapalua Land Co*. Moreover, a motion for reconsideration has been filed in *574 Escuela* as a result of the numerous cases to the contrary decided months after the case was taken under submission, including the Ninth Circuit's recent ruling in *Pasadena Robles*, which directly rejects the allegations relied on in *574 Escuela*.

at the pleading stage.  The *Orangewood*, *Four Sisters Inn*, and *Pasadena Robles Acquisitions* cases all rejected Strojnik's contention in final decisions – including the Ninth Circuit in both *Pasadena Robles* and *Kapalua Land Co.*

Although not a *Strojnik* decision, in *Johnson v. Mantena LLC*, 2020 U.S. Dist. LEXIS 56457, at *14-15 (N.D. Cal. Mar. 31, 2020), the court rejected another serial litigant's complaint for failing to allege either an intent to return or deterrence, rejecting the plaintiff's "formulaic" recitation that he would return when the barriers were remediated. In addition, the *Johnson* court rejected the same contention that Strojnik makes here, *i.e.*, that *CREEC* somehow lowered the showing required for standing under the ADA. Although this contention has now been rejected by the Ninth Circuit in *Strojnik* cases, the Court stated:

> Finally, and as noted, Plaintiff's reliance on *CREEC* is misplaced. *CREEC* did not involve the issue in this case, i.e. what must a plaintiff allege to support standing. See 867 F.3d at 1096 ("We must decide (1) whether a plaintiff may rely on the 'deterrent effect doctrine' to establish constitutional standing under the ADA where she lacks firsthand knowledge that an establishment is not in ADA compliance; and (2) whether a plaintiff has constitutional standing where her only motivation for visiting a facility is to test it for ADA compliance."); see also *Strojnik v. Bakersfield Convention Hotel I, LLC*, 2020 U.S. Dist. LEXIS 16339, 2020 WL 509156, at *7 (E.D. Cal. Jan. 31, 2020) ("Plaintiff's implicit suggestion that *CREEC* somehow undid decades of Ninth Circuit and Supreme Court precedents to hold for the first time that conclusory allegations of one's intent to return and deterrence from returning to a place to be sufficient to establish imminent future harm is neither logical nor rooted in the four corners of the case.").

*Id.* at *14-15.

It would be anomalous to hold that *this* complaint is sufficient, when so many other courts have already ruled to the contrary. In *Orangewood*, the court noted that the Ninth Circuit in *CREEC* held that "[m]aking case-by-case determinations about whether a particular plaintiff's injury is imminent is well within the competency of the district courts" and noted that it might reach a different result if the plaintiff had 'no particular reason to return.'" *Orangewood*, *supra*.  "Therefore, the Court does not read *CREEC* as requiring district courts to accept conclusory allegations of deterrence, devoid of any supporting facts indicating a preference to return to the Hotel." *Id.* at 27-28.

1      The *Orangewood* court further held that Strojnik has made no allegations that he ever

2  patronized the Defendant's hotel, nor did he identify in his Opposition any specific future

3  plans to return to the area where Defendant's hotel is, or even argue that he has a specific

4  preference for Defendant's hotel as compared to the numerous other hotels in this District

5  that he has sued, claiming in each one an intent to return.  As the *Orangewood* Court

6  cogently explained:

> requiring that a Plaintiff allege he will return to a geographic area far from his
> home and have some preference to return to that accommodation over another
> is essential to alleging he is plausibly deterred from patronizing the
> accommodation. For example, imagine that someone who lives in Miami
> traveled to Alaska on vacation and encountered a snow shoe store with a
> barrier. Unless that person alleges that she plans to travel to Alaska again, she
> cannot plausibly allege that she is currently deterred from patronizing the
> store. Moreover, assume that Alaska has a thousand snow shoe stores spread
> across various locations. If the individual cannot plausibly allege a preference
> to visit that particular store on a return trip, she cannot plausibly allege that she
> is deterred from visiting that store.

13  *Strojnik v. Orangewood LLC*, 2020 U.S. Dist. LEXIS 11743, at *25 n.19 (C.D. Cal. Jan. 22,

14  2020).  Despite knowing this requirement, the FAC is devoid of any reason why Plaintiff

15  would stay at Defendant's hotel over any other hotel in the area and therefore fails to plead

16  deterrence or any viable intent to return.

17      For the same reasons, Strojnik has failed to "demonstrate a 'real and immediate threat

18  of repeated injury' in the future." *Chapman*, 631 F.3d at 946. He has not identified any

19  injury as he has not properly pled anything more than legal conclusions regarding alleged

20  ADA violations, has not related any of those purported violations to any supposed

21  disability and has not pled that he will return to this specific hotel out of all of the others in

22  this district where he has alleged that he also intends to return.

23      Strojnik's only rebuttal to the fact that all of these other courts have now held that his

24  complaints do not properly allege "deterrence" is a citation to the inapposite *Johnson v.*

25  *Alhambra & O Associates* case, which is not only an outlier but directly conflicts with other

26  Eastern District decisions involving fellow serial ADA litigant Scott Johnson that

27  dismissed Johnson's claim for lack of standing, including *Johnson v. Mantena LLC*, *supra*.

28  Even in the *Alhambra & O Associates* case, court stated that the defendants *did not*

*challenge whether Plaintiff sufficiently alleged injury in fact, causation, and redressability*. However not only are the facts and allegations distinguishable from the FAC in this case, but the body of case law ruling on the adequacy of *Strojnik's* specific complaints was significantly developed well after that decision, and specifically addresses the deficiencies in *Strojnik's* particular complaints.  That body of case law explicitly holds that Strojnik's "deterrence" allegations that are present in this case are insufficient.

On the identical "deterrence" allegations that Strojnik argues are sufficient here, the Ninth Circuit in *Strojnik v. Pasadena Robles Acquisition*, No. 19-56037, 2020 U.S. App. LEXIS 11896 (9th Cir. Apr. 15, 2020) held:

> The district court properly dismissed Strojnik's ADA claim for lack of standing because Strojnik failed to demonstrate an intent to return to defendant's hotel or that he was deterred from visiting defendant's hotel. . . . The district court did not abuse its discretion by denying Strojnik leave to amend because amendment would have been futile.

*Id.* at *1-2.  Therefore, Strojnik is bound by the numerous adverse decisions.

## IV.

## LEAVE TO AMEND SHOULD BE DENIED

The Court need not labor too long on whether to grant leave to amend, as the Ninth Circuit in *Pasadena Robles* has affirmed the District Court's dismissal of the virtually identical complaint without leave to amend *as futile*. This case is another cookie-cutter Complaint just like those referred in to in *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 32075, at *13-14 (N.D. Cal. Feb. 25, 2020). Since at least thirteen courts have already dismissed this cookie cutter complaint and yet, Strojnik keeps filing them, the only way to stop that litigation abuse is to deny leave to amend.  Strojnik has been on notice from virtually every other case that his complaints do not plead standing. The only conclusion is that, as the court observed in *IA Napa Lodging*, Strojnik is filing bare-bones complaints that do not meet pleading standards in order to pressure ADA defendants into settlements before the court can reach the merits of his claims – the epitome of a bad faith motive. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (It is within the discretion of the court to deny leave to amend because of "bad faith or dilatory

motive.").  In the words of Judge Selna in *SCG American Construction*,

> Strojnik should be very well aware of the type of conduct that is permissible, yet despite repeated questioning of his intentions, he continues to file countless ADA cases in an effort to obtain money from his victims. All the while, despite this onslaught, Strojnik claims that granting a motion to dismiss would essentially diminish trust in the judiciary. . . In sum, Strojnik's history contains countless filings of frivolous complaints and instances of directly ignoring court orders. . . . Strojnik is enjoined from filing any civil action alleging a cause of action for a violation of the Americans with Disabilities Act within the United States District Court for the Central District of California, without first obtaining certification from the Chief Judge of the District Court that his claims are not frivolous or asserted for an improper purpose.

*Strojnik v. SCG American Construction, Inc.*, Case No. 19-1560 JVS (JDE) (C.D.Cal. April 19, 2020).

Moreover, Strojnik has not identified any new or different facts that he would plead in this case if given leave to amend.  Accordingly this Court should put an end to these litigation tactics by dismissing without leave to amend.  Only then will Strojnik get the message that he cannot rely on the liberal policies of amendment to justify his bare bones and defective complaints.  Given that the Ninth Circuit has recently affirmed two cases where the District Court has dismissed Strojinik's virtually identical initial complaint without leave to amend as futile, this Court should follow the lead of the Ninth Circuit in *Strojnik v. Pasadena Robles Acquistion, LLC, supra*, and *Kapalua Land Co.* and deny leave to amend.

## CONCLUSION

For the foregoing reasons, Defendant requests that this Court grant its Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) with prejudice and without leave to amend.

Respectfully Submitted,

STILLMAN & ASSOCIATES

Dated: May 4, 2020                    By:_____
                                                Philip H. Stillman, Esq.
                                        Attorneys for defendant R.F. WEICHERT V, INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, the undersigned, certify under penalty of perjury that on May 4, 2020 or as soon as possible thereafter, copies of the foregoing Reply in Support of Defendant's Motion to Dismiss was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and via email to Plaintiff's email address listed with this Court.

By: */s/ Philip H. Stillman*
Attorneys for R.F. WEICHERT V, INC.

**Exhibit 1**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |

| | |
|---|---|
| Title | Peter Strojnik v. SCG America Construction Inc. |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Dismiss**

Defendant SCG American Construction Inc., d.b.a. Hyatt Regency Orange County ("SCG American") filed a motion to dismiss Plaintiff Peter Strojnik's ("Strojnik") First Amended Complaint ("FAC") and declare Strojnik a vexatious litigant. Mot., Docket No. 22.[1] Strojnik opposed. Opp'n, Docket No. 24.

For the following reasons, the Court **GRANTS** the motion to dismiss and **GRANTS** the motion to declare Strojnik a vexatious litigant. Strojnik's FAC is **DISMISSED without prejudice**.

## I. BACKGROUND

Strojnik's FAC alleges the following. Strojnik is a disabled individual as defined by the Americans with Disabilities Act ("ADA") and the California Disabled Persons Act ("DPA"). FAC ¶ 2. Strojnik regularly travels to and in California, in particular the greater Los Angeles region. Id. ¶ 13. However, he is deterred from visiting SCG American's hotel because it is not ADA or state law compliant. Id. He visited the region on March 13-14, 2019 and reviewed hotels for potential lodging, including by visiting SCG American's hotel. Id. ¶¶ 17-18. At the time Strojnik's FAC was drafted, he intended to lodge at SCG America's hotel over the weekend of April 4, 2020, so long as it became ADA compliant. Id. ¶¶ 13-14.

---

[1] SCG American filed an earlier motion to dismiss, Docket No. 19. However, rather than file an opposition, Strojnik filed his FAC. In light of the FAC, that motion, and all related documents and responses, are moot.

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |
|---|---|---|---|

| Title | Peter Strojnik v. SCG America Construction Inc. |
|---|---|

During Strojnik's review, he discovered that SCG American failed to provide necessary disclosures for online booking, and its hotel was replete with accessibility barriers. Id. ¶ 19. In particular, Strojnik alleges that the booking website does not identify and describe accessible features in enough detail to reasonably permit him to assess independently whether the hotel or guest rooms meet his accessibility needs and inadequately disperses accessible rooms among the room categories. Id. Strojnik also describes various physical barriers which he describes as inaccessible, including the valet counter, concierge counter, check-in counter, seating, etc. Id. He states that these barriers denied him full and equal access with the same reasoning: by "failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs." Id. The removal of these accessibility barriers is readily achievable. Id. ¶ 21.

Strojnick alleges four causes of action: (1) violation of the Americans with Disabilities Act; (2) violation of the California Unruh Civil Rights Act; violation of the California Disabled Persons Act; and (4) negligence. Id. ¶¶ 15-41.

## II. LEGAL STANDARD

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Dismissal is proper when a plaintiff fails to properly plead subject matter jurisdiction in the complaint. Fed. R. Civ. P. 12(b)(1). A "jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the challenge is based solely upon the allegations in the complaint (a "facial attack"), the court generally presumes the allegations in the complaint are true. Id.; Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). If instead the challenge disputes the truth of the allegations that would otherwise invoke federal jurisdiction, the challenger has raised a "factual attack," and the court may review evidence beyond the confines of the complaint without assuming the truth of the plaintiff's allegations. Safe Air, 373 F.3d at 1039. The plaintiff bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Pursuant to Article III of the Constitution, the Court's jurisdiction over the case "depends on the existence of a 'case or controversy.'" GTE Cal., Inc. v. FCC, 39 F.3d

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1560 JVS (JDE) | | Date | April 19, 2020 |
|---|---|---|---|---|

| Title | Peter Strojnik v. SCG America Construction Inc. |
|---|---|

940, 945 (9th Cir. 1994). A "case or controversy" exists only if a plaintiff has standing to bring the claim. Nelson v. NASA, 530 F.3d 865, 873 (9th Cir. 2008), rev'd on other grounds, 131 S. Ct. 746 (2011). To have standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that their injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180–81 (2000); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Nelson, 530 F.3d at 873. A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Already, LLC v. Nike, Inc., 133 S. Ct. 721, 726 (2013) (citation and internal quotation marks omitted).

## B.  Motion to Dismiss for Failure to State a Claim

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |
|---|---|---|---|

| Title | Peter Strojnik v. SCG America Construction Inc. |
|---|---|

## III. DISCUSSION

### A.      Request for Judicial Notice

SCG American filed a request for judicial notice ("RJN") for three items: (1) PACER search results showing 148 ADA cases filed by Strojnik; (2) a video clip of a news report dated March 7, 2018 showing Strojnik walking without assistance; and (3) a video clip of a news report dated June 25, 2018 of him walking with a briefcase slung over his shoulder.  RJN, Docket No. 23, at 3.  Strojnik has not opposed this RJN.[2]

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not subject to reasonable dispute.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), overruled on other grounds; Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002); see Fed. R. Evid. 201(b).

Because factual challenges have no bearing under Rule 12(b)(6), generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds, Galbraith v. Cnty. of Santa Clara, 307 F. 3d 1119, 1125 (9th Cir. 2002).  There are, however, three exceptions to this rule that do not demand converting the motion to dismiss into one for summary judgment.  Lee, 250 F.3d at 688.  First, the Court may take judicial notice of matters of public record, but it "cannot take judicial notice of disputed facts contained in such public records."  Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018), cert. denied sub nom. Hagan v. Khoja, 139 S. Ct. 2615, 204 L. Ed. 2d 264 (2019) (citing Lee, 250 F.3d at 689); see Fed. R. Evid. 201(b).  Second, the Court also may take judicial notice of documents attached to or "properly submitted as part of the complaint."  Lee, 250 F.3d at 688.  Third, if the documents are "not physically attached to the complaint," they may still be considered if the documents' "authenticity . . . is not contested" and the documents are necessarily relied upon by the complaint.  Id.; United States v. Corinthian Colleges, 655 F.3d 984, 998-99 (9th Cir. 2011).  "However, if the document merely creates a defense to the well-pled allegations in the complaint, then

---

[2] Strojnik opposed SCG American's original RJN, Docket No. 21, which was filed with its original motion to dismiss.  Because that motion was mooted by Strojnik's FAC, so too was its RJN. Thus, Strojnik's opposition to that RJN does not apply here.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |

| | |
|---|---|
| Title | Peter Strojnik v. SCG America Construction Inc. |

that document did not necessarily form the basis of the complaint" and cannot be incorporated by reference.  <u>Khoja</u>, 899 F.3d at 1002.

Courts "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  <u>Bias</u> <u>v.</u> <u>Monynihan</u>, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal citations and quotation marks omitted).

In accordance with Fed. R. Evid. 201, the Court takes judicial notice of the PACER search results for Strojnik because this qualifies as notice of proceedings in other courts that have a direct relation to matters at issue and is not subject to dispute.  The Court declines to take judicial notice of the videos allegedly showing Strojnik walking and carrying a briefcase over his shoulder, which would necessarily be used as a defense to Strojnik's FAC and, thus, cannot be incorporated into the FAC.  <u>See</u> <u>Khoja</u>, 899 F.3d at 1002.

## B.     American with Disabilities Act Claim

SCG American moves to dismiss Strojnik's ADA claim for lack of standing and failure to state a claim.  Mot. at 8-21.

Strojnik bears the burden of establishing standing.  <u>Lujan</u>, 504 U.S. at 561.  "[A] disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation."  <u>Ervine</u> <u>v.</u> <u>Desert</u> <u>View</u> <u>Reg'l</u> <u>Med.</u> <u>Ctr.</u> <u>Holdings, LLC</u>, 753 F.3d 862, 866 (9th Cir. 2014) (quoting <u>Chapman</u> <u>v.</u> <u>Pier</u> <u>1</u> <u>Imports</u> <u>(U.S.)</u> <u>Inc.</u>, 631 F.3d 939, 946 (9th Cir. 2011)).  Because plaintiffs may only receive injunctive relief under Title III of the ADA, a plaintiff "must not only demonstrate the familiar requirements for standing—injury-in-fact, traceability, redressability—but also 'a sufficient likelihood that he will be wronged again in a similar way.'"  <u>Id.</u> (quoting <u>Fortyune</u> <u>v.</u> <u>Am.</u> <u>Multi–Cinema,</u> <u>Inc.</u>, 364 F.3d 1075, 1081 (9th Cir. 2004)).  Therefore, a plaintiff must show that "he faces a 'real and immediate threat of repeated injury.'"  <u>Id.</u> (quoting <u>O'Shea</u> <u>v.</u> <u>Littleton</u>, 414 U.S. 488, 496 (1974)).  An ADA plaintiff may meet this requirement in two ways.  First, the plaintiff may show that "he intends to return to a noncompliant place of public accommodation where he will likely suffer repeated injury."  <u>Id.</u> (quoting <u>Chapman</u>, 631 F.3d at 948).  Second, the plaintiff may show that he "is currently deterred

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |
|---|---|---|---|

| Title | Peter Strojnik v. SCG America Construction Inc. |
|---|---|

from visiting that accommodation by accessibility barriers." Id. (quoting Doran v. 7–Eleven, Inc., 524 F.3d 1034, 1041 (9th Cir. 2008)).

    1.    Lack of Information on Websites

SCG American argues that Strojnik simply listed conclusory allegations about the website without listing what specific information is missing or how it relates to his alleged disabilities. Mot. at 10-12.

The ADA applies to websites that "impede[] access to the goods and services of . . . places of public accommodation." Robles v. Domino's Pizza, LLC, 913 F.3d 898, 905 (9th Cir. 2019). Access barriers encountered on a website must relate to the plaintiff's disabilities. Strojnik v. Orangewood LLC, No. CV-00946 DSF (JCx), 2020 U.S. Dist. LEXIS 11743, at *16 (C.D. Cal. Jan. 22, 2020) (citing Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr., 867 F.3d 1093, 1097 (9th Cir. 2017) (wheelchair-bound plaintiffs were informed by defendants that the hotel did not provide equivalent shuttle service for mobility-impaired people)).

Strojnik provides screenshots of the third-party website, Hotels.com, and SCG American's website, Hyatt.com, in support of his claim that SCG American violated booking website disclosure requirements pursuant to 28 C.F.R. § 36.302(e). See FAC ¶ 19. In order for SCG American to be held liable for what is posted on the third-party site, it must fail to "make[] available such rooms and [accessibility] information to [the] third-party reservation provider." 28 C.F.R. § Pt. 36, App. A (2010 DOJ Guidance); Orangewood LLC, 2020 U.S. Dist. LEXIS at *17. Nowhere in Strojnik's FAC is it alleged that SCG American failed to make accessibility information available to Hotels.com. Thus, Strojnik has not properly alleged a claim against SCG American for the postings by a third-party website.

As for the Hyatt website, Strojnik alleges that the "website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs." FAC ¶ 19. Nothing more is provided. Strojnik cannot rely solely on conclusory allegations, but rather must state what information is missing that would prevent him from staying at the hotel. Orangewood, 2020 U.S. Dist. LEXIS at *19-20; see Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1550 (2016). Further, Strojnik needs to link

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |

| | |
|---|---|
| Title | Peter Strojnik v. SCG America Construction Inc. |

that missing information to his disability. <u>Spokeo</u>, 136 S. Ct. at 1549 ("[plaintiff] could not . . . allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement"); <u>Chapman</u>, 631 F.3d at 953 ("An ADA plaintiff . . . lacks standing . . . if the barriers he seek to enjoin do not pose a real and immediate threat to him due to his particular disability.").

Therefore, because Strojnik fails to allege that SCG American did not make accessibility information available to a third party booking site, and because he did not state what was missing from SCG American's website or connect that missing information to his disability, Strojnik has not stated an ADA claim and does not have standing. SCG American's motion to dismiss as to the claims involving the websites is **GRANTED**.

      2. <u>Physical Barriers</u>

SCG American next moves to dismiss Strojnik's FAC as to the physical barriers for (1) failing to allege Strojnik visited SCG American's hotel and encountered any barriers, (2) failing to allege what barriers existed, and (3) failing to allege how those barriers relate to his disability. Mot. at 12.

In regards to SCG American's first argument, Strojnik has alleged that he visited the hotel and experienced barriers. FAC ¶ 18 ("Defendant's competitor's hotel was replete with accessibility barriers and, therefore, Plaintiff visited Defendant's hotel to determine if it would be suitable for future lodging."). Plaintiff has further alleged that he would return but is deterred from these barriers. <u>Id.</u> ¶ 14; <u>see</u> <u>Doran</u>, 524 F.3d at 1041.

Strojnik also alleges that certain physical barriers existed at SCG American's hotel when he visited, including the following:
- No marked passenger drop off zone
- Accessible parking not closest to entrance
- Inaccessible valet counter, concierge counter, check-in counters, seating in lobby, lobby bar, lobby bar seating, Citrus Grove Deli seating, Citrus Grove Deli counter, and isles and items in the gift shop.

FAC ¶ 19. However, these are simply "bare legal conclusions cast in the form of factual allegations, with no specification as to how any alleged barrier violates any aspect of the ADA or any related accessibility guidelines." <u>Strojnik v. Hotel Circle GL Holdings</u>,

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |
|---|---|---|---|

| Title | Peter Strojnik v. SCG America Construction Inc. |
|---|---|

LLC, No. 1:19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591, at *8 (E.D. Cal. Nov. 20, 2019).

Strojnik has also not alleged how these supposed barriers denied him full and equal access, nor is it readily apparent from the photographs Strojnik provided. Strojnik did include a caption at the bottom of each photograph labeled "The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel." Id. However, every single caption simply repeats the reasoning he used in his claims involving the websites: "Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs." Id. Plaintiff must explain how he falls within the class of persons injured by these alleged physical barriers that are in violation of the ADA. Doran, 524 F.3d at 1044, n.7; see also Chapman, 631 F.3d at 947 ("a 'barrier' will only amount to [] inference if it affects the *plaintiff's* full and equal enjoyment of the facility on account of *his particular disability*." (emphasis added)); Strojnik v. Four Sisters Inns, Inc., No. 2:19CV-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094, at *8 (C.D. Cal. Dec. 9, 2019). His copy-and-paste statements fail to do this.

Because Strojnik has not explained how these alleged barriers deny him full and equal access as a result of his disability, SCG American's motion to dismiss as to the physical barriers is **GRANTED**.

## C. California Disability Claims

SCG American next moves to dismiss Strojnik's Unruh Civil Rights Act and California Disabled Persons Act claims for lack of supplemental jurisdiction. Mot. at 21-23.

Strojnik asserts subject matter jurisdiction as a result of federal question jurisdiction over his ADA claim and supplemental jurisdiction over the state law claims. FAC ¶ 8. However, where a Court lacks Article III jurisdiction over a plaintiff's ADA claim for lack of standing, the Court has no discretion to retain supplemental jurisdiction over the plaintiff's remaining state law claims. Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 664 (9th Cir. 2002) ("[W]ith the dismissal of [plaintiff's] federal constitutional claim for lack of standing, we have no authority to retain jurisdiction over [plaintiff's]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |
|---|---|---|---|

| Title | Peter Strojnik v. SCG America Construction Inc. |
|---|---|

state law claims.") (citing 28 U.S.C. § 1367(a)); <u>Doran</u>, 524 F.3d at 1049 (vacating the district court's declining of supplemental jurisdiction only after determining the ADA claim was still valid). The Court has no subject matter jurisdiction over Strojnik's ADA claim because Strojnik has failed to allege an imminent injury-in-fact, and thus lacks constitutional standing. Accordingly, because the Court lacks jurisdiction in the first instance, the Court has no discretion to retain supplemental jurisdiction over Whitaker's remaining state law claims.

Accordingly, SCG American's motion to dismiss Strojnik's state law disability claims is **GRANTED**. Furthermore, the Court adopts the reasoning in <u>Shutza</u> v. <u>Cuddeback</u>, 262 F. Supp. 3d 1025 (S.D. Cal. 2017). In light of California's recent legislation regulating the filing of claims under California Civil Code §§ 51 *et seq.*, which reflects a special state interest in these cases, the Court may decline to exercise supplemental jurisdiction over Strojnik's Unruh Civil Rights Act claim pursuant to 28 U.S.C. § 1367(c)(2)-(4). If Strojnik repleads the claim, he needs to show cause why the Court should exercise supplemental jurisdiction over the Unruh Civil Rights Act claim in his amended complaint.

**D.     Negligence Claim**

SCG American likewise moves to dismiss Strojnik's negligence claim on the same grounds as those for the state disability claims. The Court **GRANTS** the motion to dismiss as to the negligence claim.

**E.     Leave to Amend FAC**

Given the Court has granted SCG American's motion to dismiss in its entirety, Strojnik seeks leave to amend his FAC. Opp'n at 11.

Under Rule 15, parties may amend pleadings only with written consent from the opposing party or leave of court. Fed. R. Civ. P. 15(a)(2). Leave of court should be "freely give[n] . . . when justice so requires." <u>Id.</u>; <u>see</u> <u>Morongo</u> <u>Band</u> <u>of</u> <u>Mission</u> <u>Indians</u> <u>v.</u> <u>Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990) (requiring that policy favoring amendment be applied with "extreme liberality"). To determine whether amendment is proper, the court must consider the following factors: undue delay, bad faith, prejudice to the opposing party, and futility. <u>Foman</u> <u>v.</u> <u>Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |
|---|---|---|---|

| Title | Peter Strojnik v. SCG America Construction Inc. |
|---|---|

2d 222 (1962); <u>Moore</u> <u>v.</u> <u>Kayport</u> <u>Package</u> <u>Express,</u> <u>Inc.</u>, 885 F.2d 531, 538 (9th Cir. 1989). The consideration of prejudice to the opposing party "carries the greatest weight." <u>Eminence</u> <u>Capital,</u> <u>LLC</u> <u>v.</u> <u>Aspeon,</u> <u>Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003). The non-moving party must demonstrate that they would be prejudiced if the amendment is granted. <u>DCD</u> <u>Programs,</u> <u>Ltd.</u> <u>v.</u> <u>Leighton</u>, 833 F.2d 183, 187 (9th Cir. 1987).

There are several issues with Stroknik's complaint. First, Strojnik has been previously informed by other courts in this circuit that his method of filing numerous essentially identical complaints raises the question of whether his pleadings are made in good faith. <u>See, e.g.,</u> <u>Strojnik</u> <u>v.</u> <u>IA</u> <u>Lodging</u> <u>Napa</u> <u>First</u> <u>LLC</u>, No. 19-cv-03983-DMR, 2020 U.S. Dist. LEXIS 32075, at *13 (N.D. Cal. Feb. 25, 2020); <u>Strojnik</u> <u>v.</u> <u>Hotel</u> <u>Circle</u> <u>GL</u> <u>Holdings,</u> <u>LLC</u>, 2019 U.S. Dist. LEXIS at *18-19; <u>Strojnik</u> <u>v.</u> <u>Wickstrom</u> <u>Hosp.,</u> <u>LLC</u>, No. 2:19-cv-002043 JAM AC PS, 2020 U.S. Dist. LEXIS 52889, at *15 (E.D. Cal. Mar. 25, 2020). Further, Strojnik alleges that SCG American's instant motion to dismiss is a "cut-and-paste" version of the last one they filed which is now moot. Opp'n at 2. However, Strojnik's FAC still failed to properly plead an ADA claim knowing the deficiencies SCG American was going to highlight. Id.

Nonetheless, "leave to amend 'when justice so requires' is to be granted with 'extreme liberality.'" *Strojnik v. 574 Escuela, LLC*, 2020 U.S. Dist. LEXIS at *14 (quoting *Hoang v. Bank of Am., N.A.,* 910 F.3d 1096, 1102 (9th Cir. 2018)) (citations omitted). Thus, Strojnik's FAC is **DISMISSED without prejudice**. Strojnik has 30 days to file a second amended complaint.

## F.     Request to Declare Strojnik a Vexatious Litigant

Lastly, SCG American moves for this Court to declare Strojnik a vexatious litigant requiring him to obtain leave of court before filing any future claims under the ADA in any California court. Mot. at 24.

The All Writs Act, 28 U.S.C. § 1651 (a), vests federal courts with the discretion to enjoin vexatious litigants. <u>Weissman</u> <u>v.</u> <u>Quail</u> <u>Lodge</u> <u>Inc.</u>, 179 F.3d 1194, 1197 (9th Cir. 1999); <u>De</u> <u>Long</u> <u>v.</u> <u>Hennessey</u>, 912 F.2d 1144, 1147 (9th Cir. 1990). Such orders, however, are "extraordinary remed[ies] that should be narrowly tailored and rarely used." <u>Moy</u> <u>v.</u> <u>United</u> <u>States</u>, 906 F.2d 467,470 (9th Cir. 1990); DeLong, 912 F.2d at 1147. "Nevertheless, '[f]lagrant abuse of the judicial process cannot be tolerated because it

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |
|---|---|---|---|

| Title | Peter Strojnik v. SCG America Construction Inc. |
|---|---|

enables one person to preempt the use of judicial time that properly could be used to consider meritorious claims of other litigants.'" Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (quoting De Long, 912 F.3d at 1148).

Although the Ninth Circuit never has articulated a precise standard to be followed by courts presented with a motion to declare a litigant vexatious, it has cautioned that such an order "cannot issue merely upon a showing of litigiousness." Moy, 906 F.2d at 470. Rather, the Court must: (1) give the plaintiff an opportunity to oppose the order; (2) create an adequate record of what court filings support issuance of the order; and (3) find that the filings were frivolous and harassing. DeLong, 912 F.2d at 1147-48. If the Court finds that a vexatious litigant order is proper, it must be narrowly tailored so as "'to prevent infringement on the litigator's right of access to the courts.'" Id. at 1148 (quoting Sires v. Gabriel, 748 F.2d 49,51 (1st Cir. 1984)).

1.   Notice

SCG American filed its motion on March 30, 2020.   Mot.  Strojnik responded to the motion, but did not acknowledge SCG American's request to declare him a vexatious litigant.  See generally Opp'n.  However, an opportunity to oppose the motion is sufficient to satisfy the due process requirement.  Molski, 500 F.3d at 1058-59.

2.   Adequate Record for Review

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude a vexatious litigant order was needed." De Long, 912 F.2d at 1147.  The Court has taken judicial notice of the search results in PACER showing Strojnik's 148 ADA cases provided by SCG American.  There is an adequate record for review here.

3.   Substantive Findings of Frivolous Litigation History

The third requirement set forth in De Long "gets to the heart of the vexatious litigant analysis." Molski, 500 F.3d at 1059.  To determine if Strojnik's actions are frivolous or harassing, the Court "must look at the number and to content of the filings as indicia of the frivolousness of the litigant's claims." Id. (quoting De Long, 912 F.2d at 1148) (internal quotations omitted).  As an alternative to frivolousness, the district court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |
|---|---|---|---|

| Title | Peter Strojnik v. SCG America Construction Inc. |
|---|---|

may make an alternative finding that the litigant's filings "show a pattern of harassment." De Long, 912 F.2d at 1148. The Ninth Circuit has adopted the Second Circuit's five factor test in Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986) as "a helpful framework" for determining this substantive factor. See Molski, 500 F.3d at 1058 (applying the framework to this factor and the other substantive factor, the narrow tailoring of the restriction). These five factors are:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Safir, 792 F.2d at 24.

Strojnik's propensity for filing a multitude of disability discrimination cases, particularly against hotel defendants, is very well known. See Strojnik v. 574 Escuela, LLC, No. 3:18-cv-06777-JD, 2020 U.S. Dist LEXIS 57459, at *5 (N.D. Cal. Mar. 31, 2020); Strojnik v. Bakersfield Convention Hotel I, LLC, No. 1:19-cv-01098 LJO JLT, 2020 U.S. Dist. LEXIS 16339, at *1 (E.D. Cal. Jan. 30, 2020); Strojnik v. Victus Grp., Inc., No. 1:18-CV-1620 AWI SKO, 2020 U.S. Dist. LEXIS 54117, at *6 (E.D. Cal. Mar. 27, 2020). While this alone does not establish vexation, a "district court must look at both the number and content of the filings of the filings as indicia of the frivolousness of the litigant's claims." Moy, 906 F.2d at 470 (an order declaring a litigant vexatious "cannot issue merely upon a showing of litigiousness."); but see Molski, 500 F.3d at 1059 (quoting De Long, 912 F.2d at 1148).

As stated above, countless courts have questioned Strojnik's motives in pursuing the litigation and whether he has a good faith basis for his claims. This is based on the fact that he files near identical lawsuits, save a few photographs and name changes, in what is apparently an effort to pressure ADA defendants into settlements before courts can reach the merits. IA Lodging Napa First, 2020 U.S. Dist. LEXIS at *13-14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |
|---|---|---|---|

| Title | Peter Strojnik v. SCG America Construction Inc. |
|---|---|

Although Strojnik is a *pro se* litigant in this case, he is also a former attorney with vast knowledge and experience in the realm of ADA cases. Strojnik v. Singpoli Grp., LLC, No. LACV 19-00066 JLS (AGR), 2019 U.S. Dist. LEXIS 24494, at *3 (C.D. Cal. Feb. 14, 2019). Strojnik is no longer an attorney because his law license was suspended for unethical conduct. Id.; Mot. at 1, fn. 1. Strojnik should be very well aware of the type of conduct that is permissible, yet despite repeated questioning of his intentions, he continues to file countless ADA cases in an effort to obtain money from his victims. All the while, despite this onslaught, Strojnik claims that granting a motion to dismiss would essentially diminish trust in the judiciary. Opp'n at 2. Strojnik has even moved to sanction SCG American for making a request for judicial notice. Objection to RJN, Docket No. 21, at 3.

In addition to the constant strain on the judicial system, there have been multiple occasions where Strojnik has ignored requests from the courts. See, e.g., Strojnik v. Griffin, No. 1:18-cv-01619-LJO-SAB, 2019 U.S. Dist. LEXIS 40825, at *2 (E.D. Cal. Mar. 13, 2019) ("it is apparent that [Strojnik] has made insufficient efforts to comply with the order [to show cause]"); Strojnik v. Fresno Hotel Holdings, LLC, No. 1:19-cv-01195, 2020 U.S. Dist. LEXIS 40548, at *2 (E.D. Cal. Mar. 9. 2020) (Strojnik failed to obey a court order and failed to appear at a telephonic status conference); Strojnik v. Griffin, No. 1:18-cv-01619-LJO-SAB, 2019 U.S. Dist. LEXIS 156174, at *3 (E.D. Cal. Sep. 11, 2019) (Strojnik failed to file a motion for default judgment as ordered, then did not respond to a resulting order to show cause); Strojnik v. Evans Hotels, LLC, No. 3:19-cv-000650-BAS-AHG, 2020 U.S. Dist. LEXIS 35550, at *5 (S.D. Cal. Mar. 2, 2020) ("[Strojnik]'s communications with the Court indicate a complete disregard for the expectation that a litigant should make a diligent effort to appear for hearing dates at all.").

In sum, Strojnik's history contains countless filings of frivolous complaints and instances of directly ignoring court orders. These findings support SCG American's motion for a pre-filing restriction.

4.     Narrow Tailoring of Pre-Filing Restrictions

Out of due concern for the litigant's rights to access the courts, pre-filing orders "must be narrowly tailored to the vexatious litigant's wrongful behavior." Molski, 500 F.3d at 1061. SCG American suggests that Strojnik be required to "obtain leave of court

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |
|---|---|---|---|

| Title | Peter Strojnik v. SCG America Construction Inc. |
|---|---|

before filing any other future claims under the Americans with Disabilities Act in any California Court." Mot. at 24. The Court agrees with the substance of SCG American's suggestion, but limits this pre-filing order to this District. The Court is satisfied that the proposed order as modified below will not deny Strojnik access to the courts, including for any legitimate ADA claim, and it adds a valuable layer of protection for the Court and potential future ADA defendants of Strojnik.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to dismiss. Strojnik's FAC is **DISMISSED without prejudice**. Stroknik has 30 days to file an amended complaint. Further, Strojnik is enjoined from filing any civil action alleging a cause of action for a violation of the Americans with Disabilities Act within the United States District Court for the Central District of California, without first obtaining certification from the Chief Judge of the District Court that his claims are not frivolous or asserted for an improper purpose.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |