1

2   Defendant hereby notifies the Court of a new decision entered on May 26, 2020 that is

3   relevant to the currently pending Motion to Dismiss and which is not yet published on

4   Lexis:

5          1.      In *Strojnik v. Host Hotels & Resorts, Inc.,* Civ. No. 19-00136 JMS-RT (D.

6   Hawaii May 26, 2020), the District Court granted Defendant's Motion to Dismiss Strojnik's

7   *Second* Amended Complaint without leave to amend.  The Second Amended Complaint

8   contains the same allegations regarding injury in fact, intent to return and deterrence as the

9   Second Amended Complaint filed in this action.  Particularly germane to the pending

10  Motion to Dismiss is the district court's rationale for denying leave to amend:

11          Despite constant admonitions by other courts to cure the deficiencies raised, he
            constantly fails to do so, including filing a similarly-deficient complaint before
12          this court. . . Accordingly, the court finds Plaintiff has acted in bad faith and
            granting leave to amend would be futile because Plaintiff has been placed on
13          notice by multiple courts of these deficiencies, and yet, he has failed to cure
            them.
14
    A copy of the *Host Hotels* decision Order is attached hereto for the Court's convenience as
15
    Exhibit 1.
16
                                            Respectfully Submitted,
17
                                            STILLMAN & ASSOCIATES
18

19
    Dated: May 27, 2020                     By:_____
20                                                 Philip H. Stillman, Esq.
                                            Attorneys for defendant R.F. WEICHERT V, INC.
21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, the undersigned, certify under penalty of perjury that on May 27, 2020 or as soon as possible thereafter, copies of the foregoing Notice of Recent Decision was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and via email to Plaintiff's email address listed with this Court.

By: */s/ Philip H. Stillman*
Attorneys for R.F. WEICHERT V, INC.

**Exhibit 1**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER STROJNIK,<br><br>                    Plaintiff,<br><br>          vs.<br><br>HOST HOTELS & RESORTS, INC. *dba* ANDAZ MAUI AT WAILEA RESORT,<br><br>                    Defendant. | CIV. NO. 19-00136 JMS-RT<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND, ECF NO. 55 |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND, ECF NO. 55**

## I. INTRODUCTION

On September 17, 2019, pro se Plaintiff Peter Strojnik ("Plaintiff") filed a Second Amended Complaint ("SAC") on behalf of a class against Defendant Host Hotels and Resorts, Inc. *dba* Andaz Maui at Wailea Resort ("Defendant" or "the Hotel") alleging that the Hotel is not compliant with the Americans with Disabilities Act ("ADA") along with various state law claims. Although Plaintiff is pro se, he is a disbarred lawyer quite familiar with the judicial system. *See Strojnik v. Kapalua Land Co. Ltd* ("*Kapalua Land Co. Ltd I*"), 379 F. Supp. 3d 1078, 1079 (D. Haw. 2019) ("Strojnik [is] an attorney who has been suspended from practicing law in Arizona"); *Strojnik v. 1530 Main LP*, 2020 WL

981031, at *1 & n.1 (N.D. Tex. Feb. 28, 2020) (stating that Strojnik

was disbarred on May 10, 2019, and that his disbarment related, at least in part, to

his conduct in filing thousands of ADA state and federal related lawsuits); *see also*

*Strojnik v. Bakersfield Convention Hotel I, LLC*, ___F. Supp. 3d ___, 2020 WL

509156, at *1 (E.D. Cal. Jan. 31, 2020) ("Plaintiff Peter Strojnik . . . *pro se*, has

filed thousands of disability discrimination cases against hotel defendants in state

and federal courts, and this is one of those cases.") (footnote omitted).[1]

   Before the court is Defendant's Motion to Dismiss for lack of subject-

matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or for failure to

state a claim under rule 12(b)(6). *See* ECF No. 55. For the following reasons,

Defendant's Rule 12(b)(1) Motion to Dismiss Plaintiff's SAC is GRANTED,

without leave to amend.

## II. <u>BACKGROUND</u>

### A. **Factual Background**

   Plaintiff is an "ADA tester" and currently resides in Maricopa County,

Arizona. SAC ¶¶ 1-2, ECF No. 19 at PageID #208-09. Plaintiff is "legally

---

[1] As a general rule, courts do not liberally construe the filings of disbarred attorneys. *See, e.g.*, *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007). Nonetheless, whether or not the court liberally construes his filings in this case, the court would reach the same conclusion—that Strojnik does not have Article III standing.

disabled by virtue of a severe right-sided neural foraminal stenosis and formal

neuropathy, prostate cancer and renal cancer, [and] degenerative right knee and is

therefore a member of a protected class under the ADA and [Hawaii Revised

Statutes ("HRS")] Chapter 479." *Id.* ¶ 2, ECF No. 19 at PageID #209. "Plaintiff

suffers from physical impairments . . . substantially limit[ing] his major life

activities." *Id.* ¶ 3, ECF No. 19 at PageID #209. He "walks with difficulty and

pain and requires compliant mobility accessible features at places of public

accommodation." *Id.*

Plaintiff alleges that both third-party booking websites and

Defendant's first-party website "failed to identify and describe mobility related

accessibility features and guest rooms offered through its reservations service in

enough detail" for Plaintiff to assess whether the Hotel met his accessibility needs.

*Id.* ¶¶ 22, 24, ECF No. 19 at PageID #212. These websites also "failed to make

reservations for accessible guest rooms available in the same manner as individuals

who do not need accessible rooms." *Id.* ¶ 23, ECF No. 19 at PageID #212.

"Because [these websites] failed to identify and describe mobility related

accessibility features and guest rooms" "in enough detail to reasonably permit

Plaintiff to assess independently" whether the Hotel "meets his accessibility

needs[,] Plaintiff declined to book a room there[,] and because Plaintiff was unable

to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms, Plaintiff declined to book a room there." *Id.* ¶ 26, ECF No. 19 at PageID #212. In further support, Plaintiff attaches an "Addendum A" which appears to be screenshots of the third-party and first-party websites, along with photographs of Defendant's premise. *See generally* ECF No. 19 at PageID #224-59 (Addendum A with unnumbered screenshots).

Plaintiff alleges he has been "deterred from visiting the Hotel" based on his knowledge that the hotel is "not ADA or State Law compliant." *Id.* ¶ 10, ECF No. 19 at PageID #209. He "intends to visit Defendant[] . . . at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with [the] ADA." *Id.* ¶ 11, ECF No. 19 at PageID #210.

**B.    Procedural Background**

Plaintiff brings the instant suit as a class action complaint[2] against Defendant, alleging a sole federal claim of an ADA violation along with state law claims of violation of HRS Chapter 489, Hawaii's state counterpart to the ADA; non-disclosure; consumer fraud pursuant to HRS Chapter 480; and negligence per se. *Id.* ¶¶ 18-78, ECF No. 19 at PageID #211-22. On February 25, 2020,

---

[2] Because the court determines that Plaintiff lacks standing, it need not address Plaintiff's ability to represent class members.

Defendant filed its motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). ECF No. 55. Plaintiff filed his opposition on March 4, 2020. ECF No. 57. Defendant filed its reply on April 27, 2020. ECF No. 61. Defendant also requests the court take judicial notice ("RJN") of several district court dismissal orders that are not available on Westlaw, Plaintiff's complaints in other cases, the order suspending Plaintiff's Arizona bar license, and true and correct copies of various publicly-accessible government websites. *See* ECF Nos. 55-2 (RJN) & 61-1 (Supplemental RJN). The court finds the motion suitable for disposition without a hearing pursuant to Local Rule 7.1(c). *See* ECF No. 60. The court GRANTS Defendant's RJN[3] and, for the reasons stated below, GRANTS Defendant's motion to dismiss without leave to amend.

---

[3] Specifically, although Plaintiff does not appear to dispute the authenticity of the documents, it appears he opposes Defendant's RJN to the extent these exhibits are prejudicial—that is, he appears to argue they are "defamatory." *See* ECF No. 57 at PageID #1259. However, Plaintiff provides no argument or otherwise disputes the authenticity of these documents. And, the court finds, that there is no reasonable dispute as to these documents. *See Lesane v. Aloha Airlines, Inc.*, 2007 WL 9711167, at *3-4 (D. Haw. Jan. 23, 2007) (taking judicial notice of the record and relevant orders in another proceeding); *see also Juliana v. United States*, 2018 WL 9802138, at *1 (D. Or. Oct. 15, 2018 ("Judicial notice may be taken of public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies.") (citation and quotation marks omitted).

## III.  <u>STANDARD OF REVIEW</u>

The question of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III [of the United States Constitution]." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Because standing is a jurisdictional issue, it is properly addressed as a motion brought under Rule 12(b)(1).  *Cetacean Cty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).  A court will dismiss a party's claim for lack of subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1).  In order to satisfy Article III's standing requirements, a plaintiff must show "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

6

# IV. <u>DISCUSSION</u>

Plaintiff has failed to plead facts alleging he has standing under the ADA—his sole federal claim. As a general proposition, "to have standing, an ADA plaintiff 'must personally encounter at least some barriers, or have personal, percipient knowledge of the barriers.'" *Brooke v. H.P. Hosp., LLC*, 2017 WL 4586349, at *3 (C.D. Cal. July 11, 2017) (citation omitted). A plaintiff "lacks standing . . . if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 953 (9th Cir. 2011). Ninth Circuit caselaw establishes that an ADA plaintiff may establish standing either by "demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility" *or* "demonstrating deterrence." *Id.* at 944. As discussed below, Plaintiff has failed to allege standing under either test.

## A. Plaintiff Has Failed to Identify an Injury-in-Fact or Intent to Return

### 1. *Injury-in-Fact*

"[I]n order to suffer an injury-in-fact arising from an actual encounter with a barrier, an ADA plaintiff must establish that the barrier *relates to* his disability." *Strojnik v. IA Lodging Napa First LLC*, 2020 WL 906722, at *2 (N.D. Cal. Feb. 25, 2020) (citing *Chapman*, 631 F.3d at 947 n.4) (emphasis added); *see*

7

*also Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 n.7 (9th Cir. 2008) (stating that a wheelchair user "may challenge only those barriers that might reasonably affect a wheelchair user's full enjoyment of the store").

Here, Plaintiff has not identified any barriers in his SAC, nor has he alleged any specific disability which relates to any barriers. Plaintiff included screenshots from websites and alleges that the "[b]ooking website does not identify and describe accessible features in the hotel . . . to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs."[4] *See, e.g.*, SAC Addendum A, ECF No. 19 at PageID #245-46 (screenshot of rooms which indicate they are purportedly ADA-compliant). Plaintiff further alleges in conclusory fashion that he "suffers from physical impairments" which "substantially limit his life activities." *Id.* ¶ 3, ECF No. 19 at PageID #209. He also alleges he "walks with difficulty and pain and requires compliant mobility accessible features." *Id.*

---

[4] Plaintiff also provided 18 photographs of what appears to be pictures of Defendant's premises and alleges that these show numerous violations on the premises. *See* ECF No. 19 at PageID #247-66; *see id.* at PageID #265-66 (alleging there are various "[i]naccessible entry" or "[i]naccesible routes" to parts of the hotel). However, these allegations do not sufficiently identify any illegal barriers—merely stating that certain facilities are "[i]naccessible" is conclusory and does not allege sufficient facts as to *how* such facilities are "inaccessible." In any event, even assuming such conclusory allegations are sufficient to identify any barriers (which they are not), Plaintiff still fails to identify how these "inaccessible" facilities *relate* to his specific disabilities.

These allegations are insufficient to allege injury-in-fact.[5] For example, Plaintiff does not identify what "mobility accessible features" he would need due to his "difficulty and pain." He also does not allege which accommodations, if any, he would need due to his purported disabilities. Nor does he provide any allegations as to how the rooms are not compliant. That is, he does not identify any *barriers*, let alone draw a connection between these barriers and his disability. In fact, the exact opposite is true—Plaintiff's SAC concedes that he cannot "assess . . . whether the hotel or guest room meets his accessibility needs." ECF No. 19 at PageID #237. Thus, "Plaintiff has failed . . . to allege sufficiently . . . how his disabilities relate to the barriers he encountered." *See Bakersfield Convention Hotel I, LLC*, 2020 WL 509156, at *4; *see also Strojnik v. The Victus Grp., Inc.*, 2020 WL 1492664, at *3 (E.D. Cal. Mar. 27, 2020) ("[T]he Complaint does not explain how Strojnik's specific disability was affected by any of the alleged barriers (both architectural and the websites) so as to deny him full and equal access.").

---

[5] Plaintiff also alleges that Defendant is not compliant with 28 CFR § 28.302(e) and argues that pursuant to § 28.302(e), Defendant is required to "disclose both the *accessible* elements but, more importantly, *inaccessible* elements of the place of lodging." SAC ¶ 27, ECF No. 19 at PageID #212. However, such allegation goes to the merits of Plaintiff's claims and is insufficient for standing purposes. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (a plaintiff "cannot satisfy the demands of Article III [standing] by [merely] alleging a bare procedural violation" of a statute).

## 2.    Intent to Return

And even if Plaintiff alleged a barrier that relates to his disability (which he did not), Plaintiff's SAC separately fails because it does not allege that he has any intentions to return to Defendant's hotel.  The intent to return must be more concrete than merely a "'some day' intention."  *Parr v. L&L Drive Inn Rest.*, 96 F. Supp. 2d 1065, 1078 (D. Haw. 2000) (citing *Lujan*, 504 U.S. at 564).

> District Courts in the Ninth Circuit have typically looked at four factors to determine the intent to return: (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant's location area.

*Berg v. Bed Bath & Beyond, Inc.*, 2017 WL 1483357, at *6 (D. Haw. Apr. 24, 2017) (citation omitted).

Here, Plaintiff alleges that he "intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADA."  SAC ¶ 11, ECF No. 19 at PageID #210.  However, this is the exact conclusory "some day" intentions that *Parr* and other courts have rejected.[6]

---

[6]  Plaintiff's Central District of California Complaint in *Strojnik v. Pasadena Robles Acquisitions, LLC*, Civ No. 19-02067 AB (PJW), contained nearly identical language regarding Plaintiff's intent to return to the hotel as the SAC in this case.  In both complaints, he alleges that "Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant" with the ADA or the ADA Accessibility

(continued . . . .)

Plaintiff argues that his subjective intent to return should be sufficient.[7]  But

Plaintiff has not identified caselaw showing that a litigant's conclusory intent

meets the standard for establishing intent to return, as opposed to the four objective

factors outlined in *Berg*.  And a cursory review of the four factors shows Plaintiff

does not meet *any* of the factors.  That is, Plaintiff resides in Arizona, over 2,800

miles away from Hawaii; Plaintiff does not allege he ever stepped foot on

Defendant's hotel premises; he does not allege he has any specific plans to return;

and he has not alleged facts to show he intends to come to Hawaii.

> Accordingly, Plaintiff has failed to establish ADA standing under the

first test.  Specifically, Plaintiff failed to allege facts (1) identifying a specific

---

Guidelines.  *Compare* RJN Ex. 10 (*Pasadena Robles* Compl.) ¶ 12, ECF No. 55-13 at PageID #1110, *to* SAC ¶ 11, ECF No. 19 at PageID #210.  And, in *Pasadena Robles*, the Ninth Circuit recently affirmed the district court's finding that Plaintiff "failed to demonstrate an intent to return to defendant's hotel."  *See Strojnik v. Pasadena Robles Acquisition,* 801 F. App'x 569, 570 (9th Cir. Apr. 15, 2020) (Mem.).

[7] Instead of addressing Defendant's arguments, Plaintiff appears to argue that rejecting his conclusory allegation that he intends to return arises to a violation of his First Amendment right to seek redress.  *See* ECF No. 57 at PageID #1263-64.  Plaintiff further argues that the court is making an improper "credibility" determination by rejecting his SAC, also in violation of his right to redress under the First Amendment.  *Id.* at PageID #1262-63.  Both these claims misconstrue the court's role—to construe the SAC in the light most favorable to Plaintiff and assess whether it contains viable claims as alleged or whether it should be dismissed under established legal principles.  Contrary to Plaintiff's assertions, dismissing frivolous complaints (and even non-frivolous but meritless complaints) is a function of the court in adjudicating the merits of cases.  This includes ensuring that Plaintiff has properly invoked the court's jurisdiction in filing his case (which Plaintiff has failed to properly do here).

barrier and alleging *how* it relates to his disability; ***and*** (2) any objective intent to return under *Berg*.

## B.     Plaintiff Has Failed to Demonstrate Deterrence

Alternatively, Plaintiff has not alleged facts showing that he was deterred from visiting Defendant's hotel.  A plaintiff may alternatively establish standing for ADA purposes by demonstrating deterrence from returning to the premises due to a defendant's failure to comply with the ADA.  *See Chapman*, 631 F.3d at 944; *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137-38 (9th Cir. 2002).  To demonstrate deterrence, a plaintiff must allege "actual knowledge of illegal barriers at a public accommodation to which he or she desires access." *Pickern*, 293 F.3d at 1135.  "[O]nce a plaintiff has actually become aware of discriminatory conditions existing at a public accommodation, and is thereby deterred from visiting or patronizing that accommodation, the plaintiff has suffered an injury." *Id.* at 1136-37.  But a plaintiff's claimed "deterrence cannot merely be conjectural or hypothetical." *Vogel v. Salazar*, 2014 WL 5427531, at *2 (C.D. Cal. Oct. 24, 2014).  A plaintiff must allege facts to show that he "is truly deterred and would return to the establishment if the establishment were compliant with the ADA." *Id.*

12

To demonstrate deterrence, Plaintiff need not have firsthand knowledge and does not require visiting the location beforehand.  *See Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.* ("*CREEC*"), 867 F.3d 1093, 1099-100 (9th Cir. 2017).  A theory of deterrence, however, nevertheless requires identification of "actual knowledge of illegal barriers."  *See id.* at 1098-99 (noting that the deterrence theory requires "'actual knowledge of illegal barriers at a public accommodation to which he or she desires access'") (quoting *Pickern*, 293 F.3d at 1135).  As discussed previously, Plaintiff has not identified any illegal barriers.

Plaintiff appears to argue that *CREEC* is dispositive in his favor.[8] *CREEC* found that named plaintiffs sufficiently alleged deterrence when they alleged that "they intend[ed] to visit the relevant hotels, but have been deterred from doing so by the hotels' noncompliance with the ADA.  They further allege that they will visit the hotels when the non-compliance is cured.  Thus, the ADA violations have prevented them from staying at the hotels."[9]  *CREEC*, 867 F.3d at

---

[8]  In lieu of any actual analysis or argument, Plaintiff copies verbatim the analysis of an order in *Strojnik v. GF Carneros Tenant, LLC*, 19-cv-3583 (N.D. Cal.).  *See* ECF No. 57 at PageID #1260-62.  Plaintiff does not explain why this court should follow that order as opposed to the many dismissal orders finding against Plaintiff, such as the many identified throughout this Order.

[9]  *CREEC* is further distinguishable because the question before *CREEC* was whether a plaintiff needs to visit the premise before having standing and "did not involve the adequacy of the complaint's factual allegations to support standing."  *See Strojnik v. Wickstrom Hosp., LLC*, 2020 WL 1467067, at *6 (E.D. Cal. Mar. 26, 2020) (distinguishing *CREEC* and finding

(continued . . . .)

1099.  Contrary to Plaintiff's assertion, *CREEC* does not support Plaintiff's position because *CREEC* nevertheless requires an allegation of an "illegal barrier[]," something Plaintiff has not sufficiently alleged here.  *See IA Lodging Napa First LLC*, 2020 WL 906722, at *3-4 (finding *CREEC* requires "actual knowledge of a barrier" and distinguishing *CREEC* for such reason).  Further, in *Pasadena Robles*, the Ninth Circuit affirmed the district court's finding that Plaintiff failed to demonstrate that "he was deterred from visiting defendant's hotel."  801 F. App'x at 570.[10]

Accordingly, Plaintiff has not established injury-in-fact under the alternative theory of deterrence.

## C.    Plaintiff's State Law Claims

Because the court lacks subject-matter jurisdiction over Plaintiff's sole federal claim and this case is only at the pleading stage, the court also declines supplemental jurisdiction over the accompanying state law claims pursuant to 28 U.S.C. § 1367(c) and dismisses them without prejudice.  *See City of Chicago v.*

---

Plaintiff's "reliance [on *CREEC*] misplaced" because "[t]his case does not present those questions"); *see also Bakersfield Convention Hotel I, LLC*, 2020 WL 509156, at *7 (noting that the "issues addressed by the Ninth Circuit in *CREEC* are especially distinct from the ones" raised in Plaintiff's complaint).  In any event, as *CREEC* reiterated, determination of standing requires "case-by-case determinations about whether a particular plaintiff's injury is imminent."  *CREEC*, 867 F.3d at 1100 (citation omitted).

[10]  Again, the underlying complaint in *Pasadena Robles* is nearly identical to the SAC before this court.

14

*Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) ("[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988))). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point towards declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

## V. <u>LEAVE TO AMEND</u>

Although the Ninth Circuit has a policy to grant leave to amend "with extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003), it is also within the court's discretion to deny leave to amend because of "bad faith or dilatory motive," *Foman v. Davis*, 371 U.S. 178, 182 (1962). Further, "[f]utility of amendment can, by itself, justify the denial" of leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Here, Plaintiff has not shown any good faith intention to cure any of the defects identified by the court. Plaintiff has filed a nearly identical form complaint in many courts, containing nearly-identical allegations, and merely replaces the pictures and screenshots of defendant hotels—all of which have been

rejected by many courts on similar grounds—that is, because Plaintiff consistently fails to allege standing. *See The Victus Grp., Inc.*, 2020 WL 1492664, at *2 (citing numerous cases, noting that "Strojnik has filed many similar complaints alleging accessibility problems with various hotels, including architectural barriers and websites problems" which all "involve an alleged lack of details about the accessibility features of the hotel, as well as pictures of online photos of various aspects of the hotels/rooms that allegedly constitute ADA barriers. In each of the above cases, it was concluded that Strojnik had failed to allege standing under the ADA"). Despite constant admonitions by other courts to cure the deficiencies raised, he constantly fails to do so, including filing a similarly-deficient complaint before this court.

And in fact, these actions have caused other courts to also question his good faith intentions. *See, e.g.*, *IA Lodging Napa First LLC*, 2020 WL 906722, at *5 ("Strojnik's form complaint and generic opposition brief raise the question of whether his pleadings are made in good faith or whether he is merely relying on the federal court's liberal policy of granting leave to amend. The number of other, essentially identical, complaints he has filed . . . raise a concern that Strojnik files bare-bones complaints that do not meet pleading standards in order to pressure

ADA defendants into settlements before the court can reach the merits of his claims.").

And, further, even if Plaintiff were filing these complaints in good faith, given his failure to cure these defects dispute numerous opportunities to do so, the court can only conclude that amendment would be futile. *See Strojnik v. Kapalua Land Co. LTD* ("*Kapalua Land Co. Ltd II*), 2019 WL 4685412, at *9 (D. Haw. Aug. 26, 2019), *adopted in* 2019 WL 4684450 (D. Haw. Sept. 25, 2019), *aff'd* 801 F. App'x 531 (9th Cir. Apr. 15, 2020) (finding that granting Plaintiff leave to amend his complaint would be futile and denying Plaintiff's motion for leave to amend); *see also Strojnik v. Landry's Inc.*, 2019 WL 7461681, at *5 (S.D. Tex. Dec. 9, 2019) (denying Strojnik leave to amend because amendment would be futile because "nothing in the record or Plaintiff's arguments suggests that Plaintiff could amend his pleadings[] in a manner consistent with Fed. R. Civ. P. 11"), *report and recommendation adopted sub nom. Strojnik v. Landry's Inc.,* 2020 WL 42454 (S.D. Tex. Jan. 2, 2020); *see also Pasadena Robles*, 801 F. App'x at 569 (affirming district court's dismissal of Strojnik's ADA claim for lack of standing and affirming denial of leave to amend). Accordingly, the court finds Plaintiff has acted in bad faith and granting leave to amend would be futile because Plaintiff has

been placed on notice by multiple courts of these deficiencies, and yet, he has

failed to cure them.[11]

## VI. CONCLUSION

For the foregoing reasons, the court GRANTS Defendant's Motion to

Dismiss without leave to amend. The Clerk of Court is instructed to close the case

file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 26, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Strojnik v. Host Hotels & Resorts, Inc.*, Civ. No. 19-00136 JMS-RT, Order Granting Defendant's Motion to Dismiss Without Leave to Amend, ECF No. 55.

---

[11] In its Reply, Defendant requests that the court *sua sponte* order Plaintiff to show cause as to why he should not be declared a vexatious litigant. *See* ECF No. 61 at PageID #1276, n.3. The court declines to do so at this time.

18