UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER STROJNIK,

    Plaintiff,

v.

574 ESCUELA, LLC,

    Defendant.

Case No. 3:18-cv-06777-JD

**ORDER RE MOTION FOR LEAVE TO SEEK RECONSIDERATION**

Re: Dkt. No. 21

The Court granted in part, and denied in part, defendant's motion to dismiss. Dkt. No. 20. Defendant, who does business as Monte Cristo Inn B&B ("Monte Cristo"), has filed for leave to seek reconsideration of that order. Dkt. No. 21. The request is denied.

In a motion for leave to file a motion for reconsideration, the moving party must show: (1) a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought; (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order. Civil L.R. 7-9(b). Reconsideration is "an extraordinary remedy" and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation and citation omitted). These standards are not met here.

Contrary to Monte Cristo's suggestion, it has not identified a change in controlling law since the Court's order was filed on March 31, 2020. The subsequent circuit memorandum decisions *Strojnik v. Pasadena Robles Acquisition, LLC*, ___ Fed. App'x ___, 2020 WL 1875249

(9th Cir. Apr. 15, 2020), and *Strojnik v. Kapalua Land Co.*, ___ Fed. App'x ___, 2020 WL 1866856 (9th Cir. Apr. 14, 2020), "lack[] precedential value." *Singh v. Holder*, 753 F.3d 826, 833-34 (9th Cir. 2014). So too for the district court orders cited in the motion and notice of supplemental authorities, Dkt. No. 22. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). Ultimately, as on the motion to dismiss, Monte Cristo fails to show that Strojnik's allegations are distinguishable from those that our circuit held were sufficient to establish Article III standing in *Civil Rights Education & Enforcement Center v. Hospitality Properties Trust* (*CREEC*), 867 F.3d 1093, 1099 (9th Cir. 2017).

Nor has Monte Cristo demonstrated a manifest failure to consider facts or arguments previously presented. Strojnik's serial pattern of ADA litigation in state and federal courts was recognized and considered in the Court's order. Dkt. No. 20 at 4.

The presumption against extraterritoriality also does not support granting leave to seek reconsideration. This point was well-raised in the original briefing and so is not properly supplemented now. In any event, it is wrong as stated. Strojnik's claim is that Monte Cristo's California-based website violated his rights by making it impossible for him to assess whether the hotel met his accessibility needs. Dkt. No. 1 ¶ 17; Cal. Civ. Code § 54(c). As alleged, "the conduct which gives rise to liability . . . occurs in California," and the presumption against extraterritoriality "has never been applied to an injured person's right to recover damages suffered as a result of an unlawful act or omission committed in California." *Diamond Multimedia Sys., Inc. v. Superior Court*, 19 Cal. 4th 1036, 1059 (1999).

The motion for leave to seek reconsideration is denied. Strojnik's motion to strike, Dkt. No. 23, Monte Cristo's notice of supplemental authorities, Dkt. No. 22, is dismissed as moot.

**IT IS SO ORDERED.**

Dated: May 4, 2020

JAMES DONATO
United States District Judge