

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS
APR 23 2020
FILED
DOCKETED_____ _____
               DATE    INITIAL

Case No. 19-56523

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

Peter Strojnik

             Plaintiff – Appellant,

v.

Four Sisters Inns, Inc.

             Defendants – Appellees

Appeal from the United States District Court for the Central District of California

# APPELLANT'S RESPONSE TO APPELLEE'S MOTION FOR SUMMARY DISPOSITION and REQUEST FOR ORAL ARGUMENT

Peter Strojnik
7847 N. Central Avenue
Phoenix, Arizona 85020
*Pro se*

# SUMMARY

The sufficiency of jurisdictional pleading raised in this Appeal that has received inconsistent treatment by the district courts. This has resulted in conflicting decisions that are irreconcilable with the 9th Circuit Court of Appeals and the United States Supreme Court precedent. A summary disposition requested by Appellee would only perpetuate the current uncertainty within the 9th Circuit and should be denied..

The United States Supreme Court and the 9th Circuit Court of Appeals have clearly defined the quantum of jurisdictional allegations required at the pleadings stage. Unfortunately, numerous district courts have confounded the *Ashcroft*[1] and *Twombly*[2] pleading standards to state a claim with *Defenders of Wildlife*[3] *Seldin*[4], *Centex*[5], *Kayo*[6], *CREEC*[7] and Fed. R. Civ. P. 9(b)[8] jurisdictional pleading standards.

As more fully addressed below and Strojnik's Opening Brief, the distinction between allegations supporting a statement of a claim under *Ashcroft* and *Twombly*,

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)
[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)
[3] *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992)
[4] *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)
[5] *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011)
[6] *Wilson v. Kayo Oil Co.*, 563 F.3d 979 (9th Cir. 2009)
[7] *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093, 1099 (9th Cir. 2017)
[8] Allegations of "intent" (to return) and "state of mind" (deterred state of mind) may be alleged generally.

2

and the allegations supporting jurisdictional standing under *Defenders of Wildlife, Seldin, Centex, Kayo, CREEC* and Fed. R. Civ. P. 9(b) is significant. While *Ashcroft* and *Twombly* require strict factual enhancements to state a plausible claim for relief, *Defenders of Wildlife* is clear that the district courts must "presume that general [jurisdictional] allegations embrace those specific facts that are necessary to support the claim." *Id.,* 505 U.S. at 561.

This court summarized the distinction in *Centex,* 658 F. 3rd at 1067-68:

> *Twombly* and *Iqbal* are ill-suited to application in the constitutional standing context because in determining whether plaintiff states a claim under 12(b)(6), the court necessarily assesses the merits of plaintiff's case. But the threshold question of whether plaintiff has standing (and the court has jurisdiction) is distinct from the merits of his claim. Rather, "[t]he jurisdictional question of standing precedes, and does not require, analysis of the merits." *Equity Lifestyle Props., Inc. v. Cnty. of San Luis Obispo,* 548 F.3d 1184, 1189 n. 10 (9th Cir. 2008); *see also Seldin,* 422 U.S. at 500, 95 S.Ct. 2197 (Standing "in no way depends on the merits of the [] contention that particular conduct is illegal."); *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Catholic League for Religious and Civil Rights v. City & Cnty. of San Francisco,* 624 F.3d 1043, 1049 (9th Cir. 2010) (en banc) ("Nor can standing analysis, which prevents a claim from being adjudicated for lack of jurisdiction, be used to disguise merits analysis, which determines whether a claim is one for which relief can be granted if factually true.").

California district courts' decisions on this issue are inconsistent. *Compare* this case with cases cited in Footnote 10. The current appeal seeks a clarification between these inconsistent rulings.

3

## ANALYSIS

### A. LEGAL STANDARDS

#### I. Distinction Between Facial and Factual Challenges to Jurisdiction

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where a defendant makes a facial attack on jurisdiction, factual allegations of the complaint are taken as true. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996); *see also Defs. of Wildlife*, 504 U.S. at 561. ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion dismiss, [courts] presume that general allegations embrace those specific facts that are necessary to support the claim.") (internal citation and quotations omitted). The plaintiff is then entitled to have those facts construed in the light most favorable to him or her. *Fed'n of African Am. Contractors*, 96 F.3d at 1207.

In contrast, a factual attack on subject matter jurisdiction occurs when a defendant challenges the lack of jurisdiction with affidavits or other evidence. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "When the defendant raises a factual attack, the plaintiff must support ... jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Leite*, 749 F.3d at 1121 (quoting *Hertz Corp. v. Friend*, 559 U.S.

4

77, 96-97 (2010)). The district court may resolve those factual disputes itself, unless "the existence of jurisdiction turns on disputed factual issues[.]" *Id.* at 1121-22 (citations omitted). "To the extent that the jurisdictional facts are disputed . . ., the parties should be allowed to conduct discovery for the limited purpose of establishing jurisdictional facts before the claims can be dismissed." *Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 713 (9th Cir. 1992)

Where a defendant brings a factual challenge, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute jurisdictional allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Colwell v. Dep't of Health & Human Servs.,* 558 F.3d 1112, 1121 (9th Cir. 2009) (quoting *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir. 1989)).

In *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101, 118 S. Ct. 1003 (1998), the Supreme Court emphasized that a federal court must first establish as "an antecedent" matter that it has jurisdiction.

///

///

5

## II. 12(b)(1) and 12(b)(6) Elements of Proof are Different.

The standing inquiry requires a plaintiff to show (1) he suffered an injury in fact; (2) there is a causal connection between that injury and the defendant's conduct; and (3) a favorable decision would likely redress the injury. *CREEC*, 867 F.3d at 1098. (citing *Defenders of Wildlife,* 504 U.S. at 560) When a plaintiff seeks injunctive relief, he must also "allege 'continuing, present adverse effects' stemming from the defendant's actions." *Id.* (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983)). Federal courts must "take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits are the primary method of obtaining compliance with the act." *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034, 1039-40 (9th Cir. 2008) ((quoting *Trafficante v. Metro Life Ins. Co.,* 409 U.S. 205, 209 (1972)).

On the other hand, to state an ADA claim, a plaintiff must allege that (1) he is an individual with a disability; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his or her disability. 42 U.S.C. §§ 12182(a)-(b); *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 730 (9th Cir. 2007); *Arizona ex rel. Goddard v. Harkins Amusement Enter. Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).

### III. The Factual Overlap between Element (2) in a Statement of Claim and Element (3) in a Statement of Jurisdiction further Complicates Standing Analysis.

Proof of causal connection between the injury and defendant's conduct (relating to jurisdictional proof) and the denial of public accommodation because of plaintiff's disability (relating to statement of ADA claim) present a factual overlap.

But the threshold question of whether plaintiff has standing (and the court has jurisdiction) is distinct from the merits of his claim. Rather, "[t]he jurisdictional question of standing precedes, and does not require, analysis of the merits." *Equity Lifestyle Props., Inc. v. Cnty. of San Luis Obispo,* 548 F.3d 1184, 1189 n. 10 (9th Cir. 2008); *see also Seldin,* 422 U.S. at 500 (Standing "in no way depends on the merits of the contention that particular conduct is illegal."). *See also Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Catholic League for Religious and Civil Rights v. City & Cnty. of San Francisco,* 624 F.3d 1043, 1049 (9th Cir. 2010) (en banc) ("Nor can standing analysis, which prevents a claim from being adjudicated for lack of jurisdiction, be used to disguise merits analysis, which determines whether a claim is one for which relief can be granted if factually true.").

Therefore, in pleading jurisdiction in an ADA case, the question *how* an accessibility barrier affect a plaintiff's particular disability impermissibly morphs element 3 of the statement of the claim (that plaintiff was denied public accommodations by the defendant *because* of his or her disability) and element 2 of

7

the jurisdictional allegation (that there is a *causal connection* between that injury and the defendant's conduct.)[9]

## IV. Pleading Standards under Rule 12(b)(1) and 12(b)(6) are also Different[10].

---

[9] Even in addressing sufficiency of pleading causal connection between the disability and the barrier, a plaintiff may allege that (1) he is mobility disabled, *see e.g.* ER 1 at ¶¶3 and 4, (2) that he requires mobility accessible features, *id.* at ¶14, (3) that he personally encountered barriers to accessibility, *id.* at Addendum A, (4) that the mobility accessible features relate to his disability and interfere with his full and complete enjoyment of the public accommodation, *id. at* 24 and that (5) as a result thereof plaintiff was denied equal access and declined to book a room there, *id.* at ¶25. The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. Common sense clearly dictates that a plaintiff with, *inter alia*, a missing knee requires 28 C.F.R. 36.302(e)(1)(ii) disclosures and an accessible bathroom.

[10] The depth of this perplexity is addressed in the extraordinary analysis by the Honorable John A. Mendez. In *Johnson v. Alhambra & O Associates,* (2019 E.D. Cal. 2:19-cv-00103 at Dkt. 15), Judge Mendez, relying on *Centex* denied a motion to dismiss under Rule 12(b)(1) by noting, in part:

> [A] plaintiff's statement of subject-matter jurisdiction is not governed by the strict pleading standard of *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007). *Maya v. Centex Corp.,* 658 F.3d 1060, 1067 (9th Cir. 2011).

Relevant portion of the decision is appended hereto as Exhibit 1. *See also Strojnik v. GF Carneros Tenant* (ND Cal. 3:19-cv-03583 at Dkt. 28) (Denying motion to dismiss against the same general allegations as here); *Brooke v. Kashl Corporation* (SD Cal. 3:18-cv-02581 at Dkt. 15); and *Strojnik v. 574 Escuela, LLC* (N.D. Cal. 3:18-cv-06777 at Dkt. 20) (same – diametrically different decision on indistinguishable jurisdictional allegations)

8

*Ashcroft* and *Twombly* apply to 12(b)(6) motions. *Ashcroft* and *Twombly* address the pleading required to survive a motion to dismiss for failure to state a claim, and, distilled to their essence, impose two requirements. First, the reviewing court, though crediting factual assertions made in the pleadings, is not required to credit legal conclusions. *Ashcroft,* 129 S.Ct. at 1949-50 (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). Second, the complaint cannot survive a motion to dismiss unless it alleges facts that plausibly entitle plaintiff to relief. *Id.* at 1950-51.

However, *Twombly* and *Ashcroft* are ill-suited to application in the constitutional standing context because in determining whether plaintiff states a claim under 12(b)(6), the court necessarily assesses the merits of plaintiff's case

The proper 12(b)(1) analysis is subject to a different standard. *Centex,* 658 F. 3d at 1067. "For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Seldin,* 422 U.S. at 501. "**At the pleading stage… we `presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'**" *Defenders of Wildlife,* 504 U.S. at 561, *see also Lucas v. S.C. Coastal Council,* 505 U.S. 1003, 1014 n. 3 (1992) (cautioning that while at the summary judgment stage, the court "require[s] specific facts to be adduced by sworn testimony," a "challenge to a generalized allegation of injury in fact made at the

9

pleading state ... would have been unsuccessful"). *See also Wilson*, 563 F.3d at 980 (noting that the minimal allegations that a plaintiff intends to return is sufficient to defeat a motion to dismiss).

### V. Fed. R. Civ. P. 9(b) Encapsulates the *Defenders of Wildlife, Seldin, Centex* and *Wilson* Decisions in Federal Rules of Civil Procedure

Fed. R. Civ. P. 9(b) is consistent with *Defenders of Wildlife, Seldin, Centex* and *Wilson*. It provides that "intent (*to return*) ... and other conditions of a person's mind (*being deterred*) may be alleged generally". Fed. R. Civ. P. 9(b).

### VI. The *CREEC* Pleading Standard is Also Consistent with *Defenders of Wildlife, Seldin, Centex, Wilson* and Fed. R. Civ. P. 9(b)

The Court in *CREEC* confirmed that general jurisdictional allegations suffice:

> A plaintiff experiences continuing adverse effects where a defendant's failure to comply with the ADA deters her from making use of the defendant's facility. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 953 (9th Cir. 2011) (en banc). We have dubbed this the "deterrent effect doctrine." *Id.* at 949-50. "[W]hen a plaintiff who is disabled within the meaning of the ADA has actual knowledge of illegal barriers at a public accommodation to which he or she desires access, that plaintiff need not engage in the 'futile gesture' of attempting to gain access in order to show actual injury. . . ." *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002) (quoting 42 U.S.C. § 12188(a)(1)). "So long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues." *Id.* at 1137.

\*\*\*

**The Named Plaintiffs have alleged in the First Amended Complaint that they intend to visit the relevant hotels, but have been deterred from doing so by the hotels' non-compliance with the ADA. They further allege that they will visit the hotels when the non-compliance is cured.** Thus, the ADA violations have prevented them

10

from staying at the hotels. Without such averments, they would lack standing. However, "construing the factual allegations in the complaint in favor of the plaintiffs, " as we must at this preliminary stage, *Mont. Shooting Sports Ass'n v. Holder*, 727 F.3d 975, 979 (9th Cir. 2013), we conclude that the Named Plaintiffs have sufficiently alleged injury in fact. *Chapman*, 631 F.3d at 953. **Their harm is "concrete and particularized, " and their intent to visit the hotels once they provide equivalent shuttle service for the disabled renders their harm "actual or imminent, not conjectural or hypothetical."** (*Emphasis supplied*)

*CREEC* 867 F.3d at 1100-01. There is no jurisdictional difference between *CREEC* and this case.

## INCONSISTENT DISTRICT COURT RULINGS REQUIRE ANALYSIS BY THIS COURT

Different district courts come to different conclusions on the primary question raised in this appeal. As in *Centex* where the district court incorrectly employed the *Ashcroft-Twombly* standard to resolve jurisdictional standing, so do various trial courts within this district rely on the same standard to resolve ADA standing issues. It is for this reason that Appellee's motion should be denied and a clarifying opinion issued by this Court.

DATED this 20th day of April 2020

                                    **PETER STROJNIK**

                                    *[signature]*

                                    Appellant

# CERTIFICATE OF COMPLIANCE AND CERTIFICATE OF SERVICE

**9th Cir. Case Number: 19-56523**

I am the self-represented party.

**This brief contains 2726 ± words** in total (not including Exhibit 1). The brief's type size and typeface comply with Fed. R. App. P. 37.

I certify that this brief:

[ x ] complies with the word limit of FRAP 27.

I certify that I served on the person(s) listed below by the Response.

| Name | Address | Date Served (Mailed) |
|---|---|---|
| Clerk, U.S. Court of Appeals for the Ninth Circuit (Original + 3 copies) | James R. Browning Courthouse U.S. Court of Appeals P.O. Box 193939 San Francisco, California 94119 | 2020-04-20 |
| Philip H. Stillman Attorney for Appellee Four Sisters Inns, Inc. *By email only* | 3015 North Bay Road, Suite B Miami Beach, Florida 33140 | 2020-04-20 |

**Signature** _____ **Date**_____

12

# EXHIBIT 1

**Scott Johnson, Plaintiff,**

v.

**Alhambra & O Associates, a California General Partnership; Chang Haan; and Does 1-10, Defendants.**

No. 2:19-cv-00103-JAM-DB

United States District Court, E.D. California

June 21, 2019

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

JOHN A. MENDEZ, UNITED STATES DISTRICT JUDGE.

Plaintiff Scott Johnson filed a complaint against Defendants Alhambra & O Associates and Chang Haan for alleged violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act. Compl., ECF No. 1. Plaintiff's complaint invoked the Court's federal question and supplemental jurisdiction. Compl. ¶¶ 11-12 (citing 42 U.S.C. § 1331, 1343(a)(3) & (a)(4)), see also 28 U.S.C. § 1367. Shortly after, Defendants filed a motion to dismiss under Rule 12(b)(1), arguing Plaintiff lacked standing to sue. Mot. to Dismiss ("Mot"), ECF No. 8. For the reasons discussed below, the Court DENIES Defendants' Motion to Dismiss.

\*\*\*

II. OPINION

\*\*\*

B. Legal Standard

Article III standing is a prerequisite to suit in the federal courts. *Chapman v. Pier 1 Imports (U.S.), Inc.,* 631 F.3d 939, 946 (9th Cir. 2011). Because it implicates the court's subject matter jurisdiction, a defendant may challenge standing at any time. *Id.,* see also Fed. R. Civ. Proc. 12(b)(1). Moreover, "[t]he federal courts are under an independent obligation to examine their own jurisdiction." United *States v. Hays,* 515 U.S. 737, 742 (1995).

13

The standing inquiry requires a plaintiff to show (1) he suffered an "injury in fact; (2) there is a causal connection between that injury and the defendant's conduct; and (3) a favorable decision would likely redress the injury. *Civil Rights Educ. & Enforce. Ctr. v. Hosp. Properties Trust* ("CREEC"), 867 F.3d 1093, 1098 (9th Cir. 2017) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)). When a plaintiff seeks injunctive relief, he must also "allege 'continuing, present adverse effects' stemming from the defendant's actions." *Id.* (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983)). Federal courts must "take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits are the primary method of obtaining compliance with the act." *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034, 1039-40 (9th Cir. 2008) (internal quotations omitted).

Unlike challenges to a complaint for failure to state a claim, challenges to constitutional standing fall under Federal Rule of Civil Procedure 12(b)(1). Accordingly, a plaintiff's statement of subject-matter jurisdiction is not governed by the strict pleading standard of *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007). *Maya v. Centex Corp.,* 658 F.3d 1060, 1067 (9th Cir. 2011). To be sure, "this is not to say that a plaintiff may rely on a bare legal conclusion to assert injury-in-fact, or engage in an ingenious academic exercise in the conceivable to explain how defendants' actions caused his injury." *Id.* at 1068 (internal quotations omitted). But each element of standing need only "be supported . . . with the manner and degree of evidence required at the successive stages of litigation." *Id.* (quoting *Defenders of Wildlife,* 504 U.S. at 561). Accordingly, the Court must, at this stage, accept as true all material allegations of the complaint and construe those allegations in favor of the complaining party. *Id.* (quoting *Warth v. Seldin,* 422 U.S. 490, 501 (1975)).

C. Analysis

1. Americans with Disabilities Act Defendants correctly do not challenge whether Plaintiff sufficiently alleged injury in fact, causation, and redressability. A person with a disability suffers an injury in fact under the ADA "when [he] encounters an accessibility barrier [that] interferes with [his] full and equal enjoyment of the facility. Chapman, 631 F.3d at 947. The complaint clearly sets out barriers Plaintiff encountered during his visits to Alhambra Mail. Compl. ¶¶ 17-31. Defendants, owners of Alhambra Mail, caused Plaintiff's injury by maintaining a purportedly inaccessible facility. Compl. ¶¶ 2-10, 14, 17-31. And injunctive relief would redress the injury Plaintiff now claims. Defendants solely maintain that Plaintiff failed to allege a genuine likelihood of future harm. Mot. at 2-7. But as Plaintiff correctly contends, CREEC, 867 F.3d at 1099-1101 forecloses this argument.

14

ADA plaintiffs may demonstrate a likelihood of future harm in one of two ways. They may either show (1) injury in fact coupled with an intent to return to the offending facility; or (2) deterrence from visiting or returning to the facility because of the ADA violation(s). *Id.* at 1098-99. Here, Plaintiff argues that he has shown a likelihood of future harm because Alhambra Mail's ADA violations deter him from returning. Plf.'s Opp'n to Defs.' Mot. ("Opp'n") at 7-10, ECF No. 12.

Allegations of deterrence must be more than hypothetical. Doran, 524 F.3d at 1039; Johnson v. Overlook at Blue Ravine, LLC, ("Blue Ravine"), No. 10-cv-02387-JAM-DAD at *3-4 (E.D. Cal. July 20, 2012). But ADA plaintiffs are not required to be "bona fide patrons." CREEC, 867 F.3d at 1101. Plaintiffs may show a likelihood of future harm even if the sole reason for visiting or returning to an establishment is to assess ADA compliance. *Id.* Furthermore, an ADA plaintiff need not engage in a "futile gesture to establish Title III standing if she is on notice that the establishment does not intend to comply with the ADA" CREEC, 867 F.3d at 1101. Rather, once a plaintiff "has actually become aware of discriminatory conditions existing at a public accommodation . . . . [t]he injury continues so long as equivalent access is denied." *Id.*

Defendants' motion relies primarily on Blue Ravine, 2012 WL 2993890 at *3-4. As a preliminary matter, the plaintiff in Blue Ravine, 2012 WL 2993890 at *1 lost on a motion for summary judgment-a stage of litigation that imposes a far greater burden on a plaintiff than the motion-to-dismiss stage. Moreover, Blue Ravine, 2012 WL 2993890 at *3-4 preceded CREEC, 867 F.3d at 1102, a case where the Ninth Circuit held, as a matter of first impression, that a plaintiff suing under Title III of the ADA could claim tester standing.

The Court agrees with Defendants that Plaintiff's tester status, alone, is not enough to confer standing. See Reply at 3. Likewise, the Court agrees an ADA plaintiff's claimed deterrence must be genuine. Mot. at 6. But Defendants' motion makes clear that they construe "genuine" as "unrelated to litigation purposes." See Reply at 3 ("If anything, Plaintiff's new clarification of his intent further undermines the sincerity of any so-called intent [to return].") This position is irreconcilable with the governing law. See CREEC, 867 F.3d at 1101. Defendants' repeated efforts to call attention to Plaintiff's motives plainly ignore CREEC's holding that an ADA plaintiff's motivations are irrelevant to the standing inquiry. *Id.*

The Court finds no basis for distinguishing Plaintiff's claims of deterrence from those in CREEC, 867 F.3d at 1099-1102. The plaintiffs in CREEC, 867 F.3d at 1099-1101 had never been to the defendant hotels and lacked concrete plans to visit.

Nevertheless, the Ninth Circuit found that an absence of concrete plans did not defeat standing. *Id.* at 1100-01. Indeed, the Court found that requiring concrete plans to

15

visit a purportedly inaccessible facility paid short shrift to the settled rule that "a plaintiff need not engage in a futile gesture to establish Title III standing." CREEC, 867 F.3d at 1101 (internal quotation omitted). If anything, a lack of concrete plans is even less concerning here. In CREEC, 867 F.3d at 1098-99 the plaintiffs were suing a real estate investment trust for ADA violations at the trust's hotels. People generally plan ahead when booking hotel rooms-plans that can often be corroborated with other evidence of a person's intended whereabouts. But the odds that someone will drop off a package when planned are only as good as their memory that day. Contrary to what Defendants suggest, Plaintiff did not need to plead corroborating information to bolster his allegation that he is deterred from returning to Alhambra Mail because of the existing barriers. See Compl. ¶ 38.

With these considerations in mind, the Court finds Plaintiff adequately alleged deterrence. Defendants' motion to dismiss Plaintiff's ADA claim for lack of subject-matter jurisdiction is DENIED.

\*\*\*

III. ORDER

For the reasons set forth above, the Court DENIES Defendants' Motion to Dismiss.

IT IS SO ORDERED.

**END**