Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax: (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for defendant R.F. WEICHERT V, INC.

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PETER STROJNIK,<br><br>           Plaintiff,<br>vs.<br><br>R.F. WEICHERT V, INC. dba JABBERWOCK INN,<br><br>           Defendant. | Case No. 5:20-cv-00354-VKD<br><br>OBJECTION TO PLAINTIFF'S PURPORTED "NOTICE OF DECISIONS"; AND REQUEST THAT DOCUMENT BE STRICKEN<br><br>Date: May 19, 2020<br>Time: 10 a.m.<br>Courtroom: 2, 5th Fl.<br><br>Hon. Virginia K. DeMarchi |

Apparently in response to Defendant notifying this Court of the decision in *Strojnik v. Host Hotels & Resorts*, No. 19-00136 JMS-RT, 2020 U.S. Dist. LEXIS 92386 (D. Haw. May 26, 2020) that not only dismissed Strojnik's Second Amended Complaint with prejudice but found that he had acted in bad faith and accordingly, that leave to amend would be futile, plaintiff and disbarred lawyer, Peter Strojnik has now filed an improper surreply that (1) makes arguments that could have and should have been made in Plaintiff's Opposition to the Motion to Dismiss, including attaching Strojnik's irrelevant Opposition filed in the Ninth Circuit in opposition to the appellee's Motion for Summary Disposition (which is obviously *not* a "decision") or purports to "notify" this Court of decisions decided well before the current Motion to Dismiss was briefed and are therefore not "new decisions." As grounds therefor, Defendant states the following.

1.  Northern District Local Rule 7-3(d) states that "Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except as follows: . . . (2) counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by filing and serving a Statement of Recent Decision, containing a citation to and providing a copy of the new opinion–without argument." Strojnik's latest filing is merely an attempt to file a surreply under the guise of a "Notice of Decisions" in violation of Local Rule 7-3(d).

2.  The filing a proper Notice of Recent Decisions is limited to a "relevant judicial opinion published ***after*** the date the opposition." Local Rule 7-3(d)(2). "[A] notice of supplemental authority [is] commonly used in the federal court system to alert the Court to a decision of another court issued *after the close of the briefing period.*" *Sisk v. Abbott Labs.*, 2012 U.S. Dist. LEXIS 49219 at *1 (W.D.N.C. Apr. 9, 2012) (emphasis added). *See also, Highland Capital Mgmt., L.P. v. Bank of Am., Nat'l Ass'n,* 2013 U.S. Dist. LEXIS 119935, at *84 (N.D. Tex. Aug. 23, 2013) ("When supplemental authority issues *after briefing is complete*, however, the court will generally permit a party to file a notice of supplemental authority without seeking formal leave of court.") (emphasis added).

3.   Strojnik filed his Opposition to the Motion to Dismiss the First Amended Complaint on **April 20, 2020.**  As the first purported "decision," Strojnik attaches a copy of *Johnson v. Alhambra & O Associates*, 2:19-cv-00103-JAM-DB (E.D.Cal. June 24, 2019), decided almost a year prior to Strojnik's Opposition.  *Alhambra & O Associates* is not even followed by other *Johnson* cases in the Eastern District, has not been followed even once in any of the 20 *Strojnik* cases, is contradicted by the now 20 rulings dismissing *Strojnik* complaints and the Ninth Circuit in *Strojnik v. Pasadena Robles Acquisition,* 801 F. App'x 569, 570 (9th Cir. Apr. 15, 2020).

4.   Strojnik attaches another outlier decision *Strojnik v. 574 Escuela*, 2020 U.S. Dist. LEXIS 57459 (N.D. Cal. Mar. 31, 2020), which was taken under submission in *April 2019*, well before the substantial body of case law was decided dismissing Strojnik's complaints, including the Ninth Circuit's affirmance of the dismissal of the virtually identical complaint in *Strojnik v. Pasadena Robles Acquisition,* 801 F. App'x 569, 570 (9th Cir. Apr. 15, 2020).  That is not the proper basis for "supplemental authorities" as it was decided a month before Strojnik's Opposition was filed in this case.  *Sisk v. Abbott Labs., supra*.

5.   Third, Strojnik attaches a denial of a Motion for Reconsideration in *574 Escuela*, decided on May 4, 2020, which not only doubles down on the first erroneous ruling and ignores intervening Ninth Circuit rulings rejecting the identical complaint, but relies on the high burden that a party must meet in seeking reconsideration, and regardless of the fact that *574 Escuela* is irreconcilable with the 20 cases rejecting Strojnik's identical complaint in that case and is therefore not relevant "supplemental authority." *Id.*

6.   Strojnik also attaches a decision in *Strojnik v. GF Carneros Tenant, LLC*, 2019 U.S. Dist. LEXIS 196916 (N.D. Cal. Nov. 13, 2019), again decided months prior to his Opposition in this case, which is irreconcilable with the other 20 cases decided against Strojnik on the same or similar complaint, including the Ninth Circuit in *Pasadena Robles*. As the Court held in *Host Hotels*, "Plaintiff does not explain why this court should follow that order as opposed to the many dismissal orders finding against Plaintiff, such as the

many identified throughout this Order." *Strojnik v. Host Hotels & Resorts*, 2020 U.S. Dist. LEXIS 92386, at *15 (D. Haw. May 26, 2020)

7. Finally, and lacking any justification for filing whatsoever is Strojnik's inclusion of an appellate opposition that he filed to a pending motion for summary disposition, which is clearly *not* a decision by any court and just another argument by Strojnik that *Strojnik v. Four Sisters Inns, Inc.,* No. 2:19-CV-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094 (C.D. Cal. Dec. 9, 2019) was wrongly decided. This is simply a bad faith and vexatious effort to present a surreply to this Court.

8. Strojnik, as a lawyer disbarred for filing fraudulent ADA lawsuits and who has filed over 2,000 ADA lawsuits, clearly knows better, as many courts have stated. It is therefore no surprise that the court in *Host Hotels* held that Strojnik acted in bad faith in filing his complaint. *Strojnik v. Host Hotels & Resorts*, 2020 U.S. Dist. LEXIS 92386 (D. Haw. May 26, 2020) at * 20.

## CONCLUSION

Because the purported "Notice of Decisions" is either an improper surreply, attaches a brief that Strojnik filed and is not even a decision of any court or gives "notice" of decisions that Strojnik has either already cited in his papers or should have, Defendant objects and requests that the improper filing be stricken.

Respectfully Submitted,

STILLMAN & ASSOCIATES

Dated: May 27, 2020          By:_____
                             Philip H. Stillman, Esq.
                             Attorneys for defendant R.F. WEICHERT V, INC.

# PROOF OF SERVICE

I, the undersigned, certify under penalty of perjury that on May 28, 2020 or as soon as possible thereafter, copies of the foregoing Defendant's Objection to Strojnik's "Notice of Decisions" was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and via email to Plaintiff's email address listed with this Court.

By: /s/ *Philip H. Stillman*
Attorneys for R.F. WEICHERT V, INC.