UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETER STROJNIK,<br><br>  Plaintiff,<br><br> v.<br><br>R.F. WEICHERT V, INC.,<br><br>  Defendant. | Case No. 20-cv-00354-VKD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 22 |

Peter Strojnik, proceeding pro se, filed this disability rights action asserting a claim under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.* and related state law claims. His allegations concern purported accessibility barriers at the Jabberwock Inn ("Inn") in Monterey, California. Defendant R.F. Weichert V, Inc. ("Weichert") is the alleged owner, operator, or lessee of the Inn. After Weichert moved to dismiss the complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6), Mr. Strojnik timely filed a First Amended Complaint ("FAC"), the operative pleading, as of right pursuant to Rule 15(a)(1).

Weichert now moves to dismiss the FAC pursuant to Rule 12(b)(1) and Rule 12(b)(6), for lack of standing and for failure to state a claim for relief. Dkt. No. 22. Mr. Strojnik opposes the motion. Dkt. No. 24. Following the submission of Weichert's reply brief (Dkt. No. 26), the Court deemed the matter suitable for determination without oral argument (Dkt. No. 27). Shortly after, Weichert filed two notices pursuant to Civil L.R. 7-3(d) regarding recent decisions in other ADA lawsuits filed by Mr. Strojnik. Dkt. Nos. 28, 31.[1] Upon consideration of the pleadings and the

---

[1] After the present matter was deemed submitted on the papers, Mr. Strojnik filed a "Notice of Decisions," citing several decisions in which he says the district courts denied the defendants'

moving and responding papers, the Court grants Weichert's Rule 12(b)(1) motion to dismiss the ADA claim for lack of standing, with leave to amend. Mr. Strojnik's state law claims are dismissed without prejudice.[2]

## I. BACKGROUND

Mr. Strojnik is an Arizona resident who says that he is disabled within the meaning of the ADA due to prostate cancer and genitourinary impairment, renal cancer, pleurisy, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, a degenerative right knee and degenerative shoulders with attendant impairment of his elbows and wrists. Dkt. No. 12 ¶ 3. Mr. Strojnik says that he "walks with difficulty and pain and requires compliant mobility features at places of public accommodation." *Id*. ¶ 5. "By virtue of his disability," Mr. Strojnik further alleges that he "requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted." *Id*. ¶ 16. The FAC includes a chart purporting to show the "relation between [Mr. Strojnik]'s ADA disability and major life activities," including walking and standing. *See id*. ¶ 6.

In his original complaint, Mr. Strojnik alleged that he "intended to visited [sic] the Monterey area in the September 26-27, 2019 time frame" and encountered accessibility barriers while lodging at one of Weichert's competitors. Dkt. No. 1 ¶¶ 15, 17-18. Mr. Strojnik further alleged that he therefore "visited [the Inn] to determine whether *its* accessibility features would be adequate for [his] future intended travel and lodging in the area." *Id*. ¶ 18. However, Mr. Strojnik alleged that at the Inn he "also encountered barriers to accessibility," which he said were documented in an "Addendum A" to the complaint. *Id*. ¶ 19. The referenced addendum contains a series of photos, purportedly of various locations at the Inn, with generic captions such as "Inaccessible," "Identification," "No accessibility from street (too steep—no handrails),"

---

motions to dismiss. Dkt. No. 29. Mr. Strojnik's notice was not filed with leave of court and does not otherwise comply with conditions under Civil Local Rule 7-3(d)'s for filing supplementary material with the Court. Weichert's objection to Mr. Strojnik's unauthorized "Notice of Decisions" (Dkt. No. 30) is sustained.

[2] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 5, 9, 15.

"Improperly configured handrails throughout," and "Inaccessible—no handrails-no signage." Dkt. No. 1 at 8-9. Weichert moved to dismiss, arguing that the complaint presented only conclusory allegations insufficient to establish Mr. Strojnik's standing to bring a claim under the ADA or to otherwise state a plausible claim for relief. Dkt. No. 7.

As noted above, Weichert's motion to dismiss the complaint was mooted when Mr. Strojnik timely filed his FAC. The FAC now states that Mr. Strojnik "is retired and spends his retirement years traveling for recreation, pleasure and ADA testing." Dkt. No. 12 ¶ 13.a. While the original complaint stated that Mr. Strojnik intended to visit the Monterey area in September 2019, the FAC now eliminates that allegation altogether. Indeed, the FAC provides a list of his dates of travel to California in 2019, indicating that he was not in California at all in August or September of that year. *Id.* ¶ 13.c. Instead, the FAC now alleges that Mr. Strojnik "intended to visit the area in the vicinity of Defendant's Hotel" during some unspecified time frame "and therefore reviewed hotel booking websites for disclosures mandated by 28 C.F.R. 36.302(e)." *Id.* ¶ 17. Like the original complaint, the FAC continues to allege that Mr. Strojnik encountered accessibility barriers while lodging at Weichert's competitor and that he therefore "visited [the Inn] to determine if it would be suitable for future lodging." *Id.* ¶ 18. Mr. Strojnik alleges that Weichert violated "booking websites disclosures pursuant to 28 C.F.R. 36.302(e)" and that the Inn "was also replete with accessibility barriers all of which [he] documented with website screenshots and documentary photographs[.]" *Id.* ¶¶ 18-19. The FAC includes a chart purporting to show the accessibility barriers that Mr. Strojnik says he personally encountered on September 21-22, 2019. In addition to the alleged website violations, the chart includes some of the same photos from the original complaint of alleged physical barriers at the Inn—all of which, Mr. Strojnik claims, "limit[ed] [his] full and equal enjoyment of the facility as each relates to [his] disabilities in their mitigated or unmitigated states." *Id.* ¶ 19 and pp. 6-10.

The FAC continues to assert the same four claims for relief asserted in the original complaint: (1) violation of the ADA, (2) violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51, 52, (3) violation of the California Disabled Persons Act, Cal. Civ. Code §§ 54-54.3 and (4) negligence.

Weichert moves to dismiss the FAC pursuant to Rule 12(b)(1) and Rule 12(b)(6), arguing that the FAC's allegations are still insufficient to establish Mr. Strojnik's standing to sue under the ADA and that all of his claims should be dismissed. Even assuming the FAC sufficiently alleges Mr. Strojnik's standing under the ADA, Weichert argues that the FAC's allegations do not state sufficient facts establishing a plausible claim for relief. For the reasons discussed below, the Court grants Weichert's Rule 12(b)(1) motion to dismiss, with leave to amend.

## II.    LEGAL STANDARD

Standing is a jurisdictional issue properly addressed under a Rule 12(b)(1) motion. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). A Rule 12(b)(1) motion to dismiss challenges a federal court's jurisdiction over the subject matter of a plaintiff's complaint. A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings (a "facial attack") or by presenting extrinsic evidence (a "factual attack"). *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Because Weichert's arguments focus on the sufficiency of the FAC's allegations, the Court construes Weichert's motion as a facial attack on Mr. Strojnik's standing. As such, the record is limited to the complaint and materials that may be judicially noticed.[3] *See Hyatt v. Yee*, 871 F.3d 1067, 1071 n.15 (9th Cir. 2017). Additionally, the Court must accept well-pled allegations of the FAC as true, draw all reasonable inferences in Mr. Strojnik's favor, and determine whether his allegations are sufficient to support standing. *See id.* As the party asserting federal subject matter jurisdiction, Mr. Strojnik bears the burden of establishing its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

---

[3] In resolving the present motion, the Court finds it unnecessary to consider materials Weichert submitted for judicial notice.

## III. DISCUSSION

### A. Standing

Under Article III of the Constitution, federal courts have jurisdiction to decide only actual "Cases" or "Controversies," U.S. Const., art. III, § 2, and Mr. Strojnik has standing to sue if he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Mr. Strojnik's claimed injury must be both "particularized" and "concrete." A "particularized" injury is one that "'affect[s] the plaintiff in a personal and individual way.'" *Spokeo, Inc.*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560 n.1). A "concrete" injury "must actually exist" and must be "real, and not abstract." *Id*.

"[O]nce a disabled plaintiff has encountered a barrier violating the ADA, that plaintiff will have a personal stake in the outcome of the controversy so long as his or her suit is limited to barriers related to that person's particular disability." *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 948 (9th Cir. 2011) (internal quotations and citation omitted). In the context of injunctive relief, which is the only remedy available to Mr. Strojnik under Title III of the ADA, *see* 42 U.S.C. § 12188; *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002), a plaintiff "must demonstrate a sufficient likelihood that he will again be wronged in a similar way," *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004) (internal quotations and citation additionally omitted). "That is, he must establish a real and immediate threat of repeated injury." *Fortyune*, 364 F.3d at 1081 (internal quotations and citation omitted). In the Ninth Circuit, an ADA plaintiff may establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman*, 631 F.3d at 944. While courts take a broad view of constitutional standing in disability access cases, "the ADA's reach is not unlimited." *Id*. at 946.

Weichert challenges Mr. Strojnik's Article III standing to bring his ADA claim on two grounds: (1) the FAC fails to demonstrate a concrete and particularized injury because Mr. Strojnik does not identify how any barriers relate to his claimed disability, and (2) the FAC does

5

not allege facts demonstrating that Mr. Strojnik faces a real and immediate threat of repeated injury. For the reasons discussed below, the Court agrees.

### 1.      Injury-in-Fact

#### a.      Alleged Barriers

The ADA prohibits barriers that interfere with a plaintiff's "full and equal enjoyment" of a place of public accommodation on account of the plaintiff's particular disability. 42 U.S.C. § 12182(a); *Chapman*, 631 F.3d at 947. Mr. Strojnik's FAC is based on an alleged lack of information on websites, as well as alleged physical barriers at the Inn itself. As discussed below, the FAC fails to allege sufficient facts stating what accessibility barriers Mr. Strojnik encountered or explaining how any alleged barriers relate to his particular disability.

The ADA applies to websites of public accommodations, such as hotels, where the alleged inaccessibility impedes access to the goods and services of a physical location. *See Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019) ("Because the ADA only covers actual, physical places where goods or services are open to the public, and places where the public gets those goods or services, there ha[s] to be some connection between the good or service complained of and an actual physical place.") (internal quotations and citation omitted). As noted, Mr. Strojnik's FAC lists the barriers he says he personally encountered on September 21-22, 2019, a period of time when other allegations indicate he was not present in California. Dkt. No. 12 ¶¶ 13.c, 17-19. These allegations, taken together, suggest that on those dates Mr. Strojnik instead accessed information about the Inn on "hotels.com" and "jabberwockinn.com." *Id*. ¶¶ 17-19. Mr. Strojnik alleges that the websites violate 28 C.F.R. § 36.302(e)[4] "by failing to identify and

---

[4] The cited regulation provides, in relevant part:

> (e)(1) Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

6

describe accessible features in the hotel and guest rooms in enough detail to reasonably permit [Mr. Strojnik] to assess independently whether the hotel or guest room meets his accessibility needs." *Id.* ¶ 19.  This allegation merely parrots the cited regulation and does not identify what accessibility features Mr. Strojnik claims are required to accommodate his disability, or state that those specific features were not described on the websites.  Similarly vague and conclusory allegations have been found insufficient to support Mr. Strojnik's standing in other similar cases. *See, e.g. Strojnik v. SCG America Construction Inc.*, No. SACV 19-1560 JVS (JDE), 2020 WL 4258814, at *3-*4 (C.D. Cal. Apr. 19, 2020) ("Strojnik cannot rely solely on conclusory allegations, but rather must state what information is missing [from the websites] that would prevent him from staying at the hotel."); *Strojnik v. IA Lodging Napa First LLC*, No. 19-cv-03983-DMR, 2020 WL 906722, at *2 (N.D. Cal. Feb. 25, 2020) ("Strojnik's allegations relate mainly to the lack of information regarding accessibility features on Andaz Napa's website, but he does not explain which accessibility features are required to accommodate his disability or allege that those specific features were not described on the website."); *Strojnik v. Landry's Inc.*, No. 4:19-CV-01170, 2019 WL 7461681, at *4 (S.D. Tex. Dec. 9, 2019), *report and recommendation adopted*, 2020 WL 42454 (S.D. Tex. Jan. 2, 2020) ("Strojnik has not alleged in what manner the hotel's website is deficient in listing the accessibility features of its accessible rooms, and has not alleged how the website should be edited to provide the type of information Strojnik believes is needed."). For these reasons, Mr. Strojnik's conclusory allegations about the lack of information on the hotels.com and jabberwockinn.com websites are insufficient to support his Article III standing.

Mr. Strojnik's allegations regarding the alleged physical barriers at the Inn fare no better. The FAC includes some of the same "website screenshots and documentary photographs" from the original complaint that purport to show architectural barriers present at the Inn.  Dkt. No. 12

---

(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs[.]

28 C.F.R. § 36.302(e).

¶ 19 & pp. 7-10. As noted, in his original complaint Mr. Strojnik merely labeled the photos with highly generic captions. In his FAC, Mr. Strojnik now includes some additional information. For example, several photos depict various walkways or steps, accompanied by the following notations: (1) "Inaccessible Route," (2) "206" (apparently, a cite to the general reference number for the ADAAG section titled "Accessible Routes," which in turn includes a group of separately numbered rules), and (3) "[Mr. Strojnik], disabled as defined in 28 C.F.R. 36.105, requires accessible route" or "accessibility from street." *Id*. Other photos show handrails, with the following notes: (1) "Improperly configured handrails," (2) "405" (apparently a cite to the general reference number for the ADAAG section titled "Ramps," which in turn includes a group of separately numbered rules), and (3) "[Mr. Strojnik], disabled as defined in 28 C.F.R. 36.105, requires properly configured handrails" or "accessible handrail on ramp." *Id*. The FAC further states that these alleged violations "relate to [Mr. Strojnik]'s disabilities and interfere with [his] full and complete enjoyment of the [Inn]; for the details of the relation between [Mr. Strojnik]'s disabilities and ADAAG violations, [Mr. Strojnik] incorporates the table in ¶ 6 above." *Id*. ¶ 20. The referenced "table in ¶ 6" is the one in which Mr. Strojnik lists the "relation between [his] ADA disability and major life activities," such as standing, walking and other activities.

While these additional allegations of the FAC provide more information than the purely generic photo captions in the original complaint, they are insufficient to establish Mr. Strojnik's standing to pursue his ADA claim. To begin, Mr. Strojnik makes vague assertions about his claimed disabilities and required accommodations, generally stating only that he requires "compliant mobility features" and "an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted." Dkt. No. 12 ¶¶ 5, 16. Moreover, he does not explain how the alleged physical barriers depicted in the photos prevent him from full and equal access to the facility. While Mr. Strojnik is not required to visit the Inn in order to establish standing, he must at least demonstrate actual knowledge of the alleged barriers that interfere with his access. The FAC contains no allegations that he communicated with the Inn or did anything else to determine whether alleged barriers actually exist, or that he made any attempt to determine if alternate accommodations were available. Instead, the FAC's allegations suggest that Mr.

Strojnik went online and now presents screenshots and photos from the Inn's website or a third-party website that he believes show barriers to his access to the Inn. He has not alleged sufficient facts demonstrating that he encountered any accessibility barriers related to his particular disability. *See, e.g., Strojnik v. Driftwood Hospitality Management LLC*, Nos. CV-20-01532-PHX-DJH, CV-20-00343-PHX-DJH, CV-20-01434-PHX-DJH, 2021 WL 50456, at *5 (D. Ariz. Jan. 6, 2021) (concluding that Mr. Strojnik did not plead sufficient facts establishing an injury in fact, where he made "vague statements about his disabilities" and failed to explain how the particular hotel features depicted in photographs impacted him); *Strojnik v. VY Verasa Commercial Co.*, No. 3:19-cv-02556-WHO, 2020 U.S. Dist. LEXIS 169026, at *18 (N.D. Cal. Sept. 15, 2020) (concluding that the proffered photos and captions do not demonstrate that Mr. Strojnik was deprived of full and equal enjoyment of the hotel in question, where he did not allege a lack of adequate alternatives).

### b. Intent to Return

Nor has Mr. Strojnik alleged sufficient facts demonstrating a real and immediate threat of repeated injury. "Although encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing purposes, a plaintiff seeking injunctive relief must additionally demonstrate 'a sufficient likelihood that he will again be wronged in a similar way.'" *Chapman*, 631 F.3d at 948 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). "That is, he must establish a 'real and immediate threat of repeated injury.'" *Id*. (quoting *Lyons*, 461 U.S. at 102). As recognized by the Ninth Circuit and others, "an ADA plaintiff demonstrates a sufficient likelihood of future harm to establish standing to sue for an injunction when he intends to return to a noncompliant place of public accommodation where he will likely suffer repeated injury." *Id*.

Asserting that Mr. Strojnik lives nearly 700 miles from the Inn, Weichert notes that Mr. Strojnik does not allege that he has visited the Inn in the past, does not say that he has any concrete plans to visit the Inn in the future, and has not offered any reason why he would visit the Inn in the future. Indeed, although the FAC alleges that Mr. Strojnik has traveled to, enjoys staying in, and intends to visit "the area of the vicinity of [the Inn]," the FAC does not allege any

specific facts relating to Strojnik's intent to return to the Inn. *See Strojnik v. Orangewood LLC*, No. CV 19-00946 DSF (JCx), 2020 U.S. Dist. LEXIS 11743, at *26 (C.D. Cal. Jan. 22, 2020) (finding that plaintiff did not sufficiently allege an intent to return to the hotel in question because there were "no allegations as to why Plaintiff prefers this particular Hilton property, as opposed to others in the 'Disneyland area.'"). *Cf. Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040 (9th Cir. 2008) (concluding that although the plaintiff lived over 500 miles away from the store in question, he established an intent to return by "alleg[ing] that he had visited the 7–Eleven store on ten to twenty prior occasions, that he is currently deterred from visiting the store because of its accessibility barriers, that the store is conveniently located near his favorite fast food restaurant in Anaheim, and that he plans to visit Anaheim at least once a year on his annual trips to Disneyland."); *see also Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002) (concluding that the plaintiff "establish[ed] actual or imminent injury for purposes of standing" by stating that he "has visited [the subject] store in the past," "has actual knowledge of the barriers to access at that store," "prefers to shop at [defendant's stores]," and "would shop at the [subject store] if it were accessible."). While the FAC states that Mr. Strojnik "intends to visit [the Inn] at a specific time when [it] becomes fully compliant with ADAAG" (Dkt. No. 12 ¶ 14), "[s]uch 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury" required to establish standing. *Lujan*, 504 U.S. at 564.

### 2. Deterrence

"Demonstrating an intent to return to a noncompliant accommodation is but one way for an injured plaintiff to establish Article III standing to pursue injunctive relief." *Chapman*, 631 F.3d at 949. Alternatively, a disabled individual can demonstrate sufficient injury to establish Article III standing if he is deterred from visiting a noncompliant public accommodation. *Id.* A plaintiff may establish standing under a deterrence theory without actually visiting the facility. *Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.* ("*CREEC*"), 867 F.3d 1093, 1099-1100 (9th Cir. 2017). However, a plaintiff must still "allege 'actual knowledge of a barrier' and an intent to visit a facility once it is ADA compliant." *IA Lodging Napa First LLC*, 2020 WL 906722 at *3 (quoting

*CREEC*, 867 F.3d at 1099); *see also Pickern*, 293 F.3d at 1135 ("We hold that when a plaintiff who is disabled within the meaning of the ADA has actual knowledge of illegal barriers at a public accommodation to which he or she desires access, that plaintiff need not engage in the 'futile gesture' of attempting to gain access in order to show actual injury during the limitation period.").

The FAC asserts that Mr. Strojnik is an ADA tester, and the arguments presented in his opposition brief suggest that he may be relying primarily, if not entirely, on a deterrence theory to establish standing. He has not, however, pled sufficient facts that he was deterred from visiting the Inn. As discussed above, he has not alleged actual knowledge of anything about the Inn, apart from the website screenshots and photos that he believes depict existing barriers there. And the accompanying descriptions do not adequately explain why the features shown in the photos are related to Mr. Strojnik's disability or how they would impact his access to the facility.

In sum, based on the foregoing, Mr. Strojnik has not pled facts sufficient to establish his Article III standing to pursue his ADA claim, which is the sole basis for federal jurisdiction.

### B.   State Law Claims

Having dismissed Mr. Strojnik's ADA claim for lack of standing, this Court has no authority to retain jurisdiction over his state law claims. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (citing 28 U.S.C. § 1367(a)). Those claims are dismissed without prejudice.

### C.   Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," because "the court must remain guided by the underlying purpose of Rule 15 . . . to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court," which may deny leave to amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

11

Mr. Strojnik has already had an opportunity to amend his pleading, and he has provided no indication that there are additional facts that may be alleged on a further amendment that would cure the deficiencies addressed in this order. Additionally, although Mr. Strojnik notes that pro se pleadings should be liberally construed (Dkt. No. 24 at 8 n.1), it is undisputed that he is a former licensed attorney, who has filed numerous similar lawsuits in this district and others. To the extent there were any additional facts Mr. Strojnik truthfully could allege, he presumably would have included them in his FAC.

Weichert opposes leave to amend, noting that Mr. Strojnik has been declared a vexatious litigant by another judge in this district and in another district within the Ninth Circuit. *See Strojnik v. IA Lodging Napa First LLC*, No. 19-CV-03983 DMR, 2020 WL 2838814, at *6-13 (N.D. Cal. June 1, 2020); *SCG Am. Constr. Inc.*, 2020 WL 4258814 at *6-8. While those matters are not directly relevant to the Court's consideration of the present matter, as noted above the discrepancies between the allegations in Mr. Strojnik's original complaint suggesting that he visited the Inn in September 2019 and those in his FAC indicating that he was not in California at all at that time, do raise questions whether his pleadings are made in good faith. However, to the extent there may be additional allegations regarding alleged barriers Mr. Strojnik says he encountered in September 2019 that may be clarified on amendment, the Court will grant leave to amend. In doing so, Mr. Strojnik is reminded of his obligations under Rule 11 and to take care that any amended complaint he chooses to file has a basis in law and fact.

## IV. CONCLUSION

Based on the foregoing, Weichert's Rule 12(b)(1) motion to dismiss is granted. Mr. Strojnik's ADA claim is dismissed for lack of standing, with leave to amend consistent with the Court's rulings in this order. Mr. Strojnik's state law claims are dismissed without prejudice. If Mr. Strojnik chooses to file a second amended complaint, he must do so by **February 8, 2021**.

**IT IS SO ORDERED.**

Dated: January 25, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge