Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER STROJNIK, <br><br> Plaintiff, <br><br> vs. <br><br> R.F. WEICHERT V, INC. dba JABBERWOCK INN <br><br> Defendant. | Case No: 5:20-cv-00354-VKD <br><br> **SECOND AMENDED COMPLAINT** <br><br> 1. **Americans with Disabilities Act** <br> 2. **Discrimination in Public Accommodations (State Law)** <br> 3. **Negligence** <br><br> **JURY TRIAL REQUESTED** |

1. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), (2) California Unruh Civil Rights Act, California Civil Code § 51, 52 ("Unruh") (3) the California Disabled Persons Act ("DPA") and (4) common law of negligence per se.

**PARTIES**

2. Plaintiff Peter Strojnik is a veteran and a disabled person as defined by the ADA and DPA.

3. Plaintiff is a single man currently residing in Maricopa County, Arizona. Plaintiff is disabled as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 by virtue of (i) prostate cancer and genitourinary impairment, (ii) renal cancer, (iii) severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, (iv) degenerative right knee (replaced with a prosthesis), (v) degenerative shoulders and

limitation on the use of both shoulders, and attendant impairment of elbows and wrists to reach and twist, (vi) pleurisy, (vii) severed 4th and 5th digits on left hand, reattached with limited utility, (viii) hyper blood pressure. Plaintiff has been declared as disabled by the Arizona Department of Transportation pursuant to doctor's report of disability.

4. Plaintiff's Impairments Substantially Limit Related[1] Major Life Activities: At all times relevant hereto, Plaintiff suffered from the musculoskeletal impairments constituting ADA "disability" that substantially limit major life activities: (i) Severe right and left-sided neural foraminal stenosis with symptoms of femoral neuropathy substantially limits the major life activities of walking, standing and bending, climbing stairs, pushing, kicking and other life activities. (ii)Missing right knee with or without regard to ameliorative effects of mitigating measures of prosthetic replacement knee substantially limits major life activities of walking, standing and bending, climbing stairs, pushing, kicking and other life activities. (iii) Limitation on the use of both shoulders, elbows and wrists substantially limits the major life activities of holding and grasping, such as handlebars or handrails, pushing open doors with a force greater than 5 lbs, twisting the wrist and using ball-type door hardware. (iv) Severed 4th and 5th digits on the left hand, reattached with partially frozen 2nd joint on 4th finger and completely frozen 3rd joint on 5th digit substantially limit the major life activities of holding and grasping, such as handlebars or handrails, pushing open doors, twisting the wrist as in using ball-type door hardware. (v) Pleurisy, when active, substantially limit the major life activity of breathing which in

---

[1] **Relationship between ADA disability and a major life activity - causation:** "Where the barrier is *related* to the particular plaintiff's disability, an encounter with the barrier necessarily injures the plaintiff by depriving him of full and equal enjoyment of the facility". *Chapman* at n. 4, quoting to *Doran*, 524 F.3d at 1044 at n. 7 (referencing 42 U.S.C. §12182(a)) (emphasis supplied). The barrier, however, need not "prevent, or significantly or severely restrict, the individual from performing a major life activity". 28 C.F.R. 36.105(d)(v) ("An impairment does not need to prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting."

turn substantially limit life activities of walking, sanding, bending, climbing stairs, kicking, opening doors, holding and grasping, such as handlebars or handrails, pushing open doors, twisting the wrist as in using ball-type door hardware. (vi) Hyper blood pressure substantially limits Plaintiff's major life activity of exerting any physical activity. (vii) Renal cancer limits Plaintiff's ability to twist and bend the abdominal area.

5. Plaintiff alleges that that a determination of whether an impairment substantially limits a major life activity must be made without regard to the ameliorative effects of mitigating measures such as medications or prosthetics. 42 U.S.C. §12101 (4)(E)(i). *See also See Rohr v. Salt River Project Agricultural Improvement and Power District,* 555 F.3d 850, 21 A.D. Cases 964 (9th Cir. 02/13/2009) (Impairments are to be evaluated in their unmitigated state.) *Accord J.D. v. Colonial Williamsburg Foundation,* 18-1725 (4th Cir. 2019) (citing to *Rohr*).

6. Plaintiff further alleges that "[a]n impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active". 42 U.S.C. §12101 (4)(D).

7. Plaintiff is disabled as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 and requires the use of a wheelchair as defined.

8. When traveling, Plaintiff ferries the wheelchair as an assistive device in his car either in the trunk or behind the front passenger side, depending on luggage distribution:



3

9. When traveling, Plaintiff ferries a cane as an assistive device.

10. Plaintiff has been declared permanently disabled by the Arizona Department of Motor Vehicles:



11. The permanent disability placard grants Plaintiff the right to use properly configured parking spaces and properly configured passenger loading zones at hotels and other public accommodations.

12. Plaintiff is disability as defined in 28 C.F.R. 36.105(a)(1)(i), (ii) and (iii).

13. Defendant, owns, operates leases or leases to a lodging business ("Hotel") located at 598 Laine St., Monterey, CA 93940 which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A) and Unruh.

## JURISDICTION

14. District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

15. Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, *see* 42 U.S.C.12188 and 28 CFR §36.501.

16. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

17. Venue is proper pursuant to 28 U.S.C. § 1391.

18. The ADAAG violations in this Complaint relate to barriers to Plaintiffs mobility. These violations impairs Plaintiff's full and equal access to the Hotel which, in turn,

4

constitutes discrimination satisfying the "injury in fact" requirement of Article III of the United States Constitution.

19. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA or State Law compliant as such compliance relates to Plaintiff's disability.

    a. Plaintiff is retired and spends his retirement years traveling for recreation, pleasure and ADA testing.
    b. Plaintiff has travelled and lodged in California over 200± times.
    c. Just since January 23, 2019, Plaintiff travelled to California and lodged and/or visited there as follows:

        i. 2019-01-23 – San Diego
        ii. 2019-02-16-17 – Solvang
        iii. 2019-03-14-17 – Anaheim
        iv. 2019-04-05 – Santa Barbara
        v. 2019-04-06 – Santa Clara
        vi. 2019-04-07 – Carmel
        vii. 2019-04-16 – Healdsburg
        viii. 2019-04-17 – Calistoga
        ix. 2019-04-18 – Napa
        x. 2019-05-20 – La Jolla
        xi. 2019-05-21 – San Diego
        xii. 2019-05-22 – Sorento Valley
        xiii. 2019-06-05 – Bakersfield
        xiv. 2019-06-06 – Redding
        xv. 2019-06-07 – Sacramento
        xvi. 2019-06-07 – Fresno and Visalia
        xvii. 2019-07-25 – Coronado
        xviii. 2019-11-22 – Ventura
        xix. 2019-11-23 – Burlingame
        xx. 2019-11-24 – Napa
        xxi. 2019-11-25 – Beverly Hills
        xxii. 2019-12-10 - San Diego
        xxiii. 2020-01-24 – San Diego
        xxiv. 2020-02-09 – Paso Robles
        xxv. 2020-02-10 – Palo Alto
        xxvi. 2020-02-11 – Pasadena
        xxvii. 2020-02-20 – San Diego
        xxviii. 2020-02-09 – Paso Robles
        xxix. 2020-02-10 – Palo Alto
        xxx. 2020-02-11 – Monrovia – Pasadena

d. Plaintiff prefers traveling by car.
e. Prior to the spread of COVID-19, Plintiff travelled to California's Wine country on the average two times per year.
f. While traveling by car, Plaintiff rests at interim locations such as Monterey.
g. Plaintiff visited Defendant's Hotel on September 21, 2020 and became enamored with its nostalgic architecture and peaceful atmosphere.
h. Plaintiff has specific plans to visit Defendant's hotel on the next visit to California's Wine Country in June of 2021, provided that Plaintiff is assured that the Hotel is ADA accessible to mobility impaired individuals such as Plaintiff.
i. Plaintiff intends to visit Defendant's hotel in particular because of its melancholy appearance, nostalgic architecture and peaceful atmosphere.
j. Plaintiff's intent to visit Defendant's Hotel in June of 2021 as the interim location to California's Wine Country based on the diminishing number of California wine stock at Plaintiff's residence which is reaching a critical stage because of current travel restrictions.
k. Plaintiff is deterred, however, from visiting the Hotel if the ADA violations remain because he would again experience – as he did on September 21, 2020 – lack of access.
l. Plaintiff visited the Hotel in the past, he has actual knowledge of the barriers to accessibility at the Hotel, he prefers to stay at the Hotel because of its melancholy appearance, nostalgic architecture and peaceful atmosphere, and would return there if it were ADA compliant.
m. Plaintiff has visited the Hotel on a prior occasion, the Hotel is conveniently located en route to Napa where he plans to travel on the established bi-yearly schedule.

20. Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a

6

plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

## COUNT ONE
## Violation of Plaintiff's Civil Rights under the ADA

21. Plaintiff realleges all allegations heretofore set forth.
22. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted.
23. Plaintiff intended to visit the area in the vicinity of Defendant's Hotel and therefore reviewed hotel booking websites for disclosures mandated by 28 C.F.R. 36.302(e).
24. Plaintiff lodged in the vicinity of Defendant's hotel at Defendant's competitor's lodging. Defendant's competitor's hotel was replete with accessibility barriers and, therefore, Plaintiff visited Defendant's hotel to determine if it would be suitable for future lodging.
25. Plaintiff learned that not only did Defendant's hotel violate booking websites disclosures pursuant to 28 C.F.R. 36.302(e), but it was also replete with accessibility barriers all of which Plaintiff documented with website screenshots and documentary photographs as follows:

| ACCESSIBILITY BARRIERS PERSONALLY ENCOUNTERED BY PLAINTIFF ON 2020-09-21-22 ||
|---|---|
| The below accessibility barriers limit plaintiff's full and equal enjoyment of the facility as each relates to plaintiff's disabilities in their mitigated or unmitigated states. ||
| No accessibility information on hotels.com booking website | **This barrier violates 28 C.F.R. 36.302(e)(1)(ii).** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his mobility related accessibility needs described in ¶¶2-12 above. |

7

| No accessibility information on jabberwockinn.com booking website | **This barrier violates 28 C.F.R. 36.302(e)(1)(ii).** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his mobility related accessibility needs described in ¶¶2-12 above. |
|---|---|
|  | **No Accessible Route from Street:** This violates Standards at §206.2.1. This violation relates to Plaintiff's impairments which substantially limit his ability to walk, a major life activity. Because of Plaintiff's substantial limitation of walking, Declarant suffers an injury by not being able to ingress and egress the property from and to public street or walkway. |



**Inaccessible route to entry with no signage to accessible route:** This violates Standard §402. The violation relates to Plaintiff's impairments which substantially limit his ability walk, a major life activity. Because of Plaintiff's substantial limitation of walking, Plaintiff uses a wheelchair. When encountering barriers as the one documented above, Plaintiff is unable to access the entrance.



**Inaccessible route to entry with no signage to accessible route:** This violates Standard §402. The violation relates to Plaintiff's impairments which substantially limit his ability walk, a major life activity. Because of Plaintiff's substantial limitation of walking, Plaintiff uses a wheelchair. When encountering barriers as the one documented above, Plaintiff is unable to access the entrance.

| | |
|---|---|
|  | **Inaccessible route to entry with no signage to accessible route:** This violates Standard §402. The violation relates to Plaintiff's impairments which substantially limit his ability walk, a major life activity. Because of Plaintiff's substantial limitation of walking, Plaintiff uses a wheelchair. When encountering barriers as the one documented above, Plaintiff is unable to access the entrance. |
| | **Improperly configured handrails.** This violates Standards at §505.7. This violation relates to Plaintiff's impairments which substantially limit his ability climb stairs and grasping, both major life activity. This violation relates to Plaintiff's disabilities because the support provided by non-compliant handrails significantly impact his ability to grasp them for support. |



**Lack of Handrails on Ramp:** This violates Standards at §505.1. This violation relates to Plaintiff's impairments which substantially limit his ability to negotiate sloped walkways, a major life activity. This violation relates to Plaintiff's disabilities because the lack of handrail support significantly impact his ability to perform a major life activity of walking up a ramp.

26. The ADA and Unruh accessibility violations described in the preceding paragraph relate to Plaintiff's disabilities and interfere with Plaintiff's full and complete enjoyment of the Hotel; for the details of the relation between Plaintiff's disabilities and ADAAG violations, Plaintiff incorporates the table in ¶6 above.
27. The removal of accessibility barriers listed above is readily achievable.
28. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

E. Equitable nominal damages; and

F. For costs, expenses and attorney's fees; and

G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

## COUNT TWO
**(Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52)**

29. Plaintiff realleges all allegations heretofore set forth.

30. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

31. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

32. Plaintiff has been damaged by the Defendant's non-compliance with Unruh and is thereby aggrieved.

33. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $4,000.00 per encounter with each barrier to accessibility.

34. Pursuant to Unruh, Plaintiff is entitled to costs and expenses in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its accommodation into full compliance with the

requirements set forth in the Unruh, and its implementing regulations, so that the Hotel facilities are fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of costs of suit; and

d. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the Unruh; and

e. For damages in an amount no less than $4,000.00 per encounter with barrier; and

f. For treble damages pursuant to Cal Civ. Code. §3345.

g. The provision of whatever other relief the Court deems just, equitable and appropriate.

## COUNT THREE
**(Violation of the California Disabled Persons Act, Cal. Civ. Code §§54-54.3)**

35. Plaintiff realleges all allegations heretofore set forth.
36. Defendant has violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.
37. The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.
38. Plaintiff has been aggrieved by the Defendant's non-compliance with the DPA.
39. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

40. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its facilities into full compliance with the requirements set forth in the Unruh, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, disabled individuals as required by law, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of costs of suit; and

d. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the DPA; and

e. For damages in an amount no less than $1,000.00 per violation per encounter; and

f. For treble damages pursuant to Cal Civ. Code. §3345.

g. The provision of whatever other relief the Court deems just, equitable and appropriate.

## COUNT FOUR
Negligence

41. Plaintiff realleges all allegations heretofore set forth.

42. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

43. Defendant breached this duty.
44. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff damage.
45. By engaging in negligent conduct described herein, Defendant engaged in intentional, aggravated and outrageous conduct.
46. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.
47. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in an amount to be proven at trial; and

    C. For punitive damages to be proven at trial; and

    D. For such other and further relief as the Court may deem just and proper.

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

DATED this 26th day of January, 2021.

**PETER STROJNIK**

*[signature]*

Plaintiff

The original ECF filed this 26th day of January 2021 thence distributed by PACER.

15