1  Philip H. Stillman, Esq. SBN# 152861
   STILLMAN & ASSOCIATES
2  3015 North Bay Road, Suite B
   Miami Beach, Florida 33140
3  Tel. and Fax:  (888) 235-4279
   pstillman@stillmanassociates.com
4
   Attorneys for defendant R.F. WEICHERT V, INC.
5

6              UNITED STATES DISTRICT COURT FOR THE
7              NORTHERN DISTRICT OF CALIFORNIA

8  _____          Case No. 5:20-cv-00354-VKD
9  PETER STROJNIK,                       )
                                         )
10                       Plaintiff,      )       **MEMORANDUM OF POINTS AND**
                                         )       **AUTHORITIES IN SUPPORT OF**
11           vs.                         )       **MOTION TO REQUIRE PLAINTIFF**
                                         )       **TO POST A COSTS BOND**
12 R.F. WEICHERT V, INC. dba JABBERWOCK )
   INN,                                  )        Date:  March 30, 2021
13                                       )        Time: 10 a.m.
                         Defendant.      )        Courtroom: 2, 5th Fl.
14 _____  )

15                                               Hon. Virginia K. DeMarchi

16

17

18

19

20

21

22

23

24

25

26

27

28

Memo. Re Motion for Costs Bond

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    I.     STROJNIK SHOULD BE REQUIRED TO POST A BOND IN THIS CASE  4

        A.    The Appearance of Vexatiousness. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        B.    The Simulent Factors. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

                1.    The Degree of Probability/improbability of Success on the Merits, and the Background and Purpose of the Suit. . . . . . . . . . . . . . . . 7

                        a.    Numerous Courts Have Already Held That Strojnik's Complaints Are Insufficient. . . . . . . . . . . . . . . . . . . . . . . . 7

                        b.    Evidence Shows That Strojnik Is Not Disabled. . . . . . . . . 8

                2.    The Reasonable Extent of the Security to Be Posted, Viewed from the Defendant's Perspective. . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

                3.    The Reasonable Extent of the Security to Be Posted Viewed from the Nondomiciliary Plaintiff's Perspective. . . . . . . . . . . . . . . . 12

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

*A. Farber & Partners, Inc. v. Garber*, 417 F. Supp. 2d 1143, 1146 (C.D. Cal. 2006) . . . . 5

*Advocates for Individuals with Disabilities Found., Inc. v. Golden Rule Props., LLC*, 2017 U.S. Dist. LEXIS 103538, at *5 (D. Ariz. Mar. 20, 2017) . . . . . . . . . . . . . . . . . . . . . . . . 6

*Advocates for Individuals with Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 893 (D. Ariz. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11

*Advocates for Individuals with Disabilities LLC v. WSA Props. LLC*, 210 F. Supp. 3d 1213 (D. Ariz. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*AF Holdings LLC v. Navasca*, 2013 U.S. Dist. LEXIS 15617 (N.D. Cal. Feb. 5, 2013) . . . 5

*Baltayan v. Estate of Getemyan*, 90 Cal. App. 4th 1427, 1432 (2001) . . . . . . . . . . . . . . . . 5

*Chapman v. Pier 1 Imports, Inc.,* 631 F.3d 939, 954 (9th Cir. 2011)(*en banc*) . . . . . . . . . . 8

*Crytek Gmbh v. Cloud Imperium Games Corp.*, 2019 U.S. Dist. LEXIS 157184 (C.D. Cal. July 22, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 7, 8, 10

*Pittman ex rel. L.P. v. Avish P'ship*, 525 F. App'x 591, 593 (9th Cir. 2013) . . . 4, 5, 7, 11, 12

*Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994) . . . 1, 4

*Strojnik v. 1315 Orange LLC*, 2019 U.S. Dist. LEXIS 185481 (S.D. Cal. Oct. 25, 2019) . . . 3

*Strojnik v. Bakersfield Convention Hotel I, LLC*, 2020 U.S. Dist. LEXIS 16339 (January 31, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Strojnik v. Evans Hotels, LLC*, 3:19-CV-00650-BAS-AGH (S.D.Cal. 2019). . . . . . . . . . . . 9

*Strojnik v. Four Sisters Inns, Inc.*, 2019 U.S. Dist. LEXIS 212094 (C.D.Cal. December 9, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Strojnik v. Hotel Circle GL Holdings, LLC*, 2019 U.S. Dist. LEXIS 20259 (E.D.Cal. November 21, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Strojnik v. IA Lodging Napa First LLC,* 2020 U.S. Dist. LEXIS 32075 (N.D. Cal. Feb. 25, 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-4, 6, 7

*Strojnik v. Kapalua Land Co.*, 2019 U.S. Dist. LEXIS 165525 (D. Haw. Aug. 26, 2019). . 2

*Strojnik v. Landry's Inc.*, 2019 U.S. Dist. LEXIS 223873 (S.D. Tex. Dec. 9, 2019) . . . . 2, 6

*Strojnik v. Lee Family Trust*, Case No. 20-0257-DOC (ADSx) (C.D.Cal. May 5, 2020). . . 2

*Strojnik v. Orangewood, LLC,*  2020 U.S. Dist. LEXIS 11743(C.D.Cal. January 22, 2020)  2

*Strojnik v. Orangewood, LLC,* 8:19-cv-00946-DSF-GJS . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S. Dist. LEXIS 213070 (C.D.Cal. August 14, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Strojnik v. President Hotel Investment, LLC*, Case No. 8:20-cv-00258-DOC (ADSx) (C.D.Cal. May 5, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Strojnik v. San Diego Farah Partners, L.P.*, 2020 U.S. Dist. LEXIS 36536, at *2 (S.D. Cal. Mar. 2, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Strojnik v. SCG American Construction, Inc.*, 8:19-cv-01560-JVS-JDE (C.D.Cal. April 19, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 6

*Strojnik v. Shandilya, Inc.*, Case No. 20-cv-00254-DOC (ADSx) (C.D.Cal. May 5, 2020). 2

*Strojnik v. Singpoli Grp., LLC*, 2019 U.S. Dist. LEXIS 24494, at *3-4 (C.D. Cal. Feb. 14, 2019), *aff'd*, 2020 U.S. App. LEXIS 11910 (9th Cir. Apr. 15, 2020) . . . . . . . . . . . . . . . . . 1

*Strojnik v. SWK Properties*, Case No. 20-00255-DOC (ADSx) (C.D.Cal. May 5, 2020) . . 2

*Strojnik v. The Victus Group,* 2020 U.S. Dist. LEXIS 54117 (E.D. Cal. Mar. 27, 2020). . . 3

*Strojnik v. Wickstrom Hosp., LLC*, 2020 U.S. Dist. LEXIS 52889 (E.D. Cal. Mar. 25, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTRODUCTION**

Defendant R.F. WEICHERT V, INC. requests that this Court require that plaintiff Peter Strojnik post a bond sufficient to cover Defendant's anticipated costs and reasonable attorney's fees likely to be incurred in the defense of this action, pursuant to *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994) and California Code Civ. P. § 1030.  As of this filing, three courts have required Strojnik to post a bond after growing weary of his chicanery, including *Strojnik v. Woodside Hotel Grp.*, No. 20-cv-03204-BLF, 2021 U.S. Dist. LEXIS 24880 (N.D. Cal. Feb. 9, 2021) (imposing a $20,000 bond), *Strojnik v. Driftwood Hosp. Mgmt. LLC*, 2021 WL 50456, at *11 (D. Ariz. Jan. 6, 2021) (finding Strojnik to be a vexatious litigant, imposing a $10,000 on any ADA claim filed in federal court or removed from state court), and citing *Strojnik v. Sashi Goup, LLC*, Santa Clara Superior Court Case No. 20CV367614 (finding Strojnik a state court vexatious litigant and imposing a $50,000 bond). In addition to the foregoing, Strojnik has a string of unsatisfied sanctions awards and judgments, including a $21,995 judgment that is a lien on this very case.  *See* judgments and liens attached to the Stillman Decl. As Exhibit 5.

Moreover, despite this Court's (and others) admonishment regarding compliance with Fed.R.Civ.P. 11, Strojnik has now, for the first time in his checkered history of litigation in this state, claimed in his Second Amended Complaint that he actually has and uses a wheelchair – a plainly false allegation, as found by Judge Bashant in her order granting a motion for attorney's fees against Strojnik.

The problem that the courts and others face is that the normal guardrails of litigation, such as Rule 11 admonishments, sanctions, judgments and even disbarment — have had zero effect on Strojnik.  If he has already lost his license to practice law due to fraudulent ADA litigation, is willing to fabricate allegations, refuses to pay sanctions, judgments and tax liens and claims to have nothing in his name, the only way that this Court can protect defendants is to require Strojnik to post a bond if he wants to continue to pursue his bad faith claims. As one court put it in imposing a requirement that Strojnik post a $10,000

bond for any complaint filed in the District of Arizona alleging ADA violations:

> if this Order is to be truly "narrowly-tailored," it must precisely address the root of the wrongful behavior: Mr. Strojnik's financial incentives. It is reasonable to assume that many of the parties targeted by Mr. Strojnik's vexatious tactics would rather pay Mr. Strojnik to go away than deal with a lawsuit. The parties that choose to bear the costs of defeating Mr. Strojnik's frivolous claims in court are too few and far between. And because it is relatively inexpensive for Mr. Strojnik to file a claim, these brave parties' efforts ultimately do not deter further frivolous claims. Therefore, the Court must increase Mr. Strojnik's cost of filing frivolous ADA cases by requiring that he post a bond for ADA cases that come before this Court.

*Strojnik v. Driftwood Hosp. Mgmt. LLC*, 2021 U.S. Dist. LEXIS 1720, at *31-32 (D. Ariz. Jan. 6, 2021).  Defendant requests that this Court require Strojnik to post a bond in the amount of $75,000 as set forth in the Declaration of Philip H. Stillman filed herewith and stay this case until a ruling on this motion, since Defendant should not have to incur the additional expenses of yet another Motion to Dismiss until this Court resolves this Motion.

## STATEMENT OF FACTS

Plaintiff Peter Strojnik is a serial ADA plaintiff who has filed over 180 cases against hotels in California claiming to be disabled.  See PACER printout of Strojnik cases, attached to the Stillman Decl. as <u>Exhibit 1</u>.   Appearing pro se, Strojnik alleges that he is a resident of Maricopa County, Arizona. Complaint, ¶ 3. A former attorney, he was disbarred in May 2019 by the Arizona State Bar for filing hundreds if not thousands of fraudulent ADA complaints.  *Strojnik v. 1017 Coronado, Inc.*, 2021 U.S. Dist. LEXIS 6824, at *5 (S.D. Cal. Jan. 12, 2021). As one Court held in dismissing a Strojnik ADA case with prejudice:

> A search of pacer.gov, sorted by date, reveals that three months after Plaintiff's law license was suspended, he began filing ADA access cases as a pro se litigant instead of filing them on behalf of clients. [citation omitted] Indeed, in less than four months, Plaintiff has filed twenty-six ADA actions as a pro se litigant. Rather than being a befuddled pro se litigant . . . Plaintiff is an experienced litigator who appears to have altered his business model to work around the loss of his license.

*Strojnik v. Singpoli Grp., LLC*, 2019 U.S. Dist. LEXIS 24494, at *3-4 (C.D. Cal. Feb. 14, 2019), *aff'd*, 2020 U.S. App. LEXIS 11910 (9th Cir. Apr. 15, 2020).  Strojnik's typical business model is to file a skeletal complaint that alleges four causes of action: (1) a claim

under the ADA, (2) claims under both the Unruh Act and the Disabled Persons Act, and (3)

a claim for negligence per se based on the alleged "intentional" violation of the ADA. *See*

*e.g.*, Strojnik's Complaint in this case.  As one Court held in dismissing his Complaint:

> Finally, a cursory review of other cases Strojnik has filed in this district reveals that he has filed essentially identical complaints against other entities that merely replace the defendant's name and other minor details. . . Much like the complaint in this case, those complaints do not allege specific dates or details regarding the defendants' alleged ADA violations. Strojnik's form complaint and generic opposition brief raise the question of whether his pleadings are made in good faith . . . The number of other, essentially identical, complaints he has filed in this district raise a concern that Strojnik files bare-bones complaints that do not meet pleading standards in order to pressure ADA defendants into settlements before the court can reach the merits of his claims.

*Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 32075, at *13-14 (N.D. Cal.

Feb. 25, 2020). These form complaints have virtually uniformly been held to be insufficient

to plead standing pursuant to the ADA.  The *IA Lodging Napa First* court subsequently

dismissed Strojnik's First Amended Complaint on June 1, 2020, finding that:

> The record demonstrates that Strojnik has continued to file formulaic complaints that fail to allege Article III standing, despite being on notice from multiple courts in every federal district in California that his pleading practices are inadequate. The concerns raised by the court address exactly the kind of conduct that pre-filing orders are intended to prevent. See De Long, 912 F.2d at 1148 ("Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."). Strojnik's pleading practices waste the resources of the court and "impose[] unjustified costs on parties who are forced to defend loosely pleaded complaints that do not allege specific facts about their misconduct." See Order to Comply at 2. There are also strong indicia that defendants may be pressured into settling "what might be meritless claims rather than incur the considerable time and resources required to retain counsel and mount a defense."

*Strojnik v. IA Lodging Napa First LLC*, No. 19-cv-03983-DMR, 2020 U.S. Dist. LEXIS

95738, at *35-36 (N.D. Cal. June 1, 2020).

Additionally, Strojnik was declared a vexatious litigant and made subject to a pre-

filing order in both the Central and Northern Districts.  *Strojnik v. SCG American*

*Construction, Inc.*,  2020 U.S. Dist. LEXIS 133127, at *3 (C.D.Cal. April 19, 2020);

*Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 95738, at *36 (N.D. Cal.

June 1, 2020)("the court finds that Strojnik's litigation tactics are frivolous and harassing.

Accordingly, Andaz Napa's motion to declare Strojnik a vexatious litigant is granted and

1   the court will enter a pre-filing order to screen Strojnik's disability access complaints.").  In

2   addition, Strojnik has been declared a vexatious litigant in the State of California and

3   subject to a state-wide pre-filing order in *Strojnik v. Ayres-Paso Robles, L.P. et al.*, San

4   Luis Obispo Superior Court Case No. 20CVP0189 (Cal. Super. Ct. February 2, 2021)

5   (imposing a state-wide pre-filing order), *Strojnik v. Sashi Group, LLC*, Santa Clara Superior

6   Court Case No. 20CV367614 (Cal. Super. Ct. Dec. 16, 2020) imposing a $50,000 bond

7   requirement on Strojnik), and in the District of Arizona. *Strojnik v. Driftwood Hosp. Mgmt.*

8   *LLC*, 2021 U.S. Dist. LEXIS 1720, at *32 (D. Ariz. Jan. 6, 2021)(declaring Strojnik a

9   vexatious litigant and imposing a $10,000 bond requirement on any ADA case filed in the

10  District).  More than sixteen district courts have dismissed his complaints *without* leave to

11  amend, three of which were recently affirmed by the Ninth Circuit.[1]

12  _____

13      [1] The following courts have dismissed Strojnik's complaints with prejudice
    containing the identical language as in Strojnik's Complaint: *Strojnik v. Orangewood, LLC*,
14  2020 U.S. Dist. LEXIS 11743(C.D.Cal. January 22, 2020), *Strojnik v. Pasadena Robles
    Acquisition, LLC*, 2019 U.S. Dist. LEXIS 213070 (C.D.Cal. August 14, 2019), *aff'd*, 801 F.
15  App'x 569, 570 (9th Cir. Apr. 15, 2020); *Strojnik v. Kapalua Land Co.*, 2019 U.S. Dist.
    LEXIS 165525 (D. Haw. Aug. 26, 2019), *aff'd* 801 F. App'x 531 (9th Cir. Apr. 15, 2020);
16  *Strojnik v. Landry's Inc.*, 2019 U.S. Dist. LEXIS 223873 (S.D. Tex. Dec. 9, 2019); *Strojnik
    v. Four Sisters Inns, Inc.*, 2019 U.S. Dist. LEXIS 212094 (C.D.Cal. December 9, 2019),
17  *aff'd*, 2020 U.S. App. LEXIS 20146 (9th Cir. June 26, 2020); *Strojnik v. President Hotel
18  Investment, LLC*, Case No. 8:20-cv-00258-DOC (ADSx) (C.D.Cal. May 28, 2020); *Strojnik
    v. Shandilya, Inc.*, Case No. 20-cv-00254-DOC (ADSx) (C.D.Cal. May 28, 2020); *Strojnik
19  v. Lee Family Trust*, Case No. 20-0257-DOC (ADSx) (C.D.Cal. May 28, 2020); *Strojnik v.
20  SWK Properties*, Case No. 20-00255-DOC (ADSx) (C.D.Cal. May 28, 2020); *Strojnik v.
    Shakti Investments, LLC*, Case No. 20-0256-DOC (ADSx) (C.D.Cal. May 28, 2020);
21  *Strojnik v. Host Hotels & Resorts*, 2020 U.S. Dist. LEXIS 92386 (D. Haw. May 26,
22  2020)("the court finds Plaintiff has acted in bad faith and granting leave to amend would be
    futile because Plaintiff has been placed on notice by multiple courts of these deficiencies,
23  and yet, he has failed to cure them" dismissing Second Amended Complaint); *Strojnik v.
24  Victus Grp., Inc.*, 2020 U.S. Dist. LEXIS 54117 (E.D. Cal. Mar. 27, 2020); *Strojnik v. IA
    Lodging Napa First LLC*, No. 19-cv-03983-DMR, 2020 U.S. Dist. LEXIS 95738 (N.D. Cal.
25  June 1, 2020)(declaring Strojnik a vexatious litigant in the Northern District and dismissing
26  First Amended Complaint); *Strojnik v. Hotel Circle GL Holdings, LLC*, 2020 U.S. Dist.
    LEXIS 133778 (E.D. Cal. July 28, 2020); *Strojnik v. Inn at Jack London Square, LLC*, Case

Moreover, despite Strojnik's routine allegations in his complaints that he has severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer, and renal cancer, and a "degenerative right knee," that his physical impairments substantially limit his major life activities, that he walks with difficulty and pain and that as a result of his physical impairments, and that "By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted," Compl., ¶14, a recent March 9, 2020 Rule 35 physical examination by an orthopedist shows that he has *no* substantial impairments, either in walking, twisting and grabbing objects, or shoulder range of motion and does *not* appear impaired.  A copy of the Rule 35 report is attached to the Stillman Decl., as <u>Exhibit 2</u>.

In addition to the repudiation of Strojnik's claims by Dr. Greenfield, Defendant has

---

No. 20-cv-01289-SBA (TSH)(N.D.Cal. December 3, 2020); *Strojnik v. Wickstrom Hosp., LLC*, 2020 U.S. Dist. LEXIS 238884 (E.D. Cal. Dec. 17, 2020)*; Strojnik v. Bakersfield Convention Hotel*, 2021 U.S. Dist. LEXIS 15653 (E.D. Cal. Jan. 27, 2021); *Strojnik v. Driftwood Hosp. Mgmt. LLC*, 2021 U.S. Dist. LEXIS 1720, at *32 (D. Ariz. Jan. 6, 2021).

In addition to the Strojnik cases that were dismissed with prejudice, the following courts have dismissed Strojnik's complaints with leave to amend: *Strojnik v. 1315 Orange LLC*, 2019 U.S. Dist. LEXIS 185481 (S.D. Cal. Oct. 25, 2019) ("series of grainy, murky photographs titled "Personal Barrier Encounters," with brief captions . . . does not identify any barriers that would affect Strojnik, deny him equal access, or deter him from staying at the hotel," *sua sponte* dismissing complaint), *Strojnik v. Hotel Circle GL Holdings, LLC*, 2019 U.S. Dist. LEXIS 20259 (E.D.Cal. November 21, 2019), *Strojnik v. Resort at Indian Springs, Inc.*, 2019 U.S. Dist. LEXIS 218559 (N.D. Cal. Dec. 19, 2019); *Strojnik v. Bakersfield Convention Hotel I, LLC*, 2020 U.S. Dist. LEXIS 16339 (E.D.Cal. January 31, 2020); *Strojnik v. San Diego Farah Partners, L.P.*, 2020 U.S. Dist. LEXIS 36536, at *2 (S.D. Cal. Mar. 2, 2020) ("Strojnik, a litigant who has filed roughly 20 ADA suits in this district over the past year, is well aware that a 'list of alleged [statutory] violations cannot substitute for the factual allegations required . . . to satisfy Article III's requirement of an injury-in-fact.'"), *Strojnik v. Wickstrom Hosp., LLC*, 2020 U.S. Dist. LEXIS 52889 (E.D. Cal. Mar. 25, 2020) *Strojnik v. The Victus Group,* 2020 U.S. Dist. LEXIS 54117 (E.D. Cal. Mar. 27, 2020)(denying unopposed entry of default judgment and dismissing case); *Strojnik v. SCG American Construction, Inc.*, 8:19-cv-01560-JVS-JDE (C.D.Cal. April 19, 2020)(declaring Strojnik a vexatious litigant).

1    obtained surveillance video from three hotels that show Strojnik walking with no problems

2    at all, and in one video, shows him carrying a large "over the shoulder" luggage and pulling

3    another large suitcase – clearly demonstrating his lack of any type of substantial

4    impairment.  Stillman Decl., ¶ 10.  In addition, the mere fact that he is well enough to spend

5    weeks driving thousands of miles in his car around California suing hotels strongly calls

6    into question his alleged disabilities, which he alleges include his inability to sit and turn a

7    steering wheel.  *See Strojnik v. Orangewood, LLC,* 8:19-cv-00946-DSF-GJS, Second

8    Amended Complaint, ¶ 33 (listing travel from January 23, 2019-July 26, 2019); Second

9    Amended Complaint in this action, ¶ 19.  As the *Driftwood* Court held, "There is no serious

10    doubt that Mr. Strojnik exaggerates his injuries." *Strojnik v. Driftwood Hosp. Mgmt. LLC*,

11    2021 U.S. Dist. LEXIS 1720, at \*27 (D. Ariz. Jan. 6, 2021).

## ARGUMENT

### I.

### STROJNIK SHOULD BE REQUIRED TO POST A BOND IN THIS CASE

15       While the Federal Rules of Civil Procedure do not have a "specific provision . . .

16    relating to security for costs," district courts "have inherent power [and discretion] to

17    require plaintiffs to post security for costs."  *Simulnet E. Assocs. v. Ramada Hotel*

18    *Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). The question of whether to impose a bond

19    requires district courts to look to the forum state's law. *Id.* ("Typically federal courts, . . .

20    follow the forum state's practice with regard to security for costs . . . ."); *see also Pittman*

21    *ex rel. L.P. v. Avish P'ship*, 525 F. App'x 591, 593 (9th Cir. 2013)(affirming bond

22    requirement for serial ADA plaintiff). The California Civil Procedure Code permits courts

23    to require "an undertaking to secure an award of costs and attorney's fees" from a plaintiff.

24    *Crytek Gmbh v. Cloud Imperium Games Corp.*, 2019 U.S. Dist. LEXIS 157184 (C.D. Cal.

25    July 22, 2019) citing Cal. Civ. Proc. Code § 1030(b). Under that statute, a defendant may

26    move for such an undertaking when: (1) "plaintiff resides out of the state or is a foreign

27    corporation" and (2) "there is a reasonable possibility that the moving defendant will obtain

28    judgment in the action or special proceeding." *Id.* A defendant does not need to show that

there is "no possibility" that the plaintiff could win at trial, "but only that it [is] reasonably possible" that the defendant will win." *Crytek Gmbh v. Cloud Imperium Games Corp.*, 2019 U.S. Dist. LEXIS 157184 (C.D. Cal. July 22, 2019) at *3, citing *Baltayan v. Estate of Getemyan*, 90 Cal. App. 4th 1427, 1432 (2001). This hurdle is a "relatively low" one. *AF Holdings LLC v. Navasca*, 2013 U.S. Dist. LEXIS 15617 at *1 (N.D. Cal. Feb. 5, 2013). *Strojnik v. Woodside Hotel Grp.*, No. 20-cv-03204-BLF, 2021 U.S. Dist. LEXIS 24880 (N.D. Cal. Feb. 9, 2021) (imposing a $20,000 bond). The Ninth Circuit has held that this standard is met when it would not be "illogical, implausible, or without support in the record to conclude that there [is] a reasonable possibility that [the defendant] would prevail" and be entitled to fees and costs. *Pittman*, 525 F. App'x at 593.  This issue has already been decided against Strojnik in *Strojnik v. Woodside Hotel Group, Ltd*, 2021 U.S. Dist. LEXIS 24880 (N.D. Cal. Feb. 9, 2021), where the court applied the *Simulent* factors to require that Strojnik post a $20,000 bond in the identical case as here.

Courts should also "balance several factors in assessing the propriety of requiring a plaintiff to post security for costs, including whether the litigation has 'the appearance of vexatiousness' and:

> (i) the degree of probability/improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective.

*A. Farber & Partners, Inc. v. Garber*, 417 F. Supp. 2d 1143, 1146 (C.D. Cal. 2006) (citing *Simulnet*, 37 F.3d at 576).  There is no dispute that Plaintiff is an out of state resident and therefore satisfies the first element of Code Civ. P. § 1030(b).  There is similarly no dispute that Defendant can be entitled to an award of attorney's fees if it prevails in the case. *Pittman v. Avish P'ship*, 525 F. App'x 591, 593 (9th Cir. 2013)(affirming imposition of bond for costs in ADA claim).  That leaves the *Simulent* factors examined by the Ninth Circuit.

A.    The Appearance of Vexatiousness.

This Court need not labor long on the issue of whether Strojnik's complaints have

the appearance of vexatiousness, as Judge Selna has already made such a finding based on

Strojnik's almost identical complaint filed in this case.  As Judge Selna recently held,

> countless courts have questioned Strojnik's motives in pursuing the litigation and whether he has a good faith basis for his claims. This is based on the fact that he files near identical lawsuits, save a few photographs and name changes, in what is apparently an effort to pressure ADA defendants into settlements before courts can reach the merits. . . Strojnik should be very well aware of the type of conduct that is permissible, yet despite repeated questioning of his intentions, he continues to file countless ADA cases in an effort to obtain money from his victims . . . ***Strojnik's history contains countless filings of frivolous complaints and instances of directly ignoring court orders.***

*Strojnik v. SCG American Construction, Inc.*, 8:19-cv-01560-JVS-JDE (C.D.Cal. April 19,

2020) (emphasis added).  *See also*, *Strojnik v. Landry's Inc.*, 2019 U.S. Dist. LEXIS

223873, at *2 n.1 (S.D. Tex. Dec. 9, 2019)("Given the multiplicity of suits filed by

Strojnik, which may suffer the same lack of standing issue addressed herein, it may be that

Strojnik should be treated as a vexatious litigant."); *Strojnik v. Woodside Hotel Grp., Ltd.*,

2021 U.S. Dist. LEXIS 24880, at *2 (N.D. Cal. Feb. 9, 2021) ("The Court also finds that

there is a reasonable possibility that Defendant will prevail on the merits and that Strojnik's

Americans with Disabilities Act ("ADA") claim is frivolous."); *Advocates for Individuals*

*with Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 893 (D. Ariz. 2017)

("Template complaints filled with non-specific allegations have become the stock-in-trade

of attorneys Peter Strojnik . . . . This extortionate practice has become pervasive."); *Strojnik*

*v. Host Hotels & Resorts*, 2020 U.S. Dist. LEXIS 92386 (D. Haw. May 26, 2020)("the court

finds Plaintiff has acted in bad faith and granting leave to amend would be futile").  In the

Court's second ruling in *IA Napa Lodging*, holding that Strojnik is a vexatious litigant and

dismissing his First Amended Complaint with prejudice, the Court held that "Strojnik's

litigation tactics are frivolous and harassing." *Strojnik v. IA Lodging Napa First LLC*, 2020

U.S. Dist. LEXIS 95738, at *36 (N.D. Cal. June 1, 2020); *Strojnik v. Ayres-Paso Robles,*

*LLC*, San Luis Obispo Case No. 20CVP0189 ("Plaintiff's complaints demonstrate a pattern

that rises to the level of a frivolous litigation tactic"); *Strojnik v. Driftwood Hosp. Mgmt.*

*LLC*, 2021 U.S. Dist. LEXIS 1720, at *29 (D. Ariz. Jan. 6, 2021)("The Court finds Mr.

Strojnik's litigation tactics frivolous and harassing.")

Strojnik has also attempted to drive up the costs of litigation by filing an overtly improper "Strojnik Version I" complaint, refusing to file an amended complaint when asked to do so by opposing counsel (as counsel did in this case) in several cases, and then waiting until after the defendant has filed a Motion to Dismiss to file a superseding amended complaint which then forces the defendant to have to prepare and file yet another motion to dismiss.  Stillman Decl., ¶ 11. This has been Strojnik's stock in trade since before he was disbarred.  *Advocates for Individuals with Disabilities Found., Inc. v. Golden Rule Props., LLC*, 2017 U.S. Dist. LEXIS 103538, at *5 (D. Ariz. Mar. 20, 2017) (Strojnik's tactic "was a bait-and-switch maneuver aimed at 'prolonging litigation and imposing costs on the opposing party.'")

B.    The *Simulent* Factors.

    1.    **The Degree of Probability/improbability of Success on the Merits, and the Background and Purpose of the Suit**.

The hurdle to show that a defendant has a possibility of prevailing is low.  The Ninth Circuit has held that district courts do not abuse their discretion by requiring a security when it would not be "illogical, implausible, or without support in the record to conclude that there [is] a reasonable possibility that [the defendant] would prevail" and be entitled to fees and costs. *Crytek Gmbh v. Cloud Imperium Games Corp.*, 2019 U.S. Dist. LEXIS 157184, at *4 (C.D. Cal. July 22, 2019) citing *Pittman*, 525 F. App'x at 593.  Given that defendants have prevailed against Strojnik sixteen times on identical or virtually identical complaints, two Districts in California, the District of Arizona and the State of California have declared him a vexatious litigant, it is certainly *not* "illogical, implausible, or without support in the record" to conclude that Defendant has shown a reasonable possibility of prevailing in this case.

    a.    ***Numerous Courts Have Already Held That Strojnik's Complaints Are Insufficient.***

As discussed above, Strojnik is a serial ADA litigant who has filed over 180 cases against hotels, all of which are based on the same cookie cutter allegations that are found in the Complaint here.  Sixteen courts have already held that Strojnik's allegations regarding

his purported "injury in fact," intent to return and deterrence are insufficient as a matter of law and have dismissed those complaints without leave to amend. The Ninth Circuit has affirmed four such dismissals in *Pasadena Robles*, *Kapalua Land Co., Four Sisters Inns, LLC* and *Orangewood, LLC.* Those cases, being final judgments, are now collateral estoppel on at least the issues of (1) whether Strojnik's allegation regarding an intent to return is sufficient and (2) whether Strojnik's allegation that he is "deterred" from going to the Defendant's hotel is sufficient. Thus, based on those cases alone, Defendant has demonstrated a possibility of success on the merits.

However, the Court need not rely on the doctrine of collateral estoppel alone to find that Defendant has demonstrated at the very least, a reasonable possibility of prevailing. First, there is the finding of more than *sixteen* other district courts that Strojnik has not identified how any barriers that he claims to have experienced are barriers to him based on his own purported disabilities as required by *Chapman v. Pier 1 Imports, Inc.,* 631 F.3d 939, 954 (9th Cir. 2011)(*en banc*).[2] Although an equal number of those courts have, under the Ninth Circuit's liberal policy of amendment, afforded Strojnik another opportunity to cure that problem, and in those cases, motions to dismiss the amended complaint are still pending, the surest indicator of Strojnik's inability or refusal to cure that defect can be found in *Orangewood*, where the court gave Strojnik three chances to file a satisfactory complaint and after failing to heed the Court's orders on what was needed to cure the defective complaint, dismissed the Second Amended Complaint with prejudice, and *Wickstrom Hospitality*, where Strojnik was also given two opportunities to amend. Thus, at

---

[2] In several of these cases, the district court entered at least two orders dismissing Strojnik's complaints with leave to amend, before concluding that the complaint should be dismissed with prejudice. For example, in *Orangewood*, the court entered two prior orders before dismissing with prejudice. In *IA Napa Lodging First*, the Court entered two such orders. In *President Hotel Investments,* and *Shandilya,* the court entered two such orders. Thus, the actual number of *orders* finding that Strojnik's complaints are inadequate are almost double the eighteen cases where his complaints were finally dismissed with prejudice.

1    the very least, it is unlikely that Strojnik can successfully plead standing.

2                 b.    ***Evidence Shows That Strojnik Is Not Disabled.***

3          In all of the cases granting motions to dismiss, the district courts declined to rely on

4    matters outside the four corners of the complaint.  However, in connection with this

5    Motion, the Court is not so limited.  *Crytek Gmbh v. Cloud Imperium Games Corp.*, 2019

6    U.S. Dist. LEXIS 157184, at *6 (C.D. Cal. July 22, 2019) (relying on declarations to

7    establish propriety of costs bond).  The extra-complaint evidence conclusively establishes

8    that Strojnik's claims are bogus.  The Court need look no further than Judge Bashant's

9    findings in *Strojnik v. 1017 Coronado, Inc.*, No. 19-cv-02210-BAS-MSB, 2021 U.S. Dist.

10   LEXIS 6824, at *10 (S.D. Cal. Jan. 12, 2021):

11         Mr. Strojnik appears to suggest that he is wheelchair-bound, a fact that clearly
     is not true. In the case most recently before the Court, the Court ordered an
12         IME to determine whether Mr. Strojnik was truly disabled as he claimed in his
     lawsuit. The case settled after the IME was conducted but the examiner
13         concluded Mr. Strojnik "ambulates relatively well with a very slight limp and
     has an erect posture." (See Ex. 2 to Stillman Decl.) Similarly, at a Court
14         hearing on December 10, 2019 (a month after this lawsuit was filed), the Court
     observed Plaintiff able to walk into a courtroom unassisted by a wheelchair. At
15         that time Plaintiff did not appear to have difficulty walking.

16   *See also, Strojnik v. Driftwood Hosp. Mgmt. LLC,* 2021 U.S. Dist. LEXIS 1720, at *27 (D.

17   Ariz. Jan. 6, 2021)("The Court can only conclude, and so finds, that Mr. Strojnik habitually

18   over-exaggerates his injuries.").

19         Second, very little is more persuasive than video showing Strojnik striding around

20   hotels with no apparent impairment.  In a June 5, 2019 surveillance video, Strojnik is seen

21   striding through the lobby of the Bakersfield Marriott pulling a large suitcase and carrying

22   another piece of luggage over his shoulder.  For the convenience of the court, that video is

23   posted on YouTube at https://youtu.be/pnZ2I4yQ3ss.  The timing of this video is important

24   because Strojnik claims that he had a total knee replacement on June 18, 2019, only thirteen

25   days after this video shows him "ambulating" without problems at the Bakersfield Marriott

26   – a hotel he then sued.  It is reasonable to infer that Strojnik's "excruciating" pain,

27   discomfort and difficulty in walking would have been at its zenith so shortly prior to the

28   knee replacement surgery, an inference completely debunked by the surveillance tape.

Second, there is new surveillance footage of Strojnik "casing" a hotel for ADA compliance on February 11, 2020. That video also shows him walking briskly in front of the front desk, where he identifies himself, and then walking without any apparent difficulty whatsoever in the parking lot as he appears to be taking measurements in order to sue that hotel and finally, getting into his car. That video is also posted on YouTube for the Court's convenience at https://youtu.be/GRnXOCeh8Pc.

In what is perhaps the best surveillance video to date, another video was taken of Strojnik casing a Bay Area hotel for ADA compliance on February 10, 2020, which again shows Strojnik "ambulating" with no problems whatsoever. The video can be seen at https://www.youtube.com/watch?v=VebdlEcVh4E. These videos plainly show that Strojnik is not disabled, does not need "mobility assistance devices" and regardless of what he claims is his plethora of medical problems, one thing these videos make clear: Strojnik's complaints are fraudulent, vexatious and indeed, sanctionable under 28 U.S.C § 1927 and this Court's inherent powers.

In addition to the foregoing, ABC News Phoenix did an expose on Strojnik's filing of fraudulent ADA lawsuits, which ultimately led to his disbarment. Two videos of Strojnik walking without any impairment are posted on the ABC Channel 15 website. https://www.abc15.com/news/local-news/investigations/state-bar-moves-to-suspend-serial-suing-attorney-exposed-by-abc15 and https://www.abc15.com/news/local-news/investigations/az-attorney-general-attempts-second-intervention-to-shut-down-serial-suing-attorney.

Finally, there is the Rule 35 report. In light of those videos, it should come as no surprise to this Court that a Fed.R.Civ.P. 35 examination by an orthopedist on March 9, 2020 ordered by the court in *Strojnik v. Evans Hotels, LLC*, 3:19-CV-00650-BAS-AGH (S.D.Cal. 2019) determined that Strojnik has none of the purported physical limitations that Strojnik complains of in his Second Amended Complaint, ¶ 14. For example, regarding Strojnik's claimed difficulty in walking, Dr. Greenfield found that "He appears to be functioning well post right total knee arthroplasty"and "He ambulates relatively well with a

very slight limp and has an erect posture."  Regarding Strojnik's claimed femorial stenosis, Dr. Greenfield observed that "He has no evidence of positive nerve root tension signs." Regarding Strojnik's claimed inability to grasp objects and twist with his hands and shoulders, Dr. Greenfield found that "He has a functional range of motion of his shoulders with flexion, internal rotation, and external rotation" and "He does have an initial adequate grip on both the right- and the left-hand side."  Stillman Decl., <u>Exhibit 2</u>.

To put it mildly, Judge Bashant's findings, the Rule 35 report and the videos demonstrate that Strojnik has no substantial limitations that he could truthfully allege pursuant to Rule 11 are related to the bare procedural violations that he identifies in his complaintS.  That is why, despite 22 courts telling him to do so (often more than once), he has refused to explain clearly how he is disabled and how those purported disabilities relate to any alleged barriers.  The video evidence coupled with the Rule 35 Report at a minimum establishes that Defendant has shown at least a reasonable possibility of prevailing in this case.

   2.   **The Reasonable Extent of the Security to Be Posted, Viewed from the Defendant's Perspective.**

As set forth in the Stillman Declaration, Defendant has shown that it will likely cost well over $75,000 in reasonable attorney's fees and taxable costs to litigate this case through trial. That amount is specifically itemized in the Stillman Decl., ¶¶ 12-24.  As detailed therein, that is much less than the estimate of the attorney's fees that will likely be expended in defeating Strojnik's claims, together with $33,100 in costs.

"Courts must be careful not to 'deprive a plaintiff of access to the federal courts' by forcing them to post an excessive bond." *Crytek Gmbh v. Cloud Imperium Games Corp.*, 2019 U.S. Dist. LEXIS 157184, at *10-11 (C.D. Cal. July 22, 2019).  Although Defendant estimates that attorney's fees through trial will amount to over $110,000, this is not an excessive amount for litigating a case – even a vexatious one.  Moreover, although Strojnik claims to be retired, he admits to having received $249,079 from 117 ADA settlements in the last two years.  *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 95738,

at *18-19 (N.D. Cal. June 1, 2020). In *Driftwood*, the Court ordered Strojnik to provide evidence of the amount of all of his settlements in the Arizona courts in the last year.  The Court specifically held that Strojnik misrepresented the amount that he received, holding that "To date, he says he has settled thirteen cases, which would amount to just over $100,000. Even if the Court accepted Mr. Strojnik's claimed 'initial expenses' beyond fees and service costs as legitimate, he would still be making about $75,000." *Strojnik v. Driftwood Hosp. Mgmt. LLC*, 2021 U.S. Dist. LEXIS 1720, at *24 (D. Ariz. Jan. 6, 2021).

Considering that despite those justifiable attorney's fees, Defendant is only seeking a fraction of those fees as a bond, the amount sought is not excessive. *See Pittman v. Avish P'ship*, 525 F. App'x 591, 594 (9th Cir. 2013)(in ADA case,"it was not an abuse of discretion to set the bond at $50,000.").

 The need for a bond is especially important in Strojnik's cases for two reasons. First, Strojnik appears to use multiple nonprofits into which he either deposits his ill-gotten gains or to which he assigns his ill-gotten gains. In *Advocates for Individuals with Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 893 (D. Ariz. 2017), a case where Strojnik was counsel, the court identified four such similar sounding nonprofits:

> AID has pursued upwards of 160 cookie-cutter lawsuits in federal court and, from early to later 2016, more than 1,700 such suits in Arizona state court. They come under the heading of different organizations with closely related names: "Advocates for Individuals with Disabilities Foundation," "Advocates for Individuals with Disabilities LLC," and "American Advocates for Disabled Individuals." (Doc. 42-1 at 4.) (Some have also been filed under the name "Advocates for American Disabled Individuals LLC."

*Id. See also, Advocates for Individuals with Disabilities LLC v. WSA Props. LLC*, 210 F. Supp. 3d 1213 (D. Ariz. 2016). Strojnik also has claimed that he has donated $1.2 million from his ADA lawsuits to an unnamed nonprofit corporation.  *See* Strojnik Response to Order to Show Cause, *Strojnik v. IA Napa Lodging First, LLC*, Case 4:19-cv-03983-DMR (N.D.Cal. March 21, 2020), Dkt. 56, p. 9. Strojnik does not identify the name of the nonprofit to which he claims to have allegedly donated $1.2 million.  Moreover, in his disbarment testimony before the Arizona State Bar, Strojnik claimed that he:

worked for free, under an arrangement with AID, he would demand attorney

> fees and those attorney fees were paid directly to AID and given to other individuals unknown to Mr. Strojnik. [158:7-18.] He swore he was never paid or given anything for attorney fees. Instead he testified, " The attorney fees were assigned to AID." He then added "I never saw the check."

Order of Interim Suspension, p. 9, *In re Peter Strojnik*, Case No. PDJ 2019-9018. A copy of the Order for Interim Suspension is attached to the Stillman Decl., as <u>Exhibit 4</u>. *See also*, *MidFirst Bank*, 279 F. Supp. 3d at 897 ("Strojnik also maintains that all of the fees collected in his cases are donated to charity, though no details are given.").

Second, Strojnik has left a trail of unpaid liens, sanctions and judgments in both Arizona and now in California. *See* RJN, <u>Exhibit 5</u>. The very purpose of imposing a cost bond on an out of state plaintiff is to make sure that a successful defendant can collect costs and attorney's fees without difficulty. Here, there are cost awards against Strojnik in California state courts of approximately $3,000, as well as two attorney's fee awards of approximately $40,000. Strojnik is literally thumbing his nose at the Courts and only with a costs bond can Defendant be assured of being able to collect on an award.

Since it cannot be disputed that (1) Strojnik has been disbarred for filing fraudulent claims, (2) uses one or more nonprofit corporations to hide the proceeds of his ADA lawsuits from creditors and (3) claims to have worked for "free" or has claimed huge undocumented expenses to hide his income, and (4) has left a trail of unpaid judgments and liens in both Arizona and California, it is highly likely that without a bond, Defendant will never be able to collect any attorney's fees or costs awarded.

3.   **The Reasonable Extent of the Security to Be Posted Viewed from the Nondomiciliary Plaintiff's Perspective**.

Strojnik no doubt views *any* amount as unreasonable. This factor should carry no weight at all. However, given his admission that he has received $249,000 in settlements since May 2018 (when he was suspended as a lawyer) through the present in California, approximately $100,000 in the past year in Arizona and claims to have donated $1.2 million in settlement proceeds to charity, and according to Zillow.com, lives in a house

valued at $1.6 million,[3] Strojnik can clearly afford to post a $75,000 bond.  *See Pittman*, 525 F. App'x at 594.

As the *Driftwood* court held, "because it is relatively inexpensive for Mr. Strojnik to file a claim, these brave parties' efforts ultimately do not deter further frivolous claims. Therefore, the Court must increase Mr. Strojnik's cost of filing frivolous ADA cases by requiring that he post a bond for ADA cases that come before this Court."  *Strojnik v. Driftwood Hosp. Mgmt. LLC*, 2021 U.S. Dist. LEXIS 1720, at *32 (D. Ariz. Jan. 6, 2021)

## CONCLUSION

For the foregoing reasons, Defendant requests that this Court grant its Motion and require plaintiff Peter Strojnik to post a bond in the amount of $75,000.

Respectfully Submitted,

STILLMAN & ASSOCIATES

Dated: February 22, 2021        By:_____
                                      Philip H. Stillman, Esq.
                                Attorneys for defendant R.F. WEICHERT V, INC.

---

[3]
https://www.zillow.com/homedetails/7847-N-Central-Ave-Phoenix-AZ-85020/71619720_zpid/

1

**PROOF OF SERVICE**

2      I, the undersigned, certify under penalty of perjury that on February 23, or as soon as

3  possible thereafter, copies of the foregoing Motion for a Costs Bond, Memorandum of

4  Points and Authorities, the Declaration of Philip Stillman, the Request for Judicial Notice,

5  and Proposed Order was served electronically by the Court's ECF notice to all

6  persons/entities requesting special notice or otherwise entitled to the same and via email to

7  Plaintiff's email address listed with this Court.

8                                          By: /s/ *Philip H. Stillman*
                                           Attorneys for R.F. WEICHERT V, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28