Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax:  (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for defendant R.F. WEICHERT V, INC.

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PETER STROJNIK,<br><br>              Plaintiff,<br><br>     vs.<br><br>R.F. WEICHERT V, INC. dba<br>JABBERWOCK INN,<br><br>              Defendant. | Case No. 5:20-cv-00354-VKD<br><br>**DECLARATION OF PHILIP H. STILLMAN IN SUPPORT OF MOTION TO REQUIRE PLAINTIFF TO POST A COSTS BOND**<br><br>Date:  March 30, 2021<br>Time: 10 a.m.<br>Courtroom: 2, 5th Fl.<br><br>Hon. Virginia K. DeMarchi |

I, Philip H. Stillman, hereby declare:

1.    I am a member of the California Bar in good standing and attorney for R.F. WEICHERT V, INC. in this matter.  I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently to them.

2.    I make this declaration to itemize the costs anticipated in the defense of the above-captioned case for the purpose of setting a fair bond that plaintiff Peter Strojnik should be required to post as a condition for proceeding in this case.

3.    First, as a preliminary matter, Code Civ. P. § 1030(b) requires that a moving defendant show that (1) the plaintiff is an out of state resident and (2) that the defendants have a reasonable likelihood of prevailing on the claims.  Both of those elements are clearly met here.

4.    In his Complaint, ¶ 3, Strojnik alleges that at all times relevant, he is and was a resident of Maricopa County, Arizona. The address that he lists on the caption of the Second Amended Complaint also gives an address in Phoenix, which is located in Maricopa County. Thus, the first element has been met through Strojnik's own pleading.

5.    The second element of Code Civ. P. § 1030(b), a reasonable possibility of prevailing in this matter is demonstrated in several ways.

6.    First, there is the sheer number of complaints filed by Strojnik against hotels – over 180 at last count.  In each of the complaints, Strojnik alleges without any support that he intends to return to each of the hotels, sometimes five or more in the same city.  A true and correct copy of a recent PACER printout of Strojnik's cases through February 17, 2021 is attached hereto as Exhibit 1.

7.    Second, 28 district courts have now dismissed the virtually identical complaints, 18 of them with prejudice.  In the remaining cases where leave to amend has been granted, motions to dismiss the amended complaints have not yet been ruled upon. Three dismissals have already been affirmed by the Ninth Circuit.

8.    Third, there is the Rule 35 physical examination of Peter Strojnik, finding that he does not suffer from the substantial impairments that he alleges in his complaint.  A true

1    and correct copy of the Rule 35 examination in *Strojnik v. Evans Hotels, LLC*,

2    3:19-CV-00650-BAS-AGH (S.D.Cal. 2019) is attached hereto as <u>Exhibit 2</u>. The Court

3    should note that this copy of the Rule 35 report was filed by Strojnik in the *Evans* case.

4        9.    On March 21, 2020, and pursuant to a court order, Strojnik filed his Response

5    to an Order to Show Cause in *Strojnik v. IA Napa Lodging First, LLC*, Case

6    4:19-cv-03983-DMR (N.D.Cal. March 21, 2020), Dkt. 56, attached hereto as <u>Exhibit 3</u>. In

7    that filing, he acknowledged having received $249,000 in settlements since 2018, and

8    claimed to have "donated" $1.2 million to an unspecified charity.

9        10.    Fourth, there are the findings by the Arizona State Bar.  As one court stated,

10   "In light of the fact that Plaintiff is now bringing a pro se accessibility lawsuit, the Court

11   cannot conclude that the fact of Plaintiff's disbarment for bringing meritless accessibility

12   lawsuits is irrelevant." *Strojnik v. New Crescent Invs. LLC*, 2020 U.S. Dist. LEXIS 36248,

13   at *2-3 (D. Ariz. Mar. 2, 2020).  A true and correct copy of the Arizona State Bar's Order

14   of Interim Suspension, *In re Peter Strojnik*, Case No. PDJ 2019-9018 is attached hereto as

15   <u>Exhibit 4</u>.

16       11.    Finally, there are the videos.  In the video of Strojnik at the Bakersfield

17   Marriott hotel, the hotel matched the time of Strojnik's check-in at the hotel with the

18   timestamped video, clearly identifying Strojnik.  In the February 11, 2020 video, Strojnik

19   identified himself in the video to the Front Desk clerk.  On the February 10, 2020 video, I

20   am sufficiently familiar with Strojnik to definitively identify him as the person in the video.

21   I have obtained each of the videos referred to in the Memorandum from the Custodian of

22   Records of each of the three hotels.  I then posted those videos to my YouTube channel so

23   that the videos would be easy to access by this Court and other interested parties.  In

24   connection with the February 10, 2020 and February 11, 2020 videos, my clients provided

25   me with three short clips each.  I then took those three clips from each hotel and, using

26   iMovie, merely combined them into one video for each hotel for ease of viewing by this

27   Court and others.  In the February 11, 2020 consolidated video, I put an introductory title

28   page at the very beginning to introduce the video.  That was not put in by my client.  True

1  and correct copies of the three videos that I received from my clients are at

2  https://youtu.be/pnZ2I4yQ3ss, https://youtu.be/GRnXOCeh8Pc and

3  https://www.youtube.com/watch?v=VebdlEcVh4E.

4      12.    Strojnik's conduct also demonstrates vexatiousness.  Despite 28 district courts

5  finding that Strojnik's "Version I Complaint" failed to allege standing(some two times or

6  more), he continues to persist in filing those very complaints through the present day.

7  Moreover, given the sheer number of orders finding his Version I complaints defective, in

8  at least three cases in which I represent the defendant hotel, and as I did in this case, I have

9  written to Strojnik requesting that he voluntarily file an amended complaint to replace the

10  Strojnik Version I Complaint and he has refused, saying that I should file my motion to

11  dismiss.  Those cases are *Strojnik v. President Hotel Investment, LLC*, in the Central

12  District, *Strojnik v. Kamla Hotels, LLC* in the Southern District and *Strojnik v. R.F.*

13  *Reichert V, Inc.* in the Northern District.  After filing the motion to dismiss, Strojnik has

14  then filed a still-defective amended complaint, forcing me to prepare a new motion to

15  dismiss based on the amended complaint.  There is no reason for this conduct *other* than a

16  vexatious effort to drive up costs of defense.

17      13.    In addition, Strojnik has left a string of unpaid judgments, tax liens and

18  sanctions from his ADA cases in Arizona.  Copies of these judgments are attached hereto as

19  Exhibit 5.   In addition, I have a $21,995 judgment against him for attorney's fees in

20  *Strojnik v. Village 1107 Coronado, Inc.*, as well as a $17,850 attorney's fee award in

21  *Strojnik v. Inn at Jack London Square, LLC,* Case No. 4:20-cv-01289-SBA (N.D.Cal.

22  January 28, 2021).  Strojnik has also left a string of unpaid costs in state court cases that he

23  filed in California where I represented the successful defendant, including *Strojnik v. 275*

24  *Orange Ave*, LLC, San Diego Superior Court Case No. 37-2020-00026091-CU-CR-CTL

25  ($909.00), *Strojnik v. Sashi Group, LLC*, Santa Clara Case No. 20CV367614 ($786.75) and

26  *Strojnik v. Ayres - Paso Robles, LLC*, San Luis Obispo Superior Court Case No.

27  20CVP-0189 ($582.24).  Without a cost bond, it is readily apparent that Defendant will

28  have no ability to collect against Strojnik.

14.    Defendants intend to take the depositions of Peter Strojnik, his wife, currently identified by Strojnik as "Mrs. Strojnik," although they are apparently divorced, Alex Callan, who is and was a co-conspirator with Strojnik in creating the various non-profits that are affiliated with Strojnik and Callan, the deposition of Dr. Greenfield, who performed the Rule 35 examination of Strojnik on March 9, 2020, each of Strojnik's treating physicians, who have not yet been identified by Strojnik but of which there are at least three, and a Rule 30(b)(6) deposition of at least one of the nonprofits affiliated with Callan and Strojnik and to which Strojnik contends he donated $1.2 million. Strojnik's treating physicians, his ex-wife, Callan and the Rule 30(b)(6) deponent all reside out of state and Defendant anticipates that it may be forced to travel to Arizona for these depositions. As such, Defendant expects to incur travel expenses of roughly $2,000.00 for these depositions. Defendant also expects to incur approximately $2,500.00 for transcript and videographer services for the depositions of Strojnik, his ex-wife, Callan and Dr. Vance. Defendant also anticipates that Plaintiff may seek the deposition of the Defendant in this matter and thus Defendant expects to incur transcript costs for these depositions of roughly $1,000.00.

15.    Defendants also expect to retain an expert witness to opine as to the alleged disability of Plaintiff. Defendant is currently working to identify these experts but anticipate an average hourly rate of $500.00 for expert witness services and anticipate roughly 20 hours of services (including travel time) from each expert in this matter for an estimated total of $10,000.00.

16.    As shown in the following summary, Defendant anticipates its total costs in this matter to be at a minimum, $36,100.

17.    I have estimated the following costs for each defendant in this case:

    (A)    Messenger fees for courtesy copies of all filings to Chambers . .  $500

    (B)    Deposition costs for six videotaped depositions. . . . . . . . . . .  $23,000
            (Plaintiff, Plaintiff's wife, Alex Callan, Rule 30(b)(6) deposition of
            Advocates for Individuals with Disabilities, LLC, Deposition of Dr.

1    Raymond Vance, Treating doctors of Strojnik (TBD).

2    (C)    Elmo Rental for Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $600

3    (D)    Expert Witness fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $10,000

4    (E)    Rule 35 Physical Examination . . . . . . . . . . . . . . . . . . . . . . . . . $2,000

5                                            **TOTAL:    $36,100.00**

6    18.    For the purpose of estimating the attorney fees that I anticipate in connection

7    with obtaining a dismissal of this case and an award of sanctions, I offer the following

8    discussion of my background and experience.  I have been a civil litigation attorney for

9    over 30 years, 29 of which were in California.  I began my career in 1989 with Nixon

10   Peabody in Boston, Massachusetts. In 1990, I moved to San Diego, California and opened

11   the West Coast office for a Boston-based law firm, Flynn, Sheridan & Tabb, and became its

12   managing partner. I have been continuously in civil litigation practice nationally but

13   predominantly in Los Angeles and San Diego for the last 29 years.

14   19.    I attended Brandeis University and received degrees in Economics and

15   Psychology, and obtained my Juris Doctorate Degree from Boston University School of

16   Law in 1989, where I was an editor of the Annual Review of Banking Law. I am admitted

17   to the United States District Court for Massachusetts, all federal courts in California, the

18   First, Ninth and Tenth Circuits of the United States Court of Appeals, and have argued

19   many cases before the California Courts of Appeal, and numerous cases before the Ninth

20   Circuit, including several setting new law in criminal law, copyright law, and regarding

21   personal jurisdiction.  I have tried numerous complex jury trials and bench trials to verdict.

22   I have also been qualified as an expert witness in litigation procedure and practice by the

23   Los Angeles Superior Court.

24   20.    I am familiar with the hourly rates for attorneys with my level of experience in

25   the Southern District of California, and on January 12, 2021, I was awarded attorney's fees

26   against Strojnik in *Strojnik v. 1017 Coronado, Inc.,* No. 19-cv-02210-BAS-MSB, 2021

27   U.S. Dist. LEXIS 6824 (S.D. Cal. Jan. 12, 2021) based on an hourly rate of $500 per hour,

28   which in my experience, is a more than reasonable hourly rate for an attorney with my level

of experience and background.

21.    Defendant anticipates the need for discovery in this matter, including the multiple depositions discussed above, as well as written discovery, and potentially motions to compel the deposition of Strojnik, and to compel document production. For this additional discovery, Defendant anticipates incurring fees of roughly $20,000.00.

22.    Defendant also anticipates additional motion practice, including further dispositive motions, and estimate roughly $10,000.00 for these services.

23.    Defendant anticipates that trial preparation including drafting multiple motions in limine, jury instructions, special verdict forms, attending the Rule 16 pre- trial conference, preparing exhibit lists and witness lists, drafting the final pre-trial conference Order pursuant to Local Rule 16, preparing witnesses and the attendance of one partner and one associate at trial, as well as drafting any necessary bench memoranda during the pendency of trial, will be $35,000.00 if not more.

24.    All told, Defendants anticipate their costs and attorneys' fees in this action to be at a minimum approximately $115,000 or more.

25.    Based on my long experience as a civil litigator in California, I anticipate that obtaining a judgment in this case will likely require (or have already required) the following hours:

| Review of Complaint and prep. of Motion to Dismiss, Review the Opposition, prepare a Reply and oral argument, if any. | 20.0 |
|---|---|
| Review of First Amended Complaint and prep. Revised Motion | 12.0 |
| Prep. Responses to Plaintiff's Discovery; conf. Client | 5.6 |
| Prep. Discovery to Plaintiff | 7.5 |
| Review and Prep. Rule 26(f) Report | 2.1 |
| Prep. Motion for Costs Bond, review Opposition, prepare Reply | 15.0 |
| Prep. and take 6 depositions | 55.0 |
| Prep. Motion for Summary Judgment | 25.0 |
| Prep. for 3 day jury trial if necessary. | 48.0 |

| 3 day jury trial | 24 |
| Post-trial motions | 15 |

**TOTAL:    229.20 hours**

26.    229.2 hours at $500 per hour yields a lodestar of $114,600.  The Court should also note that of that amount, I have already incurred 35 hours of that time, or $17,500 preparing two motions to dismiss.  Although all of the above fees are not only justifiable but reasonable, I am only asking that this Court require Strojnik to post a bond for $75,000, which is only slightly more than the attorney's fees already expended plus the anticipated costs to be incurred in this action through trial.  Considering that I am only asking that a fraction of what I reasonably anticipate will be required in this case, I believe that the $75,000 bond is both reasonable and affordable.

I hereby declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Signed this 22nd day of February, 2021 at Miami Beach, Florida.

By: _____
Philip H. Stillman, Esq.

1

**PROOF OF SERVICE**

2   I, the undersigned, certify under penalty of perjury that on February 23, 2021 or as

3 soon as possible thereafter, copies of the foregoing Motion For A Costs Bond,

4 Memorandum of Points and Authorities, the Declaration of Philip Stillman and Proposed

5 Order was served electronically by the Court's ECF notice to all persons/entities requesting

6 special notice or otherwise entitled to the same and via email to Plaintiff's email address

7 listed with this Court.

8        By: _/s/ Philip H. Stillman_
          Attorneys for R.F. WEICHERT V, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 1**

motoman4540-02.14.2021-17-02

| caseYear | courtId | firstName | lastName | caseNumberFull | caseTitle | dateFiled | dateTermed | natureOfSuit | caseLink |
|---|---|---|---|---|---|---|---|---|---|
| **DISTRICT OF ARIZONA** | | | | | | | | | |
| 2021 | azdc | Peter | Strojnik | 2:2021cv00128 | Strojnik v. W2005 New Century Hotel Portfolio LP et al | 2021-01-25 | 2021-02-10 | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1258758 |
| 2021 | azdc | Peter | Strojnik | 2:2021cv00162 | Strojnik v. Little America Hotels & Resorts Incorporated | 2021-01-29 | | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1259141 |
| 2021 | azdc | Peter | Strojnik | 2:2021cv00164 | Strojnik v. DW CL VII LLC | 2021-01-29 | | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1259163 |
| 2020 | azdc | Peter | Strojnik | 2:2020cv00343 | Strojnik v. New Crescent Investments LLC | 2020-02-14 | 2021-01-06 | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1231720 |
| 2020 | azdc | Peter | Strojnik | 2:2020cv01434 | Strojnik v. Xenia Hotels and Resorts Incorporated et al | 2020-07-21 | 2021-01-06 | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1244528 |
| 2020 | azdc | Peter | Strojnik | 3:2020cv08194 | Strojnik v. Ogle et al | 2020-08-03 | | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1245134 |
| 2020 | azdc | Peter | Strojnik | 4:2020cv00331 | Strojnik v. Choice Hotels International Incorporated et al | 2020-08-03 | | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1245285 |
| 2020 | azdc | Peter | Strojnik | 2:2020cv01532 | Strojnik v. Driftwood Hospitality Management LLC et al | 2020-08-05 | 2021-01-06 | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1245292 |
| 2020 | azdc | Peter | Strojnik | 2:2020cv01566 | Strojnik v. Patel et al | 2020-08-06 | | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1245572 |
| 2020 | azdc | Peter | Strojnik | 3:2020cv08232 | Strojnik v. WMH Enterprises LLC | 2020-08-31 | | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1247475 |
| 2020 | azdc | Peter | Strojnik | 2:2020cv01763 | Strojnik v. Payson Hospitality Group LLC | 2020-09-09 | | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1247863 |
| 2021 | azdc | Peter | Strojnik | 2:2021cv00181 | Strojnik v. Stanislaw Szafarski and Malgorzata Szafarski et al | 2021-02-01 | | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1259400 |
| 2020 | azdc | Peter | Strojnik | 3:2020cv08247 | Strojnik v. HV Global Management Corporation | 2020-09-15 | | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1248807 |
| 2020 | azdc | Peter | Strojnik | 3:2020cv08262 | Strojnik v. HPTRI Corporation et al | 2020-09-25 | 2020-11-20 | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1249428 |
| 2020 | azdc | Peter | Strojnik | 3:2020cv08262 | Strojnik v. LADA Sedona LP | 2020-10-02 | | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1250325 |
| 2020 | azdc | Peter | Strojnik | 3:2020cv08264 | Strojnik v. Pro Hospitality One PV LLC et al | 2020-10-12 | | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1251139 |
| 2020 | azdc | Peter | Strojnik | 3:2020cv08268 | Strojnik v. Schrieder | 2020-10-16 | | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1251788 |
| 2020 | azdc | Peter | Strojnik | 3:2020cv08276 | Strojnik v. Lonesome Valley Hospitality LLC et al | 2020-10-23 | 2020-12-01 | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1252470 |
| 2020 | azdc | Peter | Strojnik | 2:2020cv02065 | Strojnik v. Phoenix North Bell M6 LLC et al | 2020-10-26 | 2021-02-04 | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1252781 |
| 2020 | azdc | Peter | Strojnik | 3:2020cv08306 | Strojnik v. B&L Motels Incorporated | 2020-11-18 | 2020-12-15 | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1255100 |
| 2020 | azdc | Peter | Strojnik | 3:2020cv08313 | Strojnik v. C&H Kingman LLC et al | 2020-11-24 | | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1255301 |
| 2020 | azdc | Peter | Strojnik | 2:2020cv02289 | Strojnik v. W2005 New Century Hotel Portfolio LP et al | 2020-11-25 | | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1255597 |
| 2020 | azdc | Peter | Strojnik | 3:2020cv08317 | Strojnik v. Flagrock Hospitality LLC et al | 2020-11-30 | | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1255770 |
| 2020 | azdc | Peter | Strojnik | 3:2020cv08319 | Strojnik v. AIH LLC et al | 2020-11-30 | | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1255815 |
| 2020 | azdc | Peter | Strojnik | 2:2020cv02352 | Strojnik v. Ashford Scottsdale LP | 2020-12-04 | | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1256372 |
| 2020 | azdc | Peter | Strojnik | 3:2020cv08328 | Strojnik v. Forest Villas Inn II LLC | 2020-12-08 | | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1256434 |
| 2020 | azdc | Peter | Strojnik | 3:2020cv08333 | Strojnik v. Kingman Investments LP et al | 2020-12-14 | | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1256730 |
| 2021 | azdc | Peter | Strojnik | 3:2021cv08000 | Strojnik v. Liberty Hospitality Group LLC et al | 2021-01-05 | | 446 | https://ecf.azd.uscourts.gov/cgi-bin/iqquerymenu.pl?1257833 |
| **CENTRAL DISTRICT OF CALIFORNIA** | | | | | | | | | |
| 2018 | caccd | Peter | Strojnik | 2:2018cv10237 | Peter Strojnik v. Marriott International, Inc. | 2018-12-10 | 2019-03-18 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?731202 |
| 2018 | caccd | Peter | Strojnik | 2:2018cv10493 | Peter Strojnik v. Best Western Hotels and Resorts | 2018-12-18 | 2019-04-03 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?731947 |
| 2018 | caccd | Peter | Strojnik | 2:2018cv10494 | Peter Strojnik v. Zislis Boutique Hotels, LLC | 2018-12-18 | 2019-02-06 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?731953 |
| 2018 | caccd | Peter | Strojnik | 2:2018cv10495 | Peter Strojnik v. Second Street Corporation | 2018-12-18 | 2019-01-02 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?731963 |
| 2019 | caccd | Peter | Strojnik | 2:2019cv00066 | Peter Strojnik Sr. v. Singpoli Group, LLC | 2019-01-03 | 2019-02-14 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?733143 |
| 2019 | caccd | Peter | Strojnik | 2:2019cv01148 | Peter Strojnik Sr. v. Hyatt Hotels Corp. | 2019-02-14 | 2019-04-29 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?737263 |
| 2019 | caccd | Peter | Strojnik | 2:2019cv01199 | Peter Strojnik, Sr. v. Burton Way Hotels LLC | 2019-02-15 | 2019-11-02 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?737318 |
| 2019 | caccd | Peter | Strojnik | 2:2019cv01146 | Peter Strojnik, Sr. v. Georgian Hotel, Inc. | 2019-02-14 | 2019-06-25 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?737324 |
| 2019 | caccd | Peter | Strojnik | 2:2019cv01174 | Peter Strojnik v. Dole Food Company, Inc. | 2019-02-15 | 2019-05-28 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?737405 |
| 2019 | caccd | Peter | Strojnik | 2:2019cv02078 | Peter Strojnik v. Urban Commons Cordova, LLC | 2019-03-20 | 2020-01-15 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?740491 |
| 2019 | caccd | Peter | Strojnik | 2:2019cv02067 | Peter Strojnik Sr v. Pasadena Robles Acquisition, LLC | 2019-03-20 | 2019-08-14 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?740496 |
| 2019 | caccd | Peter | Strojnik | 8:2019cv00930 | Peter Strojnik v. Ayres-Orange, L.P. | 2019-05-16 | 2019-09-24 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?747101 |
| 2019 | caccd | Peter | Strojnik | 8:2019cv00946 | Peter Strojnik v. Orangewood LLC | 2019-05-17 | 2020-01-22 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?747123 |
| 2019 | caccd | Peter | Strojnik | 2:2019cv02533 | Peter Strojnik Sr. v. Aung Solvang LLC | 2019-04-03 | 2019-08-14 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?742059 |
| 2019 | caccd | Peter | Strojnik | 2:2019cv02743 | Peter Strojnik v. Pacifica Hotel Company, Inc. | 2019-04-10 | 2020-01-31 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?743125 |
| 2019 | caccd | Peter | Strojnik | 2:2019cv02991 | Peter Strojnik v. Four Sisters Inns, Inc | 2019-04-18 | 2019-11-14 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?743641 |
| 2019 | caccd | Peter | Strojnik | 8:2019cv00944 | Peter Strojnik v. Landmark Marriott Suites LLC | 2019-05-17 | 2019-12-18 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?747376 |
| 2019 | caccd | Peter | Strojnik | 2:2019cv04614 | Peter Strojnik, Sr. v. Bent Olsen et al | 2019-05-28 | 2019-07-29 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?748229 |
| 2019 | caccd | Peter | Strojnik | 2:2019cv04615 | Peter Strojnik Sr v. King Frederick Motel, LLC | 2019-05-28 | 2019-08-05 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?748421 |
| 2019 | caccd | Peter | Strojnik | 2:2019cv01045 | Peter Strojnik, Sr. v. Khanna Enterprises, LTD | 2019-05-28 | 2019-08-09 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?748447 |
| 2019 | caccd | Peter | Strojnik | 8:2019cv01560 | Peter Strojnik, Sr. v. SCG America Construction Inc. | 2019-08-13 | 2020-08-05 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?755712 |
| 2020 | caccd | Peter | Strojnik | 8:2020cv00021 | Peter Strojnik Sr. v. Salone Development Corporation | 2020-01-06 | 2020-06-08 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?769318 |
| 2020 | caccd | Peter | Strojnik | 8:2020cv00062 | Peter Strojnik Sr. v. Interstate Hotels and Resorts Inc. | 2020-01-13 | 2020-03-18 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?769888 |
| 2020 | caccd | Peter | Strojnik | 8:2020cv00063 | Peter Strojnik Sr. v. Interstate Hotels and Resorts, Inc. | 2020-01-13 | 2020-02-19 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?769905 |
| 2020 | caccd | Peter | Strojnik | 8:2020cv00064 | Peter Strojnik Sr. v. DMD Lodging Inc | 2020-01-13 | 2020-04-01 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?769906 |
| 2020 | caccd | Peter | Strojnik | 8:2020cv00065 | Peter Strojnik Sr. v. CMP 1 Santa Ana Owner LP | 2020-01-13 | 2020-03-02 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?769909 |
| 2020 | caccd | Peter | Strojnik | 8:2020cv00254 | Peter Strojnik Sr. v. Shandilya, Inc. | 2020-02-10 | 2020-05-28 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?772674 |
| 2020 | caccd | Peter | Strojnik | 8:2020cv00257 | Peter Strojnik Sr. v. Lee Family Trust | 2020-02-10 | 2020-05-28 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?772682 |
| 2020 | caccd | Peter | Strojnik | 8:2020cv00258 | Peter Strojnik Sr. v. President Hotel Investment, LLC | 2020-02-10 | 2020-05-28 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?772698 |
| 2020 | caccd | Peter | Strojnik | 8:2020cv00255 | Peter Strojnik Sr. v. SWK Properties, LLC | 2020-02-10 | 2020-05-28 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?772832 |
| 2020 | caccd | Peter | Strojnik | 8:2020cv00256 | Peter Strojnik Sr. v. Shakti Investments, LLC | 2020-02-10 | 2020-05-28 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?772855 |
| 2020 | caccd | Peter | Strojnik | 2:2020cv01871 | Peter Strojnik v. Dario Pini Trust | 2020-02-26 | 2020-05-04 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?774715 |
| 2020 | caccd | Peter | Strojnik | 2:2020cv01925 | Peter Strojnik v. Ventura Seaward Hotel, LP | 2020-02-27 | 2020-05-27 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?774844 |
| 2020 | caccd | Peter | Strojnik | 2:2020cv01862 | Peter Strojnik v. Ventura BV Inn, LLC | 2020-02-26 | 2020-06-15 | 446 | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?774865 |
| **EASTERN DISTRICT OF CALIFORNIA** | | | | | | | | | |
| 2018 | caccd | Peter | Strojnik | 1:2018cv01522 | Strojnik v. Evergreen Destination Holdings, LLC | 2018-11-02 | 2019-01-07 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?345767 |
| 2018 | caccd | Peter | Strojnik | 1:2018cv01520 | Strojnik v. 574 Escuela, LLC | 2018-11-02 | 2018-11-06 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?345768 |
| 2018 | caccd | Peter | Strojnik | 1:2018cv01621 | Strojnik v. Ravensbrook Inn Yosemite | 2018-11-26 | 2019-06-14 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?347177 |
| 2019 | caccd | Peter | Strojnik | 1:2019cv01097 | Strojnik v. BRE Newton Hotels Property Owner, LLC | 2019-08-12 | 2019-11-04 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?359544 |
| 2019 | caccd | Peter | Strojnik | 1:2019cv01098 | Strojnik v. Bakersfield Convention Hotel I, LLC | 2019-08-12 | | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?359546 |
| 2019 | caccd | Peter | Strojnik | 1:2019cv01099 | Strojnik v. Integrated Capital, LLC | 2019-08-12 | 2020-01-28 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?359547 |

| 2019 | caedc | Peter | Strojnik | 1:2019cv01096 | Peter Strojnik v. JW World Enterprises, Inc. Best Western Bake | 2019-08-12 | | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?359640 |
|------|-------|-------|----------|---------------|-----|------|------|-----|------|
| 2019 | caedc | Peter | Strojnik | 1:2019cv01587 | (PS) Strojnik v. Capitol Regency, LLC | 2019-08-15 | | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?359743 |
| 2019 | caedc | Peter | Strojnik | 1:2019cv01192 | Strojnik v. Shivkrupa Investments, Inc. | 2019-08-30 | 2019-11-25 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?360562 |
| 2019 | caedc | Peter | Strojnik | 1:2019cv01193 | Strojnik v. Uniwell Fresno Hotel, LLC | 2019-08-30 | 2020-01-02 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?360576 |
| 2019 | caedc | Peter | Strojnik | 1:2019cv01196 | Peter Strojnik, Sr. v. 1309 West Shaw, LLC | 2019-08-30 | 2020-01-14 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?360596 |
| 2019 | caedc | Peter | Strojnik | 1:2019cv01195 | Strojnik v. Hi Fresno Hotel Holdings, LLC | 2019-08-30 | 2020-03-19 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?360601 |
| 2019 | caedc | Peter | Strojnik | 1:2019cv01194 | Strojnik v. Hotel Circle GL Holdings, LLC | 2019-08-30 | 2020-06-32 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?360632 |
| 2019 | caedc | Peter | Strojnik | 1:2019cv01264 | Strojnik v. BRE SSP Property Owner, LLC | 2019-09-11 | 2019-11-05 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?361171 |
| 2019 | caedc | Peter | Strojnik | 1:2019cv01265 | Strojnik v. Stone Creek Lodging, L.P. | 2019-09-11 | 2020-04-06 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?361175 |
| 2019 | caedc | Peter | Strojnik | 2:2019cv01877 | (PS) Strojnik v. Azul Hospitality Group, LLC et al | 2019-09-18 | | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?361686 |
| 2019 | caedc | Peter | Strojnik | 1:2019cv01321 | Strojnik v. Kanhaiya, LLC | 2019-09-20 | 2019-09-24 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?361718 |
| 2019 | caedc | Peter | Strojnik | 1:2019cv01322 | Strojnik v. Weaver Enterprises, LP | 2019-09-20 | 2019-09-24 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?361727 |
| 2019 | caedc | Peter | Strojnik | 2:2019cv01938 | (PS) Strojnik v. Weaver Enterprises, LP | 2019-09-20 | 2020-04-02 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?361898 |
| 2019 | caedc | Peter | Strojnik | 2:2019cv01941 | (PS) Strojnik v. Kanhaiya, LLC | 2019-09-20 | 2020-03-12 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?361911 |
| 2019 | caedc | Peter | Strojnik | 2:2019cv02041 | (PS) Strojnik v. Sacramento Hotel, LLC | 2019-10-11 | | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?362697 |
| 2019 | caedc | Peter | Strojnik | 2:2019cv02042 | (PS) Strojnik v. Vantage Pointe Inc. | 2019-10-11 | 2020-02-27 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?362700 |
| 2019 | caedc | Peter | Strojnik | 2:2019cv02043 | (PS) Strojnik v. Wickstrom Hospitality, LLC | 2019-10-11 | 2021-01-26 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?362710 |
| 2019 | caedc | Peter | Strojnik | 2:2019cv02044 | (PS) Strojnik v. Kaidan Hospitality LP | 2019-10-11 | | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?362713 |
| 2019 | caedc | Peter | Strojnik | 2:2019cv02326 | (PS) Strojnik v. Izabella Investment, LLC | 2019-11-18 | 2020-01-14 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?364995 |
| **NORTHERN DISTRICT OF CALIFORNIA** | | | | | | | | | |
| 2018 | cacdc | Peter | Strojnik | 3:2018cv06587 | Strojnik v. Joie de Vivre Hospitality LLC | 2018-10-29 | 2019-10-03 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?334064 |
| 2018 | cacdc | Peter | Strojnik | 3:2018cv06586 | Strojnik v. Marriott International Inc | 2018-10-29 | 2018-12-10 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?334070 |
| 2018 | cacdc | Peter | Strojnik | 3:2018cv06777 | Strojnik v. 574 Escuela, LLC | 2018-11-08 | | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?334518 |
| 2018 | cacdc | Peter | Strojnik | 5:2018cv07704 | Strojnik v. Benchmark Conference Resorts of California, LLC | 2018-12-24 | 2019-04-11 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?336391 |
| 2019 | cacdc | Peter | Strojnik | 3:2019cv00737 | Strojnik v. ML San Jose Holding LLC | 2019-02-11 | | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?338226 |
| 2019 | cacdc | Peter | Strojnik | 5:2019cv01844 | Strojnik v. Ensemble Hotel Partners, LLC | 2019-04-05 | 2019-12-26 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?340481 |
| 2019 | cacdc | Peter | Strojnik | 5:2019cv01875 | Strojnik v. Bernardus LLC | 2019-04-08 | 2019-12-26 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?340541 |
| 2019 | cacdc | Peter | Strojnik | 5:2019cv01876 | Strojnik v. JIMA Ventures LLC | 2019-04-08 | 2019-07-01 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?340548 |
| 2019 | cacdc | Peter | Strojnik | 5:2019cv02529 | Strojnik, Sr. v. Mirabel Hotel and Restaurant Group LLC | 2019-05-10 | 2020-03-06 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?341993 |
| 2019 | cacdc | Peter | Strojnik | 3:2019cv02556 | Strojnik v. VY Verasa Commercial Company LLC et al | 2019-05-15 | 2020-09-15 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?342171 |
| 2019 | cacdc | Peter | Strojnik | 5:2019cv03006 | Strojnik v. Hyatt International Corporation | 2019-05-31 | 2019-12-27 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?342908 |
| 2019 | cacdc | Peter | Strojnik | 5:2019cv03082 | Strojnik v. Xenia Hotels & Resorts, Inc. | 2019-06-04 | 2020-10-14 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?343026 |
| 2019 | cacdc | Peter | Strojnik | 3:2019cv03122 | Strojnik, Sr. v. First & Mission Properties LLC | 2019-06-05 | 2019-09-10 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?343110 |
| 2019 | cacdc | Peter | Strojnik | 3:2019cv03377 | Strojnik v. Wilson | 2019-06-13 | 2019-08-12 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?343827 |
| 2019 | cacdc | Peter | Strojnik | 3:2019cv03375 | Strojnik v. Madrona Manor Wine Country Inn & Restaurant Inc. | 2019-06-13 | 2019-10-02 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?343724 |
| 2019 | cacdc | Peter | Strojnik | 3:2019cv03376 | Strojnik v. Fowler LLC | 2019-06-13 | 2019-08-13 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?343757 |
| 2019 | cacdc | Peter | Strojnik | 3:2019cv03583 | Strojnik v GF Carneros Tenant, LLC | 2019-06-20 | 2020-03-16 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?343865 |
| 2019 | cacdc | Peter | Strojnik | 4:2019cv03968 | Strojnik v. WCH Napa LLC | 2019-07-10 | 2019-08-05 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?344658 |
| 2019 | cacdc | Peter | Strojnik | 3:2019cv03983 | Strojnik v. IA Lodging Napa First LLC | 2019-07-10 | 2020-06-01 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?344664 |
| 2019 | cacdc | Peter | Strojnik | 3:2019cv03980 | Strojnik v. 539 Johnson Street, LLC | 2019-07-10 | 2019-08-12 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?344691 |
| 2019 | cacdc | Peter | Strojnik | 5:2019cv04616 | Strojnik v. Resort at Indian Springs, LLC | 2019-08-09 | 2021-01-11 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?346121 |
| 2019 | cacdc | Peter | Strojnik | 5:2019cv04619 | Strojnik v. Homestead Inn LLC | 2019-08-09 | 2019-10-01 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?346126 |
| 2019 | cacdc | Peter | Strojnik | 5:2019cv05149 | Strojnik v. Classic Hotels & Resorts LLC et al | 2019-08-19 | 2020-01-03 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?346923 |
| 2019 | cacdc | Peter | Strojnik | 3:2019cv05188 | Strojnik v. Mount View Hotel Partners, a California Limited Part | 2019-08-20 | 2020-01-08 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?346990 |
| 2019 | cacdc | Peter | Strojnik | 5:2019cv07579 | Strojnik v. Portola Hotel, LLC | 2019-11-18 | | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?351648 |
| 2020 | cacdc | Peter | Strojnik | 5:2020cv00136 | Strojnik v. SWVP Monterey, LLC | 2020-01-07 | 2020-03-23 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?353653 |
| 2020 | cacdc | Peter | Strojnik | 5:2020cv00354 | Strojnik v. R.F. Weichert V, Inc. | 2020-01-16 | | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?354067 |
| 2020 | cacdc | Peter | Strojnik | 4:2020cv01050 | Strojnik v. Napa Hotel and Restaurant LLC | 2020-02-10 | 2020-04-06 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?355288 |
| 2020 | cacdc | Peter | Strojnik | 3:2020cv01051 | Strojnik v. Napa Discovery Inn, LLC | 2020-02-10 | 2020-03-16 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?355327 |
| 2020 | cacdc | Peter | Strojnik | 3:2020cv01083 | Strojnik v. Pacifica Hotel, Pacific, L.P. | 2020-02-11 | 2020-10-29 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?355339 |
| 2020 | cacdc | Peter | Strojnik | 4:2020cv01291 | Strojnik v. Moraya Investments, LLC | 2020-02-20 | | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?355776 |
| 2020 | cacdc | Peter | Strojnik | 4:2020cv01290 | Strojnik v. Seema Will Rogers, LLC | 2020-02-20 | 2020-07-01 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?355778 |
| 2020 | cacdc | Peter | Strojnik | 4:2020cv01289 | Strojnik v. The Inn at Jack London Square, LLC | 2020-02-20 | 2020-12-03 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?355813 |
| 2020 | cacdc | Peter | Strojnik | 3:2020cv03203 | Strojnik v. Call Family Trust | 2020-05-11 | 2020-11-09 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?359313 |
| 2020 | cacdc | Peter | Strojnik | 5:2020cv03204 | Strojnik v. Woodside Hotel Group LTD | 2020-05-11 | | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?359315 |
| 2020 | cacdc | Peter | Strojnik | 3:2020cv03205 | Strojnik v. Inter-continental Hotels Group Resources, LLC | 2020-05-11 | 2020-07-08 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?359318 |
| 2020 | cacdc | Peter | Strojnik | 4:2020cv03140 | Strojnik v. Terrapin 1250 Bayshore Property Owner, LLC | 2020-05-07 | 2020-07-17 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?359380 |
| 2020 | cacdc | Peter | Strojnik | 3:2020cv03139 | Strojnik v. Butterfly Effect Hotels, LLC | 2020-05-07 | 2020-09-23 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?359590 |
| 2020 | cacdc | Peter | Strojnik | 3:2020cv03142 | Strojnik v. BW RRI II, LLC | 2020-05-07 | | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?359787 |
| **SOUTHERN DISTRICT OF CALIFORNIA** | | | | | | | | | |
| 2019 | casdc | Peter | Strojnik | 3:2019cv00305 | Strojnik v. Pendry San Diego, LLC | 2019-02-12 | 2019-05-21 | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?615259 |
| 2019 | casdc | Peter | Strojnik | 3:2019cv00650 | Strojnik v. Torrey Pines Club Corporation | 2019-04-08 | 2020-07-14 | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?623366 |
| 2019 | casdc | Peter | Strojnik | 3:2019cv00909 | v. Strojnik et al | 2019-05-14 | 2019-09-18 | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?628650 |
| 2019 | casdc | Peter | Strojnik | 3:2019cv01186 | Strojnik v. La Jolla Bed & Breakfast Inc. | 2019-06-24 | 2020-01-09 | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?634598 |
| 2019 | casdc | Peter | Strojnik | 3:2019cv01187 | Strojnik v. GHALP Parnership, L.P. | 2019-06-24 | 2020-02-06 | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?634601 |
| 2019 | casdc | Peter | Strojnik | 3:2019cv01381 | Strojnik v. CWI 2 La Jolla Hotel, LP | 2019-07-24 | 2021-01-11 | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?638973 |
| 2019 | casdc | Peter | Strojnik | 3:2019cv01390 | Strojnik v. Lizerbram | 2019-07-24 | 2020-04-02 | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?638992 |
| 2019 | casdc | Peter | Strojnik | 3:2019cv01386 | Strojnik v. Prospect Hospitality, LP | 2019-07-24 | 2020-01-02 | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?638993 |
| 2019 | casdc | Peter | Strojnik | 3:2019cv01391 | Strojnik v. Bartell Hotels Management Company | 2019-07-24 | 2020-08-06 | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?639016 |
| 2019 | casdc | Peter | Strojnik | 3:2019cv01445 | Strojnik v. RNM Hospitality, Inc et al | 2019-08-01 | 2020-07-14 | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?639953 |
| 2019 | casdc | Peter | Strojnik | 3:2019cv01446 | Strojnik v. Marla K Hicks Trust | 2019-08-01 | 2020-07-14 | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?639954 |
| 2019 | casdc | Peter | Strojnik | 3:2019cv01991 | Strojnik v. 1315 Orange LLC | 2019-10-16 | 2020-06-04 | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?651765 |
| 2019 | casdc | Peter | Strojnik | 3:2019cv02147 | Strojnik v. Barrigon Inc | 2019-11-07 | 2020-01-27 | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?655053 |

| 2019 | casdc | Peter | Strojnik | 3:2019cv02148 | Strojnik v. Cherokee Lodge, LLC | 2019-11-07 | 2020-01-23 | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?655115 |
| 2019 | casdc | Peter | Strojnik | 3:2019cv02211 | Strojnik v. Indoc Partners, LLC | 2019-11-20 | 2020-08-17 | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?656728 |
| 2019 | casdc | Peter | Strojnik | 3:2019cv02210 | Strojnik v. Village 1017 Coronado, Inc. | 2019-11-20 | 2020-06-16 | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?656774 |
| 2019 | casdc | Peter | Strojnik | 3:2019cv02212 | Strojnik v. Kamla Hotels, Inc. | 2019-11-20 | | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?656785 |
| 2020 | casdc | Peter | Strojnik | 3:2020cv00358 | Strojnik v. San Diego Farah Partners, L.P. | 2020-02-26 | | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?670361 |
| 2020 | casdc | Peter | Strojnik | 3:2020cv00359 | Strojnik v. Souldriver Lessee, Inc. | 2020-02-26 | 2020-05-22 | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?670411 |
| 2020 | casdc | Peter | Strojnik | 3:2020cv00360 | Strojnik v. RBI Investors L.P. | 2020-02-26 | 2020-05-28 | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?670418 |
| 2020 | casdc | Peter | Strojnik | 3:2020cv00387 | Strojnik v. Lafayette Landlord, LLC | 2020-02-28 | | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?670680 |
| 2020 | casdc | Peter | Strojnik | 3:2020cv00384 | Strojnik v. 8757 Rio San Diego Mission Valley Owner, LLC | 2020-02-28 | 2020-09-16 | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?670758 |
| 2020 | casdc | Peter | Strojnik | 3:2020cv00868 | Strojnik v. Pacifica Stratford Three, LLC | 2020-05-07 | | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?677897 |
| **DISTRICT OF COLORADO** | | | | | | | | | |
| 2020 | codc | Peter | Strojnik | 1:2020cv00034 | Strojnik v. Christiania Lodge at Vail, LTD | 2020-01-06 | 2020-03-13 | 446 | https://ecf.cod.uscourts.gov/cgi-bin/iqquerymenu.pl?194527 |
| 2020 | codc | Peter | Strojnik | 1:2020cv00035 | Strojnik v. Lodge Properties Inc. | 2020-01-06 | 2020-02-18 | 446 | https://ecf.cod.uscourts.gov/cgi-bin/iqquerymenu.pl?194532 |
| 2020 | codc | Peter | Strojnik | 1:2020cv00085 | Strojnik v. Sonnenalp Properties, Inc. | 2020-01-10 | 2020-02-18 | 446 | https://ecf.cod.uscourts.gov/cgi-bin/iqquerymenu.pl?194696 |
| 2020 | codc | Peter | Strojnik | 1:2020cv00086 | Strojnik v. Mountain Haus Condominium Association | 2020-01-10 | | 446 | https://ecf.cod.uscourts.gov/cgi-bin/iqquerymenu.pl?194699 |
| 2020 | codc | Peter | Strojnik | 1:2020cv00087 | Strojnik v. Lazier Tivoli, LLC | 2020-01-10 | 2021-02-03 | 446 | https://ecf.cod.uscourts.gov/cgi-bin/iqquerymenu.pl?194700 |
| 2020 | codc | Peter | Strojnik | 1:2020cv00570 | Strojnik v. Vail/Beaver Creek Resort Properties, Inc. | 2020-02-28 | 2020-05-15 | 446 | https://ecf.cod.uscourts.gov/cgi-bin/iqquerymenu.pl?195940 |
| **DISTRICT OF HAWAII** | | | | | | | | | |
| 2019 | hidc | Peter | Strojnik | 1:2019cv00135 | Strojnik v. Granite Fund IV LLC | 2019-03-14 | 2019-04-08 | 446 | https://ecf.hid.uscourts.gov/cgi-bin/iqquerymenu.pl?143618 |
| 2019 | hidc | Peter | Strojnik | 1:2019cv00136 | Strojnik v. Host Hotels & Resorts, Inc. | 2019-03-14 | 2020-05-26 | 446 | https://ecf.hid.uscourts.gov/cgi-bin/iqquerymenu.pl?143621 |
| 2018 | hidc | Peter | Strojnik | 1:2018cv00403 | Strojnik v. Green Tea, LLC | 2018-10-22 | 2019-01-03 | 446 | https://ecf.hid.uscourts.gov/cgi-bin/iqquerymenu.pl?141855 |
| 2018 | hidc | Peter | Strojnik | 1:2018cv00409 | Strojnik v. Island Acquisitions Kapalua LLC | 2018-10-24 | 2018-12-06 | 446 | https://ecf.hid.uscourts.gov/cgi-bin/iqquerymenu.pl?141951 |
| 2019 | hidc | Peter | Strojnik | 1:2019cv00077 | Strojnik v. Kapalua Land Company LTD et al | 2019-02-13 | 2019-09-25 | 446 | https://ecf.hid.uscourts.gov/cgi-bin/iqquerymenu.pl?143201 |
| 2018 | iddc | Peter | Strojnik | 1:2018cv00556 | Strojnik v. Block 22 LLC | 2018-12-17 | 2020-01-03 | 446 | https://ecf.idd.uscourts.gov/cgi-bin/iqquerymenu.pl?742843 |
| 2019 | hidc | Peter | Strojnik | 1:2019cv00515 | Strojnik v. Heritage Hotels and Resorts, Inc. | 2019-06-05 | 2019-12-02 | 446 | https://ecf.hid.uscourts.gov/cgi-bin/iqquerymenu.pl?420103 |
| **DISTRICT OF NEW MEXICO** | | | | | | | | | |
| 2020 | nmdc | Peter | Strojnik | 1:2020cv00843 | Strojnik v. Albuquerque Boca Hotel, LP | 2020-08-21 | | 446 | https://ecf.nmd.uscourts.gov/cgi-bin/iqquerymenu.pl?451725 |
| 2020 | nmdc | Peter | Strojnik | 1:2020cv00875 | Strojnik v. Water Street Inn, LLC | 2020-08-27 | | 446 | https://ecf.nmd.uscourts.gov/cgi-bin/iqquerymenu.pl?451920 |
| 2020 | nmdc | Peter | Strojnik | 1:2020cv00938 | Strojnik v. Ashford Santa Fe LP | 2020-09-16 | | 446 | https://ecf.nmd.uscourts.gov/cgi-bin/iqquerymenu.pl?452558 |
| 2020 | nmdc | Peter | Strojnik | 1:2020cv00940 | Strojnik v. Ashford Posada LP | 2020-09-16 | | 446 | https://ecf.nmd.uscourts.gov/cgi-bin/iqquerymenu.pl?452560 |
| 2020 | nmdc | Peter | Strojnik | 1:2020cv00998 | Strojnik v. Historic Hotel, LLC et al | 2020-09-30 | | 446 | https://ecf.nmd.uscourts.gov/cgi-bin/iqquerymenu.pl?453186 |
| 2020 | nmdc | Peter | Strojnik | 1:2020cv01003 | Strojnik v. Hotel Parq Management Co LLC | 2020-10-01 | 2020-11-30 | 446 | https://ecf.nmd.uscourts.gov/cgi-bin/iqquerymenu.pl?453215 |
| 2020 | nmdc | Peter | Strojnik | 1:2020cv01034 | Strojnik v. TRM & BAPA Investment, LLC | 2020-10-08 | | 446 | https://ecf.nmd.uscourts.gov/cgi-bin/iqquerymenu.pl?453417 |
| 2020 | nmdc | Peter | Strojnik | 1:2020cv01325 | Strojnik v. Mehta et al | 2020-12-18 | | 446 | https://ecf.nmd.uscourts.gov/cgi-bin/iqquerymenu.pl?456002 |
| **DISTRICT OF OREGON** | | | | | | | | | |
| 2018 | ordc | Peter | Strojnik | 3:2018cv01869 | Strojnik v. Provenance Fund Acquisition, LLC | 2018-10-24 | 2018-12-11 | 446 | https://ecf.ord.uscourts.gov/cgi-bin/iqquerymenu.pl?141194 |
| 2018 | ordc | Peter | Strojnik | 3:2018cv02171 | Strojnik v. Elmer | 2018-12-17 | 2019-04-18 | 446 | https://ecf.ord.uscourts.gov/cgi-bin/iqquerymenu.pl?142495 |
| 2018 | ordc | Peter | Strojnik | 3:2018cv02172 | Strojnik v. Live McMinnville, LLC | 2018-12-17 | 2019-04-18 | 446 | https://ecf.ord.uscourts.gov/cgi-bin/iqquerymenu.pl?142510 |
| 2018 | ordc | Peter | Strojnik | 3:2018cv02173 | Strojnik v. Park Avenue Fine Wines LLC | 2018-12-17 | 2019-02-27 | 446 | https://ecf.ord.uscourts.gov/cgi-bin/iqquerymenu.pl?142511 |
| 2019 | ordc | Peter | Strojnik | 6:2019cv00041 | Strojnik v. VIP's Hotels, Inc. | 2019-01-10 | 2019-04-17 | 446 | https://ecf.ord.uscourts.gov/cgi-bin/iqquerymenu.pl?142895 |
| **DISTRICT OF PUERTO RICO** | | | | | | | | | |
| 2019 | prdc | Peter | Strojnik | 3:2019cv01714 | Strojnik v. Paulson & Co. Inc. et al | 2019-07-25 | 2021-01-04 | 446 | https://ecf.prd.uscourts.gov/cgi-bin/iqquerymenu.pl?153757 |
| 2019 | prdc | Peter | Strojnik | 3:2019cv01712 | Strojnik v. International Hospitality Enterprises, Inc. | 2019-07-25 | | 446 | https://ecf.prd.uscourts.gov/cgi-bin/iqquerymenu.pl?153778 |
| 2019 | prdc | Peter | Strojnik | 3:2019cv01713 | Strojnik v. Herger et al | 2019-07-25 | 2020-01-09 | 446 | https://ecf.prd.uscourts.gov/cgi-bin/iqquerymenu.pl?154054 |
| **DISTRICT OF TEXAS** | | | | | | | | | |
| 2019 | txndc | Peter | Strojnik | 3:2019cv00870 | Strojnik v. Extel Development Company | 2019-04-09 | 2019-11-12 | 446 | https://ecf.txnd.uscourts.gov/cgi-bin/iqquerymenu.pl?317973 |
| 2019 | txndc | Peter | Strojnik | 3:2019cv01326 | Strojnik v. Dunhill 1530 Main GP Inc | 2019-06-03 | | 446 | https://ecf.txnd.uscourts.gov/cgi-bin/iqquerymenu.pl?317973 |
| 2019 | txndc | Peter | Strojnik | 3:2019cv01325 | Strojnik v. Dallas Convention Center Hotel Development Corp | 2019-06-03 | 2019-10-09 | 446 | https://ecf.txnd.uscourts.gov/cgi-bin/iqquerymenu.pl?317996 |
| 2019 | txndc | Peter | Strojnik | 3:2019cv01336 | Strojnik v. Hamilton Properties Corporation Inc | 2019-06-04 | 2020-08-31 | 446 | https://ecf.txnd.uscourts.gov/cgi-bin/iqquerymenu.pl?318069 |
| 2019 | txndc | Peter | Strojnik | 3:2019cv01369 | Strojnik v. HRI Lodging Inc | 2019-06-07 | 2020-08-21 | 446 | https://ecf.txnd.uscourts.gov/cgi-bin/iqquerymenu.pl?318166 |
| 2019 | txsdc | Peter | Strojnik | 4:2019cv01169 | Strojnik v. Granduca Territorial Houston LP | 2019-03-29 | 2020-04-14 | 446 | https://ecf.txsd.uscourts.gov/cgi-bin/iqquerymenu.pl?1651516 |
| 2019 | txsdc | Peter | Strojnik | 4:2019cv01170 | Strojnik v. Landry's | 2019-03-29 | 2020-01-03 | 446 | https://ecf.txsd.uscourts.gov/cgi-bin/iqquerymenu.pl?1651520 |
| **DISTRICT OF WASHINGTON** | | | | | | | | | |
| 2018 | wawdc | Peter | Strojnik | 3:2018cv05912 | Strojnik v. Geiger Victoria, Inc | 2018-11-07 | 2019-03-06 | 446 | https://ecf.wawd.uscourts.gov/cgi-bin/iqquerymenu.pl?2266336 |
| 2018 | wawdc | Peter | Strojnik | 2:2018cv01831 | Strojnik v. Swantown Inn & Spa LLC | 2018-12-18 | 2019-03-12 | 446 | https://ecf.wawd.uscourts.gov/cgi-bin/iqquerymenu.pl?2268323 |
| 2018 | wawdc | Peter | Strojnik | 2:2018cv01832 | Strojnik v. Seattle Hotel Group LLC | 2018-12-18 | 2019-01-22 | 446 | https://ecf.wawd.uscourts.gov/cgi-bin/iqquerymenu.pl?2268327 |
| 2019 | candc | Peter | Strojnik, Sr | 3:2019cv03981 | Strojnik, Sr v. Cypress Inn Investors | 2019-07-11 | 2019-08-14 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?344660 |

3

**Exhibit 2**

**RICHARD GREENFIELD, M.D.**
A MEDICAL CORPORATION
**RAYMOND M. VANCE, M.D.**
A MEDICAL CORPORATION
3737 MORAGA AVENUE, SUITE A:08
SAN DIEGO, CALIFORNIA 92117
TELEPHONE (858) 270-4480
FAX (858) 270-8199
———
ORTHOPEDIC SURGERY

March 9, 2020

Klinedinst
Attn: Lindsay N. Casillas, Esq.
801 K Street #1100
Sacramento, CA 95814

Re:   STROJNIK, Sr., Peter
      Vs. Evans Hotel, LLC
Case: 3:19-CV-00650-BAS-AGH

Dear Sirs:

Per your request, Peter Strojnik, Sr., was seen for a Medical
Evaluation on 2/20/20.

**HISTORY**: Mr. Strojnik is a 67-year-old gentleman who was seen on
the date of examination. He supplied multiple materials, including
loose-leaf materials and a thumb drive.

He reports that he has cancer of the prostate and genitourinary
problems.

Orthopedically, he has problems with his shoulders, elbows, and
wrists. He indicates those body parts have deteriorated. He says
it is hard for him to reach and it gives him pain at night.  He
has to sleep on his left side.  He keeps his right knee at 90° and
the left leg he keeps fully extended.  His left hand is curled
under his chest at night.  He reports he has difficulty raising
both of his arms.  He says it is hard to twist and to turn his
hands.

In regards to the lumbar spine, he says he has restrictions related
to the L5-S1 interval.  He says he has seen a neurosurgeon.  He
may have a lot of pain.  He will have pain radiating to his right
buttocks into the anterior aspect of the right thigh and the
posterior right calf.  He has been treated with nerve blocks and/or
epidurals on three occasions.  The injections have been effective

Case 2:20-cv-00054-MKD   Document 35-2   Filed 04/24/20   PageID.2054   Page 16 of 103

until recently. He has requested a fourth injection. The first
three injections lasted four to six months. The fourth one has
lasted a little bit less. He said surgery has been discussed with
him. When he is symptomatic, he does not walk. He does not sit.
He has difficulty with stairs. He has difficulty with sleep. He
tries to forward flex to get relief.

He drove to this examination from Arizona. He took three Naprosyn
at 10 a.m. The examination is at noon. He says when things are
bad, he is immobilized.

The next body part involves degeneration of the right knee. On
6/18/19, he had a right total knee replacement with a Stryker
prosthesis. He uses his left leg more than the right. He uses it
as little as possible. He is left leg dominant. He does not use
it as much anymore. He does not feel that he is walking normally.
He is a household ambulator.

He says that is the extent of his orthopedic problems.

**PAST MEDICAL HISTORY**: He denies allergies.

His medicines include the following:
A) Naprosyn.
B) Medicines for hypertension.
C) Pain pill, which he did not take on the day of the examination.
D) Celebrex.

His medical problems include the following:
A) Hypertension.
B) Cancer of the kidney.
C) Depression.

Surgeries have included the following:
A) Right total knee replacement.
B) Resection of renal carcinoma.
C) Prostate surgery.

He smokes cigars.

**REVIEW OF RECORDS**:

1. 6/28/17: Patient provides a list of definitions of disability.

2. He provides the ADA Amendment Act of 2008.

3. MRI of the lumbar spine without contrast performed on 2/20/18
in Phoenix, Arizona. There is mild curvature of the lumbar spine

03/23/2021 12:54 FAX 00354 WKD Document 106-35 Filed 04/24/20 Page ID: 2055 Page 17 of 102 @003/007

and mild disc space narrowing at L2-3 and L5-S1. Vertebral body
heights are well maintained. There is no fracture or dislocation.
There is heterogeneous bone marrow signal. L1-2 is unremarkable.
At L2-3, there is a small bulge and mild bilateral facet
arthropathy. No central canal or neural foraminal stenosis. At
L3-4, there is mild bilateral facet arthropathy. No central canal
or neural foraminal stenosis. At L4-5, there is a small disc bulge
with mild bilateral facet arthropathy. No significant central
canal or neural foraminal stenosis. At L5-S1, there is small to
moderate central and right paracentral disc bulge which appears to
compress the exiting L5 nerve root and results in severe right-
sided neural foraminal stenosis.

4. Marquis Diagnostic Imaging. CT abdomen without contrast. This
is for evaluation of the liver, spleen, gallbladder, pancreas,
adrenals, and kidneys. There is a 4-cm heterogeneous mass in the
left upper pole of the kidney. Diagnosis: Probable renal cell
carcinoma left kidney, bilateral renal cysts, colonic
diverticulosis, and relatively mild arterial vascular
calcifications with no anu-revisited dilatations.

5. Honor Health Body Scan 7/25/18. There is no evidence of
metastatic disease. There is increased uptake at the posterior
ninth rib. There is increased degenerative uptake in the right
knee.

6. There is a disability hearing impaired placard application.

7. Letter from William Romano, M.D., Vascular & Interventional
Physicians. He is diagnosed with renal cancer and has undergone
several procedures to treat this condition. His prognosis is
unknown.

8. Total knee replacement. Brand is Stryker.

9. Visit to Abrazo Arizona Heart Hospital indicates no medications
are documented in regards to a renal mass.

10. Stipulation to change date of physical examination.

11. Disability parking identification from Arizona, permanent.
This states it expires in August of 2018.

12. ADA Disability short course. Impairment is substantially
limiting the ability of an individual to perform major life
activities as compared to most people in the general population,
also an impairment does not need to prevent or significantly or
severely restrict the individual from performing a major life

Re: Strojnik, Sr., Peter                                                    4
    March 9, 2020

activity to be substantially limiting.    The list includes the
following:
1) Prostate cancer and general urinary impairment.
2) Renal cancer.
3) Severe right-sided neural foraminal stenosis with symptoms of
   femoral neuropathy.
4) Degeneration of the right knee, missing part of the knee,
   replaced with a prosthesis.
5) Substantial limitation of the use of both shoulders, elbows,
   and wrists to reach and twist.
6) Pleurisy.
7) Major depressive disorder, bipolar disorder, posttraumatic
   stress disorder.
8) Hypertension.
9) Record of 1 through 7 being present.

13. Mr. Strojnik's response to ADA Disability questionnaire.  The
focus seems to be on limitations associated with renal cancer,
including excruciating pain while walking, standing, sleeping, or
performing other major life activities.  He is limited in these
activities.    Also mentions right neural foraminal stenosis with
symptoms of femoral neuropathy.    He says the State of Arizona
recognizes him as being disabled. He also has a degenerative right
knee.  His degenerative right knee limits his activities such as
walking, standing, sleeping, and working. He also has limitations
in regards to both shoulders, elbows, and wrists to reach and
twist.   Pleurisy is also mentioned.  He would need a wheelchair
when his breathing is impaired due to pleurisy.    There is
continuation of the ADA Disability questionnaire.

14. Relation between Mr. Strojnik's ADA Disability and major life
activities.  It lists prostate cancer and renal cancer.  It states
severe right-sided neural foraminal stenosis with symptoms of
femoral neuropathy with limited walking, standing, sitting,
bending, sleeping, and working.

Degenerative right knee limits walking, standing, sitting,
bending, sleeping, and working.

Limitations on the use of both shoulders, elbows, and wrists to
reach. Limits in performing manual tasks and limits with reaching,
lifting, writing, and working.

Pleurisy limits him with manual tasks such as sleeping, walking,
reaching, lifting, writing, and working.

**PHYSICAL EXAMINATION**: He is 5'10" and weighs 180 pounds.

03/23/2020 Case 5:20-cv-00854-JKD Document 6-1 Filed 04/24/20 Page 19 of 102 Case 5:20-cv-00854-HC Document 35-2 Filed 02/23/21 PageID.2957 Page 19 of 103 007/067

On examination of the cervical spine, he is right-hand dominant.
He says his symptomatology is greater on the left than the right.
Head and neck movements are unguarded.  Head and neck are held
erect.  He wears no cervical supports.

He externally rotates his head 45° right and left.  He bends 20°
right and left.  He forward flexes fully 45° and fully extends
40°.

There is no paracervical tenderness.  There is no paracervical
spasm.  Compression/traction tests on the cervical spine are
negative.

On motor examination he presents with a pan weakness in the upper
extremities in a nonanatomic fashion with all motor groups being
4/5 including bilateral shoulder flexors and abductors, elbow
flexors and extensors, wrist flexors and extensors, and first
dorsal interosseous motor groups.

The sensory examination is normal to the upper extremities.

Biceps jerks are symmetrical at 3.  Triceps and brachioradialis
jerks are symmetrical at 2.

Shoulder range of motion shows the patient actively flexing to 90°
bilaterally.  Active abduction is to 30° bilaterally.  Internal
rotation is to 60° bilaterally.  External rotation is to 60°
bilaterally.  Extension is to 35° bilaterally.  Adduction is 0°.

Jamar grip right/left is 30-20-20/35-18-15.  He does not report
any pain on the Jamar grip.

Arm and forearm circumference in this right-hand dominant male is
33/32-cm for the arms and forearm circumference is 27/27-cm.

Elbow range of motion bilaterally is 20 to 125°.  Pronation is 70°
bilaterally.  Supination is 55° bilaterally.

Wrist flexion is 30° bilaterally.  Extension is 20° bilaterally.
Ulnar deviation is 20° bilaterally.  Radial deviation is 10°
bilaterally.  Range of motion is symmetric.

Wrist range of motion is functional as is forearm range of motion
and elbow range of motion.

On examination of the thoracolumbar spine, there is no list.  There
is no lumbar and no thoracic spasm.  Movements are unguarded.  He
has a slight limp.  He has an erect posture.  He has no tenderness.

Re: Strojnik, Sr., Peter                                                6
March 9, 2020

He has a full range of motion of the thoracolumbar spine with
forward flexion to 90° with reverse of the lumbar curve. Extension
is to 30°. Side bending is to 30° right and left.

Hip range of motion is full, unrestricted, and unguarded with
flexion to 90° bilaterally. Internal rotation is to 15°
bilaterally. External rotation is to 35° bilaterally.

The motor examination is normal to the left lower extremity with
no deficits noted in quadriceps, anterior tibialis, extensor
hallucis longus, peroneal, or gastrocsoleus motor groups.

The motor examination of the right lower extremity shows quadriceps
5/5. Anterior tibialis and extensor hallucis longus are 4/5.
Peroneals and gastrosoleus are 5/5.

He reports a decrease in sensation in the lateral aspect of the
right calf and the dorsal aspect of the right foot.

Knee jerks right/left is 0/4. Ankle jerks are 1/1.

Sitting straight leg raise test is negative. Supine straight leg
raise test is negative.

He does not wish to attempt a heel and toe gait.

Knee circumference right/left is 41.5/41-cm. Thigh circumference
right/left is 44.5/49-cm. Calf circumference right/left is
38.5/39.5-cm.

There is an anterior scar over the right knee. There is side-to-
side pain over either foot.

Left knee active range of motion is 10 to 115° and right knee is
0 to 135°. There is no effusion about either knee. The medial
and lateral collateral ligaments are intact bilaterally. Anterior
drawer tests are negative bilaterally. The right knee will
hyperextend to 5°.

**IMPRESSION:**

1.  Patient report of weakness and loss of function in the
    following:
    A. Shoulders.
    B. Elbows.
    C. Wrists.

2.  Physical examination of the upper extremities showing the
    following:
    A. A decreased range of motion of the shoulders.
    B. Pan weakness in the upper extremities.
    C. Loss of full extension of the elbows.
3.  Patient-presented complaints of chronic lumbar pain at the
    L5-S1 level with degenerative changes at that level.
4.  Physical findings of the lower back to include the following:
    A. Trace weakness anterior tibial and extensor hallucis
       longus.
    B. Decreased sensation in the lateral right calf and dorsal
       of the right foot.
    C. Absent right knee jerks.
    D. Atrophy of the right thigh.
    E. A limp as he ambulates.
5.  History of right total knee replacement with apparent
    functional right knee post replacement.

**DISCUSSION**: Mr. Strojnik has multiple problems of a non-orthopedic
nature. His orthopedic problems involve complaints involving his
shoulders, elbows, wrists, lower lumbar spine, and the right knee.

He appears to be functioning well post right total knee
arthroplasty. He has some sensory deficits about the right lower
extremity with trace weakness in the anterior tibialis and extensor
hallucis longus.

He has no evidence of positive nerve root tension signs. He
ambulates relatively well with a very slight limp and has an erect
posture. He has a functional range of motion of his shoulders
with flexion, internal rotation, and external rotation. He does
have an initial adequate grip on both the right- and the left-hand
side.

As more materials become available, I would be happy to provide
additional comments.

If I may be of further assistance, please let me know.

                              Yours truly,


                              Richard Greenfield, M.D.

RG:lt

**Exhibit 3**

Peter Strojnik (Sr.)
7847 N. Central Ave.
Phoenix, Arizona 85020
Telephone: (602) 524-6602
PS@strojnik.com

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

Case No: 4:19-cv-03983-DMR

**PLAINTIFF'S RESPONSE TO
COURT'S QUESTIONS 1-4 [40]**

PETER STROJNIK,

                                    Plaintiff,

vs.

IA LODGING NAPA FIRST LLC, DBA
ANDAZ NAPA,

                                    Defendant.

Plaintiff responds to Court's Questions [40] as follows:

**QUESTION 1:**

How many ADA cases has Strojnik filed in the Northern District of California? How many ADA cases has he filed in California? For each case, provide the following information:

    a. A detailed description of the alleged barriers, including the date(s) that Strojnik encountered the barriers;

    b. Details regarding any investigation Strojnik performed regarding the alleged barriers, such as visiting a site and/or personally taking photographs, as well as the dates of the investigations;

    c. Whether Strojnik dismissed the case voluntarily before any court action, and if so, the reason for dismissal (e.g., settlement);

d. Whether the complaint(s) was challenged on a motion to dismiss, and if so, whether any portion of the motion was granted and on what basis;

e. Whether any of the cases have been tried on the merits.

**ANSWER:**

Please see attached spreadsheet.

a.   The barriers are described in detail s indicated in the attached Exhibits.

b.   Strojnik conducts all accessibility investigations personally.  See Exhibits.

c.   Please refer to Exhibit 1.

d.   Please see Exhibit 1. There are particularly 2 defense counsel (Warren, Stillman) who file Motions to Dismiss as a matter of course. While Strojnik does not believe that any of the complaints are subject to dismissal, he nonetheless either (1) files an amended complaint to resolve Defense's concerns, or (2) responds to the Motion.

California District Courts have issued conflicting decisions on the sufficiency of *CREEC* based Complaints *See, e.g., Johnson v. Alhambra & O Associates* (2019 E.D. Cal. 2:19-cv-00103 at Dkt. 15), *Strojnik v. The Victus Group* (E.D. Cal. 1:18-cv-01620 at Dkt. 15), and ***Strojnik v. GF Carneros Tenant, LLC* (N.D. Cal. 3:19-cv-03583 at Dkt. 28)**[1]. Where the Court disagrees, Strojnik appeals:

| Case | Dist. Ct. No. | Appeal No. |
|------|---------------|------------|
| *Strojnik v. Singpoli Group, LLC* | Central 2:19-cv-00066 | 19-55310 |
| *Strojnik v. Four Sisters Inns* | Central 2:19-cv-02991 | 19-56523 |
| *Strojnik v. Orangewood, LLC* | Central 8:19-cv-00946 | 20-55162 |
| *Strojnik v. Pasadena Robles Acquisition, LLC* | Central 2:19-cv-02067 | 19-56037 |

e.   No cases have been tried on the merits.

**QUESTION 2:**

What is the total amount of money Strojnik has recovered in settlements of his ADA cases filed in this district? What is the average recovery in those cases?

---

[1] This is a ND District Case.

2

**ANSWER:**

Please see attached spreadsheet, Exhibit 1.

**QUESTION 3:**

What is the total amount of money Strojnik has recovered in settlements of his ADA
cases filed in California? What is the average recovery in those cases?

**ANSWER:**

Please see attached spreadsheet, Exhibit 1:

| | |
|---|---:|
| Total Settlement /Judgment Recovery for 117 cases | $249,079 |
| (Filing and Service Fees) | (55,960) |
| ($58,000 investigative fees) | (58,000) |
| (Equipment, paper, mailing, printing costs at $465 per case) | (5,800) |
| (Travel Costs Averaged at $450 per hotel) | (52,000) |
| **NET FROM SETTLEMENTS FOR 117 CASES** | **$77,119** |
| **NET PER CASE** | **$664.81** |

Also of note is that in the past several years Strojnik has donated $1.2M± of his ADA fees to a 501(c)(3) organization for the disabled.

**QUESTION 4:**

Explain Strojnik's process for drafting his complaints, including the following information:

    a. Does Strojnik tailor each complaint to the specific facts of a case?

    b. Who assists in preparing his complaints?

    c. Does he personally review each complaint before it is filed to ensure its accuracy?

    d. Does he personally take the photographs he attaches to his complaint? If not, who does?

**ANSWER:**

Strojnik has carefully studied the 9th Circuit Court of Appeals decision *Civil Rights Educ. & Enforce. Ctr. V. Hosp. Properties Trust*, 867 F.3d 1093, 1098 (9th Cir. 2017) and the cases cited therein, particularly regarding the jurisdictional and standing requirements. Plaintiff then reviews the facts applicable to the jurisdictional standing in ADA cases and incorporates them into a Complaint. Strojnik further reviews the pre-filing due diligence report and incorporates the factual matters documented in the pre-filing DD Report into the Complaint.

a. Yes.

b. No one.

c. Yes. Each Complaint is personally prepared and reviewed by Strojnik who strives that any complaint is factually indisputable through photographic evidence.

d. Yes or as otherwise indicated in the Pre-Filing Due Diligence Report, e.g., when the Complaint alleges violations of 28 C.F.R. 36.302(e). If the photographs come from a different source, such as a website, the source of the photographs is indicated in the Complaint. Strojnik's current practice is, and continues to be, to personally visit the public accommodation and personally experience barriers to accessibility and documents the same with personally taken photographs.

DATED this 21st day of March, 2020.

**PETER STROJNIK**

_____

Peter Strojnik
Plaintiff

FILED AND SERVED THROUGH PACER

4

| | Case Title | Court | Description of Barriers | Dates Encountered | Dismissal? | Why? | M2D? | Basis? | FF + 65 SF + 505 AF | INVESTIGATION COST FIXED | EQUIPMENT, PAPER, MAILING, PRINTING COST AVERAGE | TRAVEL COSTS AVERAGE | TOTAL COSTS | SETTLEMENT AMOUNT | NET FROM CASES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | STROJNIK CALIFORNIA ADA DISTRICT COURT CASES AS OF 2020-03-20 | | | | | | | | | | | | | | |
| 1 | Peter Strojnik v. Marriott International, Inc. | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| 2 | Peter Strojnik Sr. v. Best Western Hotels and Resorts | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| 3 | Peter Strojnik Sr. v. Zislis Boutique Hotels, LLC | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| 4 | Peter Strojnik Sr. v. Second Street Corporation | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| 5 | Peter Strojnik Sr. v. Singpoli Group, LLC | CD | SEE DD REPORT | | Yes | Appeal | Yes | 12(b)(1) | $970 | $500 | $50 | $450 | $1,970 | | |
| 6 | Peter Strojnik Sr. v. Hyatt Hotels Corp. | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| 7 | Peter Strojnik, Sr. v. Burton Way Hotels LLC | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| 8 | Peter Strojnik, Sr. v. Georgian Hotel, Inc. | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| 9 | Peter Strojnik v. Dole Food Company, Inc. | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| 10 | Peter Strojnik v. Urban Commons Cordova, LLC | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | Peter Strojnik Sr v. Pasadena Robles Acquisition, LLC | CD | SEE DD REPORT | No | Appeal | Yes - On Appeal | 12(b)(1) | $970 | $500 | $50 | $450 | $1,970 |
| 12 | Peter Strojnik v. Aung Solvang LLC | CD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 13 | Peter Strojnik v. Ayres-Orange, L.P. | CD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 14 | Peter Strojnik Sr. v. Orangewood LLC | CD | SEE DD REPORT | No | Appeal | Yes - On Appeal | 12(b)(1) | $970 | $500 | $50 | $450 | $1,970 |
| 15 | Peter Strojnik v. Pacifica Hotel Company, Inc. | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 16 | Peter Strojnik v. Four Sisters Inns, Inc | CD | SEE DD REPORT | No | Appeal | Yes - On Appeal | 12(b)(1) | $970 | $500 | $50 | $450 | $1,970 |
| 17 | Peter Strojnik v. Landmark Marriott Suites LLC | CD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 18 | Peter Strojnik, Sr. v. Bent Olsen et al | CD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 19 | Peter Strojnik Sr. v. King Frederick Motel, LLC | CD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 20 | Peter Strojnik Sr. v. Khanna Enterprises, LTD | CD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 21 | Peter Strojnik, Sr. v. SCG America Construction Inc. | CD | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 22 | Peter Strojnik Sr. v. Salone Development Corporation | CD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 23 | Peter Strojnik Sr. v. Interstate Hotels and Resorts Inc. | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 24 | Peter Strojnik Sr. v. Interstate Hotels and Resorts, Inc. | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 25 | Peter Strojnik Sr. v. DMD Lodging Inc | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 26 | Peter Strojnik Sr. v. CMP 1 Santa Ana Owner LP | CD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 27 | Peter Strojnik Sr. v. Shandilya, Inc. | CD | SEE DD REPORT | No | NA | Yes | 12(B)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 28 | Peter Strojnik Sr. v. Lee Family Trust | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 29 | Peter Strojnik Sr. v. President Hotel Investment, LLC | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 30 | Peter Strojnik Sr. v. SWK Properties, LLC | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 31 | Peter Strojnik v. Shakti Investments, LLC | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 32 | Peter Strojnik v. Dario Pini Trust | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 33 | Peter Strojnik v. Ventura Seaward Hotel, LP | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 34 | Peter Strojnik v. Ventura BV Inn, LLC | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 35 | Strojnik v. Evergreen Destination Holdings, LLC | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 36 | Strojnik v. 574 Escuela, LLC | ED | SEE DD REPORT | Yes | Settle | Yes | 12(B)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 37 | Strojnik v. Ravensbrook Inn Yosemite | ED | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 38 | Strojnik v. Griffin et al | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 39 | Strojnik v. The Victus Group, Inc. | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 40 | Strojnik v. BRE Newton Hotels Property Owner, LLC | ED | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 41 | Strojnik v. Bakersfield Convention Hotel I, LLC | ED | SEE DD REPORT | Yes | Settle | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 42 | Strojnik v. Integrated Capital, LLC | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 43 | Peter Strojnik v. JW World Enterprises, Inc. | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 44 | (PS) Strojnik v. Capitol Regency, LLC | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 45 | Strojnik v. Shivkrupa Investments, Inc. | ED | SEE DD REPORT | Yes | Settle | Yes (withdrawn) | NA | $465 | $500 | $50 | $450 | $1,465 |
| 46 | Strojnik v. Uniwell Fresno Hotel, LLC | ED | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 47 | Peter Strojnik, Sr. v. 1309 West Shaw, LLC | ED | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 48 | Strojnik v. Hi Fresno Hotel Holdings, LLC | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 49 | Strojnik v. Hotel Circle GL Holdings, LLC | ED | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 50 | Strojnik v. BRE SSP Property Owner, LLC | ED | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 51 | Strojnik v. Stone Creek Lodging, L.P. | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 52 | (PS) Strojnik v. Azul Hospitality Group, LLC et al | ED | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 53 | Strojnik v. Kanhaiya, LLC | ED | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 54 | Strojnik v. Weaver Enterprises, LP | ED | SEE DD REPORT | Yes | Settle | Yes | 12(b)(1) Settle | $465 | $500 | $50 | $450 | $1,465 |
| 55 | (PS) Strojnik v. Kanhaiya, LLC | ED | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 56 | (PS) Strojnik v. Sacramento Hotel, LLC | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 57 | (PS) Strojnik v. Vantage Pointe Inc. | ED | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 58 | (PS) Strojnik v. Wickstrom Hospitality, LLC | ED | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 59 | (PS) Strojnik v. Kaidan Hospitality LP | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 60 | (PS) Strojnik v. Izabella Investment, LLC | ED | SEE DD REPORT | Yes | Settle | No | Settle | $465 | $500 | $50 | $450 | $1,465 |
| 61 | Strojnik v. Joie de Vivre Hospitality LLC | ND | SEE DD REPORT | Yes | Settle | No | Settle | $465 | $500 | $50 | $450 | $1,465 |
| 62 | Strojnik v. Marriott International Inc | ND | SEE DD REPORT | Yes | Settle | No | Settle | $465 | $500 | $50 | $450 | $1,465 |
| 63 | Strojnik v. 574 Escuela, LLC | ND | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 64 | Strojnik v. Benchmarck Conference Resorts of California, LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 65 | Strojnik v. ML San Jose Holding LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 66 | Strojnik v. Ensemble Hotel Partners, LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 67 | Strojnik v. Bernardus LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 68 | Strojnik v. JMA Ventures LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 69 | Strojnik, Sr. v. Mirabel Hotel and Restaurant Group LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 70 | Strojnik v. VY Verasa Commercial Company LLC et al | ND | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 71 | Strojnik v. Hyatt International Corporation | ND | SEE DD REPORT | Yes | Settle | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 72 | Strojnik v. Xenia Hotels & Resorts, Inc. | ND | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 73 | Strojnik, Sr. v. First & Mission Properties LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 74 | Strojnik v. Wilson | ND | SEE DD | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 75 | Strojnik v. Madrona Manor | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 76 | Strojnik v. Fowler LLC | ND | SEE DD | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 77 | Strojnik v GF Carneros Tenant, LLC | ND | SEE DD REPORT | Yes | Settle | Yes | Denied | $465 | $500 | $50 | $450 | $1,465 |
| 78 | Strojnik v. WCH Napa LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 79 | Strojnik v. IA Lodging Napa First LLC | ND | SEE DD REPORT | No | NA | Yes | NA | $465 | $500 | $50 | $450 | $1,465 |
| 80 | Strojnik v. 539 Johnson Street, LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 81 | Strojnik v. Resort at Indian Springs, LLC | ND | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 82 | Strojnik v. Homestead Inn LLC | ND | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 83 | Strojnik v. Classic Hotels & Resorts LLC et al | ND | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 84 | Strojnik v. Mount View Hotel Partners | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 85 | Strojnik v. Portola Hotel, LLC | ND | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 86 | Strojnik v. SWVP Monterey, LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 87 | Strojnik v. R.F. Weichert V, Inc. | ND | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 88 | Strojnik v. Napa Hotel and Restaurant LLC | ND | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 89 | Strojnik v. Napa Discovery Inn, LLC | ND | SEE DD REPORT | Yes | Settle | No | Settle | $465 | $500 | $50 | $450 | $1,465 |
| 90 | Strojnik v. Pacifica Hotel, Pacific, L.P. | ND | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 91 | Strojnik v. Moraya Investments, LLC | ND | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 92 | Strojnik v. Seema Will Rogers, LLC | ND | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 93 | Strojnik v. The Inn at Jack London Square, LLC | ND | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 94 | Strojnik v. Pendry San Diego, LLC | SD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 95 | Strojnik v. Torrey Pines Club Corporation | SD | SEE DD REPORT | Judgment | Judgment | No | Judgment for PS | $465 | $500 | $50 | $450 | $1,465 |
| 96 | Strojnik v. Host Hotels and Resorts | SD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 97 | Strojnik v. La Jolla Bed & Breakfast Inc. | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 98 | Strojnik v. GHALP Parnership, L.P. | SD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 99 | Strojnik v. CWI 2 La Jolla Hotel, LP | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| ## | Strojnik v. Lizerbram | SD | SEE DD | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ## | Strojnik v. Prospect Hospitality, LP. | SD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Bartell Hotels Management Company | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. RNM Hospitality, Inc et al | SD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Marla K Hicks Trust | SD | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. 1315 Orange LLC | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Barrigon Inc | SD | SEE DD | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Cherokee Lodge, LLC | SD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Indoc Partners, LLC | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Village 1017 Coronado, Inc. | SD | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Kamla Hotels, Inc. | SD | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. San Diego Farah Partners, L.P. | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Souldriver Lessee, Inc. | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. RBI Investors L.P. | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Lafayette Landlord, LLC | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Driftwood Capital Partners LLC | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik, Sr v. Cypress Inn Investors | SD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| | | | | | | | | $55,960 | $58,000 | $5,800 | $52,200 | $171,960 | $249,079 | $77,119 |
| | | | | | | | | | | | | CASE AVERAGE | | $664.81 |

**Exhibit 4**

# EXHIBIT A

## BEFORE THE PRESIDING DISCIPLINARY JUDGE

| | |
|---|---|
| IN THE MATTER OF A MEMBER OF THE STATE BAR OF ARIZONA, | **PDJ-2018-9018** |
| **PETER STROJNIK,** **Bar No. 006464** | **ORDER OF INTERIM SUSPENSION** |
| Respondent. | [State Bar No. 18-0615] |
| | **FILED JULY 11, 2018** |

## PROCEDURAL HISTORY

On March 6, 2018, the State Bar of Arizona moved for Interim Suspension (Motion) of Respondent, Peter Strojnik, Bar No. 006464 under Rule 61, Ariz. R. Sup. Ct.[1] The allegations were verified and additionally supported by attached Exhibits 1-14. On March 27, 2018, Mr. Strojnik filed his response, arguing among other things that there was no emergency because "the state and federal courts in which Mr. Strojnik has made those filings are fully capable of dealing with them according to law." [Respondent Response 1:22-24.] See also 6:7-12. The response concludes that there is no risk of injury to the public when compared to the damage Mr. Strojnik would suffer from an interim suspension. This Court disagrees. The

---

[1] Unless stated otherwise, all Rule references are to the Ariz. R. Sup. Ct.

1

testimony of Mr. Strojnik gives this judge little assurance that he will not continue to file or make claims against members of the public.

In conceding that interim suspension is warranted for "egregious" misconduct, Mr. Strojnik cited an article by Francis M. Dougherty (citations omitted). He also claims that interim suspension is also warranted for conduct "which cannot be easily corrected by other courts." Similarly, the response supports that interim suspension should be reserved for "the most extreme cases of lawyer misconduct" citing the West Virginia Supreme Court, (citations omitted). An evidentiary hearing was scheduled for April 11, 2018.

On April 3, 2018, Mr. Strojnik moved to continue the hearing because his health was greatly imperiled, and he would be unable to proceed. He was to undergo arterial embolization for kidney cancer which was scheduled for April 11, 2018 and would be unable to reasonably participate in the hearing due to his health. The hearing was continued.

On May 3, 2018, a hearing on the State Bar's Motion for Interim Suspension was held. Shauna Miller appeared on behalf of the State Bar of Arizona. Mr. Strojnik appeared, represented by Geoffrey Sturr and Joshua Bendor, *Osborn Maledon, P.A.*

## **GENERAL FINDINGS**

Any lawyer admitted to practice law in Arizona is subject to the disciplinary jurisdiction of the Arizona Supreme Court. Rule 46(a). Discipline proceedings are

*sui generis*, neither civil nor criminal. Rule 48(a). An attorney may be disciplined for any of the grounds stated in Rule 54. A discipline proceeding commences upon receipt by the State Bar of a charge against a respondent. Rule 55(a). Bar counsel conducts an initial evaluation of the information that comes to the State Bar's attention alleging lawyer lack of professionalism or misconduct. It is undisputed that the State Bar has received multiple charges from members of the public regarding the conduct of Mr. Strojnik.

If "the alleged conduct may warrant the imposition of a sanction" the matter is referred for a screening investigation. Rule 55(a)(2)(C). Mr. Strojnik has acknowledged various charges have been in a screening investigation and thereby that the State Bar has long held the view that the conduct of Mr. Strojnik may warrant the imposition of a sanction. [Respondent Closing Argument 3:5-7.]

Rule 61 is the governing rule regarding interim suspension. The State Bar may move for interim suspension at any time after a charge is received. Under Rule 61(a), an interim suspension may be entered upon a showing of probable cause that a lawyer "is engaging in conduct that has caused or is likely to cause immediate and substantial harm to clients, the public, or the administration of justice."

Rule 61(c)(2) sets forth the required procedural grounds by which an interim suspension may be sought. The procedural requirements were followed. The 339-page motion with attachments was supported by separate affidavits which were

3

based upon personal knowledge. The motion was timely served upon Mr. Strojnik. He timely filed a 112-page response to the motion.

Under Rule 61(c)(2)(B), "The State Bar shall have the burden of establishing probable cause that the basis of the requested relief exists and that interim suspension is appropriate." In conducting the hearing, "The presiding disciplinary judge is not bound by common law or rules of evidence or by technical or formal rules of procedure and may conduct the hearing in any manner that will achieve substantial justice." Probable cause exists.

## **FINDINGS OF FACTS**

Mr. Strojnik has filed over 1,700 complaints in State Court and over 160 complaints in District Court alleging violations of the Americans with Disabilities Act (ADA) and the Arizonans with Disabilities Act (AzDA). The cases filed were all very similar, alleging vague and non-specific violations. In cases brought in District Court, Mr. Strojnik represented plaintiff Fernando Gastelum where they targeted hotels. Mr. Strojnik represented the plaintiffs, generally referred to as AID (Advocates of Individuals with Disabilities, LLC) and David Ritzenthaler in the State Court cases which involved parking lot violations.

In each case, Mr. Strojnik would demand $5,000 in attorney's fees, regardless if the business had remedied the violation. [SBA Exhibits 4-6.] Mr. Strojnik testified that he has collected, in the parking lot cases, approximately $1.2 million in

settlements, which mainly consisted of attorney's fees. [Tr. 186:18-187:10.] In the
Gastelum cases, as of the date of the hearing, Mr. Strojnik swore he had received
"$384,000 net to me." [Id. 186:1-5.] After reflection that number increased by
another $288,000. [Id. 187:8-10.] He plans to continue his pattern of conduct as he
has always done. [Id. 188:25-189:10.]

Beau Roysden, an attorney with the Attorney General's office Civil Litigation
Division, testified that the Attorney General's office became involved in these
matters because of complaints by the public of the lawsuits being filed by Mr.
Strojnik. In each suit, large attorney fees were claimed "and in some cases,
potentially suing things like dirt lots or businesses that were not subject to the ADA."
[Transcript, p. 73:13-23.] He also testified the suits were "copy and paste" and that
some of the suits claimed they involved public lodging when it did not. Regardless,
demands for $5,000 in attorney's fees and "some complaints claimed $5000 in
damages as well." [Id. 76:8-20.]

Early in his testimony Mr. Strojnik acknowledged that with his method of
"review" of the "investigative reports" he made errors and brought suit against dirt
lots. [Id. 160:16-19.] Later when asked about the testimony of Mr. Roysden, Mr.
Strojnik conceded that this had happened but claimed "rarely." He then claimed
there was only one situation where this occurred as referred to by Mr. Roysden and

5

agreed it had occurred despite what he claimed to be a thorough investigation. [Tr. p. 196:9-14.]

Mr. Strojnik acknowledged he had a direct hand in this thorough investigation. He swore that he personally supervised the "investigators" that would go to the properties and ultimately their photographs would be delivered to him for review. [Id. 146:11-14.] Relying upon those "investigative reports" he personally determined if there were ADA violations. However, he later conceded he "did not know who the people were who actually went out to work." [Id. 148:10-11.] He testified he did not know how the instruments they used to take the photographs worked and that he had no expertise regarding this. He would rely on these "investigators" that he supervised, but never met, and for which he had no expertise of their methodology of the alleged violations in filing his lawsuits.

He also knew that this thorough investigation of the properties included simply hiring people from Craigslist to go take pictures of businesses that might be non-compliant. [Id. 144:11-17.] Throughout the hearing he called these individuals "investigators." They forwarded to him "approximately 10,000 violations filed on the businesses that were visited by these investigators." [Id. 145:1-6.] "Every case that was filed, I would review the investigative report given by the investigators." [Id 146:18-19.]

He swore he checked their work through the photographs that they provided to him. He swore he personally reviewed 10,000 of these "reports" by investigators certifying their accuracy to the court when suits were filed on any of them. Some days he would receive 150 such reports that he would look over to make sure they were accurate. [Id. 152:24-153:1.] Mr. Strojnik, in justifying this and his attorney fees, claimed he worked, at times, 24 hours a day.

Q: 24 hours a day?

A: Yeah.

Q. You wouldn't go to sleep?

A. No.

Q. Okay.

A. And I would, you know, for a year and a half, that's all I did. [164:16-22.]

He was later asked to verify these answers.

Q. You said you were doing the 24/7 for about a year, year and a half?

A. That's about a year and a half. 165:10-12.]

Mr. Roysden swore that a number of these suits involved "newer regulations" that altered the height for handicapped parking signs. These governmental changes caused once compliant businesses to fall out of compliance. Mr. Strojnik summarized his viewpoint that "non-compliance with disability law is rampant in

Arizona." It is apparent Mr. Strojnik believes these business owners violate the ADA without restraint. Even if there was no actual access issue, Mr. Strojnik claimed a violation that the 2010 standards were not in place at the time were "irrelevant under the ADA" even if a person had complete and unfettered access to the property. [Tr. 157:1-14.]

The time Mr. Strojnik spent on each case was minimal. For example, in the parking lot cases, Mr. Strojnik would review the investigative report prepared by the employees of AID. Then, if Mr. Strojnik determined that there was a violation, he might prepare a complaint, sign it, and file it. Mr. Strojnik would review photographs submitted. [Id. 192:21-194:5 and Ex. 31, vol. 1, Tab 5, Exhibit B, appendix B.] The preparation and review of the complains was under thirty minutes. He is a "one-man show" that does his own typing, has his investigators upload pictures of properties that he claims to review and charges $650 per hours for "everything I do that an attorney should do." [Id. p. 183:21-184:7.]

His state of mind was clarified by his response to questioning by his attorney. He was asked whether all his other cases had factual support. Mr. Strojnik attempted to testify about a hearing on standing. [Id. 199:24-25.] His attorney asked him, "Why are you so thorough and careful in the preparatory work for the lawsuits that you are filing on Mr. Gastelum's behalf?" He seethed, "I have learned in the last year and a half that there is a clear subliminal, just under the surface, dislike of society against

8

people with disabilities. If you drive off the freeway and there is a guy in a wheel chair asking for money, how many drivers actually look at him and make eye contact? Nobody. The reason why I didn't do that…" The non-responsive answer was interrupted by the court. [Id. 208:13-21.]

In fact, Mr. Strojnik worked for free, under an arrangement with AID, he would demand attorney fees and those attorney fees were paid directly to AID and given to other individuals unknown to Mr. Strojnik. [158:7-18.] He swore he was never paid or given anything for attorney fees. Instead he testified, "The attorney fees were assigned to AID." He then added "I never saw the check." When pressed regarding this, he contradicted himself and swore the checks would either be written directly to his client or he would sign the check over. [167:6-168:12.]

In the hotel cases, Mr. Strojnik would pay Mr. Gastelum $350 per case to participate as the plaintiff. As of November 17, 2017, Mr. Gastelum had been paid a total of $1,500 by Mr. Strojnik. The fee agreement between Mr. Gastelum and Mr. Strojnik gave Mr. Strojnik the authority to accept settlements and keep all money offered without Mr. Gastelum's approval. [SB Exhibit 19-28.]

In these fee applications filed by Mr. Strojnik in the Gastelum federal lawsuits, each had identical terms including: 1) Strojnik's hourly rate is $650.00 per hour, based on several factors; 2) Strojnik would represent Plaintiff pro bono, but can seek the recovery of attorney's fees from the Defendant at the rate of $650 per hour; 3)

9

Strojnik has the unfettered discretion in all settlements, but the client's consent is required if the settlement amount is less than $350; and 4) an expense under "client expenses" is paying Mr. Gastelum $350 for mileage, time effort, reviews, collection of evidence, and other expenses as required.

Mr. Strojnik testified that he never had an application for attorney fees denied where he had provided no pre-suit notification. [Id. 192:7-10.] This relevant testimony introduced by Mr. Strojnik was undermined by the recent denials of his attorney fees. Under examination by his attorney, Mr. Strojnik testified he had never had a lawsuit involuntarily dismissed. Such testimony was acknowledged as relevant and material by Mr. Strojnik. [Id. 210:20-23.] Recent rulings are likewise relevant, material and undermine his position.

The District Court has held that Strojnik's tactics are "extortionate" stating in part, "[no] fee is the reasonable fee for an unnecessary lawsuit that a demand letter would have taken care of. A demand for a fee beyond what is reasonable is a demand without legal basis under the ADA." *Advocates for Individuals With Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 898 (D. Ariz. 2017). Although most of the lawsuits filed have been dismissed, Mr. Strojnik stated that he wanted to file 10,000 ADA compliance lawsuits, and then file a million nationwide.[2]

---

[2] Stated in meeting with Lyndsay Leavitt who represented many defendants in the ADA/AzDA lawsuits. [Tr 18:12-19:25]

On May 25, 2018, Judge G. Murray Snow ordered a consolidated hearing to consider Mr. Gastelum's standing in the hotel cases. Judge Snow stated that Mr. Gastelum failed to meet the requirements for standing in every case. The Court concluded that Mr. Gastelum and Mr. Strojnik are engaged in a joint enterprise to file suits against Phoenix area lodgings that they believe to be out of compliance with ADA standards. The suits are filed without reference to whether Mr. Gastelum actually had intended to make future visits to those facilities or even if he potentially might be deterred from future visits by the type of non-compliance. Based on the lack of standing, Judge Snow dismissed all of the consolidated cases before him. However, since this ruling, Mr. Strojnik has filed an additional four ADA lawsuits in District Court. [SB Notice Supplementing the Record Re: *Gastelum v. Canyon Hospitality*.]

Judge David M. Talamante consolidated additional cases for the purpose of addressing issues of standing and possible sanctions. Judge Talamante also dismissed the consolidated cases based on a lack of standing. [SB Motion for Interim Suspension, Exhibit 8.] Shortly thereafter, Mr. Strojnik began filing Rule 60 Ariz. Civ. R. Pro. Motions for Relief from the Judgment in the cases dismissed with a lack of standing. On April 9, 2017, Judge Talamante issued an order directing Mr. Strojnik not to file any additional Rule 60 motions. Judge Talamante found that Strojnik committed a "serious due process violation" by failing to provide notice or

copies of the Motions for Relief from Judgment to the State. Judge Talamante also denied all relief sought by Strojnik. [SB Notice Supplementing the Record Re: Judge Talamante.]

## ANALYSIS

Mr. Strojnik argues on one hand that Rule 61 mandates that a Respondent must be actively engaging in case-specific litigation because, "The Bar cannot rely on past, completed conduct to support its request for interim suspension." [Respondent Closing Argument, p. 1:22-26.] Yet on the other hand he argued in the hearing and in his response that interim suspension should not be sought because the cases "should be handled by the court with jurisdiction over those cases." [Respondent Response, p. 3:7-9.] Presumably he means until the case is concluded, at which time that cannot be relied upon in seeking interim suspension.

Mr. Strojnik argued interim suspension should not issue because some of the matters have been in screening too long. [Respondent Closing, p. 2:5-7.] He also seems to argue interim suspension should not issue because some of the matters have not been in screening long enough. [Respondent Closing, p. 6:23-7:2.] Such circular arguments appear disingenuous and ignore the language of Rule 61. It is a course of conduct, not whether case specific motions have been resolved, that are at issue.

He also claims that this judge must make a definitive ruling of which ethical rules(s) were violated. "To suspend Mr. Strojnik, this Court would have to determine

that the Rule 60 motions violate some rule of professional conduct." [Id. 6:12-13.] This court determines whether there is probable cause that a respondent "is engaging in conduct that has caused or is likely to cause immediate and substantial harm to clients, the public, or the administration of justice." If the State Bar meets its burden of proof of establishing probable cause that the basis of the requested relief exists and that interim suspension is appropriate, the PDJ may, but is not required to, order either interim suspension or interim probation.

The determination of probable cause for interim suspension is not substantially different from that of the Attorney Discipline Probable Cause Committee, ("ADPCC"). Under Rule 55, that Committee "shall first determine whether probable cause exists." Neither Rule 55 nor Rule 61 require a definitive finding regarding an ER.

Mr. Strojnik initially emphasized that this Court should defer to the State or Federal Court rulings as he expressed a concern that this Court "could reach inconsistent conclusions about the merits of the motions." [Id. 6:16-18.] The argument that the PDJ must specify which ERs were violated would do precisely what Respondent initially argued against regarding the other courts. It would preset the State Bar to prosecute specific ERs and preset the ADPCC to find probable cause regarding those ERs, potentially resulting in conflicting orders. Rule 61 does not

13

require findings of fact and conclusions of law. It requires that the PDJ determine, if probable cause is established, whether interim suspension "is appropriate."

The response criticized the State Bar for claiming future harm, as being based on unsupported speculation. "[I]t is not clear how the Bar came to this belief or satisfied its obligation to make a reasonable inquiry. It did not, for example, ask Mr. Strojnik what he intended to do." Regarding the multiple lawsuits filed, the response asserts that Mr. Strojnik and his client Mr. Gastelum, "engage in a rigorous investigative process" and often file lawsuits when infractions are discovered. This is questionable. The response also emphasizes that only Judge Wake was critical of Mr. Strojnik and that case involved his representation of a different client. That argument has been severely undercut.

Based on the foregoing facts, the State Bar contends Mr. Strojnik is engaging in conduct that is likely to cause immediate and substantial harm to clients, the public, or the administration of justice.

## RULE 61 ANALYSIS

### *Ethical Rules Violated*

Rule 61 does not explicitly state that violation of specific ethical rules must be found for an interim suspension. However, the State Bar has the burden of establishing that there is a reasonable belief that the basis of the requested relief exists, and that interim suspension is appropriate, i.e. Mr. Strojnik must be engaging

14

in unethical conduct and that interim suspension is appropriate. Further, interim suspension is like a preliminary injunction in that it requires the State Bar to show that it is likely to obtain a serious sanction after a full hearing on the merits. *In re Discipline of Trujillo*, 24 P.3d 972 (Utah 2001).

In its closing argument, the State Bar alleges that Mr. Strojnik has violated ERs 1.2, 1.4, 1.5(a), 3.3(a), 8.4(c), and 8.4(d).[3] Violation of these Rules would result in a significant sanction at the conclusion of the disciplinary process. One of the applicable standards for imposing sanctions, *Standard 7.2*, provides that suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession and causes injury or potential injury to a client, the public, or the legal system.

Viewing Mr. Strojnik's conduct in its entirety, he has filed 1,700 complaints in State Court and over 160 complaints in District Court. Virtually all of the State Court lawsuits were dismissed.

*Immediate and Substantial Harm*

Mr. Strojnik has demonstrated that without action by this Court, he will continue to file ADA/AzDA lawsuits. [SB's Supplement Re: *Gastelum v. Canyon*

---

[3] The alleged ethical violations are not necessarily inclusive of what will be charged in the disciplinary complaint but are at the least sufficient to show that Mr. Strojnik has violated the Rules of Professional Conduct, that at the least will result in a long-term suspension.

*Hospitality.*] US District Court Judge Neil V. Wake issued an order in *Advocates for Individuals With Disabilities LLC, and David Ritzenthaler, vs. MidFirst Bank,* 2:16-cv-01969-PHX-NVW suggesting that sanctions were appropriate and that Mr. Strojnik's "extortionate practice ha[d] become pervasive," [SB Motion for Interim Suspension, Exhibit 11.] The District Court stated that "it is certain that Arizona courts would not waive the standing requirement and empower [Respondent's] unethical extortion of unreasonable attorney's fees from defendants" when Mr. Strojnik requested to remand the case to state court. [Exhibit 11 at pg. 10.]

The evidence and testimony show that Mr. Strojnik is partaking in a scheme that will cause imminent and substantial harm to the public and administration of justice. The additional lawsuits Mr. Strojnik has filed since the State Bar's Motion for Interim Suspension show that his conduct will continue without immediate action by this Court. Any potential damage to Mr. Strojnik is outweighed by the harm to the public and to the profession.

## CONCLUSION

The State Bar has met its burden demonstrating Mr. Strojnik is engaging in conduct that has caused or is likely to cause immediate and substantial harm to clients, the public, or the administration of justice. Mr. Strojnik has demonstrated that he will continue filing lawsuits, and has filed lawsuits, irrespective of rulings by other Courts.

Therefore:

**IT IS ORDERED** finding probable cause Peter Strojnik has engaged in conduct that has caused or is likely to cause immediate and substantial harm to clients, the public, or the administration of justice.

**IT IS FURTHER ORDERED Peter Strojnik, Bar No. 006464**, is suspended from the practice of law effective immediately on an interim basis and until further order of this Court.

**IT IS FURTHER ORDERED** such suspension shall continue in force until final disposition of all pending disciplinary proceedings against Peter Strojnik, unless vacated or modified.

**IT IS FURTHER ORDERED** under Rule 72(a) Peter Strojnik shall notify all his clients of the terms of this order within ten (10) days and shall timely file with the Disciplinary Clerk and the Court, notice of compliance with this Order as provided by Rule 72(e).

**IT IS FURTHER ORDERED** that the State Bar shall promptly prosecute this matter and it is set for telephonic status review on **Tuesday, January 15, 2019 at 10:00 a.m.**

**DATED** this 11th day of July, 2018.

*William J. O'Neil*

**William J. O'Neil, Presiding Disciplinary Judge**

17

Copies of the foregoing e-mailed
this 11th day of July, 2018, and
mailed July 12, 2018, to:

Shauna R. Miller
Senior Bar Counsel
*State Bar of Arizona*
4201 N. 24th Street, Suite 100
Phoenix, AZ  85016-6288
Email:  lro@staff.azbar.org

Geoffrey M.T. Sturr
Joshua D. Bendor
*Osborn Maledon, PA*
2929 N. Central Ave., Suite 2100
Phoenix, AZ 85012-2793
Emails: gsturr@omlaw.com,
 jbendor@omlaw.com
Respondent's Counsel

by: AMcQueen

**Exhibit 5**



02
So

When recorded mail to:
Gust Rosenfeld P.L.C.
One East Washington Street
Suite 1600
Phoenix, Arizona  85004-2553
Attention:  CLK

# JUDGMENT AGAINST DEFENDANTS ADVOCATES FOR AMERICAN DISABLED INDIVIDUALS, LLC, DAVID RITZENTHALER, AND PETER STROJNIK

## DO NOT REMOVE
## THIS IS PART OF THE OFFICIAL DOCUMENT

# JUDGMENT
# INFORMATION STATEMENT OF JUDGMENT CREDITOR
# DO NOT REMOVE
## This is part of the official document.

1.    Judgment Debtors' Names and Last Known Addresses:

> Advocates or American Disabled Individuals, LLC,
>  an Arizona limited liability company
> c/o Peter Strojnik
> 2375 East Camelback, Suite 600
> Phoenix, Arizona 85016

> David Ritzenthaler
> c/o Peter Strojnik
> 2375 East Camelback, Suite 600
> Phoenix, Arizona 85016
> Plaintiff

> Peter Strojnik
> 2375 East Camelback, Suite 600
> Phoenix, Arizona 85016

2.    Judgment Debtors' Address Where Served:

> Not applicable.  Judgment Debtors are Plaintiffs in subject case.

3.    Judgment Creditor's Name and Address:

> Cactus Rose of Wickenburg, LLC
> c/o Craig L. Keller
> Gust Rosenfeld, P.L.C.
> One East Washington, Suite 1600
> Phoenix, AZ  85004

4.    Judgment Balance as of March 5, 2018:  $11,001.76 (attorneys' fees of
$10,600.42 and taxable costs of $401.12), plus accrued interest (at the rate of
5.50% per annum) from March 5, 2018 until paid in full.

5.   Judgment Debtors' Driver's License Number:  Unknown
     Judgment Debtors' SSN:  Unknown
     Judgment Debtors' Date of Birth:  Unknown

6.   The Court entered a stay in this matter on July 26, 2018 to allow Plaintiffs to
     secure new counsel. The stay expired on September 30, 2018.

Unofficial Document

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
L. Stogsdill, Deputy
3/7/2018 8:00:00 AM
Filing ID 9137718

**Granted with Modifications**
***See eSignature page***

**GUST ROSENFELD P.L.C.**
One East Washington Street, Suite 1600
Phoenix, Arizona 85004
(602) 257-7989 Telephone
(602) 254-4878 Facsimile
Craig L. Keller - 007425
ckeller@gustlaw.com
*Attorneys for Cactus*
*Rose of Wickenburg, LLC*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| ADVOCATES FOR AMERICAN DISABLED INDIVIDUALS, LLC, and DAVID RITZENTHALER, | No. CV2016-004517 |
| Plaintiffs, | **JUDGMENT FOR ATTORNEYS' FEES AGAINST ADVOCATES FOR AMERICAN DISABLED INDIVIDUALS, LLC, DAVID RITZENTHALER, AND PETER STROJNIK** |
| vs. | |
| CACTUS ROSE OF WICKENBURG, LLC, | |
| Defendant. | (Honorable David B. Gass) |

Pursuant to the Court's Order filed December 1, 2017, and because this court finds that no further matters remain pending, the court enters final judgment pursuant to A.R.C.P. Rule 54(c), as follows:

**THE COURT FINDS:**

1. Plaintiffs and their counsel brought and continued this action without substantial justification, including filing suit before a pre-trial demand; and,

2. Plaintiffs unreasonably expand[ed] or delay[ed] the proceedings by refusing to settle this case based on Defendants offers; and,

3. Resolution was delayed because Plaintiffs demanded payments by inappropriately threatening to continue this suit without any basis.

3160846.1

1

1    **IT IS ORDERED** awarding in favor of Cactus Rose of Wickenburg, LLC and

2   against Plaintiffs Advocates for American Disabled Individuals, LLC, David

3   Ritzenthalter and Peter Strojnik, jointly and severally, attorneys' fees in the amount of

4   $10,600.64 and taxable costs in the amount of $401.12, with interest accruing on the

5   foregoing at the rate of 5.50% per annum until all amounts awarded herein are paid in

6   full.

    Electronically dated and signed

7

8

9

10

11

12

                        Unofficial Document

13

14

15

16

17

18

19

20

21

22

23

24

25

26   3160846.1

2

# eSignature Page 1 of 1

Filing ID: 9137718   Case Number: CV2016-004517
Original Filing ID: 8977402

**Granted with Modifications**

Unofficial Document



/S/ David Gass Date: 3/5/2018

Judicial Officer of Superior Court

**ENDORSEMENT PAGE**

CASE NUMBER: CV2016-004517                    SIGNATURE DATE: 3/5/2018

E-FILING ID #: 9137718                         FILED DATE: 3/7/2018 8:00:00 AM

CRAIG L KELLER

MATTHEW B DU MEE

PETER STROJNIK

Unofficial Document

**²⁰Document**

When recorded, return to:

02
ha

Randy J. Aoyama, Esq.
Hinshaw & Culbertson LLP
2375 East Camelback Road, Suite 750
Phoenix, Arizona 85016

## **CERTIFIED JUDGMENT**

## DO NOT REMOVE

This is part of the Official Document

## JUDGMENT CREDITOR'S INFORMATION STATEMENT
## PURSUANT TO A.R.S. § 33-967

1.     The correct name and last known address of each judgment debtor and the address at which judgment debtor received the summons by personal service or mail:

Names of Judgment Debtors: Advocates for Individuals with Disabilities Foundations, Inc., Peter Strojnik; and Strojnik P.C.

Debtors are believed to be at the following last known address:

Strojnik, P.C.                              Peter Strojnik
2375 E. Camelback Road, Ste 600             1344 E Belmont Avenue
Phoenix, AZ 85016                           Phoenix, AZ 85020

Advocates for Individuals with
Disabilities Foundations, Inc.
c/o Alex Callan
40 N. Central Avenue, #1400
Phoenix, AZ 85004

The address at which Judgment Debtors were served is:

Judgment debtors are Plaintiff, and its attorney of record

2.     The name and address of the judgment creditor:

Midas Properties, Inc.
Brian Maciak
4300 TBC Way
Palm Beach Gardens, FL 33410

3.     The amounts of the judgment or decree as entered or as most recently renewed:

$4,113.00 + taxable costs of $262.40 = $4,375.40; plus interest pursuant to A.R.S. § 44-1201.

4.     If the judgment debtor is a natural person, the judgment debtor's social security number, date of birth, and driver's license number:

Information is not available.

5.     Whether stay of enforcement has been ordered by the court and the date the stay expires:

There has been NO stay of enforcement.

301324631v1 0990840

20180184654
Case 5:20-cv-00354-VKD   Document 35-2   Filed 02/23/21   Page 65 of 103
Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
N. Johnson, Deputy
2/21/2018 8:00:00 AM
Filing ID 9100145

Granted with Modifications
***See eSignature page***

1
2
3
4
5
6

Law Offices
**HINSHAW & CULBERTSON LLP**
2375 E. Camelback Rd.
Suite 750
Phoenix, AZ 85016
602-631-4400
602-631-4404
raoyama@hinshawlaw.com

Randy J. Aoyama 020096
Attorneys for Defendant Midas Properties Inc.

7    IN THE ARIZONA SUPERIOR COURT

8    MARICOPA COUNTY

9    ADVOCATES FOR INDIVIDUALS WITH              No. CV2016-011298
     DISABILITIES FOUNDATIONS, INC, a
10   charitable non-profit foundation.,           **JUDGMENT**

11            Plaintiff,                          (Hon. David B. Gass)

12   v.

13   MIDAS PROPERTIES, INC,

14            Defendant.

15

16       Defendant Midas Properties, Inc., ("Midas") is entitled to dismissal of Plaintiff's

17   suit against it pursuant to this Court's Minute Entry dated November 29, 2017 and the

18   stipulated order signed by Judge Talamante on November 13, 2017 in the Maricopa

19   County Superior Court No. CV2016-090506 (Consolidated)("Stipulated Order"). In the

20   Stipulated Order, Plaintiff consented to an award of reasonable attorneys" fees and costs

21   in defending this action.

22       The Court has also received and reviewed Defendant Midas Properties, Inc.'s

23   Application for Attorneys' Fees and Costs and Statement of Costs.

24       Based on the foregoing and good cause appearing.

25       **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

26

300958060v1 0990840

1      1.      Plaintiff's Complaint against Defendant Midas Properties, Inc. is dismissed

2   with prejudice;

3      2.      Plaintiff takes nothing by its Complaint against Defendant Midas

4   Properties, Inc., and Defendant Midas Properties, Inc. are awarded final judgment against

5   Plaintiff, Peter Strojnik, and STROJNIK P.C., jointly and severally;

6      3.      Defendant Midas Properties, Inc. is hereby awarded attorneys' fees in the

7   amount of $4,113.00 and taxable costs in the amount of $262.40 against Plaintiff, Peter

8   Strojnik, and STROJNIK P.C., jointly and severally plus interest pursuant to Ariz. Rev.

9   Stat. § 44-1201.

10     4.      The Court, having found there are no further matters pending and no just

11   reason for delay, expressly directs that this Judgment be entered as a final judgment,

12   pursuant to Rule 54(c), A.R.C.P.

13

14

15

16

17                          Electronically dated and signed

18

19

20

21

22

23

24

25

26

300958060v1 0990840

# eSignature Page 1 of 1

Filing ID: 9100145   Case Number: CV2016-011298
Original Filing ID: 8977344

**Granted with Modifications**

Unofficial Document



/S/ David Gass Date: 2/20/2018

Judicial Officer of Superior Court

**ENDORSEMENT PAGE**

CASE NUMBER: CV2016-011298

SIGNATURE DATE: 2/20/2018

E-FILING ID #: 9100145

FILED DATE: 2/21/2018 8:00:00 AM

MATTHEW B DU MEE

PETER STROJNIK

RANDY J. AOYAMA

Unofficial Document

The foregoing instrument is a full, true and correct copy
of the original electronically filed document on file with
the Clerk of the Court.

Attest _____ 20_____
MICHAEL K. JEANES, Clerk of the Superior Court of the
State of Arizona, in and for the County of Maricopa.

By_____ Deputy

Unofficial
20 Document

15
Ho

When recorded, return to:

John A. Doran
Craig A. Morgan
Sherman & Howard L.L.C.
201 E. Washington Street, Suite 800
Phoenix, Arizona 85004

This area reserved for county recorder

## Judgment on Attorneys' Fees

**Advocates for Individuals With Disabilities v. MidFirst Bank**
*United States District Court for the District of Arizona, No. CV-16-01969-PHX-NVW*

**Judgment filed July 24, 2018**

# DO NOT REMOVE

## This is part of the official document.

Case 2:16-cv-01969-NVW    Document 117    Filed 07/24/18    Page 1 of 1

I hereby attest and certify on ___7/30/18
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my cus-
tody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF ARIZONA
by _____ Deputy

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Advocates for Individuals With Disabilities LLC, et al.,

        Plaintiffs,

v.

MidFirst Bank,

        Defendant.

**NO. CV-16-01969-PHX-NVW**

**JUDGMENT ON ATTORNEYS' FEES**

**Decision by Court.** This action came for consideration before the Court. The issues have been considered and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that pursuant to the Court's Order filed July 24, 2018, judgment is entered in favor of Defendant MidFirst Bank and against Plaintiff Peter Strojnik in the amount of $31,473.50 plus interest at the federal rate of 2.42% per annum from the date of judgment until paid, of which $13,112.00 is also the joint and several obligation of Advocates for Individuals with Disabilities, LLC, and David Ritzenthaler. Judgment is also entered against Advocates for Individuals with Disabilities, LLC, and David Ritzenthaler, jointly and severally with Peter Strojnik, in the amount of $13,112.00 plus interest at the federal rate of 2.42% per annum from the date of judgment until paid.

Brian D. Karth
District Court Executive/Clerk of Court

July 24, 2018

                s/ Rebecca Kobza
      By   Deputy Clerk

## JUDGMENT INFORMATION STATEMENT

This information is provided pursuant to A.R.S. §§ 33-961 and 33-967.

**Judgment Debtors**
Mr. Peter Strojnik -- As set forth herein
&
Advocates for Individuals with Disabilities, LLC -- As set forth herein
&
Mr. David Ritzenthaler -- As set forth herein.

**Judgment Debtors' Last Known Address**
c/o Peter Strojnik
Strojnik P.C.
2375 E. Camelback Road, #600
Phoenix, AZ 85016

Advocates for Individuals with Disabilities, LLC
c/o AID.org
40 N. Central Ave., Suite 1400
Phoenix, AZ 85004

Unofficial Document
David Ritzenthaler
c/o AID.org
40 N. Central Ave., Suite 1400
Phoenix, AZ 85004

**Judgment Debtors' Address for Service**
c/o Peter Strojnik
Strojnik P.C.
2375 E. Camelback Road, #600
Phoenix, AZ 85016

c/o KeytLaw, LLC, Statutory Agent
7373 E. Doubletree Ranch
Scottsdale, AZ 85258

**Judgment Creditor**
MidFirst Bank

**Judgment Creditor's Address**
c/o John A. Doran
Craig A. Morgan
Sherman & Howard, L.L.C.

201 E. Washington Street, Suite 800
Phoenix, Arizona 85004-2327

**Judgment Creditor's Attorney**
John A. Doran
Craig A. Morgan
Sherman & Howard L.L.C.
201 E. Washington Street, Suite 800
Phoenix, Arizona 85004-2327

### Total Amount of Judgment:

Judgment is entered in favor of Defendant MidFirst Bank and against:

1.    Plaintiff Peter Strojnik in the amount of $31,4 73 .50 plus interest at the federal rate of 2.42% per annum from the date of judgment until paid, of which $13,112.00 is also the joint and several obligation of Advocates for Individuals with Disabilities, LLC, and David Ritzenthaler.

2.    Advocates for Individuals with Disabilities, LLC, and David Ritzenthaler, jointly and severally with Peter Strojnik, in the amount of $13,112.00 plus interest at the federal rate of 2.42% per annum from the date of judgment until paid.

### Judgment Debtors' SSN: Unknown

### Judgment Debtors' DOB: Unknown

### Judgment Debtors' DL No.: Unknown

**Is there a stay of enforcement?** No. **If yes, date stay expires:** Not applicable.

2

Unofficial Document

When recorded, return to:

St
Ga

UDALL LAW OFFICES
18 East University Drive, Suite 200
Mesa, AZ 85201

**JUDGMENT**

## INFORMATION STATEMENT OF
## JUDGMENT DEBTOR

### Judgment Debtor:

Peter Strojnik

### Last Known Physical Address and Mailing Address:

Peter Strojnik, Esq.
STROJNIK, P.C.
1 East Washington Street, Suite 500
Phoenix, AZ 85004

### Address of Service: (Please identify if in person or via email)

Peter Strojnik, Esq.
STROJNIK, P.C.
1 East Washington Street, Suite 500
Phoenix, AZ 85004

### Judgment Debtor Social Security No., Date of Birth and License No.:

Peter Strojnik
Social Security Number: Unknown
Date of Birth: Unknown
Driver's License No.: Unknown

### Judgment Creditor:

Straight Line Real Estate, et al.,

**Amount of Judgment or Decree: $6,123.00**

**Date of Stay of Enforcement: none**

**Expiration of Stay of Enforcement: n/a**



FILED
1/10/18  10:32am
MICHAEL K. JEANES, CLERK
By___A. Duda___
A. Durda, Deputy

1  UDALL LAW OFFICES, P.L.C.
   18 E. UNIVERSITY DRIVE, SUITE 200
2  MESA, ARIZONA 85201
   PHONE (480) 898-3660
3  FAX (480) 898-3435

4  WILLIAM A. UDALL - #013109
5  ATTORNEYS FOR DEFENDANT

6

7       **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8            **IN AND FOR THE COUNTY OF MARICOPA**

9

10  Advocates for Individuals With Disabilities          Case No.: CV2016-011323
    Foundation, Inc.
11
                Plaintiffs,
12
                                                          **JUDGMENT**
    vs.
13                                                        (Assigned to the Hon. Teresa Sanders)
                       Unofficial Document
    Straight Line Real Estate, LLC, et al.,
14
                Defendants.
15

16

17

18       Having granted the Motion to Dismiss the consolidated cases with Prejudice, and having

19  reviewed Defendant Straight Line Real Estate LLC's Applicaton for Award of Attorneys' Fees

20  and Costs, any response and reply briefs related thereto, and good cause appearing, it is now

21  hereby,

22       ORDERED, ADJUDGED, AND DECREED that Defendant, Straight Line Real Estate

23  LLC, has Judgment against Plaintiff, Advocates For Individuals with Disabilities Foundation,

24  Inc., as follows:
25
26

1       1.     In the amount of $5,880.00, as and for reasonable attorneys' fees incurred by

2  Defendant Straight Line Real Estate LLC, during the course of this matter;

3       2.     In the amount of $243.00, as and for costs incurred by Defendant Straight Line

4  Real Estate LLC, during the course of this matter; and

5       3.     Interest on the amounts set forth in paragraphs 1 and 2 above at the rate of 4.75%

6

7  per annum – in accordance with A.R.S. § 44-1201 – from the date of this Judgment until paid-in-

8  full.

9       IT IS ALSO ORDERED that the amounts owed in this Judgment are the responsibility of

10  Advocates for Individuals with Disabilities Foundation, Inc. jointly and severly with Peter

11  Strojnik and Stojnik PC.

12       IT IS ALSO ORDERED that the Judgment is entered pursuant to Ariz. R. Civ. P. 54(b),

13  the Court finding there is no reason for delay.

15

16  DATED: _____/ – 10_____, 2018.

17

18

19                 Honorable Teresa Sanders
                     Superior Court for Maricopya County, Arizona

The foregoing instrument is a full, true and correct copy of
the original on file in this office.

Attest March 9                    20 18
MICHAEL K. JEANES, Clerk of the Superior Court of the
State of Arizona, in and for the County of Maricopa.

By Smagana                    Deputy

2



When recorded return to:
Yusra B. Bokhari
Schern Richardson Finter Decker, PLC
1640 S. Stapley Drive, Suite 132
Mesa, AZ 85204
(480) 632-1929

**CH**
**Ga**

---

**Caption Heading:** **Amended Judgment on Attorney Fees**
Judgment not previously recorded

Do Not Remove

This is Part of the Official Documents

**Case No.: CV-18-01941-PHX-GMS**
**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

**FERNANDO GASTELUM v. CANYON HOSPITALITY, LLC and CANYON EDUCATION, INC.**

JUDGMENT DATA SHEET PURSUANT TO A.R.S. §§ 33-967

1.    THE CORRECT NAME AND LAST KNOWN ADDRESS OF EACH JUDGMENT DEBTOR:

> Peter Strojnik
> c/o STROJNIK, P.C.
> 2375 East Camelback Road, Suite 600
> Phoenix, Arizona 85016

2.    THE ADDRESS AT WHICH EACH JUDGMENT DEBTOR RECEIVED THE SUMMONS BY PERSONAL SERVICE OR BY MAIL:

> Peter Strojnik
> c/o STROJNIK, P.C.
> 2375 East Camelback Road, Suite 600
> Phoenix, Arizona 85016

3.    THE NAME AND ADDRESS OF THE JUDGMENT CREDITOR:

> Canyon Hospitality LLC,
> Grand Canyon Education, Inc.,
> c/o Schern Richardson Finter Decker, PLC
> Yusra B. Bokhari, Esq.
> 1640 S. Stapley Drive, Suite 132
> Mesa, AZ 85204

4.    THE AMOUNT OF JUDGMENT OR DECREE AS ENTERED OR MOST RECENTLY RENEWED:

> $5,000.00

5.    IF THE JUDGMENT DEBTOR IS A NATURAL PERSON, THE JUDGMENT DEBTORS:

> Judgment Debtor:              Peter Strojnik
> Social Security Number:       unknown
> Date of Birth:                unknown
> Driver's License Number:      unknown

6.    STAY ISSUED:

> A stay has NOT been ordered by the Court.

1
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**
7                       **FOR THE DISTRICT OF ARIZONA**
8
9   Fernando Gastelum,                        **NO. CV-18-01941-PHX-GMS**
10              Plaintiff,                     **AMENDED      JUDGMENT      ON
                                              ATTORNEY FEES**
11  v.
12  Canyon Hospitality LLC, et al.,
13              Defendants.
14

15          **Decision by Court.** This came for consideration before the Court.  The

16  issues have been considered and a decision has been rendered.

17          IT IS ORDERED AND ADJUDGED that pursuant to the Court's Order filed

18  November 19, 2018, judgment is entered in favor of defendant and against plaintiff's

19  counsel in the amount of $ 5,000.00.

20
                                    Brian D. Karth
21                                  District Court Executive/Clerk of Court

22  December 4, 2018

23                                  s/ E. Aragon
                              By    Deputy Clerk
24

25
26
27
28                                  I hereby attest and certify on  12-06-18
                                    that the foregoing document is a full, true and correct
                                    copy of the original on file in my office and in my cus-
                                    tody.

                                    CLERK, U.S. DISTRICT COURT
                                    DISTRICT OF ARIZONA
                                    by _____ Deputy

**Unofficial Document**

| | 3592 | | | |
|---|---|---|---|---|
| **Form 668 (Y)(c)**<br>(Rev. February 2004) | | Department of the Treasury - Internal Revenue Service<br>**Notice of Federal Tax Lien** | | |

| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #6<br>Lien Unit Phone: (800) 913-6050 | Serial Number<br><br>158657215 |
|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer PETER STROJNIK

Residence        7847 N CENTRAL AVE
                 PHOENIX, AZ 85020-4025

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL   06/01/2015   10
20150387395   PAPER RECORDING
0421218-1-147-51
Garciac

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2013 | XXX-XX-6775 | 11/24/2014 | 12/24/2024 | 66027.08 |

| Place of Filing | | |
|---|---|---|
| | COUNTY RECORDER<br>MARICOPA COUNTY<br>PHOENIX, AZ 85003 | Total $    66027.08 |

This notice was prepared and signed at _____ SEATTLE, WA _____, on this,

the ___21st___ day of ___May___, ___2015___.

| Signature<br>*Cheryl Corderr*<br>for G.J. CARTER-LOUIS | Title<br>ACS SBSE<br>(800) 829-3903 | 26-00-0008 |
|---|---|---|

**(NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Form **668(Y)(c)** (Rev. 2-2004)
CAT. NO 60025X



1900057418019
ARIZONA DEPARTMENT OF REVENUE
ATTN: Education and Compliance/Lien Department
PO BOX 29070
Phoenix, AZ  85038-9070

**2019-004-9737-1**

**ARIZONA
SECRETARY OF STATE
12/04/19 13:53
F I L E D**

# STATE OF ARIZONA

Department of Revenue

## NOTICE OF STATE TAX LIEN

Pursuant to A.R.S. §42-1152, notice is hereby given that the following named taxpayer owes the Arizona Department of Revenue such unpaid amounts as are herein set forth and that pursuant to A.R.S. §42-1151 the Department has a lien against all the property or rights to property belonging to the taxpayer for such unpaid amount, plus accruing interest.

**Address:**
7847 N CENTRAL AVE
PHOENIX, AZ 85020

**Name(s):**
STROJNIK PETER

**Lien ID:** 10201816
**Place of Filing:** SECRETARY OF STATE

**ID Number(s):**
SSN        xxx-xx-6775

| Tax Type | Tax Period End | Liability Number | Tax Balance | Penalty | Interest Thru 11/27/2019 | Unpaid Balance of Assessment |
|----------|---------------|------------------|-------------|---------|--------------------------|------------------------------|
| IND | 12/31/2016 | 201606324754 | $4,271.00 | $1,050.27 | $827.31 | $6,148.58 |
| IND | 12/31/2017 | 201706785120 | $1,199.00 | $274.41 | $151.79 | $1,625.20 |
| IND | 12/31/2018 | 201807764050 | $20,299.00 | $955.96 | $670.70 | $21,925.66 |
| | | | | | **Total:** | $29,699.44 |

DATED AT PHOENIX, ARIZONA THIS 27TH DAY OF NOVEMBER, 2019

Signature: _Marlene R Karal_        Title: Administrator

**Arizona Department of Revenue**
RCRRR643

Visit us on the web at **www.AZTaxes.gov**

Page 1 of 1



Unofficial
20. Document

BC
am

When recorded mail to:

Mark Brnovich
Attorney General
(Firm State Bar No. 14000)
Office of the Attorney General
Bankruptcy & Collection Enforcement Section
2005 N. Central Ave.
Phoenix, AZ  85004
(602) 542-8393
Attn:  SMcClure /BCE18-00480

Maricopa County Recorder
111 South Third Avenue
Phoenix, AZ 85003

# DOCUMENT COVER SHEET

## CAPTION HEADING:        Default Judgment

### DO NOT REMOVE

This is part of the official document.

CERTIFIED COPY

CLERK OF THE SUPERIOR COURT
FILED
FEB 27 2020  4.25 P.M.
_____, Deputy

1  MARK BRNOVICH
   Arizona Attorney General
2  Firm Bar No. 14000

3
   PENNY TAYLOR MOORE/013614
4  Assistant Attorney General
5  2005 North Central Avenue
   Phoenix, AZ  85004-1592
6  Telephone: (602) 542-8438
7  Email: StateCourtUnit@azag.gov
   Attorneys for Plaintiff
8  BCE18-00480

9              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10
11                     IN THE ARIZONA TAX COURT

12  STATE OF ARIZONA, *ex rel.*, ARIZONA        No. TX2019-000456
    DEPARTMENT OF REVENUE,
13

14                     Plaintiff,

15      vs.                                     DEFAULT JUDGMENT

16  PETER STROJNIK and JANE DOE
    STROJNIK, individually and as husband and
17  wife,

18                     Defendants.

19
            The Plaintiff moving for Judgment, and it appearing that the Defendant was duly
20
21  served with the Summons and Complaint as required by law, and it further appearing that

22  the Defendant, Peter Strojnik, has failed to plead or otherwise defend within the time

23
    specified by law;
24

25  ///

26

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that Plaintiff be given judgment against the Defendant, Peter Strojnik, as follows:

## COUNT ONE

For tax year 2016, for taxes of $4,271.00, for penalties of $1,114.33, for costs and after-accruing costs, for pre-judgment interest of $885.58 pursuant to A.R.S. § 42-1123, and for post-judgment interest on all sums as set forth in A.R.S. § 42-1123 until paid in full.

## COUNT TWO

For tax years 2017 and 2018, for taxes of $21,498.00, for penalties of $1,552.84, for costs and after-accruing costs, for pre-judgment interest of $1,079.23 pursuant to A.R.S. § 42-1123, and for post-judgment interest on all sums as set forth in A.R.S. § 42-1123 until paid in full.

IT IS FURTHER ORDERED that the Court having expressly determined under Rule 54(b), A.R.C.P., that there is no just reason for delay, hereby directs entry of judgment against Defendant, Peter Strojnik.

DONE IN OPEN COURT ON ___2-26-2020___.


Commissioner David W. Garbarino
JUDGE/COMMISSIONER


The foregoing instrument is a full, true and correct copy of the original on file in this office.
Attest FEB 2 7 2020 ___20___
JEFF FINE, Clerk of the Superior Court of the
State of Arizona, in and for the County of Maricopa.
By _____, Deputy Clerk

2

**Exhibit 6**

1    Philip H. Stillman, Esq., (Cal. Bar No. 152861)
     STILLMAN & ASSOCIATES
2    300 South Pointe Drive, Suite 4206
     Miami Beach, Florida 33139
3    Telephone: (888) 235-4279
     Facsimile:  (888) 235-4279
4    email: pstillman@stillmanassociates.com

5    Attorneys for defendant HOTEL CHEVAL, LLC

6

7                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                         **FOR SAN LUIS OBISPO COUNTY**

9    PETER STROJNIK,                          )    CASE NO.: 20CVP0189
                                              )
10                  Plaintiff,                )    DEFENDANTS' NOTICE OF RULING ON
                                              )    MOTION TO DECLARE PLAINTIFF A
11   v.                                       )    VEXATIOUS LITIGANT; FOR A PRE-FILING
                                              )    ORDER AND SECURITY
12   (1) AYRES - PASO ROBLES, L.P. dba        )
     ALLEGRETTO VINEYARD RESORT PASO          )
13   ROBLES; (2) LVP CY PASO ROBLES, LLC      )    Date:  February 2, 2021
     dba COURTYARD BY MARRIOTT, (3)           )    Time: 9 a.m.
14   HOTEL CHEVAL, LLC,; (4) LANE YUDELL      )    Dept.: P2
     dba HIGH RIDGE MANOR; (5) MARTIN E       )
15   CROAD & PATRICIA A CROAD dba THE         )
     INN  AT CROAD VINEYARDS,                 )    Action Filed: June 8, 2020
16                                            )    Trial Date: None Set
                    Defendants.               )
17   _____
                                                   Hon. Linda Hurst
18

19   **TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:**

20           PLEASE TAKE NOTICE that on February 2, 2021, Defendant Hotel Cheval, LLC's Motion

21   to Declare Peter Strojnik a Vexatious Litigant and for a prefiling Order came on regularly for a

22   hearing.  As of 9:45 a.m., the Court noted that there was no appearance by Plaintiff.  The Court

23   found that Plaintiff had received proper notice of the February 2, 2021 hearing, and was given

24   notice of the Tentative Ruling by the Court as well as call-in information on February 1, 2021.

25   Based on a careful review of the Motion and supporting papers, Plaintiff's Opposition,

26   Defendant's Reply and the documents and pleadings on file in this matter, the Court adopted its

27   Tentative Ruling in full as the Order of the Court.  A copy of the Tentative Ruling that is now the

28

1  Order the Court is attached hereto as <u>Exhibit 1.</u>  Defendant was ordered to give this Notice of

2  Ruling and to provide a copy of Judicial Council Form VL-100 to the Court and to Plaintiff which

3  has been received.

                                    Respectfully Submitted,

                                    STILLMAN & ASSOCIATES

Dated: February 2, 2021             By:_____
                                         Philip H. Stillman, Esq.
                                    Attorneys for defendant HOTEL CHEVAL, LLC

Case Name: *Strojnik v. Ayres-Paso Robles, L.P. et al.*
Case Number: 20CVP0189

### PROOF OF SERVICE

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action or proceeding. I have an office in Miami Beach, Florida where the mailing occurred.

On February 2, 2021, I caused to be served by OneLegal the following document(s):

**NOTICE OF RULING RE MOTION TO DECLARE PETER STROJNIK A VEXATIOUS LITIGANT**

on the interested parties in this action by email to:

Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
ps@strojnik.com

the email addresses on file with this Court. I did not receive any notice that the documents was not deliverable to the foregoing email addresses.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on February 2, 2021 at Miami Beach, Florida.

By:_____
        Philip H. Stillman, Esq.

**Exhibit 1**

*Peter Strojnik v. Ayres - Paso Robles, L.P., et al.,* **20CV-0189**

**Hearing:**      **Motion to Declare Plaintiff a Vexatious Litigant**

**Date:**         **February 2, 2021**

## TENTATIVE RULING

On June 8, 2020, Peter Strojnik ("Plaintiff") filed this action against Hotel Cheval, LLC ("Cheval") and others. All of the named defendants own or operate places of lodging in Paso Robles, California. (Cmp., ¶ 9.) The complaint is brought pursuant to the Unruh Civil Rights Act, the federal Americans with Disabilities Act ("ADA"), and the California Disabled Persons Act ("DPA"), and asserts construction-related accessibility claims. (Cmp., ¶¶ 1, 8.)[1] Plaintiff dismissed the entire action on January 3, 2021.

Cheval reports that Plaintiff is a former Arizona attorney who was suspended by the Arizona State Bar on July 11, 2018 after filing over 1,700 fraudulent ADA lawsuits in the state and federal courts. (See RJN, Ex. 1 [AZ suspension] and *Strojnik v. Bakersfield Convention Hotel I, LLC* (E.D.Cal. Jan. 31, 2020) 436 F.Supp.3d 1332, 1336, fn. 1 [noting number of cases filed].) Plaintiff ultimately consented to disbarment after the Arizona State Bar initiated disciplinary proceedings against him related to his ADA practice. (RJN Supp., Ex. 2, p. 13, ll. 26-28.)[2]

Currently on calendar is Cheval's Motion to Deem Plaintiff a Vexatious Litigant. (Code Civ. Proc., § 391.1.)[3] As the moving party, Cheval has the burden to show that Plaintiff is a vexatious litigant. (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 640.) The court then exercises its discretion in making that determination (*Id.* at p. 637), and when doing so considers the following:

> The purpose of the vexatious litigant statutes "is to address the problem created by the persistent and obsessive litigant who constantly has pending a number of groundless actions and whose conduct causes serious financial results to the unfortunate objects of his or her attacks and places an unreasonable burden on the courts." (*In re Kinney* (2011) 201 Cal.App.4th 951, 957–958, citations omitted.)

As an initial matter, the Court finds that it has jurisdiction to address this motion. (See *Pittman v. Beck Park Apartments, Ltd.* (2018) 20 Cal.App.5th 1009, 1024-1025 [retaining jurisdiction to decide a vexatious litigant motion is consistent with the purpose of the statutes].)

---

[1] A "construction-related accessibility claim" is a violation of a "construction-related accessibility standard" under federal or state law. (*Mundy v. Pro-Thro Enterprises* (2011) 192 Cal.App.4th Supp. 1, 5 [e.g., a mirror that is mounted too high to be used by a person in a wheelchair].)

[2] The Court grants Cheval's unopposed requests for judicial notice. (Evid. Code, § 452.)

[3] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

1

Under section 391.1, a defendant may file a motion for an order requiring the plaintiff to furnish security or for an order dismissing the litigation under section 391.3. Both requests for relief require the moving part to show that (1) the plaintiff is a vexatious litigant and (2) there is no reasonable probability that he will prevail in this litigation. (§§ 391.1, 391.3(a)-(b).) A motion seeking dismissal requires an extra showing that the litigation "has been filed for the purposes of harassment or delay." (§ 391.3(b).)

In addition to seeking security or dismissal, any party, or the court on its own motion, may seek "a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed." (§ 391.7.)

Cheval seeks all three remedies. Because Plaintiff has dismissed the action with prejudice, the requests that Plaintiff furnish security and that the matter be dismissed are moot. The remaining question is whether Plaintiff is a vexatious litigant as set forth in section 391 for purposes of imposing a prefiling order against him.

Cheval argues Plaintiff is a vexatious litigant under sections 391(b)(4) and 391(b)(1)(i).

### A.  Section 391(b)(4)

Section 391(b)(4) defines "vexatious litigant" to include a person who "[h]as previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence."

Cheval reports that Plaintiff has been declared a vexatious litigant in two of California's four federal districts, i.e., the Northern and Central Districts of California. (RJN, Exs. 16, 17.)[4] In both cases, Plaintiff alleged causes of action against owners of lodging establishments for violations of the ADA and related state claims (e.g., the DPA and the Unruh Civil Rights Act). Additionally, like here, both cases concerned construction-related accessibility claims.[5]

Plaintiff does not dispute that he has been deemed a vexatious litigant in the Central and Northern Districts of California's federal court system. Instead, he argues that this case is not based upon "the same or substantially similar facts, transaction, or occurrence" as those prior cases because the claims are made against different defendants.

Cheval responds that the claims at issue here and those at issue in the federal cases in which Plaintiff was named a vexatious litigant, all concern construction-related accessibility claims. Cheval argues the fact that the defendants differ does not alter the fact that the complaints arise

---

[4] Cheval also claims that there is a motion to declare Plaintiff a vexatious litigant pending in the Southern District (*Strojnik v. 1315 Orange Ave., LLC* (Case No. 3:19-cv-01991-LAB (JLB) (S.D. Cal.)). Cheval, however, did not provide the Court with any admissible evidence confirming the claim. (Mtn., p. 3, fn. 3.)

[5] In his opposition, Plaintiff states that his Unruh Civil Rights Act and DPA claims are not construction-related. Regardless, the complaint does include construction-related accessibility claims as evidenced by the photographs included in the complaint.

from similar facts - i.e., Plaintiff visits hotels without staying at them (with no real intent to return) and takes pictures to allege violations of the Unruh Civil Rights Act, the ADA, and the DPA.

"It is of no significance that there are slightly different parties involved …, [t]he statute does not require that the parties be the same, only that the proceedings arise from substantially similar facts." (*Devereaux v. Latham & Watkins* (1995) 32 Cal.App.4th 1571, 1581.)[6] "Courts have construed section 391, subdivision (b)(4) to apply where the prior proceeding was based [on] the same or substantially similar facts, transaction, or occurrence as the current action. [Citations.]" (*Thompson v. Ioane* (2017) 11 Cal.App.5th 1180, 1199-1200, italics omitted; see e.g., *Devereaux, supra,* 32 Cal.App.4th at p. 1581 [two actions arise from essentially the same factual circumstances triggered by party's unauthorized removal of document from the law firm and her production of them at a deposition].)

Here, while the identity of the defendants and the specific barriers may differ, Plaintiff's alleged disabilities are the same (e.g., femoral neuropathy, prostate cancer, renal cancer, and a degenerative right knee), as is the remainder of the fact pattern, e.g., that Plaintiff visited the area, reviewed hotels for potential lodging, and reviewed the hotels booking websites which failed to identify and describe mobility related accessibility features and guest rooms in sufficient detail so that Plaintiff could determine whether it met his accessibility needs. Plaintiff then alleges that he intends to return to the defendant hotels at some point in the future. Plaintiff repeats the same fact pattern in each complaint, and merely substitutes different defendants.

The purpose of the vexatious litigant statutes is "to curb misuse of the court system by those acting in propria persona who repeatedly re-litigate the same issues. Their abuse of the system not only wastes court time and resources but also prejudices other parties waiting their turn before the courts." (*In re Bittaker* (1997) 55 Cal.App.4th 1004, 1008.)

With that purpose in mind, the Court finds that Plaintiff is a vexatious litigant under section 391(b)(4).

### B.  Section 391(b)(1)(i)

In addition to section 391(b)(4), Cheval also argues that Plaintiff is a vexatious litigant under subsection (b)(1)(i), which defines the term to include a person who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person …."

The term "litigation" "means any civil action or proceeding, commenced, maintained or pending in any state or federal court." (§ 391(a).) "A litigation is finally determined adversely to a plaintiff if he does not win the action or proceeding he began, including cases that are voluntarily

---

[6] *Devereaux, supra,* 32 Cal.App.4th 1571, was disapproved on other grounds by *Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 785, fn. 7.)

dismissed by a plaintiff." (*Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 406.)

Cheval provides the following cases, among others, to show Plaintiff qualifies as a vexatious litigant under section 391(b)(1)(i) (Mtn., p. 2, fn. 2):

1. *Strojnik v. Orangewood LLC* (C.D.Cal. Aug. 8, 2019) No. 8:19-cv-00946-DSF-GJS, affd. (9th Cir. 2020) 829 Fed.Appx. 783 [ADA claim dismissed for lack of standing because Strojnik failed to show the identified barriers affected him due to his disabilities].
2. *Strojnik v. Pasadena Robles Acquisition, LLC* (C.D.Cal. Aug. 14, 2019) No. 2:19-cv-02067-AB-PJW, affd. (9th Cir. 2020) 801 Fed.Appx. 569, 570 [ADA claim dismissed without leave to amend for lack of standing because Strojnik failed to allege sufficient facts to show his intent to return to defendant's hotel].
3. *Strojnik v. Four Sisters Inns, Inc.* (C.D.Cal. Dec. 9, 2019) 2019 WL 6700939, at *3-4 [ADA claim dismissed without leave to amend for lack of standing because Strojnik failed to sufficiently allege an intent to return; photographs and captions insufficient to show how there are purported barriers to accessibility].
4. *Strojnik v. President Hotel Investment* (C.D.Cal. May 28, 2020) 2020 WL 4258791, at *3 [ADA claim dismissed with prejudice for lack of standing because Strojnik failed to allege how the identified barriers affected him due to his disabilities].
5. *Strojnik v. Shandilya, Inc.* (C.D.Cal. May 28, 2020) 2020 WL 4258811, *3 [ADA claim dismissed with prejudice for lack of standing because Strojnik failed to allege how the identified barriers affected him due to his disabilities].
6. *Strojnik v. IA Lodging NAPA First, LLC* (N.D.Cal. June 1, 2020) 2020 WL 2838814, at *6, 13 [ADA claim dismissed with prejudice for lack of standing because Strojnik failed to plead either injury-in-fact or deterrence]
7. *Strojnik v. Village 1017 Coronado, Inc.* (S.D.Cal. June 16, 2020) 2020 WL 3250608, at *5 [ADA claim dismissed with prejudice for failure to allege standing].
8. *Strojnik v. Hotel Circle GL Holdings, LLC* (E.D.Cal. July 28, 2020) 2020 WL 4339984, at *3-4, 6 [ADA claim dismissed with prejudice because Strojnik failed to allege an injury-in-fact or deterrence].
9. *Strojnik v. 8757 Rio San Diego Mission Valley Owner, LLC* (S.D.Cal. Sept. 16, 2020) 2020 WL 5544220, at * 4 [ADA claim dismissed with prejudice for lack of standing because Strojnik failed to show either injury-in-fact or deterrence].[7]

Plaintiff opposes the motion arguing that the documents submitted by Cheval do not show that Plaintiff's complaints were found unmeritorious or that any of his state claims have been dismissed for anything other than denial of supplemental jurisdiction.

---

[7] "An order granting a motion to dismiss 'with prejudice' is a 'final' judgment for purposes of appellate review." (Phillips, et al., Rutter Group Practice Guide: Fed. Civ. Proc. Before Trial (The Rutter Group 2020) ¶9:314.1; see also ¶ 9:285 [an involuntary dismissal-except for lack of jurisdiction, improper venue, or failure to join a party-operates as an adjudication of the merits under Fed. Rules Civ. Proc., rule 41(b)].) In civil cases where the United States is not a party, a notice of appeal must be filed within 30 days after entry of the appealed judgment or order. (28 U.S.C., § 2107(a); Fed. Rules App. Proc., rule 4(a)(1)(A).) Plaintiff has not presented any evidence that he has appealed the district court decisions labeled 3 through 9, or sought further review of the decisions labeled 1 and 2. Thus, the Court finds that these decisions are final for purposes of applying section 391(b)(1)(i).

4

First, while Cheval's exhibits 3 through 15 are complaints filed by Plaintiff in federal court and submitted by Cheval to show Plaintiff's formulaic allegations, Cheval also cites a litany of cases in which Plaintiff's complaints have been dismissed with prejudice. (Mtn., p. 2, l. 1, fn. 2.) The Court has identified nine of those cases above. Second, while those cases dismissed the ADA claims and declined to exercise supplemental jurisdiction over the state claims, the dismissal of the ADA claim alone is sufficient to constitute an adverse determination for purposes of section 391(b)(1)(i).

Based on the above, and the other cases cited by Cheval in its motion, the Court finds Plaintiff is a vexatious litigant as defined by section 391(b)(1)(i).

### C. Pre-Filing Order

With respect to whether this Court should impose a prefiling order, Cheval reports that since Plaintiff's suspension, he has filed over 120 lawsuits in California federal courts on his own behalf.[8] (Stillman Decl., ¶ 6, Ex. 1; RJN, Ex. 2.) Cheval provides copies of twelve of those complaints, each of which asserts violations of the Unruh Civil Rights Act, ADA, and DPA based on accessibility claims against defendants providing lodging accommodations. (RJN, Exs. 3-15.) Out of those twelve, seven have been dismissed with prejudice and two with leave to amend. (Mtn., p. 2, fn. 2.)

As one court recently held:

> Strojnik's propensity for filing a multitude of disability discrimination cases, particularly against hotel defendants, is very well known. … [¶] [C]ountless courts have questioned Strojnik's motives in pursuing the litigation and whether he has a good faith basis for his claims. This is based on the fact that he files near identical lawsuits, save a few photographs and name changes, in what is apparently an effort to pressure ADA defendants into settlements before courts can reach the merits. (*Strojnik v. SCG America Construction, Inc.*, (C.D. Cal. April 19, 2020) 2020 WL 4258814 [declaring Strojnik a vexatious litigant in the Central District]; RJN Ex. 16.)

Additionally, on January 6, 2021, the United States District Court for the District of Arizona also declared Plaintiff to be a vexatious litigant. (RJN Supp., Ex. 2.) The court noted that that "Before Mr. Strojnik was an ADA litigant, he was a serial ADA litigator known for his 'extortionate' and 'pervasive' lawsuits. [Citation.]" (*Ibid.*, p. 4, ll. 15-17.) The court further noted "this Court and many others have critiqued Mr. Strojnik's 'longstanding' failure to show a 'connection between a barrier and [his] disability.' [Citation] This is not news to Mr. Strojnik. And yet despite these admonishments, he continues to file defective complaints. Faced with a blatant unwillingness to explain how alleged non-conformities cause him injury, the Court can only conclude, and so

---

[8] Cheval states that Plaintiff has begun to file virtually identical complaints in state courts in San Diego County, Orange County, Santa Clara County, and this county. It did not, however, list or identify the cases which have been filed in the other superior courts or provide copies of those complaints. (Compare Stillman Decl., Ex. 1 [listing federal district court cases].)

finds that Mr. Strojnik habitually over-exaggerates his injuries." (*Ibid.*, p. 16, ll. 20-25.)

The current complaint suffers from the same infirmity, i.e., a failure to connect Plaintiff's disability with any of the barriers for which he provides photographs or of which he complains. Under section 425.50(a)(2), an allegation of a construction-related accessibility claim must set forth "[t]he way in which the barrier denied the individual full and equal use or access, or in which it deterred the individual, on each particular occasion."

Plaintiff argues that "the casual connection between the disabling conditions and the architectural barriers is provided by the application of ¶¶ 4-8 (related to Plaintiff's Unruh Disabilities and Requirements) to the actual, photographic evidence of the barriers with a clear description thereof in ¶¶ 23-28 and ¶¶ 34-35 in the Complaint." (Opp., p. 10, ll. 14-17.) Having reviewed the complaint, the Court disagrees, and finds that Plaintiff's complaints demonstrate a pattern that rises to the level of a frivolous litigation tactic.

Moreover complaints filed by a "high-frequency litigant," such as Plaintiff, must set forth, among other things, the reason why the individual was in the geographic area of the defendant's business and "why the individual desired to access the defendant's business, including the specific commercial, business, personal, social, leisure, recreational, or other purposes." (§ 425.50(a)(4)(ii)-(iii).)[9] These requirements were enacted because the Legislature found that:

> [A] very small number of plaintiffs have filed a disproportionately large number of the construction-related accessibility claims in the state …. Moreover, these lawsuits are frequently filed against small businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements rather than correction of the accessibility violation. The practice unfairly taints the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations as they are entitled to have full and equal access under the state's Unruh Civil Rights Act … and the federal Americans with Disability Act …. (§ 425.55(a)(2).)

Citing law regarding the right to petition the government for redress and the right of access to the Courts, Plaintiff argues the high-frequency litigant legislation is unconstitutional. In light of the brevity of the argument, the Court declines to address it. (See *People v. Williams* (1997) 16 Cal.4th 153, 206 [points perfunctorily asserted without argument in support are not properly raised].)

In light of Plaintiff's history, the fact that his complaint fails to include the information required by section 425.50 raises questions regarding its validity and whether it was filed solely for the purpose to harass a new group of defendants in a different geographical area. Having struck out in the federal district courts, Plaintiff now appears to be trying his luck in the California State

---

[9] The term "high-frequency litigant" includes "[a] plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." (§ 425.55(b)(1).) Plaintiff meets that requirement here. (RJN, Exs. 3-15.)

Superior Courts.

The Court finds Plaintiff is a vexatious litigant, and for all the reasons set forth above, finds that a prefiling order should be entered against him. (See Judicial Council form, VL-100.)

As for Cheval's objections to Plaintiff's declarations, except for numbers 17 through 20, the Court sustains the objections; in particular, on the grounds the information is irrelevant to the issues pending before the Court.

Decision on Submitted Matter

F I L E D

DEC 1 6 2020

Clerk, of the Court
Superior Court of the County of Santa Clara
BY_____DEPUTY
M. Rosales

# SUPERIOR COURT OF CALIFORNIA

# COUNTY OF SANTA CLARA

| | |
|---|---|
| Peter Strojnik | Case No. 20CV367614 |
|       Plaintiff, | |
| | Order Granting Motion to Declare Plaintiff |
| vs. | Peter Strojnik a Vexatious Litigant |
| | |
| Sashi Group, LLC et al | |
| | |
|       Defendants. | |

This matter came on for hearing before the Honorable Maureen A. Folan on December 15, 2020. Plaintiff appeared telephonically as did counsel for SHR and Palmetto and Creekside. Although the Court appreciates the arguments made at the hearing, the Court was not persuaded to change its tentative ruling other than to impose a deadline by which plaintiff must post his security.

Defendant SHR Palo Alto, LLC ("SHR") brings this motion to declare plaintiff, Peter Strojnik, a vexatious litigant in Santa Clara County Superior Court. SHR asks this Court to require plaintiff to post a security bond, both pursuant to Code of Civil Procedure 391.3 and Code of Civil Procedure 1030. Finally, SHR would like this Court to impose a pre-filing order on plaintiff. Defendants Palmetto Hospitality of Palo Alto, LLC dba Hilton Garden Inn and International Hotel Associates No. 3 LLC dba Creekside Inn-A Greystone Hotel ("Palmetto" "Creekside") have filed a request for joinder in the motion. The joinder request is GRANTED. Plaintiff has filed an opposition to the motion.

According to defendants, plaintiff has filed over 1,700 fraudulent ADA lawsuits in the state and federal courts and was suspended by the Arizona State Bar for doing so. He was disbarred in May 2019. Since his suspension, he has filed over 180 construction related accessibility ADA lawsuits in California federal courts.

Plaintiff filed his original complaint in this matter against four separate and distinct hotel defendants on June 25, 2020 alleging various construction related accessibility causes of action. Plaintiff amended his complaint on July 24, 2020 to correct the name of a defendant.

The Court granted defendant Palmetto et al's Motion to Strike the First Amended Complaint on November 12, 2020 finding plaintiff to be a high frequency litigant. In so doing, the Court rejected plaintiff's argument that Code of Civil Procedure 425.50, 425.55 and Government Code Section 70616.5 are unconstitutional. Plaintiff filed a second amended complaint on November 16, 2020 but, again, did not comply with the pleading requirements of Code of Civil Procedure Code of Civil Procedure 425.50, nor did he pay the $1,000 filing fee. Plaintiff also added news claims to the second amended complaint for which he did not receive court permission.

### 1. Vexatious Litigant Determination

CCP 391(b) "lists four alternative definitions for a vexatious litigant." (*Holcomb v. U.S. Bank National Assoc.* (2005) 129 Cal.App.4th 1494, 1501.) Defendants argue that Plaintiff is a vexatious litigant under the first and fourth definitions. As the moving party, Defendants bear the burden of proving that Plaintiff is a vexatious litigant. (*Camerado Ins. Agency, Inc. v. Superior Court* (1993) 12 Cal.App.4th 838, 842.)

Defendants ask the Court to take judicial notice the Arizona Bar Interim Suspension of plaintiff as well as a PACER printout of all of the cases plaintiff filed presumably asserting construction related accessibility claims. Exhibits 1, 2. Additionally defendants seek judicial notice of copies of 12 of plaintiff's construction related disability complaints filed in federal court within the past year, most or many of which have been dismissed with prejudice. Exhibits 3-15. Defendants also ask the Court to take judicial notice of 2 Federal Court orders declaring plaintiff to be a vexatious litigant. Exhibits 16-17 and a documents showing adverse judgments

and liens involving plaintiff. Exhibit 18. Finally, defendants ask the Court to take judicial notice of the Presiding Judge of the Northern District of California's order denying plaintiff's petition to file a complaint nearly identical to the one plaintiff filed in this case. Exhibit 19.

A precondition to taking judicial notice is that the matter is relevant to an issue under review. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422; see also *Gbur v. Cohen* (1979) 93 Cal.App.3d 296, 301.) From a general standpoint, the exhibits at issue are relevant herein as they are directly relied upon by Defendants to support their motion. A review of Defendants' memorandum as well as the requests for judicial notice also shows that Defendants clearly articulated the relevance of each exhibit to their motion. They stated that the exhibits support their motion by showing that Plaintiff has commenced, prosecuted, or maintained in propria persona at least five litigations that have been finally determined adversely to him and that he has previously twice been declared a vexatious litigant. In view of the nature of Defendants' motion, the relevance of the exhibits they submitted is self-evident.

Evidence Code § 452(b) mandates this Court to take judicial notice of the records of any court of this state, or any court of record of the United States, or of any state of the United States. In furtherance of this mandate, Evidence Code § 664 establishes a statutory presumption that public employees tasked with the creation and maintenance of public records regularly performed their duties. In other words, when the law requires that a public employee or agent of a public agency perform a duty, such as collection and recording of data, a statutory presumption is created that this duty was regularly performed.

Court records are expressly subject to judicial notice under Evidence Code § 45(d). Official acts of government agencies are otherwise judicially noticeable under Evidence Code § 452(c), and that provision has been broadly construed to include public records and proceedings. (See Evid. Code, § 452, Law Revision Commission Comments.) Thus, the records in question are proper subjects for judicial notice. They are also manifestly relevant to the pending motion as indicated above. Defendants' request for judicial notice is therefore GRANTED, with the caveat that judicial notice does not establish the truth of statements or allegations in the records or factual findings that were not the product of an adversary hearing involving the question of the existence or nonexistence of said facts. (See *Lockley v. Law Office of Cantrell, Green, Pekich,*

*Cruz & McCort* (2001) 91 Cal.App.4th 875, 882; see also see also *Kilroy v. State of California* (2004) 119 Cal.App.4th 140, 145-148; *People v. Long* (1970) 7 Cal.App.3d 586, 591.)

### A. Vexatious Litigant Determination under CCP 391(b)(1)

CCP 391(b)(1) defines a vexatious litigant in relevant part to be a person who, "[i]n the immediately preceding seven-year period[,] has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person..."

Defendants have presented evidence that plaintiff has had more than eleven cases dismissed with prejudice in the past year alone as an in pro per plaintiff. See, RFJN Exh.3-15. Plaintiff does not dispute that these actions were dismissed but argues that many of them were dismissed because the Court refused to permit supplemental jurisdiction. Defendants added that plaintiff also has had some 19 judgments entered against him in the last two years and a recently dismissal of a complaint with prejudice on December 3, 2020 in the Strojnik v. Inn at Jack London Square, LLC Case 4:20-cv-01289 SBA.

Defendants have established that plaintiff, as a pro per litigant, has maintained at least five litigations in the preceding seven-year period that have been finally adversely determined against him.

### B  Vexatious Litigant Determination under CCP 391 (b) (4)

Code of Civil Procedure Section 391 (b) (4) defines a vexatious litigant as "a person..(4) who has been previously declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based on the same or substantially similar facts, transaction or occurrence. Defendant submitted two federal court orders declaring plaintiff to be a vexatious litigant. Like this case, the cases in which plaintiff was declared a vexatious litigant involved ADA based claims.   Defendants have met their burden under CCP 391 (b) (4).

**2. Reasonable Probability of Prevailing**

Pursuant to Code of Civil Procedure Sections 391.1 and 391.3, if defendants seek an order requiring plaintiff to furnish a security, as they do here, defendants must also establish plaintiff has no reasonable probability of prevailing in this litigation.

At this stage in the proceedings, this burden has been met for several reasons. First, by order dated November 12, 2020, this Court determined that plaintiff was a high frequency litigant and was required to comply with Code of Civil Procedure 425.50. The Court granted a motion to strike and gave plaintiff leave to amend to correct his pleading. The Court rejected plaintiff's argument that Code of Civil Procedure 425.50 is unconstitutional. Instead of complying with the Court's order, plaintiff filed an amended complaint that does not comport with the pleading requirements of Code of Civil Procedure 425.50. And, there is no indication plaintiff has paid the $1,000 filing fee. In addition, plaintiff went beyond the Court's order and added a new claims for which he did not receive Court permission. At this point, his pleadings are subject to be stricken again.

Second, there appears to be a misjoinder of the defendants per Code of Civil Procedure 379 (a) (1). There are 4 disparate claims against the separate and distinct hotel defendants and joining all of these defendants in a single lawsuit may be improper.

Third, plaintiff's second amended complaint alleges construction related accessibility violations under 28 C.F.R. Section 36.302 ( e) (1) (ii) but no specific allegations are made against SHR Palo Alto in that regard. Moreover, although the second amended complaint has numerous pictures of alleged ADA violations at the SHR hotel those pictures are not connected to information on a website.

The Court cannot consider plaintiff's declaration and exhibits thereto for several reasons. First, plaintiff did not sign his declaration under penalty of perjury under the laws of the State of California in violation of Code of Civil Procedure 2015.5; *Kulshrestha v. First Union Commercial Corp.* (2004) 33 Cal 4th 601. Second, plaintiff did not request judicial notice. Third, plaintiff did not authenticate many of the exhibits. Fourth, much of plaintiff's declaration is

dedicated to casting aspersions on defense counsel which the court finds irrelevant and unnecessary.   For that matter, the Court did not find defense counsel's vitriolic remarks about plaintiff helpful either.  In any event, the Court sustains defense counsel's objections to plaintiff's declaration.

The Court finds that it is appropriate to require plaintiff to post an undertaking before proceeding with this lawsuit both under CCP 391.3 and under CCP 1030 as plaintiff is not a California resident and the Court harbors doubts that plaintiff has a reasonable probability of prevailing in this lawsuit.  The Court has reviewed the submissions of counsel on anticipated attorney's fees and costs.  The Court believes that $50,000 is a reasonable and adequate amount for a bond, given anticipated motion practice and discovery.   Plaintiff is ordered to post a $50,000 undertaking within 30 (MnF) days of service of this order.  Failure to post the security will result in dismissal of this case, upon motion or ex parte application, pursuant to CCP 391.4.

The Court declines to issue a pre-filing order at this time. That decision is made without prejudice, however.

Date: 12-16, 2020

Maureen A. Folan
Judge of the Superior Court



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA CLARA
### DOWNTOWN COURTHOUSE
191 NORTH FIRST STREET
SAN JOSÉ, CALIFORNIA 95113
### CIVIL DIVISION



DEC 1 6 2020

### Clerk of the Court
Superior Court of LA County of Santa Clara

BY_____DEPUTY
*M. Rosales*

RE:              Peter Strojnik vs Sashi Group, LLC et al
Case Number:     20CV367614

## PROOF OF SERVICE

**Order Granting Motion to Declare Plaintiff Peter Strojnik a Vexatious Litigant** was delivered to the parties listed below the above entitled case as set forth in the sworn declaration below.

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line (408) 882-2690 or the Voice/TDD California Relay Service (800) 735-2922.

**DECLARATION OF SERVICE BY MAIL:** I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each person whose name is shown below, and by depositing the envelope with postage fully prepaid, in the United States Mail at San Jose, CA on December 16, 2020. CLERK OF THE COURT, by Mark Rosales, Deputy.

cc:    Peter Strojnik  7847 N Central Avenue  Phoenix AZ  85020
       Robert D Infelise  COX CASTLE & NICHOLSON LLP  50 California Street 32th Floor  SAN FRANCISCO CA  94111
       Philip Harris Stillman  3015 N Bay Road STE B  Miami Beach FL  33139
       Vexatious Litigation Prefiling Orders, California Judicial Council Administrative Office of the Courts, 455 Golden Gate Avenue San Francisco, CA 94102-3688