1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

Case No. 5:20-cv-00354-VKD

PETER STROJNIK,

                     Plaintiff,

       vs.

R.F. WEICHERT V, INC. dba
JABBERWOCK INN,

                     Defendant.

**ORDER ON MOTION TO REQUIRE PLAINTIFF TO POST A COSTS BOND**

Date:         March 30, 2021
Time:        10 a.m.
Courtroom:   2, 5th Fl.

Hon. Virginia K. DeMarchi

Order on Motion for a Costs Bond

1    Defendant has moved for an Order requiring plaintiff Peter Strojnik to post a $75,000

2    bond for costs and attorney's fees in this case and for a stay of the case pending a ruling on

3    this motion.  For the reasons more fully stated in Defendant's Memorandum of Points and

4    Authorities in support of the Motion for a Costs Bond, Plaintiff should be required to post a

5    Costs Bond.

6    While the Federal Rules of Civil Procedure do not have a "specific provision . . .

7    relating to security for costs," district courts "have inherent power [and discretion] to

8    require plaintiffs to post security for costs." *Simulnet E. Assocs. v. Ramada Hotel*

9    *Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). The question of whether to impose a bond

10   requires district courts to look to the forum state's law. *Id.* ("Typically federal courts, . . .

11   follow the forum state's practice with regard to security for costs . . . ."); *see also Pittman ex*

12   *rel. L.P. v. Avish P'ship*, 525 F. App'x 591, 593 (9th Cir. 2013)(affirming bond requirement

13   for serial ADA plaintiff). The California Civil Procedure Code permits courts to require "an

14   undertaking to secure an award of costs and attorney's fees" from a plaintiff. *Crytek Gmbh*

15   *v. Cloud Imperium Games Corp.*, 2019 U.S. Dist. LEXIS 157184 (C.D. Cal. July 22, 2019)

16   citing Cal. Civ. Proc. Code § 1030(b). Under that statute, a defendant may move for such an

17   undertaking when: (1) "plaintiff resides out of the state or is a foreign corporation" and (2)

18   "there is a reasonable possibility that the moving defendant will obtain judgment in the

19   action or special proceeding." *Id.* A defendant does not need to show that there is "no

20   possibility" that the plaintiff could win at trial, "but only that it [is] reasonably possible"

21   that the defendant will win." *Crytek Gmbh v. Cloud Imperium Games Corp.*, 2019 U.S.

22   Dist. LEXIS 157184 (C.D. Cal. July 22, 2019) at *3, citing *Baltayan v. Estate of Getemyan*,

23   90 Cal. App. 4th 1427, 1432 (2001). This hurdle is a "relatively low" one. *AF Holdings*

24   *LLC v. Navasca*, 2013 U.S. Dist. LEXIS 15617 at *1 (N.D. Cal. Feb. 5, 2013).  The Ninth

25   Circuit has held that this standard is met when it would not be "illogical, implausible, or

26   without support in the record to conclude that there [is] a reasonable possibility that [the

27   defendant] would prevail" and be entitled to fees and costs. *Pittman*, 525 F. App'x at 593.

28   Courts should also "balance several factors in assessing the propriety of requiring a

1  plaintiff to post security for costs, including whether the litigation has 'the appearance of

2  vexatiousness' and:

3     (i) the degree of probability/improbability of success on the merits, and the
       background and purpose of the suit; (ii) the reasonable extent of the security to
4      be posted, if any, viewed from the defendant's perspective; and (iii) the
       reasonable extent of the security to be posted, if any, viewed from the
5      nondomiciliary plaintiff's perspective.

6  *A. Farber & Partners, Inc. v. Garber*, 417 F. Supp. 2d 1143, 1146 (C.D. Cal. 2006) (citing

7  *Simulnet*, 37 F.3d at 576).

8       Here, there is no dispute that Plaintiff is an out of state resident and therefore satisfies

9  the first element of Code Civ. P. § 1030(b).  There is similarly no dispute that Defendant

10 can be entitled to an award of attorney's fees if it prevails in the case.  *Pittman v. Avish*

11 *P'ship*, 525 F. App'x 591, 593 (9th Cir. 2013)(affirming imposition of bond for costs in

12 ADA claim).

13      Examining the *Simulent* factors, all weigh in favor of requiring a bond for costs.

14 Strojnik's cases have the appearance of vexatiousness, and indeed, one judge of this Court

15 has already entered an Order finding that Strojnik is a vexatious litigant.  Moreover,

16 numerous courts have dismissed his complaints with and without prejudice, and two

17 dismissals of complaints similar to the one in this case were recently affirmed by the Ninth

18 Circuit.  Additionally, videos provided by Defendant certainly cast significant doubt on the

19 good faith basis for Strojnik's claim that he as experienced alleged barriers based on any

20 purported disabilities.  Moreover, Defendant has itemized the attorney's fees and costs that

21 Defendant expects to incur, and the requested $75,000 is significantly less than that figure.

22 Finally, Strojnik has claimed in another case that he has received $249,000 in settlements

23 over the past two years and further claims that he has donated "$1.2 million" to some

24 unspecified non profit organization.  The requested bond is therefore reasonable from

25 Plaintiff's perspective as well.

26 ///

27 ///

28 ///

Order on Motion for a Costs Bond                    -1-

1    Accordingly, the Motion for a cost bond is granted in the amount of $75,000 and

2  shall be posted within 14 days of the entry of this Order. The case is stayed until that time.

3  If the bond is not posted, the case will be dismissed without further warning.

4    **IT IS SO ORDERED.**

5

6

                                    _____
                                    Hon. Virginia K. DiMarchi
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order on Motion for a Costs Bond                    -2-