Peter Strojnik (Sr.),
7847 N. Central Ave.
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, <br><br> Plaintiff, <br><br> vs. <br><br> R.F. WEICHERT V, INC. dba JABBERWOCK INN <br><br> Defendant. | Case No: 5:20-cv-00354-VKD <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR BOND** |

It is well accepted that ADA defendants can win only through procedural maneuvering. Hopefully, the recent case of *See Whitaker v. Tesla Motors,*___F.3d____ (9th 2021) will hopefully put some of this maneuvering to rest.

**MEMORANDUM**

The Whitaker decision is significant because it delineates the distinction between jurisdictional and factual predicates to a federal ADA action. It is relevant to this case because it confirms 9th Circuit Court of Appeals commitment to the clear, understandable and unequivocal treatment of ADA claimants. It also applies to this case because every motion, pleading or filing ultimately turns on whether Plaintiff properly alleged jurisdiction and whether the complaint states a claim. If the answer to these two

questions is in the affirmative, and Defendant's violations are photographically documented, the case is for all practical purposes over.

**1. The *Whitaker* Case and 12(b)(1)**

In the *Whitaker* case, complaint alleged that (1) Whitaker is mobility disabled, (2) that he visited defendant's premises, (3) that he personally encountered a barrier related to his disability and that he was thereby deterred from returning. "These allegations ae sufficient to establish injury in fact for purpose of standing". *Id.* at p. 14.

Here, Plaintiff's Second Amended Complaint is compliant with *Whitaker*, so procedural maneuvering regarding 12(b)(1) is not available to Defendant

**2. The *Whitaker* Case and 12(b)(6)**

The primary focus of the *Whitaker* case was whether the complaint stated a claim. The issue and the conclusion were summarized at p. 5, Section III:

> The complaint alleges that Tesla "failed to provide accessible service counters," that Whitaker "personally encountered" the inaccessible service counters, and that he was denied "full and equal access." These allegations do little more than recite the elements of an ADA claim, and fall short of putting Tesla on notice of how the counters prevented Whitaker from full and equal access to the Tesla facility. The complaint failed to answer basic questions: Were the service counters too low? Or too high? Were they positioned in an area that was inaccessible for another reason? Without this sort of factual detail, the district court and Tesla were left in the dark about how the service counters denied Whitaker from full and equal enjoyment of the premises.

Here, Plaintiff's Second Amended Complaint is compliant with *Whitaker*, so procedural maneuvering regarding 12(b)(6) is not available to Defendant.

**3. Current Motion for Bond is Another Procedural Maneuver.**

A motion for bond is an artful procedural device designed to avoid remediation. Stillman knows Plaintiff well. He knows that all of Plaintiff's earthly possessions are subject to a publicly recorded 2013 divorce lien and that there is no way he can post a bond in any amount.

Plintiff also knows Stillman well. Stillman follows the same maneuvers in every case: He files the same cut and paste motion to dismiss in every case. The cut and paste

motion can take a maximum of one hour to complete, but the client gets charged $8,750. *See* Declaration, Dkt at 35-2. After amending the complaint he then files another the cut and paste motion to dismiss in every case. The second motion costs his clint another $8,750 for the total of $17,500.00. *See* Declaration, Dkt at 35-2. He files additional procedural motions from his motions library, all cut and paste, the same declarations, the same exhibits, same everything.

Stillman just filed an identical motion in another case, so he gets paid 35,000 for filing identical cut and paste motions that should take him no more than 2 hours in total to complete. Plaintiff applauds Stillman's business acumen; it is a rare opportunity to make $35,000 in two hours.

But there is something awfully twisted here. Stillman's client is paying $114,000 for Stillman's cut and paste motions instead of reallocating the money to remediation of its numerous architectural violations. That is his choice, of course.

### 4. Conclusion and Prayer for relief

This case is ready for a motion for summary judgment, not a bond. Defendant's motion should be denied.

RESPECTFULLY SUBMITTED this 1st day of March 2021

                **PETER STROJNIK**
                */s/ Peter Strojnik*
                Plaintiff

MAILED to the district court for filing and electronic distribution