Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax:  (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for defendant R.F. WEICHERT V, INC.

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>            Plaintiff,<br>vs.<br><br>R.F. WEICHERT V, INC. dba JABBERWOCK INN,<br><br>            Defendant. | Case No. 5:20-cv-00354-VKD<br><br>**OPPOSITION TO MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT**<br><br>Date:  April 20, 2021<br>Courtroom: 2, 5th Fl.<br><br>Hon. Virginia K. DeMarchi |

# INTRODUCTION

Defendant R.F. WEICHERT V, INC. (the "Hotel"), opposes leave to file a supplemental complaint in this case. The Second Amended complaint is just more of the same from a plaintiff who is willing to say anything. After all, as Defendant observed in its Motion for a Costs Bond, the normal guardrails of litigation, such as sanctions, awards of attorney's fees, being disciplined by the State Bar – none of these customary deterrents to fraudulent litigation have any effect on Strojnik. He has been disbarred. He has been sanctioned, but has not paid them. Attorney's fee awards? No effect. He has two attorney's fees orders of over $40,000 that he has not paid. Rule 11 warnings? No effect. What more can be done to someone who has been declared a vexatious litigant in the State of California and subject to a pre-filing order, declared a vexatious litigant in the Northern and Central Districts with Motions under submission in the Southern and Eastern Districts. He has been declared a vexatious litigant in the District of Arizona and required to post a $10,000 bond for any case he attempts to file there, as well as being subject to a pre-filing order.

Undeterred, Strojnik now claims in his Second Amended Complaint that he uses a wheelchair. Yet, an Independent Medical Examination ordered by Judge Bashant in the Southern District showed that his laundry list of physical ailments did not prevent him from walking fine, grabbing things, twisting rotating his shoulders, etc. Judge Bashant personally noted that he appeared in her Court walking fine and set an evidentiary hearing on whether Strojnik was actually disabled. Now he is back again, seeking to file another defective complaint in which the only substantive difference is that he now alleges to use a wheelchair to get around, although he did not allege that he needed a wheelchair when he went to the Hotel in 2019 or now September 21, 2020. Of course it is indeed curious that he could become so enamored of an eight room hotel that he was prevented from entering because of the so-called "barriers" that he experienced. Just like his prior bad faith complaints, this one fares no better other than his mention of needing a wheelchair, something that numerous courts have noted he *did not* allege when they dismissed his

complaints.

# ARGUMENT

## STROJNIK SHOULD NTO BE PERMITTED TO FILE A SUPPLEMENTAL COMPLAINT

A.   The Legal Standard.

In evaluating a motion to amend under Rule 15, the Court may consider (1) whether the plaintiff has previously amended his complaint, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). *Moreno v. Castlerock Farming & Transp., Inc.*, No. 1:12-cv-00556 - AWI - JLT, 2012 U.S. Dist. LEXIS 138708, at *5-6 (E.D. Cal. Sep. 25, 2012). The district court has "broad discretion" in ruling on a Rule 15(d) motion. *See Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

B.   Undue Delay.

Evaluating undue delay, the Court considers whether "permitting an amendment would . . . produce an undue delay in the litigation." *Jackson*, 902 F.2d at 1387. In *Moreno v. Castlerock Farming & Transp., Inc.*, No. 1:12-cv-00556 - AWI - JLT, 2012 U.S. Dist. LEXIS 138708, at *6 (E.D. Cal. Sep. 25, 2012), the plaintiff filed his complaint on April 10, 2012. Defendants filed a motion to dismiss on June 5, 2012 and the Court took the matter under submission on July 12, 2012. The Plaintiff filed a motion to amend to add a

new claim and new facts on August 6, 2012.  As the Court noted in denying leave to amend,

> if leave to amend were granted at this juncture, Defendants' motion to dismiss would be rendered moot. Moreover, other changes made in the lodged first amended complaint modify causes of action already stated. Thus, rather than merely adding a new cause of action under PAGA, the amended complaint makes substantive changes elsewhere. Therefore, the Court concludes that granting leave to amend at this juncture would delay resolution of the motion to dismiss, and the motion to consolidate filed by Plaintiffs, and the ultimate decision of the Court as to whether Plaintiffs may proceed in this action.

*Id.  See Castle v. Knowles*, 2010 U.S. Dist. LEXIS 54860 (E.D. Cal. June 2, 2010) (denying leave to amend, in part, because "Defendants will suffer prejudice from this undue delay, and they will also be prejudiced by having to file yet another round of motions to dismiss"); *Taa v. Chase Home Fin.*, 2011 U.S. Dist. LEXIS 110723, at *2 (N.D. Cal. Sept. 28, 2011) (denying the plaintiff's motion for leave to amend without prejudice where a motion to dismiss was pending because "it appears that granting leave to amend at this time will cause undue delay and undue prejudice to Defendants").

In *Castle v. Knowles*, No. CV 1-08-01267-JAT, 2010 U.S. Dist. LEXIS 54860 (E.D. Cal. June 2, 2010), an ADA claim where the plaintiff had filed a FAC and was seeking leave to file a Second Amended Complaint, the Court denied leave to file a Second Amended Complaint because (1) nearly fifteen months elapsed from the filing of the original complaint until the filing of Plaintiff's motion to file a second amended complaint, (2) the defendants will suffer prejudice from this undue delay, and (3) they will also be prejudiced by having to file yet another round of motions to dismiss and (4) the plaintiff had already amended his complaint after te first motion to dismiss was granted. *Id.* at *8-10. Moreover, Defendant suffers significant prejudice from the inordinate and inexplicable delay, by having to brief Strojnik's bad faith amendments yet again, by potentially having to undertake discovery to disprove his bad faith allegations about his disabilities and

Here, Strojnik filed his complaint on January 16, 2020.  Defendant filed a Motion to dismiss on March 3, 2020, which was granted.  In Strojnik's FAC, filed on March 18, 2020, he claimed that he had already visited the hotel, and uses the same pictures in his SAC as he did in his FAC. Defendant filed a Motion to Dismiss his First Amended Complaint on April

14, 2020.  Thus, as of March 18, 2020, Strojnik knew of whatever claims he had and pled them in the FAC.  Yet now, 13 months after he filed his FAC, and 15 months after commencing this action, Strojnik is still shifting his stories.  He now claims to have visited the property on September 21, 2020. SAC, ¶ 13(g), not prior to filing his FAC in March 2020, *and* he claims to use a wheelchair, something that he omitted in every other complaint filed in this state until recently. Although his proposed SAC drops his Disabled Persons Act claim,[1] Strojnik has added new allegations regarding his being in a wheelchair, among other things, which, apart from being a lie, unduly delays this action by forcing Defendant to undergo yet a third round of motions to dismiss, and has now unduly delayed bringing any claims based on a new September 21, 2020 visit, seven months ago.

In *Strojnik v. IA Lodging Napa First LLC*, No. 19-cv-03983-DMR, 2020 U.S. Dist. LEXIS 95738, at *15-16 (N.D. Cal. June 1, 2020), the court denied further leave to amend after it explicitly laid out which allegations were insufficient and gave Strojnik the opportunity to address those deficiencies and he failed to do so. "Although he is self-represented, he is no lay person. Given his long history and experience as a lawyer in disability access litigation which has resulted in significant judicial rulings on the issue of standing, he cannot base his pleading failures on a lack of knowledge or unfamiliarity with that legal doctrine." *Id.*

Similarly, in this case, this Court gave Strojnik the same explicit instructions that he has received many times before.  The product was an inadequate FAC.  Srojnik has had

---

[1] As Strojnik has apparently abandoned this claim in his proposed SAC, Defendant requests that this court dismiss the Disabled Persons Act claim with prejudice. *Gulinson v. Bank of Am., NA*, No. CV 12-495-PHX-JAT, 2012 U.S. Dist. LEXIS 63613 (D. Ariz. May 7, 2012); *See also*, *Griffin v. Green Tree Servicing, Ltd. Liab. Co.*, 166 F. Supp. 3d 1030, 1054-55 (C.D. Cal. 2015) ("Because Griffin did not oppose defendants' motion to dismiss the claim, which constitutes abandonment of the claim, the court dismisses it with prejudice.") citing *Gulinson*; *Trehuba v. Am. Home Mortgage Servicing Inc.*, No. C12-5752 RBL, 2014 U.S. Dist. LEXIS 179786, 2014 WL 7474121, *1 n. 4 (W.D. Wash. Dec. 23, 2014) ("Trehuba's response abandons his Deed of Trust Act claim, and it is DISMISSED with prejudice")

1  more than ample time to allege whatever facts he had and he should not be allowed to add
2  new ones now at this late date.  This Court should also note that the Ninth Circuit has
3  affirmed the dismissal of Strojnik's *initial* complaints with prejudice and without leave to
4  amend three times: *Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S. Dist. LEXIS
5  213070 (C.D.Cal. August 14, 2019), *aff'd*, 801 F. App'x 569, 570 (9th Cir. Apr. 15, 2020);
6  *Strojnik v. Kapalua Land Co.*, 2019 U.S. Dist. LEXIS 165525 (D. Haw. Aug. 26, 2019),
7  *aff'd* 801 F. App'x 531 (9th Cir. Apr. 14, 2020) and *Strojnik v. Four Sisters Inns, LLC*,
8  2019 U.S. Dist. LEXIS 212094 (C.D.Cal. December 9, 2019), *summarily affirmed*, 2020
9  U.S. App. LEXIS 20146 (9th Cir. June 26, 2020). In *Strojnik v. Orangewood LLC*, No. CV
10 19-00946 DSF (JCx), 2020 U.S. Dist. LEXIS 11743 (C.D. Cal. Jan. 22, 2020), *aff'd*, 2020
11 U.S. App. LEXIS 36062 (9th Cir. Nov. 17, 2020), the Ninth Circuit affirmed dismissal of
12 his second amended complaint.

13 B.   Bad Faith.

14      It is difficult to catalog the full scope of bad faith displayed by Strojnik in his
15 litigation as a pro per plaintiff after his disbarment.  However, this Court is clearly familiar
16 with the numerous courts holding that Stojnik's complaints are frivolous and harassing.
17 But equally troubling is his penchant for exaggerating his alleged disabilities.

18      In addition to the demonstrable bad faith of repeatedly filing what more than 29
19 district courts have said is a defective complaint, evidence also shows that his allegations
20 regarding his alleged disabilities are filed in bad faith without any reasonable factual
21 foundation. For example, although he claims that his disabilities cause him excruciating
22 pain while sitting, it does not prevent him from driving thousands of miles in California,
23 stopping at hotels and then suing them.  He also routinely claims that doors require more
24 than 5 lbs of force to open, yet clearly has no problem opening and closing his car door all
25 day long.

26      The suspicions about his phony claims were confirmed on March 9, 2020, when,
27 pursuant to court order, Strojnik submitted to a Rule 35 examination by an orthopedist.  A
28 true and correct copy of the Rule 35 examination in *Strojnik v. Evans Hotels, LLC*,

Opposition to Motion to File a Supplemental Complaint         -5-

1  3:19-CV-00650-BAS-AGH (S.D.Cal. 2019). Then there are the surveillance videos.
2  Counsel for Defendant has obtained each of the videos from hotels showing Strojnik
3  walking around the hotel with no apparent problem, discomfort or disability whatsoever.
4  The June 5, 2019 surveillance video shows plaintiff Peter Strojnik checking into the
5  Bakersfield Marriott, who he then sued, a true and correct copy of which is posted on
6  YouTube at https://youtu.be/pnZ2I4yQ3ss for the Court's convenience. A copy of the
7  February 10, 2020 surveillance video of Strojnik striding around a hotel in the Bay Area is
8  posted on YouTube at https://www.youtube.com/watch?v=VebdlEcVh4E . A copy of the
9  February 11, 2020 video showing Strojnik at a Los Angeles area hotel can be viewed at
10 https://youtu.be/GRnXOCeh8Pc.
11 As Judge Bashant held:

> Defendant presents surveillance videos from June 5, 2019, February 10, 2020, and February 11, 2020, ostensibly showing Plaintiff walking around various hotels without the need of a wheelchair. (ECF Nos. 4-2, 17-2.) The Court further notes that in a case involving the same Plaintiff before this Court, Plaintiff attended a hearing on December 10, 2019, and was able to enter the courtroom unassisted by a wheelchair and did not appear to have difficulty ambulating. (*See Strojnik v. Torrey Pines Club Corp.* ("Torrey Pines"), No. 19-cv-00650-BAS-AHG, (S.D. Cal. Apr. 8, 2019), ECF No. 56.) In that case, the Court ordered Mr. Strojnik to submit to an Independent Medical Examination ("IME") and set an evidentiary hearing on the issue of whether Plaintiff should be declared a vexatious litigant, in part, for misrepresenting his disability status in that complaint. (Id.) The IME concluded that Mr. Strojnik "ambulates relatively well with a very slight limp and has an erect posture." (See Decl. of Philip Stillman ("Stillman Dec."), Ex. 2 to Mot., ECF No. 17- 2.) The parties settled the case before the evidentiary hearing, and the Defendant in that case withdrew the request to have Mr. Strojnik declared a vexatious litigant. (*See Torrey Pines*, ECF No. 125.)

21 *Strojnik v. Village 1107 Coronado, Inc.*, 2021 U.S. Dist. LEXIS 6824,(S.D. Cal. Jan. 12,
22 2021). In his new proposed complaint, he now has added that he carries around a
23 wheelchair. Maybe so, but he certainly does not need one, did not claim to have needed
24 one in his FAC on March 18, 2020 or in his initial complaint in January 2020, or even in
25 his opposition to the Motion to Dismiss the FAC. His proposed SAC smacks of bad faith.
26 C.    Futility.
27      Strojnik's boilerplate complaints all suffer from the same defects, pointed out
28 repeatedly by the federal courts in California. Plaintiff lacks standing to sue under the

Americans with Disabilities Act (ADA) as the complaint is devoid of anything but the most cursory legal conclusions that fail to establish (1) the scope of Plaintiff's alleged disability, (2) how any of the alleged "barriers" that Plaintiff supposedly found at the Hotel are barriers to *him*, and (3) that Plaintiff has any *bona fide* intent to return to the Hotel. Plaintiff's Unruh Act claims fare no better, since any alleged barriers that Plaintiff supposedly identified during his stay at the Hotel have to be barriers *to him as a result of his disability.*

His website claims are the same conclusory recitations of the statute that have been dismissed numerous times before. The proposed SAC contains a statement that "Hotels.com" – a third party reservation site, "denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit to access independently whether the hotel or guestroom meets his accessibility needs." The Department of Justice's guidance regarding 2010 revisions to the ADAAG states that a hotel "will not be responsible" if a "third party fails to provide the information or rooms to people with disabilities" so long as the hotel "makes available such rooms and information to [the] third-party reservation provider." 28 C.F.R. § Pt. 36, App. A. Such guidance is "'entitled to substantial deference' and 'will be disregarded only if plainly erroneous or inconsistent with the regulation.'" *Strojnik v. Orangewood LLC*, No. CV 19-00946-DSF-(JCx), 2019 U.S. Dist. LEXIS 235757, at *15 n.9 (C.D. Cal. Oct. 21, 2019) citing *Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064, 1069 (9th Cir. 2015) (quoting *Miller v. California Speedway Corp.*, 536 F.3d 1020, 1028 (9th Cir. 2008)). Strojnik does not allege that Defendant did not make accessibility information available to Hotels.com. *See Arroyo v. JWMFE Anaheim,* Case No. 8:21-cv-00014-CJC-KES (C.D.Cal. Feb. 16, 2021)("Nothing in Plaintiff's Complaint suggests that the alleged deficiencies on Expedia's website was due to Defendant's failure to make information available to Expedia, dismissing complaint with prejudice).

In addition, Strojnik alleges that Defendant's own website fails to identify and describe the accessibility features of the hotel – without identifying any of the supposed

features that it does not contain.  However, the Defendant's hotel has an "Accessibility" page that is found at https://jabberwockinn.com/accessibility-statement/, which plainly states several things:

- "Jabberwock Inn was built in 1911 and as such is not constructed with the much more recently implemented ADA laws and guidelines. Therefore, it would be difficult for those with mobility issues to stay at our inn. We are making steady efforts in this direction and suggest that people with disabilities phone the inn to discuss special needs and how we might accommodate them, if at all possible."

- "If you wish to report an accessibility issue, have any questions or need assistance, please contact JabberwockInn.com Customer Support as follows: Email: innkeeper@JabberwockInn.com"

In 2010, the Department of Justice ("DOJ") provided the following guidance regarding the Reservations Rule:

> For older hotels with limited accessibility features, information about the hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do not comply with the 1991 Standards.

28 C.F.R. § Pt. 36, App. A ("2010 Guidance"). *Love v. Wildcats Owner LLC*, No. 20-cv-08913-DMR, 2021 U.S. Dist. LEXIS 66021, at *8-9 (N.D. Cal. Apr. 5, 2021). This is exactly what the Defendant did in this case and Strojnik cannot state a "website accessibility" claim.  Additionally, the DOJ also noted that, "once reservations are made . . . . many individuals with disabilities may wish to contact the hotel or reservations service for more detailed information." *Id.*  Strojnik does not allege that he called the hotel at all.

Thus, the Defendant's website has all of the information that a disabled person would need to know and specifically directs a potential guest who has specific questions about accessibility to email Customer Support at any time or call during business hours.

The rest of Strojnik's claims fare no better.  His weak attempt to claim that he uses a wheelchair does not get him over the hurdle. *Rutherford v. Cesar's Mexican Rest., LLC*, No. 19-cv-1416-LAB (JLB), 2019 WL 4193392, at *1 (S.D. Cal. Sept. 3, 2019) (finding

that a plaintiff failed to establish Article III standing where he alleged that "at times" used a wheelchair but did not allege if he used a wheelchair at the defendant's facility despite pointing out barriers to accessibility that related to wheelchair users).

D.   Plaintiff's Negligence Cause of Action Fails to State a Claim.

In *Strojnik v. Bakersfield Convention Hotel I, LLC*, 2020 U.S. Dist. LEXIS 16339 (E.D. Cal. Jan. 30, 2020), the court clearly rejected Plaintiff's purported negligence claim: "Plaintiff appears to suggest mistakenly that every violation of a federal statute necessarily creates a duplicative claim for negligence under California's common law. This is incorrect." *Id.* at *18

The ADA does not establish the applicable standard of care. "Whether a particular statute, administrative regulation or local ordinance is utilized to define the standard of care in a negligence action is clearly a question of law to be determined exclusively by the court." *Westbrook v. DTG Operations, Inc.*, 2007 U.S. Dist. LEXIS 14653, at *18-19 (D. Nev. Feb. 28, 2007). Under either the ADA or the Unruh Act, there are no accessibility guidelines that if not met are per se unreasonable or that constitutes a per se barrier under the ADA Guidelines. *Guerra v. W. L.A. Coll.*, 2018 U.S. Dist. LEXIS 141029, at *19-20 (C.D. Cal. Aug. 20, 2018). The ADA does not fall under the class of statutes that serve as a predicate for negligence per se. *Westbrook*, 2007 U.S. Dist. LEXIS 14653, at *18-19 (applying Nevada law); *Scarborough v. Brown Group, Inc.*, 935 F. Supp. 954, 964 (W.D. Tenn. 1995)(finding that Title VII is not the type of law encompassed under negligence per se because such claims may be supported only by statutes and regulations relating to public safety, such as health regulations and rules of the road).

As the Court held in *Estate of Saylor*, 54 F.Supp.3d 409 (D. Md. 2014), negligence cannot be based on a breach of the ADA because, for a breach of a statute to be evidence of negligence, the statute typically must pertain to public safety or health, whereas the ADA is an anti-discrimination statute. Similarly in *White v. NCL America, Inc.*, 2006 WL 1042548 (S.D. Fla. 2006), the Court held that "[b]ecause the ADA was not designed to protect those with disabilities from personal injuries, Plaintiff is unable to state a claim for negligence

Opposition to Motion to File a Supplemental Complaint                    -9-

per se." Transforming ordinary ADA claims into negligence claims would be inappropriate expansion of ADA law. As the court held in *Urhausen*, 155 Cal. App. 4th at 267, rejecting the application of negligence per se:

> Although there was no dispute, at least on the motions for judgment on the pleadings, that the disabled accessible parking space did not satisfy applicable slope regulations, "[n]ot every infraction of a statute will result in civil liability." (*Nunneley v. Edgar Hotel* (1950) 36 Cal.2d 493, 497 [225 P.2d 497].

"Plaintiff, however, alleges no independent duty to maintain a negligence claim before invoking the negligence per se doctrine by way of the ADA. For this reason, Plaintiff has failed to allege sufficiently his negligence claim*." Strojnik v. Bakersfield Convention Hotel I, LLC*, 2020 U.S. Dist. LEXIS 16339, at *19 (E.D. Cal. Jan. 30, 2020) *See, e.g., Strojnik v. Landry's Inc.*, 2019 U.S. Dist. LEXIS 223873, at *15 (S.D. Tex. Dec. 9, 2019) (holding that Strojnik has failed to allege his negligence claim because the "allegations do not support the existence of a duty outside that imposed by the ADA").

In light of Plaintiff's failure to establish that Defendant has denied him access to Defendant's facilities or that he even has a viable "architectural accessibility" claim pursuant to the ADA, the Fourth Cause of Action should be dismissed *with* prejudice. *Guerra v. W. L.A. Coll.*, 2018 U.S. Dist. LEXIS 141029, at *34-35 (C.D. Cal. Aug. 20, 2018).

## CONCLUSION

For the foregoing reasons, Defendant requests that this Court deny leave to file a supplemental complaint.

Respectfully Submitted,

STILLMAN & ASSOCIATES

Dated: April 19, 2021        By:_____
                                Philip H. Stillman, Esq.
                             Attorneys for defendant R.F. WEICHERT V, INC

## PROOF OF SERVICE

I, the undersigned, certify under penalty of perjury that on April 20, 20201 or as soon as possible thereafter, copies of the foregoing Opposition to Motion to File Supplemental Complaint was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same

By: /s/ *Philip H. Stillman*
Attorneys for R.F. WEICHERT V, INC.