UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETER STROJNIK,<br><br>        Plaintiff,<br><br>   v.<br><br>R.F. WEICHERT V, INC.,<br><br>        Defendant. | Case No. 20-cv-00354-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**<br><br>Re: Dkt. No. 39 |

Pending before the Court is plaintiff Peter Strojnik's proposed Second Amended Complaint (Dkt. No. 39), which the Court has construed as a motion for leave to file a supplemental pleading. Dkt. No. 40. Defendant R.F. Weichert V, Inc. ("Weichert") opposes the motion. Dkt. No. 41. Although given an opportunity to do so, Mr. Strojnik did not file a reply. The matter is deemed suitable for determination without oral argument. Dkt. No. 40; Civil L.R. 7-1(b). For the reasons discussed below, Mr. Strojnik's motion for leave to file a supplemental pleading is granted in part and denied in part.[1]

**I.    BACKGROUND**

Mr. Strojnik filed this disability rights action in January 2020, asserting a claim under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, as well as claims under the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51, 52, the California Disabled Persons Act, Cal. Civ. Code §§ 54-54.3, and for negligence. Dkt. No. 1. His

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 5, 9, 15.

allegations concern purported accessibility barriers at the Jabberwock Inn ("Inn") in Monterey, California. Weichert is the alleged owner, operator, or lessee of the Inn.

In his original complaint, Mr. Strojnik stated that he is a resident of Maricopa County, Arizona and is "legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, missing part of a limb (prosthetic right knee)[.]" Dkt. No. 1 ¶ 3. Mr. Strojnik alleged that he "intended to visited [sic] the Monterey area in the September 26-27, 2019 time frame" and encountered accessibility barriers while lodging at one of Weichert's competitors. *Id*. ¶¶ 15, 17-18. Mr. Strojnik further alleged that he therefore "visited [the Inn] to determine whether *its* accessibility features would be adequate for [his] future intended travel and lodging in the area." *Id*. ¶ 18. However, Mr. Strojnik claimed that at the Inn he "also encountered barriers to accessibility," which he said were documented in an "Addendum A" to the complaint. *Id*. ¶ 19. The referenced addendum contained a series of photos, purportedly of various locations at the Inn, with generic captions such as "Inaccessible," "Identification," "No accessibility from street (too steep—no handrails)," "Improperly configured handrails throughout," and "Inaccessible—no handrails-no signage." *Id*. at 8-9.

Weichert moved to dismiss the complaint, arguing that Mr. Strojnik presented only conclusory allegations insufficient to establish his standing to bring a claim under the ADA or to otherwise state a plausible claim for relief. Dkt. No. 7. In March 2020, Mr. Strojnik timely filed a First Amended Complaint ("FAC") as of right pursuant to Rule 15(a)(1). Dkt. No. 12.

The FAC, which continued to assert the same four claims for relief, alleged that Mr. Strojnik "is retired and spends his retirement years traveling for recreation, pleasure and ADA testing." Dkt. No. 12 ¶ 13.a. Mr. Strojnik expanded the allegations concerning his claimed physical impairments, stating that he is disabled within the meaning of the ADA due to "(i) prostate cancer and genitourinary impairment, (ii) renal cancer, (iii) severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, (iv) degenerative right knee (replaced with a prosthesis), (v) degenerative shoulders and limitation on the use of both shoulders, and attendant impairment of elbows and wrists to reach and twist, and (vi) pleurisy." *Id*. ¶ 3. "By

2

virtue of his disability," Mr. Strojnik further alleged that he "requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted." *Id*. ¶ 16. The FAC included a chart purporting to show the "relation between [Mr. Strojnik]'s ADA disability and major life activities," including walking and standing. *See id*. ¶ 6.

Like the original complaint, the FAC alleged that Mr. Strojnik encountered accessibility barriers while lodging at Weichert's competitor and that he therefore "visited [the Inn] to determine if it would be suitable for future lodging." *Id*. ¶ 18. But while the original complaint stated that Mr. Strojnik intended to visit the Monterey area in September 2019, and suggested that he had in fact visited the Inn at that time, the FAC eliminated that allegation altogether. Indeed, the FAC listed Mr. Strojnik's dates of travel to California in 2019, indicating that he was not in California at all in August, September, or October of that year. *Id*. ¶ 13.c. Instead, the FAC alleged that Mr. Strojnik "intended to visit the area in the vicinity of Defendant's Hotel" during some unspecified time frame "and therefore reviewed hotel booking websites for disclosures mandated by 28 C.F.R. 36.302(e)." *Id*. ¶ 17. Mr. Strojnik alleged that Weichert violated "booking websites disclosures pursuant to 28 C.F.R. 36.302(e)" and that the Inn "was also replete with accessibility barriers all of which [he] documented with website screenshots and documentary photographs[.]" *Id*. ¶¶ 18-19. The FAC included a chart purporting to show the accessibility barriers that Mr. Strojnik says he personally encountered.[2] In addition to the alleged website violations, the chart included many of the same photos from the original complaint of alleged physical barriers at the Inn—all of which, Mr. Strojnik claims, "limit[ed] [his] full and equal enjoyment of the facility as each relates to [his] disabilities in their mitigated or unmitigated states." *Id*. ¶ 19 and pp. 6-10.

On January 25, 2021, the Court granted Weichert's Rule 12(b)(1) motion to dismiss the FAC for lack of standing under the ADA. Dkt. No. 32. While the Court recognized that Mr. Strojnik is not required to visit the Inn in order to establish standing, the FAC made vague

---

[2] Although the chart indicates that Mr. Strojnik encountered the alleged barriers in September 2020, that date is not plausible, as his FAC was filed in March 2020 and focused on the same barriers the original complaint alleged he encountered in September 2019.

assertions about Mr. Strojnik's claimed disabilities and required accommodations, failed to sufficiently allege a connection between any alleged barrier and his claimed disability, stated no more than "some day" intentions to return to the Inn, and did not allege actual knowledge of any accessibility barriers, apart from the website screenshots and photos that Mr. Strojnik believed depicted existing barriers there.  Because Mr. Strojnik did not plead sufficient facts establishing his standing to pursue his ADA claim (the sole basis for federal jurisdiction), the Court had no authority to retain jurisdiction over his state law claims, which were also dismissed.

In considering whether to give Mr. Strojnik leave to amend, the Court noted a number of factors that weighed against allowing further amendment.  Mr. Strojnik had already had an opportunity to amend his original complaint and had given no indication that there were additional facts that could be alleged on a further amendment that would cure the deficiencies addressed in the Court's order.  Dkt. No. 32 at 12.  Weichert pointed out that Mr. Strojnik, a formerly licensed attorney who has filed numerous similar lawsuits, had been declared a vexatious litigant by other judges within the Ninth Circuit, including in this district.  *See, e.g., Strojnik v. IA Lodging Napa First LLC*, No. 19-CV-03983 DMR, 2020 WL 2838814, at *6-13 (N.D. Cal. June 1, 2020); *Strojnik v. SCG Am. Constr. Inc*., No. SACV 19-1560 JVS (JDE), 2020 WL 4258814 at *6-8 (C.D. Cal. Apr. 19, 2020).  Additionally, the Court noted that the discrepancies between the allegations in Mr. Strojnik's original complaint suggesting that he visited the Inn in September 2019 and those in his FAC indicating that he was not in California at all at that time, raised concerns about whether Mr. Strojnik filed his pleadings in good faith.  Nevertheless, in view of Rule 15's purpose to facilitate decisions on the merits, the Court granted Mr. Strojnik leave to amend to include any additional allegations regarding alleged barriers Mr. Strojnik says he encountered in September 2019.  Dkt. No. 32 at 12.

Without leave of court, Mr. Strojnik instead filed a "Second Amended Complaint" that appeared to be based on an alleged visit to the Inn in September 2020, well after the events described in his prior complaints and months after he filed the present action.  Dkt. No. 33. Supplemental pleadings require a noticed motion and court approval.  *See* Fed. R. Civ. P. 15(d). Accordingly, the Court struck Mr. Strojnik's pleading, stating that "[i]f Mr. Strojnik wishes to file

1  a supplemental pleading based on transactions, events, or occurrences that happened after the
2  filing of his prior complaints, he must file an appropriate motion seeking leave to do so." Dkt. No.
3  38 (citing Fed. R. Civ. P. 15(d)). The Court set a deadline for Mr. Strojnik to file either an
4  amended complaint that complied with the January 25, 2021 order or a motion seeking leave to
5  file a supplemental pleading. *Id*.

6  Instead of filing an amended complaint concerning barriers he allegedly encountered in
7  September 2019, or a motion for leave to file a supplemental pleading, Mr. Strojnik simply filed
8  another "Second Amended Complaint" ("SAC") ostensibly based on an alleged visit to the Inn in
9  September 2020. Dkt. No. 39. The SAC contains a further revised list of alleged disabilities,
10 expanded to include "(vii) severed 4th and 5th digits on left hand, reattached with limited utility"
11 and "(viii) hyper blood pressure" and continues to assert the same four claims for relief as the
12 original complaint and FAC.[3] This proposed SAC also includes an "Introduction" in which Mr.
13 Strojnik argues that his allegations are sufficient to meet Article III standing requirements and
14 Rule 8 pleading requirements, citing *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173 (9th Cir.
15 2021). *Id*. at 1-2.

16 Broadly construing the proposed SAC's "Introduction" as a motion for leave to file a
17 supplemental pleading under Rule 15(d), the Court set a briefing schedule. Dkt. No. 40. As noted
18 above, Weichert opposes the motion, and Mr. Strojnik has not filed any reply. For the reasons
19 discussed below, Mr. Strojnik's motion for leave to file his proposed supplemental pleading is
20 granted in part and denied in part.

21 **II.    LEGAL STANDARD**

22 Rule 15(d) governs supplemental pleadings and provides that courts may, on a party's
23 motion, reasonable notice and "just terms," allow the party "to serve a supplemental pleading
24 setting out any transaction, occurrence, or event that happened after the date of the pleading to be
25 supplemented." Fed. R. Civ. P. 15(d). Rule 15(d) "is a tool of judicial economy and
26 convenience," and courts have broad discretion in deciding whether to allow a supplemental

---

[3] Weichert states that the proposed SAC drops the claim under the California Disabled Persons Act (Dkt. No. 41 at 4), but that observation is incorrect.

5

pleading. *See Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir.1988). In evaluating Rule 15(d) motions, district courts within the Ninth Circuit have applied the same legal standard for amending a pleading under Rule 15(a). *See Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015) ("The legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as for amending one under 15(a).") (internal quotations and citation omitted). "The five factors commonly used to evaluate the propriety of a motion for leave to amend (and thus, a motion to supplement) are: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *Id*. (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Absent prejudice or a 'strong showing' of any other *Foman* factor, there is a presumption in favor of granting leave to supplement." *Id*. (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

## III. DISCUSSION

Weichert opposes the filing of Mr. Strojnik's proposed SAC, arguing that the supplemental SAC will cause undue delay, and is futile and brought in bad faith. Insofar as Weichert is understood to argue that it will be prejudiced by any "undue delay" in having to continue to defend this action, the Court gives those arguments little weight, as that "is not the kind of prejudice that is usually cognizable." *Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013) (stating that "usually, a court evaluates prejudice in terms of, *e.g.*, whether discovery cut-offs have passed, how close trial is, and so forth.").

Weichert nonetheless maintains that the proposed SAC is futile because Mr. Strojnik still does not sufficiently allege facts supporting his Article III standing to sue under the ADA. As noted in the Court's January 25, 2021 order, Mr. Strojnik's Article III standing "is a necessary component of subject matter jurisdiction," *In re Palmdale Hills Prop. LLC*, 654 F.3d 868, 873 (9th Cir. 2011), because federal courts have jurisdiction to decide only actual "Cases" or "Controversies." *See* U.S. Const., art. III, § 2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."). Accordingly, the Court first addresses whether Mr.

6

pleading. *See Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir.1988). In evaluating Rule 15(d) motions, district courts within the Ninth Circuit have applied the same legal standard for amending a pleading under Rule 15(a). *See Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015) ("The legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as for amending one under 15(a).") (internal quotations and citation omitted). "The five factors commonly used to evaluate the propriety of a motion for leave to amend (and thus, a motion to supplement) are: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *Id*. (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Absent prejudice or a 'strong showing' of any other *Foman* factor, there is a presumption in favor of granting leave to supplement." *Id*. (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

## III.   DISCUSSION

Weichert opposes the filing of Mr. Strojnik's proposed SAC, arguing that the supplemental SAC will cause undue delay, and is futile and brought in bad faith. Insofar as Weichert is understood to argue that it will be prejudiced by any "undue delay" in having to continue to defend this action, the Court gives those arguments little weight, as that "is not the kind of prejudice that is usually cognizable." *Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013) (stating that "usually, a court evaluates prejudice in terms of, *e.g.*, whether discovery cut-offs have passed, how close trial is, and so forth.").

Weichert nonetheless maintains that the proposed SAC is futile because Mr. Strojnik still does not sufficiently allege facts supporting his Article III standing to sue under the ADA. As noted in the Court's January 25, 2021 order, Mr. Strojnik's Article III standing "is a necessary component of subject matter jurisdiction," *In re Palmdale Hills Prop. LLC*, 654 F.3d 868, 873 (9th Cir. 2011), because federal courts have jurisdiction to decide only actual "Cases" or "Controversies." *See* U.S. Const., art. III, § 2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."). Accordingly, the Court first addresses whether Mr.

Strojnik's proposed SAC sufficiently alleges standing under the ADA.

### A.     ADA Claim

Mr. Strojnik has standing to sue if he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *see also Lujan*, 504 U.S. at 560-61 (same). Mr. Strojnik's claimed injury must be both "particularized" and "concrete." A "particularized" injury is one that "'affect[s] the plaintiff in a personal and individual way.'" *Spokeo, Inc.*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560 n.1). A "concrete" injury "must actually exist" and must be "real, and not abstract." *Id*.

"[O]nce a disabled plaintiff has encountered a barrier violating the ADA, that plaintiff will have a personal stake in the outcome of the controversy so long as his or her suit is limited to barriers related to that person's particular disability." *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 948 (9th Cir. 2011) (internal quotations and citation omitted). In the context of injunctive relief, which is the only remedy available to Mr. Strojnik under Title III of the ADA, *see* 42 U.S.C. § 12188; *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002), a plaintiff "must demonstrate a sufficient likelihood that he will again be wronged in a similar way," *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004) (internal quotations and citation additionally omitted). "That is, he must establish a real and immediate threat of repeated injury." *Fortyune*, 364 F.3d at 1081 (internal quotations and citation omitted). In the Ninth Circuit, an ADA plaintiff may establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman*, 631 F.3d at 944. While courts take a broad view of constitutional standing in disability access cases, "the ADA's reach is not unlimited." *Id*. at 946.

Mr. Strojnik argues that he has sufficiently alleged standing because the proposed SAC's allegations "mirror" those that the Ninth Circuit found sufficient to establish Article III standing in *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173 (9th Cir. 2021). Dkt. No. 39 at 1. In *Whitaker*, the Ninth Circuit held that the plaintiff's allegations were sufficient to establish an injury-in-fact for standing purposes where the complaint alleged "that [plaintiff] uses a wheelchair for mobility, that

7

he visited the defendant's premises, that he personally encountered a barrier related to his disability—inaccessible service counters—and that the barrier deters him from returning." *Whitaker*, 985 F.3d at 1179. In reaching that conclusion, *Whitaker* reaffirmed that the standard for pleading standing to pursue an ADA claim is described in detail in the Ninth Circuit's en banc decision in *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939 (9th Cir. 2011). *Id*.

In *Chapman*, while the plaintiff alleged "that he is 'physically disabled,' and that he 'visited the Store' and 'encountered architectural barriers that denied him full and equal access,'" he "fail[ed] to sufficiently allege the essential elements of Article III standing" because he did not allege "what those barriers were and how his disability was affected by them so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that he personally suffered discrimination under the ADA on account of his disability)." *Chapman*, 631 F.3d at 954-55. The *Chapman* plaintiff instead submitted an accessibility survey that did not "connect[] the alleged violations to Chapman's disability, or indicat[e] whether or not he encountered any one of them in such a way as to impair his full and equal enjoyment of the Store." *Id*. at 955.

Although Mr. Strojnik's proposed SAC presents more than a mere disability survey, for the most part, Mr. Strojnik's allegations remain vague and conclusory.

### 1. Alleged Lack of Information on Websites

Mr. Strojnik's proposed SAC continues to assert a violation of 28 C.F.R. § 36.302(e) based on an alleged lack of information on Weichert's website and a third-party website that did not allow him to assess whether the Inn meets his accessibility needs. Dkt. No. 39 ¶¶ 19, 21. Weichert argues that the proposed SAC contains "the same conclusory recitations of the statute that have been dismissed numerous times before." Dkt. No. 41 at 8.

The Court previously dismissed Mr. Strojnik's FAC because his allegations merely parroted the cited regulation, did not identify what accessibility features Mr. Strojnik claims are required to accommodate his disability, or state that those specific features were not described on the websites. Dkt. No. 32 at 7. Although the proposed SAC now specifies that the particular

portion of the regulation in question is 28 C.F.R. § 36.302(e)(1)(ii),[4] the SAC fails to provide the necessary detail missing from Mr. Strojnik's FAC. Instead, the SAC simply alleges that the websites did not contain "enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his mobility related accessibility needs described in ¶¶ 2-12 above." Dkt. No. 39 ¶ 21. As relevant to Mr. Strojnik's claimed disability and required accommodations, the referenced paragraphs 2-12 contain a generalized list of alleged impairments that reportedly impact his "major life activities,"[5] an allegation that he has a disability placard from the Arizona Department of Motor Vehicles that allows him to use properly configured parking spaces and loading zones; and two allegations that merely state that Mr. Strojnik "ferries" a wheelchair in his car, as well as a cane, "[w]hen traveling." *See id*. ¶¶ 2-7. The SAC otherwise asserts, in highly conclusory fashion, that "[t]he ADAAG violations in this Complaint relate to barriers to Plaintiffs [sic] mobility. These violations impairs [sic] Plaintiff's full and equal access to the Hotel which, in turn, constitutes discrimination satisfying the 'injury in fact' requirement of Article III of the United States Constitution." *Id*. ¶ 12.

The allegations of the proposed SAC still do not sufficiently allege what accessibility features Mr. Strojnik requires or state that such features were not described on the websites. *See, e.g.*, *SCG America Construction Inc.*, 2020 WL 4258814 at *3-*4 ("Strojnik cannot rely solely on conclusory allegations, but rather must state what information is missing [from the websites] that would prevent him from staying at the hotel."); *Strojnik v. IA Lodging Napa First LLC*, No. 19-cv-03983-DMR, 2020 WL 906722, at *2 (N.D. Cal. Feb. 25, 2020) ("Strojnik's allegations relate mainly to the lack of information regarding accessibility features on Andaz Napa's website, but he does not explain which accessibility features are required to accommodate his disability or allege

---

[4] The cited regulation requires hotels and other places of lodging to "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs[.]" 28 C.F.R. § 36.302(e)(1)(ii).

[5] The listed "major life activities" include "walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working [and] carrying stuff[.]" Dkt. No. 39 ¶ 2.

that those specific features were not described on the website."); *Strojnik v. Landry's Inc.*, No. 4:19-CV-01170, 2019 WL 7461681, at *4 (S.D. Tex. Dec. 9, 2019), *report and recommendation adopted*, 2020 WL 42454 (S.D. Tex. Jan. 2, 2020) ("Strojnik has not alleged in what manner the hotel's website is deficient in listing the accessibility features of its accessible rooms, and has not alleged how the website should be edited to provide the type of information Strojnik believes is needed.").

Mr. Strojnik has now had several opportunities to amend his allegations and has provided no basis for the Court to find that he can plead any additional facts that would address identified deficiencies in his pleadings. The Court therefore concludes that permitting the proposed SAC with respect to the alleged website information would be futile. Accordingly, Mr. Strojnik's motion to file his proposed SAC based on the alleged website information is denied.

### 2. Alleged Physical Barriers

With respect to alleged physical barriers, Weichert argues that permitting the SAC is futile because Mr. Strojnik still fails to allege sufficient facts regarding his claimed disability, any connection between his claimed disability and the alleged barriers he reportedly encountered, or any bona fide intent to return to the Inn. Here, Weichert's futility arguments dovetail with those that the proposed SAC is being brought in bad faith, and Weichert contends that Mr. Strojnik's alleged disabilities are, at best, greatly exaggerated, if not demonstrably false.

In this litigation Mr. Strojnik has largely relied on a generalized list of alleged impairments that reportedly affect "life activities," such as walking and standing, without clearly indicating how his claimed disabilities manifest or how the alleged barriers at the Inn relate to his claimed disabilities. *See, e.g.,* Dkt. No. 1 ¶¶ 3, 4; Dkt. No. 12 ¶¶ 3, 6; Dkt. No. 39 ¶¶ 2, 3. His prior pleadings contained a single allegation vaguely suggesting that alleged barriers relate to his disabilities because he "requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted." Dkt. No. 1 ¶ 14; Dkt. No. 12 ¶ 16. However, Mr. Strojnik did not allege that he actually requires the use of a wheelchair, or any other assistive device, for mobility.

While the proposed SAC now alleges use of a wheelchair and a cane, Mr. Strojnik's

allegations remain vague and equivocal. As part of his self-titled "*Whitaker* Standing Allegations," Mr. Strojnik generally alleges that he "is mobility disabled and uses a wheelchair and a cane, as defined, when traveling." Dkt. No. 39 ¶ 14. It is unclear what "as defined" refers to; and, as noted above, the only other allegations in the main body of the SAC concerning assistive devices merely state that Mr. Strojnik carries a wheelchair and cane with him when he travels. *See id.* ¶ 4 ("When traveling, Plaintiff ferries the wheelchair as an assistive device in his car either in the trunk or behind the front passenger side, depending on luggage distribution[.]"), ¶ 5 ("When traveling, Plaintiff ferries a cane as an assistive device."). Courts have found similarly vague allegations insufficient to establish an injury-in-fact necessary to establish standing under the ADA. *See, e.g., Strojnik v. Woodside Hotel Group Ltd.*, No. 20-cv-03204-BLF, 2021 WL 1238308, at *6 (N.D. Cal. Apr. 2, 2021) (dismissing amended complaint where Mr. Strojnik presented a "laundry list of generalized ailments" and made a sole allegation that his impairments require use of a wheelchair in "their unmitigated, active state," without stating "the frequency with which this occurs or whether he was required to use a wheelchair on the day he visited the Hotel."); *Strojnik v. B&L Motels Inc.*, No. CV-20-08306-PHX-SPL, 2020 WL 7350897, at *3 (D. Ariz. Dec. 15, 2020) (concluding that Mr. Strojnik failed to allege an injury-in-fact where he "only alleges he requires the use of a wheelchair to ambulate when his disabilities are 'in their unmitigated, active state,'" but did not state "any factual allegations from which this Court can conclude Plaintiff needed to use his wheelchair when he visited the hotel, or even how frequently Plaintiff needs a wheelchair generally."); *Rutherford v. Cesar's Mexican Restaurant, LLC*, No. 19cv1416-LAB (JLB), 2019 WL 4193392, at *2 (S.D. Cal. Sept. 3, 2019) (dismissing claims based on alleged inaccessible parking lot conditions where the plaintiff failed to "allege that he arrived in a van, or that he needed or used a specially-equipped van when using his cane—or, for that matter, that he has ever used such a van.").

The *only* allegations in the proposed SAC now suggesting that Mr. Strojnik uses a wheelchair *because of* a physical impairment impacting his ability to walk are embedded in a chart of the same photos from prior pleadings depicting alleged physical barriers at the Inn. *See* Dkt. No. 39 ¶ 21. Even here, the proposed SAC's allegations are somewhat varied. Many of the

11

alleged barriers concern a lack of accessibility due to the presence of stairs Mr. Strojnik reportedly encountered at various locations at the Inn. With respect to a purported photo of stairs at the Inn's entrance, Mr. Strojnik says that there is no accessible route from the street because the stairs "prevent [him] from using the wheelchair" and he was unable to "ingress and egress the property from and to public street or walkway." *Id*. In descriptions accompanying photos of other stairways, Mr. Strojnik's allegations are more pointed and state that "[b]ecause of Plaintiff's substantial limitation of walking, Plaintiff uses a wheelchair," the stairs "prevent Plaintiff from using the wheelchair," and "[w]hen encountering barriers as the one documented above, Plaintiff is unable to access the entrance." *Id*. The remaining photos concern paths with alleged improperly configured handrails that "relate[] to Plaintiff's disabilities because the support provided by non-compliant handrails significantly impact his ability to grasp them for support," as well as paths with no handrails at all, which the proposed SAC says "relate[] to Plaintiff's disabilities because the lack of handrail support significantly impact his ability to perform a major life activity of walking up a ramp." *Id*. "Under the ADA, when a disabled person encounters an accessibility barrier violating its provisions, it is not necessary for standing purposes that the barrier completely preclude the plaintiff from entering or from using a facility in any way." *Chapman*, 631 F.3d at 947. "Rather, the barrier need only interfere with the plaintiff's 'full and equal enjoyment' of the facility." *Id*. (quoting 42 U.S.C. § 12182(a)). The allegations in the proposed SAC's chart would therefore appear to be sufficient, at least for pleading purposes, to allege a connection between Mr. Strojnik's claimed disabilities and the alleged noncompliant barriers.

Weichert nonetheless maintains that Mr. Strojnik should not be permitted to proceed with his proposed SAC because the allegations concerning his alleged disabling impairments are untrustworthy. In particular, Weichert asserts that a March 9, 2020 Rule 35 examination conducted in *Strojnik v. Evans Hotels, LLC*, No. 3:19-cv-00650-BAS-AGH (S.D. Cal. 2019) "confirmed" "suspicions about [Mr. Strojnik's] phony claims," and that various surveillance videos on YouTube reportedly show Mr. Strojnik striding around hotels in various locations with no apparent problems or discomfort at all. Dkt. No. 41 at 5-6. Additionally, Weichert points out

12

that in *Strojnik v. Village 1017 Coronado, Inc.*, the court stated its personal observation that at a December 10, 2019 hearing, Mr. Strojnik "was able to enter the courtroom at that time unassisted by a wheelchair and did not appear to have difficulty ambulating." No. 19-cv-02210-BAS-MSB, 2020 WL 3250608, at *2 (S.D. Cal. June 16, 2020). For these reasons, Weichert argues that Mr. Strojnik's allegations regarding deterrence and his purported intent to return to the Inn are also spurious.

The problem for Weichert is that its arguments concerning Mr. Strojnik's alleged bad faith rely largely on extrinsic evidence that Weichert merely refers to, and has not properly presented to this Court for consideration in assessing Mr. Strojnik's proposed SAC. Because Weichert has failed to demonstrate prejudice or to present a viable evidentiary basis to credit its arguments concerning Mr. Strojnik's bad faith, the Court concludes that the proposed SAC sufficiently alleges Mr. Strojnik's standing to pursue his ADA claims as to the alleged physical barriers at the Inn.

In so ruling, however, the Court emphasizes that it is allowing Mr. Strojnik to proceed with the portion of his SAC concerning alleged physical barriers at the Inn *solely* because the allegations appearing in his chart (Dkt. No. 39 ¶ 21) indicate that he in fact *requires* a wheelchair for mobility, that he *used* one during his visit to the Inn, and therefore was denied full and equal access to the Inn. If those allegations are true, Mr. Strojnik may proceed with his proposed SAC, subject to his obligations under Rule 11, as directed below. However, if those allegations are untrue, or if Mr. Strojnik believes the Court has misinterpreted his allegations, he may not proceed with his proposed SAC. Although Mr. Strojnik is representing himself in this matter, he is a formerly licensed lawyer and a frequent ADA litigator. He therefore is well aware of the applicable Ninth Circuit law governing standing to assert an ADA claim and, in any event, has been made aware of those standards in the Court's orders issued in this matter. The Court again warns Mr. Strojnik that, as required by Rule 11, any claims presented in the SAC that he will be allowed to file must be warranted by existing law (or by a nonfrivolous argument for extending or modifying that law) and that any factual allegations must be made in a good faith belief as to the evidentiary support for them. If, after notice and a reasonable opportunity to respond, the Court

13

determines that Rule 11(b) has been violated, the Court may impose an appropriate sanction on Mr. Strojnik. Fed. R. Civ. P. 11(c)(1).

### B. State Law Claims

Having concluded that Mr. Strojnik's proposed SAC alleges his Article III standing to pursue his ADA claim regarding alleged physical barriers, the Court in its discretion exercises supplemental jurisdiction over his state law claims. 28 U.S.C. § 1367(c).

#### 1. Unruh Act

Weichert argues that Mr. Strojnik's Unruh Act claim "fare[s] no better" than his ADA claim "since any alleged barriers that Plaintiff supposedly identified during his stay at the [Inn] have to be barriers *to him as a result of his disability*." Dkt. No. 41 at 8. "In the disability context," the Unruh Act "operates virtually identically to the ADA," and "[a]ny violation of the ADA necessarily constitutes a violation of the Unruh Act." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007). For the same reasons discussed above with respect to Mr. Strojnik's proposed ADA claim, the Court grants Mr. Strojnik leave to proceed with the Unruh Act claim in his proposed SAC only as to the alleged physical barriers he reportedly encountered at the Inn in September 2020.

#### 2. California Disabled Persons Act

Weichert requests an order dismissing this claim, in the mistaken belief that Mr. Strojnik dropped this claim in his proposed SAC and therefore abandoned it. Dkt. No. 41 at 5 n.1. Weichert having failed to provide any other basis to preclude Mr. Strojnik from proceeding with this specific claim, Mr. Strojnik's motion to file his proposed SAC as to this claim is granted.

#### 3. Negligence

Weichert argues that the proposed SAC fails to state a plausible claim for negligence. Although the proposed SAC does not expressly state that Mr. Strojnik's claim is based on "negligence per se," the substantive allegations of the claim suggest that it is based on a negligence per se theory, as the claim is premised on alleged violations of the ADA and a "duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation." *See* Dkt. No. 39 ¶¶ 38-43.

14

California has codified the common law doctrine of negligence per se in an evidentiary rule that gives rise to a rebuttable presumption of failure to exercise due care where (1) the defendant has violated a statute; (2) the violation proximately caused injury to a person or property; (3) the injury resulted from an occurrence of the nature of which the statute, ordinance, or regulation was designed to prevent; and (4) the injured person was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted. Cal. Evid. Code § 669; *Ramirez v. Nelson*, 44 Cal. 4th 908, 917-18 (2008). At least one district court has permitted Mr. Strojnik to proceed with a claim for negligence per se based on an alleged violation of the ADA. *See Strojnik v. 574 Escuela, LLC*, No. 3:18-cv-06777-JD, 2020 WL 1557434, at *5 (N.D. Cal. Mar. 31, 2020) (denying motion to dismiss negligence per se claim based on alleged ADA violations). *574 Escuela*, however, does not specifically address the question whether an ADA violation can support a negligence claim. Other courts have noted that a violation of the ADA, which is an antidiscrimination statute, cannot support a claim for negligence. *See Jones v. Nat'l R.R. Passenger Corp.*, No. 15-cv-02726-TSH, 2020 WL 353537, at *6 n.6 (N.D. Cal. Jan. 21, 2020) (citing cases). Additionally, at least one California court has observed that "'[t]he presumption of negligence per se is 'created by Evidence Code section 669 [and] concerns the standard of care, rather than the duty of care,' and that '[i]n order for the presumption to be available, either the courts or the Legislature must have created a duty of care.'" *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1344 (E.D. Cal. 2020) (quoting *Millard v. Biosources, Inc.*, 156 Cal. App. 4th 1338, 1353 (2007)). Thus, "'[a]n underlying claim of ordinary negligence must be viable before the presumption of negligence of Evidence Code section 669 can be employed . . . . [I]t is the tort of negligence, and not the violation of the statute itself, which entitles a plaintiff to recover civil damages.'" *Id*. (quoting *Millard*, 156 Cal. App. 4th at 1353). Here, Mr. Strojnik has not identified an independent duty, outside that imposed by the ADA, to support a negligence claim. As noted, he has had several opportunities to amend his pleadings. He did not bother to respond to Weichert's arguments on the present motion and has provided no basis for the Court to conclude that there are additional facts or arguments he could present to support a proper claim for relief. Accordingly, Mr. Strojnik's motion for leave to

proceed with his proposed SAC is denied with respect to his negligence claim.

## IV. CONCLUSION

Based on the foregoing, Mr. Strojnik's motion for leave to file his proposed SAC is granted in part and denied in part as follows:

1. The motion is granted with respect to his claims under the ADA, Unruh Act and Disabled Persons Act insofar as they are based on the alleged physical barriers he reportedly encountered at the Inn in September 2020.

2. The motion is denied with respect to his claims based on alleged insufficient information on websites.

3. The motion is denied with respect to the negligence claim.

4. If he intends to proceed with this action, within 7 days from the date of this order, Mr. Strojnik shall file his SAC—consistent with this order and with the Rule 11 admonition above—as a separate docket entry on ECF.  Mr. Strojnik's SAC must delete the "Introduction" and legal argument appearing at page 1, line 17 through page 2, line 20 of his proposed SAC, all allegations regarding his claims concerning reported lack of sufficient website information, and his negligence claim.  His failure to comply with this order may result in sanctions, including dismissal with prejudice of the action.

**IT IS SO ORDERED.**

Dated: November 2, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge