Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>Plaintiff,<br><br>vs.<br><br>R.F. WEICHERT V, INC. dba JABBERWOCK INN<br><br>Defendant. | Case No: 5:20-cv-00354-VKD<br><br>**SECOND AMENDED COMPLAINT**<br><br>1. **Americans with Disabilities Act**<br>2. **Discrimination in Public Accommodations (State Law)**<br><br>**JURY TRIAL REQUESTED** |

## PARTIES

1. Plaintiff Peter Strojnik is a veteran and a disabled person as defined by the ADA and DPA.

2. Plaintiff is a single man currently residing in Maricopa County, Arizona. Plaintiff is disabled as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 by virtue of (i) prostate cancer and genitourinary impairment, (ii) renal cancer, (iii) severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, (iv) degenerative right knee (replaced with a prosthesis), (v) degenerative shoulders and limitation on the use of both shoulders, and attendant impairment of elbows and wrists to reach and twist, (vi) pleurisy, (vii) severed 4th and 5th digits on left hand, reattached with limited utility, (viii) hyper blood pressure. Plaintiff has been declared as disabled by the Arizona Department of Transportation pursuant to doctor's report of disability.

3. Plaintiff's impairments limit his major life activities of walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.
4. When traveling, Plaintiff ferries the wheelchair as an assistive device in his car either in the trunk or behind the front passenger side, depending on luggage distribution:



5. When traveling, Plaintiff ferries a cane as an assistive device.
6. Plaintiff has been declared permanently disabled by the Arizona Department of Motor Vehicles:



7. The permanent disability placard grants Plaintiff the right to use properly configured parking spaces and properly configured passenger loading zones at hotels and other public accommodations.

2

8. Plaintiff is disability as defined in the 2008 ADAAA.
9. Defendant, owns, operates leases or leases to a lodging business ("Hotel") located at 598 Laine St., Monterey, CA 93940 which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A) and Unruh.

## JURISDICTION AND VENUE

10. District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.
11. Venue is proper pursuant to 28 U.S.C. § 1391.
12. The ADAAG violations in this Complaint relate to barriers to Plaintiffs mobility. These violations impairs Plaintiff's full and equal access to the Hotel which, in turn, constitutes discrimination satisfying the "injury in fact" requirement of Article III of the United States Constitution.
13. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA or State Law compliant as such compliance relates to Plaintiff's disability.
    a. Plaintiff is retired and spends his retirement years traveling for recreation, pleasure and ADA testing.
    b. Plaintiff has travelled and lodged in California over 200± times.
    c. Just since January 23, 2019, Plaintiff travelled to California and lodged and/or visited there as follows:
        i. 2019-01-23 – San Diego
        ii. 2019-02-16-17 – Solvang
        iii. 2019-03-14-17 – Anaheim
        iv. 2019-04-05 – Santa Barbara
        v. 2019-04-06 – Santa Clara
        vi. 2019-04-07 – Carmel
        vii. 2019-04-16 – Healdsburg
        viii. 2019-04-17 – Calistoga
        ix. 2019-04-18 – Napa
        x. 2019-05-20 – La Jolla
        xi. 2019-05-21 – San Diego
        xii. 2019-05-22 – Sorento Valley
        xiii. 2019-06-05 – Bakersfield
        xiv. 2019-06-06 – Redding
        xv. 2019-06-07 – Sacramento

|   |   |       |                                |
|---|---|-------|--------------------------------|
|   |   | xvi.  | 2019-06-07 – Fresno and Visalia |
|   |   | xvii. | 2019-07-25 – Coronado          |
|   |   | xviii.| 2019-11-22 – Ventura           |
|   |   | xix.  | 2019-11-23 – Burlingame        |
|   |   | xx.   | 2019-11-24 – Napa              |
|   |   | xxi.  | 2019-11-25 – Beverly Hills     |
|   |   | xxii. | 2019-12-10 - San Diego         |
|   |   | xxiii.| 2020-01-24 – San Diego         |
|   |   | xxiv. | 2020-02-09 – Paso Robles       |
|   |   | xxv.  | 2020-02-10 – Palo Alto         |
|   |   | xxvi. | 2020-02-11 – Pasadena          |
|   |   | xxvii.| 2020-02-20 – San Diego         |
|   |   |xxviii.| 2020-02-09 – Paso Robles       |
|   |   | xxix. | 2020-02-10 – Palo Alto         |
|   |   | xxx.  | 2020-02-11 – Monrovia – Pasadena |

d. Plaintiff prefers traveling by car.

e. Prior to the spread of COVID-19, Plintiff travelled to California's Wine country on the average two times per year.

f. While traveling by car, Plaintiff rests at interim locations such as Monterey.

g. Plaintiff visited Defendant's Hotel on September 21, 2020 and became enamored with its nostalgic architecture and peaceful atmosphere.

h. Plaintiff has specific plans to visit Defendant's hotel on the next visit to California's Wine Country in June of 2021, provided that Plaintiff is assured that the Hotel is ADA accessible to mobility impaired individuals such as Plaintiff.

i. Plaintiff intends to visit Defendant's hotel in particular because of its melancholy appearance, nostalgic architecture and peaceful atmosphere.

j. Plaintiff's intent to visit Defendant's Hotel in June of 2021 as the interim location to California's Wine Country based on the diminishing number of California wine stock at Plaintiff's residence which is reaching a critical stage because of current travel restrictions.

k. Plaintiff is deterred, however, from visiting the Hotel if the ADA violations remain because he would again experience – as he did on September 21, 2020 – lack of access.

l. Plaintiff visited the Hotel in the past, he has actual knowledge of the barriers to accessibility at the Hotel, he prefers to stay at the Hotel because of its melancholy appearance, nostalgic architecture and peaceful atmosphere, and would return there if it were ADA compliant.

m. Plaintiff has visited the Hotel on a prior occasion, the Hotel is conveniently located en route to Napa where he plans to travel on the established bi-yearly schedule.

## *WHITAKER* STANDING ALLEGATIONS

14. Plaintiff is mobility disabled and uses a wheelchair and a cane, as defined, when traveling.
15. Plaintiff personally visited defendant's premises.
16. Plaintiff personally encountered a barrier related to his disability disclosed below.
17. Plaintiff is deterred from returning to Defendant's hotel because of inaccessibility.

## COUNT ONE
## Violation of Plaintiff's Civil Rights under the ADA

18. Plaintiff realleges all allegations heretofore set forth.

## *WHITAKER* RULE 8 ALLEGATIONS

19. Plaintiff intended to visit the area in the vicinity of Defendant's Hotel and therefore reviewed hotel booking websites for disclosures mandated by 28 C.F.R. 36.302(e).
20. Plaintiff lodged in the vicinity of Defendant's hotel at Defendant's competitor's lodging. Defendant's competitor's hotel was replete with accessibility barriers and, therefore, Plaintiff visited Defendant's hotel to determine if it would be suitable for future lodging.
21. Plaintiff learned that not only did Defendant's hotel violate booking websites disclosures pursuant to 28 C.F.R. 36.302(e), but it was also replete with accessibility barriers all of which Plaintiff documented with website screenshots and documentary photographs as follows:

ACCESSIBILITY BARRIERS PERSONALLY ENCOUNTERED BY PLAINTIFF ON 2020-09-21-22

The below accessibility barriers limit plaintiff's full and equal enjoyment of the facility as each relates to plaintiff's disabilities in their mitigated or unmitigated states.

5

| | |
|---|---|
| No accessibility information on hotels.com booking website. | **This barrier violates 28 C.F.R. 36.302(e)(1)(ii).** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his mobility related accessibility needs described in ¶¶2-12 above. |
| No accessibility information on jabberwockinn.com booking website. | **This barrier violates 28 C.F.R. 36.302(e)(1)(ii).** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his mobility related accessibility needs described in ¶¶2-12 above. |
|  | **No Accessible Route from Street:** This violates Standards at §206.2.1. The accessible route is inaccessible because it has stairs that prevent Plaintiff from using the wheelchair. This violation relates to Plaintiff's impairments which substantially limit his ability to walk, a major life activity. Because of Plaintiff's substantial limitation of walking, Declarant suffers an injury by not being able to ingress and egress the property from and to public street or walkway. |

| | |
|---|---|
|  | **Inaccessible route to entry with no signage to accessible route:** This violates Standard §402. The accessible route is inaccessible because it has stairs that prevent Plaintiff from using the wheelchair. The violation relates to Plaintiff's impairments which substantially limit his ability walk, a major life activity. Because of Plaintiff's substantial limitation of walking, Plaintiff uses a wheelchair. When encountering barriers as the one documented above, Plaintiff is unable to access the entrance. |
|  | **Inaccessible route to entry with no signage to accessible route:** This violates Standard §402. The accessible route is inaccessible because it has stairs that prevent Plaintiff from using the wheelchair. The violation relates to Plaintiff's impairments which substantially limit his ability walk, a major life activity. Because of Plaintiff's substantial limitation of walking, Plaintiff uses a wheelchair. When encountering barriers as the one documented above, Plaintiff is unable to access the entrance. |

| | |
|---|---|
|  | **Inaccessible route to entry with no signage to accessible route:** This violates Standard §402. The accessible route is inaccessible because it has stairs that prevent Plaintiff from using the wheelchair. The violation relates to Plaintiff's impairments which substantially limit his ability walk, a major life activity. Because of Plaintiff's substantial limitation of walking, Plaintiff uses a wheelchair. When encountering barriers as the one documented above, Plaintiff is unable to access the entrance. |
|  | **Improperly configured handrails.** This violates Standards at §505.7. The accessible route is inaccessible because it has non-compliant handrails that make it difficult to use for Plintiff as support. This violation relates to Plaintiff's impairments which substantially limit his ability climb stairs and grasping, both major life activity. This violation relates to Plaintiff's disabilities because the support provided by non-compliant handrails significantly impact his ability to grasp them for support. |



**Lack of Handrails on Ramp:** This violates Standards at §505.1. The accessible route is inaccessible because it has no handrails with which Plintiff can use for support . This violation relates to Plaintiff's impairments which substantially limit his ability to negotiate sloped walkways, a major life activity. This violation relates to Plaintiff's disabilities because the lack of handrail support significantly impact his ability to perform a major life activity of walking up a ramp.

22. The ADA and Unruh accessibility violations described in the preceding paragraph relate to Plaintiff's disabilities and interfere with Plaintiff's full and complete enjoyment of the Hotel; for the details of the relation between Plaintiff's disabilities and ADAAG violations, Plaintiff incorporates the table in ¶6 above.
23. The removal of accessibility barriers listed above is readily achievable.
24. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

E. Equitable nominal damages; and

F. For costs, expenses and attorney's fees; and

G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

## COUNT TWO
**(Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52)**

25. Plaintiff realleges all allegations heretofore set forth.

26. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

27. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

28. Plaintiff has been damaged by the Defendant's non-compliance with Unruh and is thereby aggrieved.

29. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $4,000.00 per encounter with each barrier to accessibility.

30. Pursuant to Unruh, Plaintiff is entitled to costs and expenses in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its accommodation into full compliance with the requirements set forth in the Unruh, and its implementing regulations, so that the

   Hotel facilities are fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

 c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of costs of suit; and

 d. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the Unruh; and

 e. For damages in an amount no less than $4,000.00 per encounter with barrier; and

 f. For treble damages pursuant to Cal Civ. Code. §3345.

 g. The provision of whatever other relief the Court deems just, equitable and appropriate.

## COUNT THREE
**(Violation of the California Disabled Persons Act, Cal. Civ. Code §§54-54.3)**

31. Plaintiff realleges all allegations heretofore set forth.
32. Defendant has violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.
33. The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.
34. Plaintiff has been aggrieved by the Defendant's non-compliance with the DPA.
35. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.
36. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its facilities into full compliance with the requirements set forth in the Unruh, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, disabled individuals as required by law, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of costs of suit; and

d. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the DPA; and

e. For damages in an amount no less than $1,000.00 per violation per encounter; and

f. For treble damages pursuant to Cal Civ. Code. §3345.

g. The provision of whatever other relief the Court deems just, equitable and appropriate.

**REQUEST FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

DATED this 9th day of November, 2021.

**PETER STROJNIK**

_____
Plaintiff

The original ECF filed this 9th day of November 2021 thence distributed by PACER.