# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>R.F. WEICHERT V, INC. dba JABBERWOCK INN,<br><br>　　　　　Defendant. | Case No. 5:20-cv-00354-VKD<br><br>**ORDER ON MOTION TO REQUIRE PLAINTIFF TO POST A COSTS BOND**<br><br>Date:　　　　December 21, 2021<br>Time:　　　　10 a.m.<br>Courtroom:　2, 5th Fl.<br><br>Hon. Virginia K. DeMarchi |

1  Defendant has moved for an Order requiring plaintiff Peter Strojnik to post a $75,000
2  bond for costs and attorney's fees in this case and for a stay of the case pending a ruling on
3  this motion. For the reasons more fully stated in Defendant's Memorandum of Points and
4  Authorities in support of the Motion for a Costs Bond, Plaintiff should be required to post a
5  Costs Bond.

6  While the Federal Rules of Civil Procedure do not have a "specific provision . . .
7  relating to security for costs," district courts "have inherent power [and discretion] to
8  require plaintiffs to post security for costs." *Simulnet E. Assocs. v. Ramada Hotel*
9  *Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). The question of whether to impose a bond
10 requires district courts to look to the forum state's law. *Id.* ("Typically federal courts, . . .
11 follow the forum state's practice with regard to security for costs . . . ."); *see also Pittman ex*
12 *rel. L.P. v. Avish P'ship*, 525 F. App'x 591, 593 (9th Cir. 2013)(affirming bond requirement
13 for serial ADA plaintiff). The California Civil Procedure Code permits courts to require "an
14 undertaking to secure an award of costs and attorney's fees" from a plaintiff. *Crytek Gmbh*
15 *v. Cloud Imperium Games Corp.*, 2019 U.S. Dist. LEXIS 157184 (C.D. Cal. July 22, 2019)
16 citing Cal. Civ. Proc. Code § 1030(b). Under that statute, a defendant may move for such an
17 undertaking when: (1) "plaintiff resides out of the state or is a foreign corporation" and (2)
18 "there is a reasonable possibility that the moving defendant will obtain judgment in the
19 action or special proceeding." *Id.* A defendant does not need to show that there is "no
20 possibility" that the plaintiff could win at trial, "but only that it [is] reasonably possible"
21 that the defendant will win." *Crytek Gmbh v. Cloud Imperium Games Corp.*, 2019 U.S.
22 Dist. LEXIS 157184 (C.D. Cal. July 22, 2019) at *3, citing *Baltayan v. Estate of Getemyan*,
23 90 Cal. App. 4th 1427, 1432 (2001). This hurdle is a "relatively low" one. *AF Holdings*
24 *LLC v. Navasca*, 2013 U.S. Dist. LEXIS 15617 at *1 (N.D. Cal. Feb. 5, 2013). The Ninth
25 Circuit has held that this standard is met when it would not be "illogical, implausible, or
26 without support in the record to conclude that there [is] a reasonable possibility that [the
27 defendant] would prevail" and be entitled to fees and costs. *Pittman*, 525 F. App'x at 593.
28 Courts should also "balance several factors in assessing the propriety of requiring a

1  plaintiff to post security for costs, including whether the litigation has 'the appearance of
2  vexatiousness' and:

> (i) the degree of probability/improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective.

*A. Farber & Partners, Inc. v. Garber*, 417 F. Supp. 2d 1143, 1146 (C.D. Cal. 2006) (citing *Simulnet*, 37 F.3d at 576).

Here, there is no dispute that Plaintiff is an out of state resident and therefore satisfies the first element of Code Civ. P. § 1030(b).  There is similarly no dispute that Defendant can be entitled to an award of attorney's fees if it prevails in the case. *Pittman v. Avish P'ship*, 525 F. App'x 591, 593 (9th Cir. 2013)(affirming imposition of bond for costs in ADA claim).

Examining the *Simulent* factors, all weigh in favor of requiring a bond for costs. Strojnik's cases have the appearance of vexatiousness, and indeed, Strojnik has already been held to be a vexatious litigant in this District, the Central District, the Southern District, the District of Arizona, and the California superior courts.  Two courts have already ordered Strojnik to post a costs bond on virtually the same showing presented by Defendant in this case.  Moreover, numerous courts have dismissed his complaints with and without prejudice, and two dismissals of complaints similar to the one in this case were recently affirmed by the Ninth Circuit.  Additionally, videos provided by Defendant certainly cast significant doubt on the good faith basis for Strojnik's claim that he as experienced alleged barriers based on any purported disabilities.  Moreover, Defendant has itemized the attorney's fees and costs that Defendant expects to incur, and the requested $75,000 is significantly less than that figure.  Finally, Strojnik has claimed in another case that he has received $249,000 in settlements over the past two years and further claims that he has donated "$1.2 million" to some unspecified non-profit organization, and evidence presented in *Strojnik v. Village 110 Coronado* shows that he deposited over $1.7 million into a bank account that he controlled between September 2018 and April 2021.  Two

courts have already held that Strojnik has the ability to pay. The requested bond is therefore reasonable from Plaintiff's perspective as well.

Accordingly, the Motion for a cost bond is granted in the amount of $75,000 and shall be posted within 14 days of the entry of this Order. The case is stayed until that time. If the bond is not posted, the case will be dismissed without further warning.

**IT IS SO ORDERED.**

                                    Hon. Virginia K. DiMarchi