Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>Plaintiff,<br><br>vs.<br><br>R.F. WEICHERT V, INC. dba JABBERWOCK INN<br><br>Defendant. | Case No: 5:20-cv-00354-VKD<br><br>**MOTION FOR SUMMARY JUDGMENT** |

## FACTS

Plaintiff is a 69 year old veteran and a single man currently residing in Maricopa County, Arizona. He is disabled as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 by virtue of (i) prostate cancer and genitourinary impairment, (ii) renal cancer, (iii) severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, (iv) degenerative right knee (replaced with a prosthesis), (v) degenerative shoulders and limitation on the use of both shoulders, and attendant impairment of elbows and wrists to reach and twist, (vi) pleurisy, (vii) severed 4th and 5th digits on left hand, reattached with limited utility. He has been declared as disabled by the Arizona Department of Transportation pursuant to doctor's report of disability. (Strojnik Declaration at ¶1)

Plaintiff's impairments limit his major life activities of walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities. (Strojnik Declaration at ¶2)

When traveling, Plaintiff ferries the wheelchair as an assistive device in his car either in the trunk or behind the front passenger side, depending on luggage distribution (Strojnik Declaration at ¶3):



When traveling, Plaintiff also ferries a cane as an assistive device for mobility where the use of a wheelchair is not possible such as where there are stairs on routes. (Strojnik Declaration at ¶4, 7)

Plaintiff has been declared permanently disabled by the Arizona Department of Motor Vehicles (Strojnik Declaration at ¶5):



Defendant, owns, operates leases or leases to a lodging business ("Hotel") located at 598 Laine St., Monterey, CA 93940 which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A) and Unruh. (Strojnik Declaration at ¶6)

Plaintiff personally visited defendant's Hotel for the purpose of lodging there. (Strojnik Declaration at ¶7) Immediately upon arrival, Plaintiff noted that the Hotel was not wheelchair accessible based on numerous stairs on routes to, from and within the Hotel property as documented below (Strojnik Declaration at ¶8):

| | |
|---|---|
|  | **No Accessible Route from Street:** This violates Standards at §206.2.1. The accessible route is inaccessible because it has stairs that prevent Plaintiff from using the wheelchair. This violation relates to Plaintiff's impairments which substantially limit his ability to walk, a major life activity. Because of Plaintiff's substantial limitation of walking, Declarant suffers an injury by not being able to ingress and egress the property from and to public street or walkway. |
|  | **Inaccessible route to entry with no signage to accessible route:** This violates Standard §402. The accessible route is inaccessible because it has stairs that prevent Plaintiff from using the wheelchair. The violation relates to Plaintiff's impairments which substantially limit his ability walk, a major life activity. Because of Plaintiff's substantial limitation of walking, Plaintiff uses a wheelchair. When encountering barriers as the one documented above, Plaintiff is unable to access the entrance. |

| | | |
|---|---|---|
| 1 2 3 4 5 6 7 8 9 10 |  | **Inaccessible route to entry with no signage to accessible route:** This violates Standard §402. The accessible route is inaccessible because it has stairs that prevent Plaintiff from using the wheelchair. The violation relates to Plaintiff's impairments which substantially limit his ability walk, a major life activity. Because of Plaintiff's substantial limitation of walking, Plaintiff uses a wheelchair. When encountering barriers as the one documented above, Plaintiff is unable to access the entrance. |
| 11 12 13 14 15 16 17 18 19 |  | **Inaccessible route to entry with no signage to accessible route:** This violates Standard §402. The accessible route is inaccessible because it has stairs that prevent Plaintiff from using the wheelchair. The violation relates to Plaintiff's impairments which substantially limit his ability walk, a major life activity. Because of Plaintiff's substantial limitation of walking, Plaintiff uses a wheelchair. When encountering barriers as the one documented above, Plaintiff is unable to access the entrance. |
| 20 21 22 23 24 25 26 27 28 |  | **Improperly configured handrails.** This violates Standards at §505.7. The accessible route is inaccessible because it has non-compliant handrails that make it difficult to use for Plintiff as support. This violation relates to Plaintiff's impairments which substantially limit his ability climb stairs and grasping, both major life activity. This violation relates to Plaintiff's disabilities because the support provided by non-compliant handrails significantly impact his ability to grasp them for support. |

**Lack of Handrails on Ramp:** This violates Standards at §505.1. The accessible route is inaccessible because it has no handrails with which Plintiff can use for support . This violation relates to Plaintiff's impairments which substantially limit his ability to negotiate sloped walkways, a major life activity. This violation relates to Plaintiff's disabilities because the lack of handrail support  significantly impact his ability to perform a major life activity of walking up a ramp.

While at Defendant's Hotel, Plaintiff used both the wheelchair and the cane for mobility. He used the wheelchair where the route was wheelchair accessible and a cane where it was not. Thus, for example, he could not use the wheelchair to negotiate the stairs depicted at Defendant's hotel and was forced to use the cane. (Strojnik Declaration at ¶9)

Above photographs accurately depict the conditions at the Hotel Plaintiff observed when I visited there. (Strojnik Declaration at ¶10) Plaintiff is deterred from returning to Defendant's hotel because of inaccessibility. (Strojnik Declaration at ¶11)

## ANALYSIS

**1. Defendant Violated Americans With Disabilities Act.**

To prevail on a claim under the ADA,  Plaintiff must prove that (1) he is disabled; (2) the defendant operates, leases, or owns a place of public accommodation; and (3) the plaintiff was denied appropriate accommodations by the defendant because of his or her disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007); *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010))

Elements 1 and 2 are established by uncontroverted facts. Plaintiff is disabled and Defendants own the Hotel.

To satisfy the third element, a plaintiff may demonstrate that the facility in question contains structural barriers to accessibility that have not been removed. 42 U.S.C. §12182(b)(2)(A)(iv). Therefore, a plaintiff may meet its burden to demonstrate denial of a public accommodation by submitting evidence that the facility in question violates applicable accessibility standards. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945-47 (9th Cir. 2011) (en banc).

Here, the photographically documented condition of the Hotel violate applicable accessibility Standards, *see* 28 C.F.R. Part 36 and 2010 Standards for Accessibility Design.

**CONCLUSION AND PRAYER FOR RELIEF**

For the foregoing reasons Plaintiff requests the entry of judgment against Defendant on Plaintiff's ADA and Unruh claims.

RESPECTFULLY SUBMITTED this 18th day of November, 2021.

**PETER STROJNIK**

_____
Plaintiff

The original ECF filed this 18th day of November 2021 thence distributed by PACER.

6