1 Philip H. Stillman, Esq. SBN# 152861
2 STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
3 Miami Beach, Florida 33140
Tel. and Fax: (888) 235-4279
4 pstillman@stillmanassociates.com

5 Attorneys for defendant R.F. WEICHERT V, INC.

6 **UNITED STATES DISTRICT COURT FOR THE**
7 **NORTHERN DISTRICT OF CALIFORNIA**

8 

| PETER STROJNIK, | Case No. 5:20-cv-00354-VKD |
|---|---|
| Plaintiff, | **ADMINISTRATIVE MOTION FOR A STAY PENDING RULING ON DEFENDANT'S MOTION FOR A COSTS BOND** |
| vs. | |
| R.F. WEICHERT V, INC. dba JABBERWOCK INN, | Courtroom: 2, 5th Fl. |
| Defendant. | Hon. Virginia K. DeMarchi |

Admin. Motion For Stay

Defendant hereby requests that this Court stay all proceedings until after it issues a ruling on Defendant's Motion for a Costs Bond, which is scheduled for a hearing on December 21, 2021.  After this Court rules on the Motion, the Court can reset a briefing schedule on Defendant's Motion to Dismiss the Second Amended Complaint and Strojnik's new – and frivolous – Motion for Summary Judgment.  Strojnik not surprisingly opposes the requested relief.

## All PROCEEDINGS SHOULD BE STAYED PENDING A RULING ON DEFENDANT'S MOTION FOR A COSTS BOND

As of this filing, five courts have required Strojnik to post a bond after growing weary of his chicanery, including *Strojnik v. Woodside Hotel Grp.*, No. 20-cv-03204-BLF, 2021 U.S. Dist. LEXIS 24880 (N.D. Cal. Feb. 9, 2021) (imposing a $20,000 bond), *Strojnik v. Kamla Hotels, Inc.*, No. 19-cv-02212-AJB-AHG, 2021 U.S. Dist. LEXIS 144148 (S.D. Cal. July 30, 2021) (imposing $20,000 costs bond), *Strojnik v. Driftwood Hosp. Mgmt. LLC*, No. CV-20-01532-PHX-DJH, 2021 U.S. Dist. LEXIS 1720 (D. Ariz. Jan. 6, 2021) (finding Strojnik to be a vexatious litigant, imposing a $10,000 on any ADA claim filed in federal court or removed from state court), and citing *Strojnik v. Sashi Goup, LLC*, Santa Clara Superior Court Case No. 20CV367614 (finding Strojnik a state court vexatious litigant and imposing a $50,000 bond). In addition to the foregoing, Strojnik has a string of unsatisfied sanctions awards and judgments, including a $21,995 judgment that is a lien on this very case, and more than $60,000 in attorney's fees awards to Defendant's counsel in other cases.[1]  Moreover, courts have found that Strojnik has the ability to pay those attorney's fee awards numerous times.  *See Strojnik v. Vill. 1107 Coronado, Inc.,* No. 19-cv-02210-BAS-MSB, 2021 U.S. Dist. LEXIS 112456, at *7 (S.D. Cal. June 15, 2021)("the Court has already ordered Mr. Strojnik to pay money, and he refused to comply

---

[1] The fact that Strojnik can only get at most, a $4,000 statutory penalty in this case, which would obviously be applied to the existing judgment lien shows that this is just another bad faith case that is being continued out of pure spite or maliciousness against Defendant's counsel.

Admin. Motion For Stay -1-

with the Court's order. And as mentioned, the Court found Mr. Strojnik has the ability to comply. Further, his testimony claiming otherwise was not credible."); *Strojnik v. 1315 Orange Ave. LLC*, No. 3:19-cv-1991-LAB (JLB), 2021 U.S. Dist. LEXIS 187126, at *20 (S.D. Cal. Sep. 29, 2021) ("Strojnik is ordered to pay the requested amount of $11,400 to Defendant by cashier's check by October 6, 2021. Strojnik will be subject to a contempt hearing and sanctions if he violates this Order").[2]  Putting a cap on the issue, the presiding judge of the Southern District stated:

> Strojnik claims to be a champion of disability rights—but a champion he most certainly is not. The fact that his complaints have overwhelmingly been dismissed or have settled very early on in the litigation indicates to the Court that he is aware he doesn't have a good-faith basis for bringing these claims, and yet he does so anyway with the intention of harassing defendants and extorting settlements out of them. The sheer number of deficient complaints filed by him has not only imposed a significant strain on the court system, but it has also resulted in the harassment of numerous establishments across various jurisdictions. Strojnik is well aware that his frivolous lawsuits waste the courts' time and cause inconvenience to third parties, and it is abundantly apparent that he simply doesn't care. Strojnik's utter disregard for court orders and basic pleading requirements is nothing short of an abuse of the judicial process, and he shouldn't be permitted to continue with this exploitative behavior.

*Id.*  This is as succinct a statement as any regarding why all matters in this case should be stayed pending this Court's ruling on Defendant's Motion for A Costs Bond.  Four courts have imposed a cost bond requirement on Strojnik and four times, Strojnik has refused to post one, resulting in his case being dismissed.

This case is a case in point.  Although this Court sternly cautioned Strojnik regarding Rule 11, that has and has had no effect on him, since he has not had to pay even one costs award, one attorney's fee order, or even the imposition of sanctions so far.  Instead, despite all of the findings and evidence to the contrary, Strojnik claims to have no money or that any money is subject to a marital lien by his ex-wife (with whom he lives and travels). Judge Bashant, in *Strojnik v. Village 1107 Coronado, Inc.* stated in her ruling from the bench after an evidentiary hearing on his ability to pay – where Defendant put into

---

[2] Strojnik failed to pay the court-ordered sanctions and a contempt hearing is scheduled for December 12, 2021.

Admin. Motion For Stay                                -2-

evidence that Strojnik pocketed $1.7 *million* in settlements between September 2018 and April 2021 – that the divorce and marital asset lien was a sham to avoid creditors.[3]

Now, and unlike in his prior complaints, Strojnik claims that he actually was in a wheelchair when he visited Defendant's hotel in September 2020. However, Judge Bashant specifically noted that "The Court has observed personally that, at least on some occasions, Plaintiff is able to walk without the assistance of a wheelchair or walker." *Strojnik v. Vill. 1017 Coronado, Inc.*, No. 19-cv-02210-BAS-MSB, 2020 U.S. Dist. LEXIS 106175, at *8 (S.D. Cal. June 16, 2020). Surveillance video, his appearance in person in court, and a court-ordered examination all demonstrate that this is just another Rule 11 violation.

Moreover, only days after the Motion for a Costs Bond was filed, Strojnik has frivolously filed a skeletal Motion for Summary Judgment in addition to his bad faith Second Amended Complaint. Given all of the history of this case, Strojnik's litigation history, and the fact that four courts have already required Strojnik to post a costs bond, and the fact that Strojnik has refused to pay attorney's fees and sanctions all show that it would be grossly unfair to require Defendant to prepare yet another Motion to Dismiss and prepare an Opposition to Strojnik's Motion for Summary Judgment prior to this Court determining whether to order Strojnik to post a costs bond. Only with a costs bond can Defendant be assured of recovering its attorney's fees and costs when it prevails in this case.

Moreover, since Strojnik has so far refused to post a costs bond despite four court orders requiring him to do so, it will spare this Defendant and this Court the time, judicial resources and attorney's fees incurred in having to respond to Strojnik's bad faith Second

---

[3] Despite claiming not to have any money, Strojnik lists his extensive travel throughout California in his Second Amended Complaint, ¶ 13(c). Moreover, he claims that he wants to stay at Defendant's hotel – despite claiming to have no money – in order to go to California's wine region to *restock his wine collection* "based on the diminishing number of California wine stock at Plaintiff's residence which is reaching a critical stage because of current travel restrictions." SAC, ¶ 13(j). Perhaps he should pay some of his judgments before restocking his wine cellar. Just another reason to impose a costs bond.

Amended Complaint and his bad faith Motion for Summary Judgment, filed on November 18, if he again refuses to post a bond.

The Motion for a Costs Bond is scheduled to be heard on December 21, 2021. Strojnik's Motion for Summary Judgment does not identify a hearing date. Defendant's response to the Second Amended Complaint is currently due on November 23, 2021. Given that this case has been pending since January 16, 2020, and the pleadings are not even set yet, there is absolutely no ostensible prejudice to Strojnik if a stay pending resolution of the Motion for a Costs Bond is ordered.

## CONCLUSION

For the foregoing reasons, Defendant requests that this Court grant its Administrative Motion and stay all proceedings in this case pending a ruling on Defendant's Motion for A Costs Bond.

                                        Respectfully Submitted,

                                        STILLMAN & ASSOCIATES

Dated: November 21, 2021           By:_____
                                        Philip H. Stillman, Esq.
                                        Attorneys for defendant

# PROOF OF SERVICE

I, the undersigned, certify under penalty of perjury that on November 21, 2021, or as soon as possible thereafter, copies of the foregoing Administrative Motion for A Stay, was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and via email to Plaintiff's email address listed with this Court.

By: /s/ *Philip H. Stillman*
Attorneys for RF WEICHERT V, INC.