Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax: (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for defendant R.F. WEICHERT V, INC.

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>                Plaintiff,<br>vs.<br><br>R.F. WEICHERT V, INC. dba JABBERWOCK INN,<br><br>                Defendant. | Case No. 5:20-cv-00354-VKD<br><br>**REPLY IN SUPPORT OF MOTION TO REQUIRE PLAINTIFF TO POST A COSTS BOND**<br><br>Date: March 30, 2021<br>Time: 10 a.m.<br>Courtroom: 2, 5th Fl.<br><br>Hon. Virginia K. DeMarchi |

## INTRODUCTION

As of this filing, three courts have required Strojnik to post a bond after growing weary of his chicanery, including *Strojnik v. Woodside Hotel Grp.*, No. 20-cv-03204-BLF, 2021 U.S. Dist. LEXIS 24880 (N.D. Cal. Feb. 9, 2021) (imposing a $20,000 bond), *Strojnik v. Driftwood Hosp. Mgmt. LLC*, 2021 WL 50456, at *11 (D. Ariz. Jan. 6, 2021) (finding Strojnik to be a vexatious litigant, imposing a $10,000 on any ADA claim filed in federal court or removed from state court), and citing *Strojnik v. Sashi Goup, LLC*, Santa Clara Superior Court Case No. 20CV367614 (finding Strojnik a state court vexatious litigant and imposing a $50,000 bond). In addition to the foregoing, Strojnik has a string of unsatisfied sanctions awards and judgments, including a $21,995 judgment that is a lien on this very case. *See* judgments and liens attached to the Stillman Decl. as <u>Exhibit 5.</u>

As discussed in the Motion, the normal guardrails of litigation, such as Rule 11 admonishments, sanctions, judgments and even disbarment — have had <u>zero</u> effect on Strojnik. The only way to curb Strojnik's frivolous lawsuits and his willingness to say anything in his complaints, unbound by Rule 11, is through the imposition of a costs bond. That has the double benefit of forcing Strojnik to carefully evaluate the merits (or lack thereof) before continuing to pursue a frivolous case, but more importantly, serves the exact purpose for which Code Civ. P. § 1030 was enacted – to protect a prevailing defendant's ability to collect costs, including reasonable attorney's fees, against an out-of-state plaintiff. And in this case, as is not even disputed by Strojnik, he claims to have nothing in his name, no property, a string of unsatisfied judgments in Arizona and now two attorney's fee awards in California that remain unpaid. Thus, this is a classic case for requiring a bond. This Court should therefore require Strojnik to post a bond in the amount of $75,000 as set forth in the Declaration of Philip H. Stillman filed herewith and stay this case until a ruling on this motion, since Defendant should not have to incur the additional expenses of yet another Motion to Dismiss until this Court resolves this Motion

## ARGUMENT

### I.

## STROJNIK SHOULD BE REQUIRED TO POST A BOND IN THIS CASE

Strojnik's Opposition is no opposition at all.  First, he refers to the Ninth Circuit's decision in *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173 (9th Cir. 2021).  However, that case has nothing to do with either this case or the Motion for a Bond.  In *Whitaker*, the Ninth Circuit held that a complaint that alleged that a counter was "inaccessible" failed to state a claim and was properly dismissed pursuant to Fed.R.Civ.P. 12(b)(6).  One court recently rejected Strojnik's argument that somehow, *Whitaker* supported the filing of vexatious complaints:

> The Court finds this case more analogous to Chapman than Whitaker. Strojnik's complaint alleges that his various disabilities "affect" certain [*8] body systems and "limit" major life activities without describing what those effects or limitations are. (Doc. 1-3 at 12). He similarly alleges that he requires the use of a wheelchair when his impairments are in an "unmitigated, active state," but does not indicate the frequency with which this occurs or whether he required a wheelchair on the day he visited the Hotel. (Id. at 14). Absent any meaningful relation between the alleged ADA violations and his disabilities, Strojnik's complaint is no more than a slightly-dressed-up survey of Defendants' alleged ADA violations. Accordingly, Strojnik has failed to allege Article III standing as it relates to the physical barriers at the Hotel.

*Strojnik v. W2005 New Century Hotel Portfolio LP*, 2021 U.S. Dist. LEXIS 36940, at *7-8 (D. Ariz. Feb. 25, 2021). "But *Iqbal's* statement that a court may 'draw on its judicial experience and common sense' when considering the sufficiency of a complaint does not impose a duty on this Court to surmise which of the combinations of Strojnik's alleged medical conditions and resulting infirmities relate to descriptions he uses to caption his photos." *Id.*  As that court accurately summed things up:

> Strojnik fancies himself a civil rights crusader, representing the interests of the disabled against "the last vestige of collectively acceptable discrimination." (Doc. 1-3 at 9). Others see things differently.  A judge of this Court has ruled that Strojnik is a vexatious litigant who "harasses and coerces parties into agreeing to extortive settlements." Driftwood, 2021 U.S. Dist. LEXIS 1720, 2021 WL 50456, at *10. Judges in the District Courts for the Northern and Central Districts of California have reached similar conclusions.

*Id.* at *2.

Strojnik apparently believes that he can file complaints anywhere, claim that he is disabled when it is clear that he is not, and fabricate allegations in the hope of saving a case or two.  His bad faith is clear.  For example, putting aside all of the judgments, the

decisions, the disbarment for filing fraudulent ADA lawsuits, etc., the plain fact is that Strojnik can only get injunctive relief in this case and nothing more. Counsel for Defendant has a $21,995 judgment lien on this case. Strojnik could get nothing even if he could prevail. This case is therefore the epitome of Strojnik's bad faith litigation tactics in this state and elsewhere. But even though sanctions and disbarment do not deter him, a costs bond certainly will.

The California Civil Procedure Code permits courts to require "an undertaking to secure an award of costs and attorney's fees" from a plaintiff. *Crytek Gmbh v. Cloud Imperium Games Corp.*, 2019 U.S. Dist. LEXIS 157184 (C.D. Cal. July 22, 2019) citing Cal. Civ. Proc. Code § 1030(b). Under that statute, a defendant may move for such an undertaking when: (1) "plaintiff resides out of the state or is a foreign corporation" and (2) "there is a reasonable possibility that the moving defendant will obtain judgment in the action or special proceeding." *Id.* A defendant does not need to show that there is "no possibility" that the plaintiff could win at trial, "but only that it [is] reasonably possible" that the defendant will win." *Crytek Gmbh v. Cloud Imperium Games Corp.*, 2019 U.S. Dist. LEXIS 157184 (C.D. Cal. July 22, 2019) at *3. This hurdle is a "relatively low" one. *Strojnik v. Woodside Hotel Grp.*, No. 20-cv-03204-BLF, 2021 U.S. Dist. LEXIS 24880 (N.D. Cal. Feb. 9, 2021) (imposing a $20,000 bond). The Ninth Circuit has held that this standard is met when it would not be "illogical, implausible, or without support in the record to conclude that there [is] a reasonable possibility that [the defendant] would prevail" and be entitled to fees and costs. *Pittman*, 525 F. App'x at 593. This issue has already been decided against Strojnik in *Strojnik v. Woodside Hotel Group, Ltd*, 2021 U.S. Dist. LEXIS 24880 (N.D. Cal. Feb. 9, 2021), where the court applied the *Simulent* factors to require that Strojnik post a $20,000 bond in the identical case as here.

Strojnik does not challenge anything in the Motion by admissible evidence. He does not take issue with Mr. Stillman's hourly rate, he has not taken issue with the above standards for imposing a costs bond, he has not claimed that he actually has assets with which to pay any award against him, he has not denied having a string of unpaid judgments

and tax liens and he has not argued that the Defendant has no possibility of prevailing in this case. In other words, Strojnik has conceded that a bond is appropriate in this case.

Thus, the only real issue before this Court is to determine how much of a bond to impose. This Court should impose the full amount requested, as the amount of the bond is not intended to be punishment but rather, a reasonable estimate of what Defendant will incur in connection with the defense of this case, assuming that the case is not dismissed before trial.

## CONCLUSION

For the foregoing reasons, Defendant requests that this Court grant its Motion and require plaintiff Peter Strojnik to post a bond in the amount of $75,000.

Respectfully Submitted,

STILLMAN & ASSOCIATES

Dated: March 17, 2021          By:_____
                                   Philip H. Stillman, Esq.
                                   Attorneys for defendant

## PROOF OF SERVICE

I, the undersigned, certify under penalty of perjury that on March 18, 2021, or as soon as possible thereafter, copies of the foregoing Reply in support of Defendant's Motion for a Costs Bond, was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and via email to Plaintiff's email address listed with this Court.

By: /s/ *Philip H. Stillman*
Attorneys for KAMLA HOTELS, INC.