UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETER STROJNIK,<br><br>    Plaintiff,<br><br>v.<br><br>R.F. WEICHERT V, INC.,<br><br>    Defendant. | Case No.  20-cv-00354-VKD<br><br>**ORDER (1) GRANTING IN PART DEFENDANT'S MOTION FOR BOND; (2) GRANTING DEFENDANT'S MOTION TO STAY**<br><br>Re: Dkt. Nos. 46, 49 |

In this disability rights action, defendant R.F. Weichert V, Inc. ("Weichert") moves for an order requiring plaintiff Peter Strojnik to post a $75,000 bond to cover anticipated costs and reasonable attorney's fees likely to be incurred in the defense of this action.  Relatedly, Weichert requests that all proceedings be stayed until after the Court resolves the motion for a bond.  Mr. Strojnik opposes both motions.  The Court deemed the matter suitable for determination without oral argument and vacated the December 21, 2021 hearing.  Civil L.R. 7-1(b); Dkt. No. 53.  Upon consideration of the moving and responding papers,[1] the Court grants in part Weichert's motion for a bond and stays these proceedings pending Mr. Strojnik's posting of a bond.

**I.    BACKGROUND**

Mr. Strojnik filed this disability rights action in January 2020, asserting a claim under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, as well as claims under the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51, 52, the California Disabled Persons Act, Cal. Civ. Code §§ 54-54.3, and for negligence.  Dkt. No. 1.  His

---

[1] Weichert submitted a corrected reply brief, stating that it mistakenly filed a different reply brief from an earlier round of motions.  Dkt. No. 52.  The Court accepts Weichert's corrected reply.

allegations concern purported accessibility barriers at the Jabberwock Inn ("Inn") in Monterey, California. Weichert is the alleged owner, operator, or lessee of the Inn.

After Weichert moved to dismiss the complaint, Mr. Strojnik filed a First Amended Complaint ("FAC") as of right pursuant to Rule 15(a)(1). Dkt. No. 12. The Court subsequently granted Weichert's motion to dismiss the FAC for lack of standing under the ADA. Dkt. No. 32. While the Court gave Mr. Strojnik leave to amend to include any additional allegations regarding alleged barriers he says he encountered in September 2019, the Court expressed concerns about whether Mr. Strojnik filed his pleadings in good faith, noting a discrepancy between the allegations in Mr. Strojnik's original complaint suggesting that he visited the Inn in September 2019 and those in his FAC indicating that he was not in California at all at that time. *Id*. at 12.

Instead of filing an amended complaint in compliance with the Court's order, Mr. Strojnik filed a "Second Amended Complaint" that appeared to be based on an alleged visit to the Inn in September 2020, well after the events described in his prior complaints and months after he filed the present action. Dkt. No. 33. The Court struck that pleading and directed Mr. Strojnik to file a motion seeking leave to file a supplemental pleading pursuant to Rule 15(d). Dkt. No. 38. Rather than file a motion for leave, Mr. Strojnik simply filed another "Second Amended Complaint," portions of which the Court ultimately construed as a Rule 15(d) motion. Dkt. No. 40. After briefing on the matter, the Court granted in part Mr. Strojnik's motion to proceed with his proposed Second Amended Complaint. Dkt. No. 42. The motion was denied with respect to Mr. Strojnik's negligence claim and his claim based on alleged insufficient information on websites. Mr. Strojnik was permitted to proceed with his claims under the ADA, Unruh Act, and California Disabled Persons Act insofar as they are based on the alleged physical barriers he reportedly encountered at the Inn in September 2020. In allowing those claims to proceed, however, the Court stated:

> [T]he Court emphasizes that it is allowing Mr. Strojnik to proceed with the portion of his SAC concerning alleged physical barriers at the Inn *solely* because the allegations appearing in his chart (Dkt. No. 39 ¶ 21) indicate that he in fact *requires* a wheelchair for mobility, that he *used* one during his visit to the Inn, and therefore was denied full and equal access to the Inn. If those allegations are true, Mr. Strojnik may proceed with his proposed SAC, subject to

      his obligations under Rule 11, as directed below. However, if those allegations are untrue, or if Mr. Strojnik believes the Court has misinterpreted his allegations, he may not proceed with his proposed SAC. Although Mr. Strojnik is representing himself in this matter, he is a formerly licensed lawyer and a frequent ADA litigator. He therefore is well aware of the applicable Ninth Circuit law governing standing to assert an ADA claim and, in any event, has been made aware of those standards in the Court's orders issued in this matter. The Court again warns Mr. Strojnik that, as required by Rule 11, any claims presented in the SAC that he will be allowed to file must be warranted by existing law (or by a nonfrivolous argument for extending or modifying that law) and that any factual allegations must be made in a good faith belief as to the evidentiary support for them. If, after notice and a reasonable opportunity to respond, the Court determines that Rule 11(b) has been violated, the Court may impose an appropriate sanction on Mr. Strojnik. Fed. R. Civ. P. 11(c)(1).

*Id*. at 13-14.

Mr. Strojnik subsequently filed a Second Amended Complaint (Dkt. No. 44), along with a "Notice of Filing Second Amended Complaint with Explanatory Notes" (Dkt. No. 43) that appeared to modify, amend, or supplement the Second Amended Complaint. Among other things, Mr. Strojnik offered arguments qualifying what it means to "use" a wheelchair. The Court struck the "Explanatory Notes" as beyond what was permitted by the Court's order allowing Mr. Strojnik to proceed with a Second Amended Complaint. Dkt. No. 45.

Shortly after, Weichert filed the present motion for a bond. For the reasons discussed below, the Court grants Weichert's motion for a bond, but will require Mr. Strojnik to post only a portion of the undertaking Weichert seeks for anticipated expenses. The proceedings are stayed pending Mr. Strojnik's posting of a bond.

## II.    LEGAL STANDARD

Although the Federal Rules of Civil Procedure do not address security bonds, "federal district courts have inherent power to require plaintiffs to post security for costs." *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). "Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved." *Id*. (internal quotations and citation omitted).

In California, when the plaintiff is a non-resident, "the defendant may at any time apply to

1   the court by noticed motion for an order requiring the plaintiff to file an undertaking to secure an
2   award of costs and attorney's fees which may be awarded in the action or special proceeding."
3   Cal. C.C.P. § 1030(a).  The defendant must show that (1) the plaintiff resides out of state and
4   (2) there is a reasonable possibility that the defendant will prevail on the merits.  *Id*. § 1030(b).
5   "The purpose of the statute is to enable a California resident sued by an out-of-state resident to
6   secure costs in light of the difficulty of enforcing a judgment for costs against a person who is not
7   within the court's jurisdiction."  *Yao v. Super. Ct.*, 104 Cal. App. 4th 327, 331 (2002) (internal
8   quotations and citation omitted).  "The statute therefore acts to prevent out-of-state residents from
9   filing frivolous lawsuits against California residents."  *Id*.

In determining whether to require a bond, courts should also balance several factors, including the degree of probability of success on the merits, and the background and purpose of the suit, as well as the parties' respective views on the reasonable extent of the security to be posted.  *Simulnet*, 37 F.3d at 576.  Courts have also considered whether the litigation has "the appearance of vexatiousness."  *See id*.; *see also Pittman v. Avish P'ship,* 525 F. Appx. 591, 593 (9th Cir. 2013) (concluding that in granting a motion for bond, the district court did not abuse its discretion in relying on evidence of plaintiff's history of filing frivolous lawsuits).

### III. DISCUSSION

#### A. Mr. Strojnik Resides Outside California

The first requirement for a bond is not disputed, as Mr. Strojnik asserts in his pleadings that he is an Arizona resident.  *See* Dkt. No. 44 ¶ 2.

#### B. Reasonable Possibility that Weichert Will Prevail

Weichert argues that there is a reasonable possibility that it will prevail in this action, contending that Mr. Strojnik's alleged disabilities are greatly exaggerated, and that his claim regarding his need to use a wheelchair during his alleged visit to the Inn is demonstrably false. Weichert also argues that a bond is warranted in view of Mr. Strojnik's history of frivolous and unreasonable conduct in litigation.

Courts have noted that the "reasonable possibility" standard is relatively low.  *See, e.g., Redisegno.com, S.A. DE C.V. v. Barracuda Networks, Inc.*, No. 5:20-cv-00316-EJD, 2021 WL

4

3111951, at *2 (N.D. Cal. July 22, 2021). Thus, Weichert need not show there is no possibility that Mr. Strojnik would prevail at trial, but only that it is reasonably possible that Weichert will prevail. *See id*. (citing *Baltayan v. Est. of Getemyan*, 90 Cal. App. 4th 1427, 1432 (2001)).

As discussed above, upon a proper showing, courts may order a non-resident plaintiff to "file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action[.]" Cal. C.C.P. § 1030(a). "For the purposes of this section, 'attorney's fees' means reasonable attorney's fees a party may be authorized to recover by a statute apart from this section or by contract." *Id*. § 1030(a). Under the ADA, the Court may award a "prevailing party" "a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. Fees may be awarded to a prevailing defendant only when "'the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Kohler v. Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1266 (9th Cir. 2015) (quoting *Summers v. A. Teichert & Son*, 127 F.3d 1150, 1154 (9th Cir. 1997)).

The Court finds a reasonable possibility that Weichert will prevail on the merits and that it will be able to demonstrate that Mr. Strojnik's claim is frivolous for at least two reasons. First, courts in the Northern, Central and Southern Districts of California, as well as the District of Arizona, have declared Mr. Strojnik a vexatious litigant in view of his considerable history of unreasonable and frivolous conduct in ADA cases. *See Strojnik v. 1315 Orange Avenue, LLC*, No. 3:19-cv-1991-LAB (JLB), 2021 WL 4460767 (S.D. Cal. Sept. 29, 2021); *Strojnik v. Driftwood Hospitality Management LLC*, Nos. CV-20-01532-PHX-DJH, CV-20-00343-PHX-DJH, CV-20-01434-PHX-DJH, 2021 WL 50456 (D. Ariz. Jan. 6, 2021); *Strojnik v. IA Napa Lodging First LLC*, No. 19-cv-03983-DMR, 2020 WL 2838814 (N.D. Cal. June 1, 2020); *Strojnik v. SCG Am. Constr., Inc.*, No. SACV 19-1560 JVS (JDE), 2020 WL 4258814 (C.D. Cal. Apr.19, 2020).[2] Indeed, in *IA Napa Lodging First*, the court made extensive findings regarding Mr. Strojnik's practice of filing vague and conclusory formulaic complaints, his "intransigence in changing his pleadings practices despite having specific court guidance on the deficiencies," and his "pleading

---

[2] Weichert also submits evidence indicating that Mr. Strojnik has been declared a vexatious litigant in California state courts. *See* Dkt. No. 46-2, Ex. 6.

practices" that "waste the resources of the court and impose unjustified costs on parties who are forced to defend loosely pleaded complaints that do not allege specific facts about their misconduct." 2020 WL 2838814 at *11, *12 (internal quotation marks and alterations omitted).

Second, Mr. Strojnik's own conduct in this case gives this Court a reasonable basis to question his veracity with respect to his claimed disabilities and the likelihood of success of his claims. When the Court pointed out the inconsistency between the allegations in Mr. Strojnik's original complaint suggesting that he visited the Inn in September 2019 and those in his FAC indicating that he was not in California at all at that time (Dkt. No. 32 at 12), Mr. Strojnik filed a "Second Amended Complaint" based on an alleged visit to the Inn in September 2020 (well after the events described in his prior complaints and months after he filed the present action) and which did not comply with the scope of amendment permitted by the Court. Dkt. No. 33. More recently, the Court permitted Mr. Strojnik to proceed with certain claims in his proposed SAC, but expressly stated that Mr. Strojnik could do so only if the Court was correct in its stated understanding that he alleges that he in fact requires a wheelchair for mobility, that he used one during his visit to the Inn, and therefore was denied full and equal access to the Inn. Dkt. No. 42 at 13-14. As noted above, Mr. Strojnik proceeded to file his SAC, along with a "Notice of Filing Second Amended Complaint with Explanatory Notes" (Dkt. No. 43) that appeared to modify, amend, or supplement the SAC and purported to qualify what it means to "use" a wheelchair.

Additionally, evidence presented by Weichert, as well as the observations of other courts made at around the same time as Mr. Strojnik's allegations in this action, also cast doubt on the merits of his claims. For example, a court in the Southern District of California noted that during a December 2019 hearing (several months after Mr. Strojnik's alleged visit to the Inn in September 2019), Mr. Strojnik "was able to enter the courtroom at that time unassisted by a wheelchair and did not appear to have difficulty ambulating." *Strojnik v. Village 1017 Coronado, Inc.*, No. 19-cv-02210-BAS-MSB, 2020 WL 3250608, at *2 (S.D. Cal. June 16, 2020). That court further observed "that, at least on some occasions, Plaintiff is able to walk without the assistance of a wheelchair or walker." *Id*. at *4. Weichert also presents evidence of a Rule 35 medical exam finding that while Mr. Strojnik has multiple orthopedic and non-orthopedic issues, "[h]e ambulates

6

relatively well with a very slight limp and has an erect posture." Dkt. No. 46-2 at ECF 21. The record indicates that the medical exam was conducted in March 2020, approximately six months *after* the visit Mr. Strojnik originally alleged in the present action and about six months before the visit described in his SAC. Additionally, Weichert presents surveillance videos dated around February 2020 showing Mr. Strojnik "walking with no problems at all, and in one video, shows him carrying a large 'over the shoulder' luggage and pulling another large suitcase[.]" Dkt. No. 46-1 at 6; Dkt. No. 46-2 ¶ 11. The same or similar videos have been considered by other courts; and at least one other court has found that "[t]aken together with the Rule 35 medical exam, this extrinsic evidence weighs against [Mr. Strojnik]'s allegations that during his visit to the Hotel, he had a disability impacted by the alleged accessibility barriers." *Strojnik v. Woodside Hotel Group Ltd.*, No. 20-cv-03204-BLF, 2021 WL 1238308 at *7 (N.D. Cal. Apr. 2, 2021).

Further, Weichert's counsel Philip Stillman notes that Mr. Strojnik has a "string of unpaid judgments, tax liens and sanctions" from ADA cases in federal and state courts and expresses concern that without a bond, Weichert will be unable to collect against Mr. Strojnik. Dkt. No. 46-2 ¶ 13, Ex. 5. This also weighs in favor of imposing a bond requirement. *See Yao*, 104 Cal. App. 4th at 331.

Mr. Strojnik does not comment on or rebut Weichert's evidence that he can walk, unassisted and without difficulty. Nor does he respond directly to Weichert's assertions regarding his unpaid judgments, liens and sanctions.

    **C.**    **Other *Simulnet* Factors**

        **1.**    **Degree of Probability of Success on the Merits and Background and Purpose of the Suit**

For the reasons discussed above, Weichert has shown a reasonable probability of success in this matter. *See Redsigno.com*, 2021 WL 3111951, at *4 (observing that this *Simulnet* factor "is similar to the second factor under California Civil Procedure Code § 1030.").

        **2.**    **Parties' Perspectives on Reasonable Extent of Security**

From Weichert's perspective, a $75,000 bond is reasonable. Here, defense counsel Philip Stillman avers that Weichert will likely incur at least $114,600 in attorney's fees and $36,100 in

1  costs through trial. Dkt. No. 46-2 ¶¶ 15-27. Mr. Stillman further states that he has already spent
2  35 hours, or $17,500, preparing two motions to dismiss. *Id*. ¶ 27.

3        Mr. Strojnik argues that a $75,000 bond is unreasonable, asserting that defense counsel
4  represents members of California Hotel and Lodging Association in ADA cases for a flat fee of
5  $2,500. He further argues that he cannot pay any bond, stating that "all of [his] income from
6  whatever source is subject to a 2013 divorce decree granting Mrs. Strojnik a first position alimony
7  UCC lien against same." Dkt. No. 47 at 2. Mr. Strojnik, however, has not submitted any
8  declaration or evidence substantiating his assertions about the alleged nature of Weichert's fee
9  arrangement with defense counsel or the alleged lien stemming from divorce proceedings.

10        Indeed, Mr. Strojnik has provided no evidence of his claimed indigency or insolvency.
11  Nor has he rebutted Weichert's contrary evidence of his ability to pay. Here, Weichert notes that
12  in prior litigation, Mr. Strojnik admitted that as of March 2020, he received $249,079 in 117 ADA
13  settlements in California federal courts. *See* Dkt. No. 46-2 ¶ 9, Ex. 3; *see also IA Lodging Napa*
14  *First LLC*, 2020 WL 2838814, at *7 ("The spreadsheet lists the estimated costs he expends for
15  each lawsuit and reports that the gross total amount he has received in settlement is $249,079.").
16  Weichert further points out that in that same case, Mr. Strojnik acknowledged that he "donated
17  $1.2M± of his ADA fees to a 501(c)(3) organization for the disabled." *See* Dkt. No. 46-2 ¶ 9, Ex.
18  3. Additionally, a court in the District of Arizona observed that as of January 2021, Mr. Strojnik
19  settled thirteen of his cases filed in Arizona, "which would amount to just over $100,000. Even if
20  the Court accepted Mr. Strojnik's claimed 'initial expenses' beyond fees and service costs as
21  legitimate, he would still be making about $75,000." *Driftwood Hospitality Mgmt. LLC*, 2021 WL
22  50456 at *8. Further, Weichert asserts that Mr. Strojnik appears to live in a house that a real estate
23  website estimates is valued at around $1.6 million dollars. Dkt. No. 46-1 at 19 n.6.

24        Other courts in similar actions have imposed more modest bonds than what Weichert
25  requests here. *See, e.g., Strojnik v. Kamla Hotels, Inc.*, No. 19-cv-02212-AJB-AHG, 2021 WL
26  3290438, at *3 (S.D. Cal. July 30, 2021) (citing cases awarding fees and costs of less than $22,000
27  and imposing a bond in the amount of $20,000); *Strojnik v. Woodside Hotel Group, Ltd.*, No. 20-
28  cv-03204-BLF, 2021 U.S. Dist. LEXIS 24880, at *4 (N.D. Cal. Feb. 9, 2021) (same). As noted

above, Mr. Strojnik has offered no comment or evidence to the contrary and has not presented any evidence regarding his claimed inability to pay any bond. Accordingly, the Court finds that a bond in the amount of $20,000 is appropriate under the circumstances presented here.

## IV.   CONCLUSION

Based on the foregoing, Weichert's motion for a bond is granted as follows: Mr. Strojnik shall post a $20,000 bond within 21 days of this Order. These proceedings will be stayed pending Mr. Strojnik's posting of the bond. If Mr. Strojnik does not post the bond by the ordered deadline, the Court will dismiss this action without prejudice.

**IT IS SO ORDERED.**

Dated: January 10, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge