UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETER STROJNIK,<br><br>        Plaintiff,<br><br>    v.<br><br>R.F. WEICHERT V, INC.,<br><br>        Defendant. | Case No.  20-cv-00354-VKD<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 48 |

On January 16, 2020, plaintiff Peter Strojnik filed this disability rights action, asserting a claim under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, as well as state law claims for relief.  Since then, the parties have engaged in at least two rounds of motions practice regarding the sufficiency of Mr. Strojnik's pleadings.  More recently, they briefed defendant's second motion to require a security bond.  *See* Dkt. Nos. 22, 32, 40, 42, 46.  About a week after defendant filed its second motion for bond, Mr. Strojnik filed the present motion for summary judgment, in which he contends that he is entitled to summary judgment based on his own testimony regarding his claimed disabilities and photographs of alleged accessibility violations.  *See* Dkt. No. 48.

Mr. Strojnik's motion for summary judgment is denied as procedurally improper.  This District's General Order 56 governs ADA actions and requires, among other things, a joint site inspection of the premises at issue, followed by a settlement meeting, and failing settlement, a mediation.  Additionally, General Order 56 stays "[a]ll discovery, motion practice (except for motions under Rule 12(b) and motions to appear pro hac vice), and other proceedings . . . unless the assigned judge orders otherwise."  General Order 56, Sec. 3.  The purpose of General Order 56

is to provide efficient and cost-effective procedures for parties to attempt to resolve disputes arising under the ADA. Although the presumptive General Order 56 deadlines for this particular case have passed, that is due largely to the parties' Rule 12(b) motions practice over the pleadings. The timing and circumstances of Mr. Strojnik's summary judgment motion suggest that he is improperly attempting to circumvent the procedures in General Order 56. He has not established that a motion for summary judgment at this stage of the litigation, prior to events required under General Order 56, is appropriate.

Accordingly, Mr. Strojnik's summary judgment motion is denied without prejudice to renew the motion at an appropriate stage in these proceedings after the parties have completed the General Order 56 requirements.

**IT IS SO ORDERED.**

Dated: January 10, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

2